UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HIRAN RODRIGUEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 25-197 |
| META PLATFORMS, INC., ET AL. | * | SECTION "I" (2) |

**ORDER**

Before me is Plaintiff Hiran Rodriguez's application to proceed in district court without prepaying fees or costs. ECF No. 2. Plaintiff's application is submitted on the AO 240 Form, but the information provided is incomplete and insufficient for me to assess whether he qualifies as a pauper pursuant to 28 U.S.C. § 1915.

Plaintiff indicates he has received approximately $300 dollars in income in the last year and has no money in cash or a checking or savings account, no dependents, no monthly expenses, and no debts/financial obligations. ECF No. 2 ¶¶ 3-4, 6-8. As to assets, however, he indicates he owns "[n]one significant" rather than indicating the assets he owns. *Id.* ¶ 5.

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Courts assess plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[2] This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[3]) and the demands on her financial resources, including

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] Courts consider social security payments in making the in-forma-pauperis determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. May 17, 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (Feb. 12, 2013).

whether expenses are discretionary or mandatory.[4] While one need not be absolutely destitute to qualify for in forma pauperis status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for herself and her dependents.[5] Whether to permit or deny an applicant to proceed in forma pauperis is within the sound discretion of the Court.[6]

The absence of full and complete information regarding Plaintiff's assets precludes the Court from determining whether he qualifies for *in forma pauperis* status.  Plaintiff must specifically list all assets he owns to enable the Court to fully assess his financial condition. Accordingly,

IT IS ORDERED that that Plaintiff's application is DENIED WITHOUT PREJUDICE to the right to re-file.  If Plaintiff re-files, he is instructed that he **must** clearly and fully disclose all information regarding his assets.

New Orleans, Louisiana, this ___30th___ day of January, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *Prows*, 842 F.2d at 140.
[5] *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[6] *Prows*, 842 F.2d at 140; 28 U.S.C. § 1915(a).