U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Feb 10 2025

CAROL L. MICHEL
CLERK
SP                    EDSS

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

HIRAN RODRIGUEZ

*Plaintiff/Petitioner*

v.                                           Civil Action No. 2:25-cv-00197-JCZ-DPC

META PLATFORMS, INC., ET AL

*Defendant/Respondent*                       )

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST STATE COURT PROCEEDINGS

NOW COMES Plaintiff Hiran Rodriguez, pro se, and respectfully moves this Honorable Court to issue a Temporary Restraining Order (TRO) and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2283 (Anti-Injunction Act) to enjoin the

ongoing state court proceedings in Gretna, Louisiana, against Plaintiff, initiated in retaliation for the filing of this federal civil rights action.

INTRODUCTION

Plaintiff seeks emergency injunctive relief to prevent the Jefferson Parish Sheriff's Office (JPSO) and related state authorities from prosecuting him in state court. These proceedings are retaliatory in nature, violate Plaintiff's constitutional rights, and seek to undermine the integrity of this Court's jurisdiction over Plaintiff's federal claims, including civil rights violations under 42 U.S.C. § 1983.

Plaintiff has filed this federal lawsuit against JPSO and other defendants, alleging unlawful conduct including illegal surveillance, retaliation, and deprivation of rights under color of law. Now, in direct retaliation, state authorities are attempting to prosecute Plaintiff in a separate action in Gretna, Louisiana.

GROUNDS FOR RELIEF

1. The State Prosecution is Retaliatory and Violates Federal Law

2

ongoing state court proceedings in Gretna, Louisiana, against Plaintiff, initiated in retaliation for the filing of this federal civil rights action.

INTRODUCTION

Plaintiff seeks emergency injunctive relief to prevent the Jefferson Parish Sheriff's Office (JPSO) and related state authorities from prosecuting him in state court. These proceedings are retaliatory in nature, violate Plaintiff's constitutional rights, and seek to undermine the integrity of this Court's jurisdiction over Plaintiff's federal claims, including civil rights violations under 42 U.S.C. § 1983.

Plaintiff has filed this federal lawsuit against JPSO and other defendants, alleging unlawful conduct including illegal surveillance, retaliation, and deprivation of rights under color of law. Now, in direct retaliation, state authorities are attempting to prosecute Plaintiff in a separate action in Gretna, Louisiana.

GROUNDS FOR RELIEF

1. The State Prosecution is Retaliatory and Violates Federal Law

2

The ongoing state case arises solely due to Plaintiff's federal lawsuit against JPSO and its officials. The timing and nature of the state charges indicate a malicious prosecution designed to intimidate and obstruct Plaintiff's access to the federal judiciary. Such retaliatory prosecution violates Plaintiff's First and Fourth Amendment rights and is prohibited under 42 U.S.C. § 1983.

2. Federal Jurisdiction Preempts the State Court Action

This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1343(a)(3)-(4). The state prosecution conflicts with federal law and directly interferes with ongoing federal judicial proceedings. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may abstain from enjoining state proceedings only when no constitutional violations are present. Here, the state prosecution itself is a continuing violation of Plaintiff's civil rights.

3. The Jefferson Parish Sheriff's Office Has a Clear Conflict of Interest

JPSO is a named defendant in this federal lawsuit. Allowing JPSO to pursue criminal prosecution against Plaintiff in state court while simultaneously defending itself in federal court creates an inherent conflict of interest and violates due process protections under the Fourteenth Amendment.

4. Plaintiff Will Suffer Irreparable Harm Without Immediate Federal Intervention

If this Court does not immediately enjoin the state proceedings, Plaintiff will face:

- Loss of liberty due to an unjust prosecution,

- Suppression of federal claims due to criminal court restrictions,

- Chilling of constitutional rights, including First Amendment protections,

- Obstruction of justice, as the state proceedings seek to undermine this Court's ability to adjudicate Plaintiff's federal claims.

LEGAL AUTHORITY

A. 28 U.S.C. § 2283 – The Anti-Injunction Act

The Anti-Injunction Act allows federal courts to enjoin state court proceedings when:

1. Expressly authorized by Congress;

2. Necessary to protect federal jurisdiction; or

3. Necessary to effectuate federal judgments.

Here, all three exceptions apply. This Court has the authority to protect its jurisdiction by halting state court proceedings designed to obstruct federal litigation.

B. Retaliatory Prosecution Under 42 U.S.C. § 1983

Retaliation against an individual for exercising their First Amendment rights violates clearly established law (See Hartman v. Moore, 547 U.S. 250 (2006)). The prosecution against Plaintiff is a textbook case of retaliation, warranting federal injunctive relief.

C. Temporary Restraining Order (TRO) Standard

A TRO is warranted when:

1. Plaintiff is likely to succeed on the merits;

2. Plaintiff faces imminent irreparable harm;

5

3. The balance of equities favors Plaintiff; and

4. The injunction serves the public interest.

All factors support granting injunctive relief immediately.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court IMMEDIATELY GRANT the following relief:

1. Issue a Temporary Restraining Order (TRO) enjoining Jefferson Parish and all state entities from proceeding with the state prosecution in Gretna, Louisiana.

2. Grant a Preliminary Injunction preventing any further retaliatory prosecution or criminal enforcement actions against Plaintiff until this federal case is resolved.

3. Declare that the state prosecution is unconstitutional under 42 U.S.C. § 1983 and the First and Fourth Amendments.

4. Order an immediate emergency hearing to address these constitutional violations.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed and electronically served upon all parties and the Clerk of Court on this date.

Respectfully submitted,

*Hiran Rodriguez*
HR 02/10/2025

Hiran Rodriguez

820 Grove Ave, Metairie, Louisiana, 70003-7024.

Pro Se Plaintiff

+1 (504)-203-8459

## eFile-ProSe

| | |
|---|---|
| **From:** | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Monday, February 10, 2025 9:25 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |

*A new EDSS Filing has been submitted. The filing was submitted on Monday, February 10, 2025 - 21:25 from IP Address 10.164.8.193*

*Submitted values are:*

*Filer's Full Name: Hiran Rodriguez*

*Filer's Email Address: hiranrodriguez@outlook.com*

*Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003.*

*Filer's Phone Number: 5042038459*

*Case Number (if known): 2:25-cv-00197-JCZ-DPC*

*Case Name: Hiran Rodriguez v. Meta Platforms, Inc., et al*

*Document 1 Description: Motion for Temporary Restraining Order and Preliminary Injunction Against State Court Proceedings*

*Document 2 Description:*

*Document 3 Description:*

*Document 4 Description:*

*Document 5 Description:*

*Please keep this email for historical records.*

1