UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ<br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., APPLE INC., T-MOBILE USA, INC., AT&T ENTERPRISES, LLC, X CORP., a Nevada Corporation, KANSAS CITY SOUTHERN RAILROAD CO., LCMC HEALTHCARE PARTNERS, LLC, THIRD DISTRICT VOLUNTEER FIRE DEPARTMENT, GRAY TELEVISION, INC., THE ASSOCIATED PRESS, JEFFERSON PARISH, JEFFERSON PARISH SHERIFF'S OFFICE, JOSEPH P. LOPINTO, III, ANDRES FUENTES, GLORIA PAXMINO, HALELUYA HADERO, SUSANNE RUST, RYAN MCCAFFERTY, PAUL MACINNES, JONATHAN LIEW, JAMES OCHOA, DEMICIA INMAN, JAMIE SPANGHER, MAYA GEBEILY, VERSHA SHARMA, ELON MUSK, MARK ELLIOTT ZUCKERBERG, AND DOES 1-10<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 25-197<br><br>SECTION "1" (2)<br><br>JUDGE: JAY C. ZAINEY<br><br>MAGISTRATE JUDGE: DONNA P. CURRAULT |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendant, Apple Inc. ("Apple"), pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and Federal Rule of Civil Procedure ("FRCP") 12(b)(6), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff Hiram Rodriguez's Complaint.

**INTRODUCTION**

Though Plaintiff's Complaint does not specify a cause of action directed against Apple or allege any conduct on its part, the implication of his allegations is that Apple, along with the twenty-seven other Defendants, somehow caused or contributed to the hacking of his personal devices and accounts, which led to the "defamation" and/or "chilling" of his "lawful expression, religious practice, and organizational mission" and caused him "severe reputational damage and financial loss." (Rec. 1, Complaint). As Plaintiff alleges no facts to support these claims, his Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and FRCP 12(b)(6).

**PROCEDURAL HISTORY**

On January 29, 2025, Plaintiff filed his Complaint against Defendants (Rec. 1) along with his *Ex Parte* Consent Motion for Leave to Proceed in Forma Pauperis (Rec. 2). Due to certain deficiencies, an *Ex Parte* Consent Motion for Leave to Proceed in Forma Pauperis was re-filed on January 30, 2025. (Rec. 5). Plaintiff was granted *in forma pauperis* status on February 4, 2025. (Rec. 7). Apple received service on February 18, 2025.

**FACTUAL BACKGROUND**

Plaintiff Hiran Rodriguez brings this lawsuit against Apple Inc. and twenty-seven other Defendants asserting fifteen claims related to the alleged hacking of his personal devices and accounts. (Rec. 1, Complaint). More specifically, Plaintiff asserts claims for

1. Violation of the Computer Fraud and Abuse Act;

2. Violatio of the Electronic Communications Privacy Act;

3. Violation of the First Amendment;

4. Violation of the Fourth Amendment;

5. Violation of the Fourteenth Amendment;

6. Civil Rights Conspiracy;

7. Violations under RICO;

8. Defamation;

9. Intentional Infliction of Emotional Distress;

10. Violation of Louisiana State Privacy and Data Protection Laws;

11. Tortious Interference with Contractual Relations and Prospective Economic Advantage;

12. Fraud and Misrepresentation;

13. Negligence;

14. Breach of Duty of Good Faith and Fair Dealing; and

15. Jurisdictional and Due Process Violations.

Plaintiff alleges that all Defendants coordinated to defame him and/or "chill [his] lawful expression, religious practice, and organizational mission," which caused him "severe reputational damage and financial loss," (Rec. 1), but fails to allege a single fact to support any of these claims.

Plaintiff seeks recovery of $150 billion for compensatory and punitive damages in addition to other forms of relief including injunctive relief, public retractions of unidentified false statements, apologies, and attorney's fees (notwithstanding that he does not have an attorney). (*id*., at pp. 21-22). Again, Plaintiff has alleged no facts to support these damages.

