UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HIRAN RODRIGUEZ | * | CIVIL ACTION NO. 25-197 |
| | * | DIVISION: A(2) |
| *Plaintiff* | * | |
| | * | |
| v. | * | |
| | * | JUDGE JAY ZAINEY |
| | * | |
| META PLATFORMS INC, ET AL. | * | MAG. JUDGE |
| | * | DONNA PHILLIPS CURRAULT |
| *Defendants* | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, TO QUASH
RETURN OF SERVICE OF PROCESS PURSUANT TO FRCP 12(B)(5)**

**MAY IT PLEASE THE COURT:**

Defendants, the Jefferson Parish Sheriff's Office and Sheriff Joseph P. Lopinto, III, herein move to quash the returns of service of process filed into the record, more specifically R. Doc. 27 and R. Doc. 28. The alleged returns on summons are, on their faces, evidence of insufficient service of process and this matter should be dismissed. Alternatively, should this Court feel dismissal is not warranted, the returns should be quashed.

**I.   FACTS**

Plaintiffs filed this action or about January 29, 2025. Summons were issued on February 4, 2025, by the Clerk of Court. (R. Doc. 9). On February 25, 2025, the Plaintiff filed executed returns into the record, R. Docs. 27 and 28, in which he purported to serve the Jefferson Parish Sheriff's Office and Sheriff Lopinto on the same date. On their face, the returns contain the name and signature of the Plaintiff, Hiran Rodriguez, as the individual who served the defendants. *See*

1

R. Doc 27 and R. Doc. 28. Service by a party is improper, and the matter should either be dismissed or the returns should be quashed.

## II.   LAW AND ANALYSIS

Rule 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Lee v. OfferUp, Inc.*, No. CV 17-1609, 2018 WL 1326154 (E.D. La. Mar. 15, 2018) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.)). Unless the defendant has been served with process in accordance with Fed.R.Civ.P. 4, a federal court lacks personal jurisdiction over the defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Pavlov v. Parsons*, 574 F.Supp. 393, 399 (S.D.Tex.1983). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012)(*citing Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992)).

Plaintiff brought this action and are responsible for properly serving all Defendants. Fed. R. Civ. P. 4(c)(2) provides that service may be made by "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." See e.g. *Stinecipher v. United States*, 239 F.R.D. 282 (D.D.C. 2006); *Reading v. U.S.*, D.D.C.2007, 506 F.Supp.2d 13. The prohibition on service by a party also applies to pro-se plaintiffs. *See Harkins v. Citizens Bank*, W.D.N.Y.2024, 2024 WL 3746394; Speelman v. U.S., D.D.C.2006, 461 F.Supp.2d 71.

### III. CONCLUSION

Plaintiff has the burden of showing that he effected valid service upon the Defendants to this lawsuit. As a party to the proceeding, he is prohibited from serving a summons, and his pro-se status does not serve as an excuse. For the reasons set forth herein, this matter should be dismissed pursuant to Rule 12(b)(5), or alternatively, R. Doc. 27 and R. Doc. 28 should be quashed.

Respectfully Submitted:

**RODRIGUE & ARCURI, LLP**

/s/Blake J. Arcuri
Blake J. Arcuri (LSBN 32322)
Laura C. Rodrigue (LSBN 30428)
1615 Poydras St., Ste. 1250
New Orleans, LA 70112
Tel: (504) 592-4600; Fax: (504) 399-183
bja@rodriguearcuri.com; lcr@rodriguearcuri.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 6th day of March, 2025, the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF System, and that service was provided to any non-participant via U.S. mail and/or electronic mail.

/s/Blake J. Arcuri
Blake J. Arcuri (LSBN 32322)