UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ<br>    Plaintiff, | * |
| | * |
| v. | |
| | *   CIVIL ACTION |
| META PLATFORMS, INC., APPLE INC., T-MOBILE USA, INC., AT&T ENTERPRISES, LLC, X CORP., a Nevada Corporation, KANSAS CITY SOUTHERN RAILROAD CO., LCMC HEALTHCARE PARTNERS, LLC, THIRD DISTRICT VOLUNTEER FIRE DEPARTMENT, GRAY TELEVISION, INC., THE ASSOCIATED PRESS, JEFFERSON PARISH, JEFFERSON PARISH SHERIFF'S OFFICE, JOSEPH P. LOPINTO, III, ANDRES FUENTES, GLORIA PAXMINO, HALELUYA HADERO, SUSANNE RUST, RYAN MCCAFFERTY, PAUL MACINNES, JONATHAN LIEW, JAMES OCHOA, DEMICIA INMAN, JAMIE SPANGHER, MAYA GEBEILY, VERSHA SHARMA, ELON MUSK, MARK ELLIOTT ZUCKERBERG, AND DOES 1-10<br>    Defendants | *   NO: 25-197<br><br>*   SECTION "1" (2)<br><br>*   JUDGE: JAY C. ZAINEY<br><br>*<br><br>*   MAGISTRATE JUDGE: DONNA P. CURRAULT<br><br>*<br><br>* |

_____

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
_____

**MAY IT PLEASE THE COURT:**

Defendant, Jefferson Parish (sometimes referred to herein as "POJ"), pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(ii) and Federal Rule of Civil Procedure ("FRCP") 12(b)(5) and 12(b)(6), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff Hiram Rodriguez's Complaint.

**FACTUAL BACKGROUND**

Plaintiff, Hiram Rodriguez, filed an *in forma pauperis* Complaint (Rec. 1, Complaint) on January 29, 2025 against Jefferson Parish and twenty-seven other defendants. The Complaint

appears to allege Plaintiff's rights were violated under "the Computer Fraud and Abuse Act, Electronic Communications Privacy Act, Civil Rights Conspiracy Statute, Interstate Stalking, Abuse of Power Under Color of Law, RICO, and Violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution." (*id*., at pp. 17-18). Plaintiff's Complaint does not contain a Statement of Facts. However, it can be gleaned from the Complaint that Plaintiff is alleging Jefferson Parish somehow "unlawfully accessed and compromised Plaintiff's personal devices and accounts" (*id*., at p. 18) and further "intercepted and monitored Plaintiff's private electronic communications." (*id*.). Plaintiff also opines he has been subjected to "relentless harassment, stalking, and defamation," (*id*., at p. 20) which includes false statements being "published and disseminated." (*id*.).

As a result, Plaintiff seeks "50 billion for economic losses, reputational harm, emotional distress, and organizational disruption" as well as punitive damages of "$100 billion to punish defendants." (*id*., at p. 21).

Plaintiff's Complaint states no cause of action against POJ or alleges any wrongdoing that POJ has committed. As Plaintiff alleges no facts to support these claims, his Complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(ii) and FRCP 12(b)(6).

## LAW AND ARGUMENT

**1. STANDARD FOR DISMISSAL**

*i. 28 U.S.C. §1915(e)(2)(B)(i)-(ii)*

Notwithstanding any filing fee, this Honorable Court may dismiss a case at any time it determines that the action is either frivolous/malicious or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i)-(ii). An *in forma pauperis* Complaint may be deemed frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir.

1994). The Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### ii. Federal Rule of Civil Procedure 12(b)(5)

FRCP 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process. Fed. R. Civ. P. 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Plaintiff's *pro se* status does not excuse his/her responsibility to properly serve a Defendant. *Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 275 (W.D.N.Y. 2024). If process has not been properly served on a defendant, the district court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to quash service of process. *Francis v. Dupree,* 2011 WL 3818955, at *2 (E.D. La. July 29, 2011).

