U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Mar 8 2025

CAROL L. MICHEL
CLERK

SP                                      EDSS

# UNITED STATES DISTRICT COURT

## for the
### Eastern District of Louisiana

|  |  |
|---|---|
| ) | |
| ) | |
| **HIRAN RODRIGUEZ** | |
| _____ ) | **CASE NO.: 25-197-JCZ-DPC** |
| *Plaintiff(s)* | |
| ) | |
| *v.* ) | **JUDGE: JAY C. ZAINEY** |
| **META PLATFORMS, INC., ET AL** | |
| _____ ) | |
| *Defendant(s)* | |
| ) | |

**PLAINTIFF'S COMPREHENSIVE MOTION FOR ISSUANCE OF SUBPOENAS TO**

**ALL DEFENDANTS, ASSOCIATED PARTIES, AND THIRD PARTIES FOR**

**DISCOVERY OF EVIDENCE RELATING TO TARGETING, DEFAMATION, NOISE**

**HARASSMENT, CIVIL RIGHTS CONSPIRACY, AND RICO VIOLATIONS**

## SUBPOENAS TO ALL DEFENDANTS AND ASSOCIATED PARTIES

---

**For the purposes of these Subpoenas, the term "Defendants" shall be understood to mean and include:**

1. **Named Defendants:**

• All persons and entities **explicitly named** as Defendants in this action, including but not limited to:

• **Meta Platforms, Inc., Apple Inc., T-Mobile USA, Inc., AT&T Enterprises, LLC, X Corp., Kansas City Southern Railway Company, Gray Television, Inc., The Associated Press, LCMC Healthcare Partners, LLC, Third District Volunteer Fire Department, Jefferson Parish, Jefferson Parish Sheriff's Office, Sheriff Joseph P. Lopinto III, Mark Zuckerberg, Elon Musk, Andrés Fuentes, Gloria Pazmino, Haleluya Hadero, Susanne Rust, Ryan McCafferty, Paul MacInnes, Jonathan Liew, James Ochoa, Demicia Inman, Jamie Spangher, Maya Gebeily, Versha Sharma,** and others listed in the complaint.

2. **Current and Former Personnel:**

• All **current and former employees, officers, directors, attorneys, agents, contractors, subcontractors, consultants, representatives, and volunteers** of the named Defendants, including but not limited to:

• **Individuals acting in any capacity** (paid or unpaid) or with any formal or informal association with the Defendants.

• **Independent contractors and temporary staff** involved in activities related to Plaintiff.

• **Outside legal counsel and firms** advising or representing Defendants on matters involving Plaintiff.

---

**3. Affiliated and Connected Entities:**

• All **parent companies, subsidiaries, affiliates, sister companies, holding companies, joint ventures, franchisees, partnerships, and entities under common control** with any of the named Defendants, including but not limited to:

• **Entities sharing common officers, directors, or financial interests** with the named Defendants.

• **International affiliates or branches** directly or indirectly connected to the Defendants.

• **Entities involved in data-sharing agreements** or other forms of collaboration with the Defendants.

**4. Persons Acting on Behalf of Defendants:**

• Any **individual or entity acting on behalf of, at the direction of, or in collaboration with** the named Defendants, including but not limited to:

• **Social media influencers, public relations firms, and third-party contractors** engaged to disseminate information about Plaintiff.

• **Investigators, security firms, IT specialists, and forensic analysts** retained to access or analyze Plaintiff's data.

• **Informal associates or collaborators** involved in surveillance, harassment, or information gathering about Plaintiff.

**5. Parties in Data-Sharing and Collaboration Agreements:**

• Any individual or entity involved in:

• **Data-sharing, financial transactions, or information exchanges** with the named Defendants.

• **Consulting, advisory, or service agreements** related to surveillance, data access, or handling of Plaintiff's information.

• **Cloud service providers, data brokers, or analytics firms** managing or processing Plaintiff's data on behalf of Defendants.