## **LAW AND ARGUMENT**

1. **STANDARD FOR DISMISSAL**

"A proceeding brought *in forma pauperis* may be dismissed as frivolous or for failure to state a claim upon which relief can be granted." *Clark v. Midfirst Bank*, No. CV 24-335, 2024 WL

1079216, at *1 (E.D. La. Feb. 23, 2024), *report and recommendation adopted,* No. CV 24-335, 2024 WL 1071069 (E.D. La. Mar. 12, 2024) (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)) ("[T]he court **shall** dismiss the case at any time if the court determines that (B) the action [] (i) is frivolous or malicious; [and/or] (ii) fails to state a claim on which relief may be granted…") (emphasis added.).

"A claim is frivolous 'if it lacks an arguable basis in law or fact.'" *Clark*, 2024 WL 1079216, at *1 (quoting *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)). "When making that determination, the Court has 'not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994)).

Further, Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed upon motion "for failure to state a claim upon which relief can be granted." *GeoVera Specialty Ins. Co. v. Joachin*, No. CV 18-7577, 2019 WL 1904892, at *4 (E.D. La. Apr. 29, 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and footnote omitted).

"[T]he complaint must offer more than an 'unadorned, the defendant-unlawfully-harmed-me accusation.'" *GeoVera Specialty Ins. Co. v. Joachin*, No. CV 18-7577, 2019 WL 1904892, at

*4 (E.D. La. Apr. 29, 2019) (citing *Iqball*, 556 US at 667-68). "If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an 'insuperable' bar to relief, the claim must be dismissed." *Id*. (citing *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### 2. PLAINTIFF'S COMPLAINT IS FRIVOLOUS AND FAILS TO STATE A PLAUSIBLE CLAIM AGAINST APPLE.

Plaintiff's Complaint wholly fails to allege sufficient facts to support his claim that Apple somehow caused or contributed to the hacking of his personal devices and accounts or any of the other fourteen claims asserted against Apple and the other twenty-seven Defendants. Plaintiff does not provide facts stating the date that his personal devices and/or accounts were compromised, identifying which personal devices and/or accounts were compromised, and/or how Apple is involved with the compromise of those personal devices and/or accounts. Furthermore, Plaintiff has not alleged any facts to support a claim that Apple coordinated with the other Defendants to defame him and/or "chill [his] lawful expression, religious practice, and organizational mission." In fact, Plaintiff does not allege any specific conduct on Apple's part whatsoever.

Hence, Plaintiff's Complaint amounts to nothing more than an "unadorned, the defendant-unlawfully-harmed-me accusation," lacks sufficient factual allegations to raise a right to relief against Apple above the speculative level, and therefore, should be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)) and Rule 12 (b)(6). *GeoVera Specialty Ins. Co.*, 2019 WL 1904892, at *4 (citing *Iqball*, 556 US at 668).

### CONCLUSION

Because Plaintiff has failed to allege facts sufficient to support a plausible cause of action against Defendant Apple Inc., his claims against it should be dismissed. Apple therefore

respectfully prays that this Court enter an Order dismissing Plaintiff's claims against it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)) and Federal Rule of Civil Procedure 12(b)(6).

          Respectfully submitted,

          IRWIN FRITCHIE URQUHART MOORE
          & DANIELS LLC

          /s/ *Elizabeth R.R. Showalter*
          QUENTIN F. URQUHART, JR. (La. #14475)
          ELIZABETH R.R. SHOWALTER (La. #32650)
          400 Poydras Street, Suite 2700
          New Orleans, Louisiana 70130
          Telephone: (504) 310-2100
          Facsimile: (504) 310-2101
          qurquhart@irwinllc.com
          lrichard@irwinllc.com

          *Counsel for Apple Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of February, 2025, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff's counsel by e-mail or United States Mail, postage prepaid.

          */s/ Elizabeth R.R. Showalter*