### iii. Federal Rule of Civil Procedure 12(b)(6)

Under FRCP 12(b)(6), a party may move for dismissal of a complaint if it fails to "state a claim upon which relief can be granted." The Fifth Circuit has held that complaints "must contain either direct allegations on every material point necessary to sustain a recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). To survive a motion to dismiss a plaintiff must plead … enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009), expounded upon the plausibility standard, finding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**2. PLAINTIFF'S COMPLAINT IS FRIVOLOUS AND FAILS TO STATE A PLAUSIBLE CLAIM AGAINST AN IMPROPERLY SERVED JEFFERSON PARISH.**

As stated above, this Honorable Court has the ability to dismiss Plaintiff's Complaint should it deem the Complaint frivolous. Plaintiff's Complaint should be found frivolous if the claims therein lack an arguable basis in law or fact. The Complaint lists several different statutes and/or constitutional provisions that Plaintiff asserts were violated by all defendants, including POJ. Documents attached to the Complaint appear to indicate that Plaintiff's Meta/Facebook and Apple accounts were hacked and/or compromised. In correspondence to both Meta and Apple, Plaintiff asserts that he "suspects" that Apple and/or Meta have "knowledge" or "involvement" in the matter. (Rec. 1-1, pp. 1, 5). He also sent correspondence to the AT&T Legal Department and the MetroPCS Legal Department alleging that he "suspects" his accounts were accessed without his consent through his assigned IP addresses or via systematic vulnerabilities. (*id.*, pp. 10-12, 11-12).

Plaintiff provided no supportive evidence that would indicate any/all of the twenty-eight defendants caused or contributed to the hacking of his personal devices and accounts. Further, Plaintiff has not shown that POJ had control and/or the ability to access Plaintiff's Meta/Facebook and Apple accounts. Lastly, Plaintiff has failed to show that POJ had any involvement with his alleged service providers, AT&T and MetroPCS.

In fact, Plaintiff does not make *any* specific allegations against Jefferson Parish in the body of the Complaint, despite naming same in the case caption as a Defendant. In short, Plaintiff has not stated and cannot state a claim against Jefferson Parish.

Hence, Plaintiff's Complaint amounts to nothing more than an "unadorned, the defendant-unlawfully-harmed-me accusation," lacks sufficient factual allegations to raise a right to relief against POJ above the speculative level, and therefore, should be dismissed as frivolous and for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)) and FRCP 12(b)(6). *GeoVera Specialty Ins. Co. v. Joachin,* 2019 WL 1904892, at *4 (E.D. La. Apr. 29, 2019).

Lastly, Plaintiff improperly served Jefferson Parish. On February 21, 2025, Jefferson Parish was "served" the Complaint. (Rec. 23, Jefferson Parish Summons). The proof of service of said Complaint indicates that Hiran Rodriguez was the server. (*id.*). Given Hiran Rodriguez is a party to the suit, he improperly served Jefferson Parish in accordance with Fed. R. Civ. P. 4(c)(2).

## CONCLUSION

The Plaintiff's improperly served Complaint lacks an arguable basis in law and fact and thus fails to state a claim for which relief can be granted. As such, this Complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(ii) and Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). For the foregoing reasons, Jefferson Parish urges that this Honorable Court grant its Motion to Dismiss, dismissing with prejudice, any and all of Plaintiff's claims.

        **RESPECTFULLY SUBMMITTED,**

        **THE PARISH OF JEFFERSON**
        **TONI G. HURLEY, PARISH ATTORNEY**

        */s/ Colin Cisco*
        **COLIN C. CISCO, LA Bar No. 37071**
        Senior Assistant Parish Attorney
        Jefferson Parish Attorney's Office
        1221 Elmwood Park Blvd., Suite 701
        Jefferson, Louisiana 70123
        Tel. (504) 736-6300
        Fax. (504) 736-6307
        colin.cisco@jeffparish.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of February, 2025, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff by e-mail or Untied States Mail, postage prepaid.

*Colin Cisco*
COLIN C. CISCO, LA Bar No. 37071