---

**6. Social Media and Digital Platform Associations:**

• All **administrators, moderators, contractors, and affiliates** managing or controlling:

• **Social media accounts, pages, groups, or platforms** operated by or on behalf of the Defendants.

• **Content moderators and third-party partners** responsible for reviewing, censoring, or publishing content about Plaintiff.

• **Entities engaged in coordinating posts, comments, or campaigns** targeting Plaintiff.

---

**7. Governmental and Law Enforcement Collaborators:**

• Any local, **state, federal, or international law enforcement agencies** or government entities involved in:

• **Collaborations, joint investigations, or data-sharing agreements** with the named Defendants targeting Plaintiff.

• **Providing or receiving information** about Plaintiff from the named Defendants.

• **Financial grants or funding** connected to surveillance or harassment of Plaintiff.

**8. Financial Institutions and Transaction Facilitators:**

• All **banks, financial institutions, payment processors, and auditors** handling or facilitating:

• **Payments, invoices, or financial transactions** between the named Defendants and any third parties for activities targeting Plaintiff.

• **Funding or reimbursement agreements** related to surveillance, data access, or any action involving Plaintiff.

• **Records of wire transfers, payments, or reimbursements** linked to the Defendants' actions against Plaintiff.

**9. Informal and Unofficial Collaborators:**

• Any **informal or unofficial entities, networks, or associations** involved in:

• **Covert surveillance, harassment campaigns, or defamation efforts** targeting Plaintiff.

• **Organized networks of volunteers, forums, or private groups** acting at the direction of the Defendants.

• **Individuals or groups disseminating defamatory or false information** about Plaintiff online or offline.

**10. Additional Categories and Unidentified Parties:**

• Any **Doe Defendants** (John Does, Jane Does, or Doe Entities) identified during discovery as having acted:

• **In collaboration with or on behalf of the named Defendants.**

• **Under any employment, consultancy, or contractual arrangement** directly or indirectly linked to the Defendants.

• To **conceal or destroy evidence** relevant to this action or to obstruct Plaintiff's access to information.

---

## SUBPOENA TO META PLATFORMS, INC. (INCLUDING SUBSIDIARIES)

**Plaintiff:** Hiran Rodriguez, Pro Se

**Address:** 820 Grove Avenue, Metairie, Louisiana, 70003-7024

**Phone:** +1 (504)-203-8459

**Email:** hiranrodriguez@outlook.com

**Date:** March 10, 2025

---

## I. INTRODUCTION

Plaintiff, Hiran Rodriguez, Pro Se, hereby issues this Subpoena to Meta Platforms, Inc. and its subsidiaries pursuant to Rule 45 of the Federal Rules of Civil Procedure.

This Subpoena seeks the production of documents, communications, logs, financial records, and other evidence directly relevant to Plaintiff's claims of unauthorized access, surveillance, defamation, interstate stalking, conspiracy, and abuse of power under the following federal statutes:

- **Computer Fraud and Abuse Act (CFAA)** (18 U.S.C. § 1030)

- **Electronic Communications Privacy Act (ECPA)** (18 U.S.C. §§ 2510-2523)

- **Civil Rights Conspiracy Statute** (18 U.S.C. § 241)

- **Interstate Stalking** (18 U.S.C. § 2261A)

- **Abuse of Power Under Color of Law** (18 U.S.C. § 242)

- **RICO Act** (18 U.S.C. §§ 1961-1968)

- **Violations of the First, Fourth, and Fourteenth Amendments** to the
United States Constitution

- **Louisiana State Privacy and Data Protection Laws**

This request is essential to uncover the full extent of the targeting, harassment, financial transactions, and coordinated conspiracy against Plaintiff.

---

## II. APPLICABILITY TO SUBSIDIARIES

This Subpoena applies not only to Meta Platforms, Inc. but also to all of its subsidiaries, including but not limited to:

1.      **Instagram, LLC**

2.      **WhatsApp LLC**

3.      **Oculus VR, LLC**

4.      **CTRL-labs**

5.      **Giphy, Inc.**

6.      **Kustomer, Inc.**

7.      **Meta Platforms Ireland Limited**

8.      **Meta Payments Inc.**

9.      **Facebook Technologies, LLC**

10.     **Novi Financial, Inc.**

11.     **Cassin Networks ApS**

12.     **Edge Network Services Limited**

13.     **Facebook UK Limited**

14.     **FCL Tech Limited**

15.     **Goldframe LLC**

16.     **Greater Kudu LLC**

17.     **Hibiscus Properties, LLC**

18.     **Malkoha Pte. Ltd.**

19.     **Morning Hornet LLC**

20.     **Pinnacle Sweden AB**

21.    **Raven Northbrook LLC**

22.    **Runways Information Services Limited**

23.    **Scout Development, LLC**

24.    **Siculus, Inc.**

25.    **Sidecat LLC**

26.    **Stadion LLC**

27.    **Starbelt LLC**

28.    **Vitesse, LLC**

29.    **Winner LLC**

30.    **Woolhawk LLC**

---

## III. CATEGORIES OF DOCUMENTS REQUESTED

1.  Access **logs, IP addresses, MAC addresses, and device information:**

• **Detailed access logs** for Plaintiff's accounts on Facebook, Instagram, WhatsApp, and Oculus from January 2024 to present.

• **IP addresses, MAC addresses, timestamps, and device types** used to access Plaintiff's accounts.

• **Logs of failed login attempts, security alerts, and access denials.**

2. **Internal communications, directives, and emails discussing Plaintiff:**

• **Emails, memos, and meeting notes** discussing decisions to block, suspend, or shadow-ban Plaintiff's accounts.

• Surveillance or monitoring of Plaintiff's activities on Facebook and Instagram.

3. **Data-sharing agreements, contracts, and directives:**

• **Agreements with law enforcement agencies, third-party contractors, and other Defendants regarding Plaintiff's information.**

• **Financial records, payments, and invoices** related to data-sharing.

4. **Names, roles, and profiles of employees or agents involved:**

• **Names, titles, and profile information of employees** involved in monitoring or suspending Plaintiff's accounts.

5. **Social media accounts, posts, messages, and communications involving Plaintiff:**

• Posts, comments, and messages made by Meta's official Facebook page targeting Plaintiff.

• Internal group chats, encrypted messaging apps (e.g., WhatsApp, Signal), and private messages.

6. **Financial records, payments, and invoices:**

• Records of payments, incentives, or reimbursements received for providing Plaintiff's data or network access.

• Bank statements and transaction records linked to payments from other Defendants.

7. **Internal policies, training materials, and procedural documents:**

• Handling of flagged or suspended accounts, data retention, and surveillance practices.

• Protocols for monitoring accounts, data retention policies, and handling subpoenas.

8. **Records of device seizures or data extraction:**

• Chain of custody records if any of Plaintiff's devices were seized.

• Forensic analysis reports or extraction logs showing data obtained from Plaintiff's devices.

9. **Legal communications, memos, and documents:**

• Legal strategies and risk assessments discussing potential liability for actions against Plaintiff.

•Communications between legal departments of Meta Platforms, Inc. and other Defendants.

---

10. **Security audit reports and logs:**

• All internal security audits involving Plaintiff's account.

• Breach reports, security incident logs, and any related investigations.

---

**IV. JUSTIFICATION**

The requested documents are essential to establish:

> • **Interstate stalking and harassment** targeting Plaintiff.

> • **Unauthorized access and surveillance** targeting Plaintiff.

> • **Compliance or complicity by Meta** in coordinated surveillance, defamation, and harassment.

> • **Patterns of coordinated actions** supporting RICO claims.

**This Subpoena supports Plaintiff's claims under:**

- **Computer Fraud and Abuse Act (CFAA)** – 18 U.S.C. § 1030.

- **Electronic Communications Privacy Act (ECPA)** – 18 U.S.C. §§ 2510-2523.

- **RICO Act** – 18 U.S.C. §§ 1961-1968.

- **Interstate Stalking** (18 U.S.C. § 2261A).

- **Civil Rights Conspiracy** (18 U.S.C. § 241).

- **Abuse of Power Under Color of Law** (18 U.S.C. § 242).

- **First, Fourth, and Fourteenth Amendment** violations.

- **Privacy violations** under Louisiana state law.

---

## V. DELIVERY REQUEST

- **Electronic copies:** PDF or original format sent directly to hiranrodriguez@outlook.com.

- **Certified physical copies:** Mailed to 820 Grove Avenue, Metairie, Louisiana, 70003-7024.

- **Cost:** Defendants shall bear the cost unless deemed unduly burdensome.

---

15

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue this Subpoena to Meta Platforms, Inc. and its subsidiaries compelling the production of the specified documents and information.

2. Grant expedited discovery to allow Plaintiff to obtain and review these documents promptly.

3. Order the production of all responsive documents within 30 days of service of the Subpoena.

4. Grant any other relief this Court deems just and proper.

---

**Respectfully submitted,**

*Hiran Rodriguez*

Hiran Rodriguez, Pro Se

820 Grove Avenue, Metairie, Louisiana, 70003-7024

Phone: +1 (504)-203-8459

Email: hiranrodriguez@outlook.com

Date: February 26, 2025

## C. SUBPOENA TO T-MOBILE USA, INC. AND AT&T ENTERPRISES, LLC

### I. INTRODUCTION

Plaintiff, **Hiran Rodriguez, Pro Se**, hereby issues this Subpoena to **T-Mobile USA, Inc.** and **AT&T Enterprises, LLC** pursuant to **Rule 45 of the Federal Rules of Civil Procedure**. This Subpoena seeks the production of documents, communications, logs, financial records, and other evidence directly relevant to Plaintiff's claims of **unauthorized access, coordinated surveillance, defamation, and conspiracy** under the **RICO Act (18 U.S.C. §§ 1961-1968)**, the **Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030)**, and the **Electronic Communications Privacy Act (ECPA) (18 U.S.C. §§ 2510-**

### II. CATEGORIES OF DOCUMENTS REQUESTED

**1. Access logs, call records, and SMS logs for Plaintiff's mobile phone, including:**

- Detailed network activity logs for Plaintiff's **AT&T Fiber WiFi** from **January 2024 to present**.
- **Timestamps, IP addresses, MAC addresses**, and **data transmission details**.
- **Roaming logs, handoff records**, and logs of connections to public or private WiFi networks.

**2. Records of SIM swaps, unauthorized access, or breaches:**

- Requests, approvals, and justifications for any **SIM swaps** involving Plaintiff's mobile numbers.

- Logs of **unauthorized devices** connected to Plaintiff's AT&T Fiber WiFi.

- **Intrusion detection logs, firewall logs**, and security alerts identifying unauthorized access attempts.

---

**3. Access logs, IP addresses, MAC addresses, and timestamps for all devices connected to Plaintiff's AT&T Fiber WiFi:**

- Detailed session logs showing **IP addresses, MAC addresses, connection times**, and **data usage volumes** for each device.

- Logs of **data transmission volumes, ports used, and protocols** employed (TCP, UDP, etc.).

- Records of any **data packet interception, mirroring, or redirects**.

---

**4. Detailed logs of firewall activities, intrusion detection alerts, and security reports:**

- Logs of attempts to **access or intercept traffic** on Plaintiff's AT&T Fiber WiFi.

- **Security audit reports, vulnerability assessments**, and actions taken in response to alerts.

- Reports of **malware, spyware, or man-in-the-middle attacks** detected on Plaintiff's network.

---

**5. Internal communications between AT&T and other Defendants:**

- **Emails, text messages, memos, and meeting notes** discussing:

- Plaintiff's data, network activity, or surveillance.

- Requests or orders for data access or surveillance by **Meta Platforms, Inc., Apple Inc., or any other Defendant**.

- Records of compliance with data requests from these entities.

---

**6. Data-sharing agreements, contracts, and directives:**

- Contracts or agreements outlining **data-sharing practices** with:

  - **Meta Platforms, Inc., Apple Inc., JPSO, or any law enforcement** agencies.

- Financial agreements or incentives for providing access to Plaintiff's data.

- **Data retention policies** and logs of data shared, including time, date, and recipients.

---

**7. Financial records, payments, and invoices:**

- Records of **payments, incentives, or reimbursements** received for providing Plaintiff's data or network access.

- Contracts outlining compensation for **data-sharing or surveillance activities**.

- **Bank statements and transaction records** linked to payments from other Defendants.

---

**8. Records of throttling, blocking, or prioritizing traffic:**

19

- Logs indicating if Plaintiff's **network traffic was throttled, blocked, or prioritized** based on content, IP addresses, or data source.Internal communications discussing **traffic management** or **content filtering** targeting Plaintiff's connections.

---

**9. Records of device seizures or data extraction:**

- **Chain of custody records** if any of Plaintiff's devices were seized.
- **Forensic analysis reports** or extraction logs showing data obtained from Plaintiff's devices.
- Communications authorizing seizures or extractions.

---

## III. JUSTIFICATION

The requested documents are essential to establish:

- **Unauthorized access** to Plaintiff's **AT&T Fiber WiFi** and mobile data in coordination with other Defendants.
- **Compliance or complicity** by AT&T in **data-sharing and surveillance** targeting Plaintiff.
- **Patterns of coordinated actions** supporting RICO claims.

This Subpoena supports Plaintiff's claims under:

- **Computer Fraud and Abuse Act (CFAA)** – 18 U.S.C. § 1030.
- **Electronic Communications Privacy Act (ECPA)** – 18 U.S.C. §§ 2510-2523.
- **RICO Act** – 18 U.S.C. §§ 1961-1968 for **conspiracy and coordinated surveillance.**

- **Privacy violations** under **Louisiana state law**.

*Critical for:*

- **Tracing unauthorized access** to specific devices or IP addresses.
- **Proving financial incentives or agreements** for data-sharing.
- **Documenting patterns of surveillance and data access**.

---

## IV. DELIVERY REQUEST

- **Electronic copies:** PDF or original format sent directly to

  **hiranrodriguez@outlook.com**

- **Certified physical copies:** Mailed to **820 Grove Avenue, Metairie, Louisiana, 70003-7024**.

- **Cost:** Defendants shall bear the cost unless deemed **unduly burdensome**

---

## D. SUBPOENA TO JEFFERSON PARISH SHERIFF'S OFFICE AND ASSOCIATED ENTITIES (JPSO)

## I. INTRODUCTION

Plaintiff, **Hiran Rodriguez, Pro Se**, hereby issues this Subpoena to **Jefferson Parish Sheriff's Office (JPSO)** pursuant to **Rule 45 of the Federal Rules of Civil Procedure.** This Subpoena seeks the production of documents, communications,

logs, financial records, and other evidence directly relevant to Plaintiff's claims of **unauthorized access, coordinated surveillance, defamation, and conspiracy** under the **RICO Act (18 U.S.C. §§ 1961-1968), the Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030), the Electronic Communications Privacy Act (ECPA) (18 U.S.C. §§ 2510-2523), and Louisiana State Privacy and Data Protection Laws.**

This request is essential to uncover the full extent of the **targeting, harassment, financial transactions, and coordinated conspiracy** against Plaintiff.

---

## II. CATEGORIES OF DOCUMENTS REQUESTED FOR JPSO

**1. Surveillance footage, body camera recordings, call logs, and GPS data near Plaintiff's residence from January 2024 to present, including:**

- Dashcam and street camera footage of JPSO vehicles.
- 911 call logs, dispatch records, and radio communications discussing Plaintiff or surveillance activities.
- Backup copies of all recordings, including those deleted or archived

---

**2. Names, badge numbers, titles, and schedules of all officers, attorneys, employees, contractors, agents, or anyone acting on behalf of JPSO involved in:**

- Harassment, surveillance, or interactions with Plaintiff.

- Data access or device seizures involving Plaintiff.

- Issuing or distributing notifications such as sex offender alerts to Plaintiff's residence.

---

**3. Internal communications, directives, and emails discussing Plaintiff, including:**

- Orders for surveillance or data access to Plaintiff's devices or networks.

- Communications about sex offender notifications sent to Plaintiff's home.

- Records of any reports or complaints filed against JPSO personnel by Plaintiff.

---

**4. Records of unauthorized access to Plaintiff's devices:**

- Search warrants, affidavits, or court orders authorizing access or seizures.

- Chain of custody records for Plaintiff's phone or devices taken by JPSO.

- Logs of who accessed Plaintiff's data, when, and how access was gained.

---

**5. Social media accounts, messages, and communications involving JPSO personnel discussing Plaintiff, including:**

- Posts, comments, and group chats on Facebook, Instagram, Twitter, or encrypted apps (WhatsApp, Signal).
- Records of posts or messages removed or deleted.

---

**6. Access logs, IP addresses, MAC addresses, and device information for:**

- Attempts to access Plaintiff's devices, accounts, or networks.
- Devices issued to JPSO personnel involved in the surveillance or harassment.

---

**7. Incident reports, complaints, and internal investigations involving Plaintiff:**

- Reports of harassment, surveillance, or property seizures near Plaintiff's residence.
- Findings, disciplinary actions, and internal memos on these matters.

---

**8. Data-sharing agreements and communications between JPSO and other Defendants:**

- Contracts or informal agreements for data-sharing.
- Payments, invoices, or financial records indicating data access.

---

**9. Financial records, payments, invoices, or incentives indicating:**

- Collaboration, funding, or payments between JPSO and other Defendants targeting Plaintiff.

- Grants or federal funding received for surveillance activities.

---

**10. Legal communications and memos involving JPSO attorneys discussing:**

- Surveillance, harassment, data access, or liability risks regarding Plaintiff.

- Consultations with other Defendants' legal teams about actions targeting Plaintiff.

---

**11. Communications with other Defendants or third parties regarding:**

- Surveillance strategies, harassment, or legal risks.

- Coordination of actions across multiple Defendants targeting

---

**12. Records related to Plaintiff's phone taken by JPSO:**

- Where it was stored, who accessed it, and its current status.

- Justification and legal basis for seizing and holding Plaintiff's phone

---

**13. Financial transactions and incentives:**

- Records of payments, incentives, or reimbursements received for providing Plaintiff's data or network access.

- Contracts outlining compensation for data-sharing or surveillance activities.

**14. Internal policies, training materials, and procedural documents:**

- Handling civilian complaints, surveillance practices, and data access.

- Protocols for sex offender notifications and their basis for sending them to Plaintiff's address.

- Retention and destruction policies for video and audio recordings.

## III. JUSTIFICATION

The requested documents are essential to establish:

- Unauthorized access and surveillance targeting Plaintiff.

- Compliance or complicity by JPSO in coordinated surveillance and harassment.

- Patterns of coordinated actions supporting **RICO claims.**

This Subpoena supports Plaintiff's claims under:

- **Computer Fraud and Abuse Act (CFAA)** – 18 U.S.C. § 1030.

- **Electronic Communications Privacy Act (ECPA)** – 18 U.S.C. §§ 2510-2523.

- **RICO Act** – 18 U.S.C. §§ 1961-1968.

- **Privacy violations under Louisiana state law.**

## IV. DELIVERY REQUEST

- **Electronic copies:** PDF or original format sent directly to

hiranrodriguez@outlook.com

- **Certified physical copies:** Mailed to **820 Grove Avenue, Metairie, Louisiana, 70003-7024.**

- **Cost:** Defendants shall bear the cost unless deemed unduly

burdensome.

**Respectfully submitted,**

*Hiran Rodriguez*

**Hiran Rodriguez, Pro Se**

**820 Grove Avenue, Metairie, Louisiana, 70003-7024**

**Phone:** +1 (504)-203-8459

**Email:** hiranrodriguez@outlook.com

**Date:** 03/08/2025

**SUBPOENA TO THE KANSAS CITY SOUTHERN RAILWAY COMPANY (KS), CANADIAN PACIFIC KANSAS CITY LIMITED (CPKC),  GHD SERVICES INC. (GHD) , ILLINOIS CENTRAL RAILROAD COMPANY, NEW ORLEANS PUBLIC BELT RAILROAD CORPORATION, UNION PACIFIC RAILROAD COMPANY, NORFOLK SOUTHERN RAILWAY COMPANY**

**I. INTRODUCTION**

Plaintiff, **Hiran Rodriguez, Pro Se**, hereby issues this Subpoena to the above-named railway companies pursuant to **Rule 45 of the Federal Rules of Civil Procedure**.

This Subpoena seeks the production of documents, communications, logs, financial records, and other evidence directly relevant to Plaintiff's claims of **coordinated surveillance, noise harassment, defamation, interstate stalking, and conspiracy** under the following federal statutes:

- **RICO Act (18 U.S.C. §§ 1961-1968)**
- **Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030)**

- **Electronic Communications Privacy Act (ECPA) (18 U.S.C. §§ 2510-2523)**

- **Interstate Stalking (18 U.S.C. § 2261A)**

- **Louisiana State Privacy and Data Protection Laws.**

This request is essential to uncover the full extent of the **targeting, harassment, financial transactions, and coordinated conspiracy** against Plaintiff.

---

## II. CATEGORIES OF DOCUMENTS REQUESTED

### 1. Complete list of all personnel involved in operations near Plaintiff's residence:

- Names, titles, employee IDs, and schedules of train operators, engineers, conductors, and any personnel directly or indirectly involved.

- Employment contracts or agreements detailing job roles and duties related to train operations near Plaintiff's residence.

---

### 2. Logs of train operations, GPS data, and audio recordings including:

- Horn usage records specifying dates, times, and decibel levels.

- Routes, speeds, and stop locations for all trains passing near Plaintiff's home.

- Maintenance logs indicating if horns or other noise devices were modified or tested for non-safety purposes.

---

**3. Internal communications, directives, and emails discussing:**

- Surveillance activities, noise campaigns, or targeted harassment against Plaintiff.

- Orders or instructions related to blowing horns or engaging in other harassment activities.

- Coordination with other Defendants (Meta Platforms, Inc., JPSO, AT&T, Apple Inc.) regarding surveillance, noise harassment, and stalking targeting Plaintiff.

---

**4. Social media accounts, messages, and communications of all employees, attorneys, agents, contractors, or anyone acting on behalf of these rail companies, including:**

- Posts, comments, or messages on Facebook, Instagram, Twitter, or other apps discussing Plaintiff.

- Encrypted messages (WhatsApp, Signal, Telegram) and group chats discussing surveillance, stalking, or harassment activities.

- Records of any deleted or modified posts.

---

**5. Data-sharing agreements, contracts, and financial records including:**

- Invoices, payments, and transaction records indicating any form of collaboration, funding, or payments between the rail companies and other Defendants.

- Agreements with law enforcement agencies or third parties for data sharing, surveillance, or access to Plaintiff's data.

- Financial records showing any form of compensation or incentives for targeting Plaintiff.

---

**6. Access logs, IP addresses, and device information for any attempted or successful access to Plaintiff's devices, networks, or accounts by any railway personnel or associated parties:**

- Detailed logs showing IP addresses, MAC addresses, connection times, and data usage volumes for each access attempt.

- Intrusion detection logs, firewall logs, and security alerts identifying unauthorized access attempts.

---

**7. Incident reports, complaints, and internal investigations involving Plaintiff:**

- Noise complaints filed by Plaintiff or others.

- Reports of surveillance, stalking, or harassment activities near Plaintiff's residence.

- Findings, disciplinary actions, or internal investigations concerning harassment allegations.

---

## 8. Internal policies, training materials, and procedural documents on:

- Noise control, horn usage, surveillance, data access, and harassment prevention.

- Protocols for handling data requests from law enforcement or third parties.

- Compliance with state and federal privacy laws regarding data access and sharing.

---

## 9. Legal communications, memos, and documents involving:

- Legal strategies, memos, and risk assessments discussing potential liability for surveillance, harassment, or stalking targeting Plaintiff.

- Communications between legal departments of the rail companies and other Defendants about coordinating efforts targeting Plaintiff.

---

## 10. Financial transactions and incentives:

- Records of payments, incentives, or reimbursements received for providing Plaintiff's data or network access.

- Contracts outlining compensation for data-sharing or surveillance activities.

- Bank statements and transaction records linked to payments from other Defendants.

## 11. Records of throttling, blocking, or prioritizing traffic:

- Logs indicating if Plaintiff's network traffic was throttled, blocked, or prioritized based on content, IP addresses, or data source.
- Internal communications discussing traffic management or content filtering targeting Plaintiff's connections.

## 12. Records of device seizures or data extraction:

- Chain of custody records if any of Plaintiff's devices were seized.
- Forensic analysis reports or extraction logs showing data obtained from Plaintiff's devices.
- Communications authorizing seizures or extractions.

## 13. Electronic and Physical Copies of Evidence:

- **Electronic copies:** Request all documents, communications, and evidence in PDF or original format with metadata intact.
- **Physical copies:** Certified physical copies of contracts, agreements, directives, and internal reports that cannot be authenticated electronically.

## III. JUSTIFICATION

The requested documents are essential to establish:

- **Interstate stalking and harassment** targeting Plaintiff.

- Unauthorized access and surveillance targeting Plaintiff.

- Compliance or complicity by the railway companies in coordinated surveillance and harassment.

- Patterns of coordinated actions supporting **RICO claims**.

---

This Subpoena supports Plaintiff's claims under:

- **Computer Fraud and Abuse Act (CFAA)** – 18 U.S.C. § 1030.

- **Electronic Communications Privacy Act (ECPA)** – 18 U.S.C. §§ 2510-2523.

- **RICO Act** – 18 U.S.C. §§ 1961-1968.

- **Interstate Stalking (18 U.S.C. § 2261A).**

- **Privacy violations under Louisiana state law.**

---

## IV. DELIVERY REQUEST

- **Electronic copies:** PDF or original format sent directly to hiranrodriguez@outlook.com.

- **Certified physical copies:** Mailed to **820 Grove Avenue, Metairie, Louisiana, 70003-7024**.

- **Cost:** Defendants shall bear the cost unless deemed unduly burdensome.

---

Respectfully submitted,

*HR 03/08/2025*

*Hiran Rodriguez*

**Hiran Rodriguez, Pro Se**

820 Grove Avenue, Metairie, Louisiana, 70003-7024

**Phone:** +1 (504)-203-8459

**Email:** hiranrodriguez@outlook.com

**Date:** March 10, 2025.

**eFile-ProSe**

| | |
|---|---|
| **From:** | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Saturday, March 8, 2025 9:02 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |

*A new EDSS Filing has been submitted. The filing was submitted on Saturday, March 8, 2025 - 21:02 from IP Address 10.164.8.193*

*Submitted values are:*

*Filer's Full Name: Hiran Rodriguez*

*Filer's Email Address: hiranrodriguez@outlook.com*

*Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024*

*Filer's Phone Number: 504-203-8459*

*Case Number (if known): 2:25-cv-00197-JCZ-DPC*

*Case Name: Rodriguez v Meta Platforms, Inc., et al*

*Document 1 Description: Notice of Submission*

*Document 2 Description: Motion for Subpoenas on Defendants, Affiliates, and Third Parties for Evidence on Defamation, Harassment, Civil Rights Conspirac*

*Document 3 Description: Proposed Order*

*Document 4 Description: Summons Returned Unexecuted 03/06/2025*

*Document 5 Description:*

*Please keep this email for historical records.*