UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Hiran Rodriguez, <br><br> Plaintiff, <br><br> v. <br><br> Meta Platforms, Inc., Apple Inc., T-Mobile USA, Inc., AT&T Enterprises, LLC, X Corp., a Nevada Corporation, Kansas City Southern Railroad Co., LCMC Healthcare Partners, LLC, Third District Volunteer Fire Department, Gray Television, Inc., The Associated Press, Jefferson Parish, Jefferson Parish Sheriff's Office, Joseph P. Lopinto, III, Andres Fuentes, Gloria Pazmino, Haleluya Hadero, Susanne Rust, Ryan McCafferty, Paul MacInnes, Jonathan Liew, James Ochoa, Demicia Inman, Jamie Spangher, Maya Gebeily, Versha Sharma, Elon Musk, Mark Elliott Zuckerberg, and Does 1-10, <br><br> Defendants. | Civil Action No. 2:25-cv-00197 <br><br> Section A(2) <br><br> Judge Jay C. Zainey <br><br> Magistrate Judge Donna Phillips Currault |

**MEMORANDUM IN SUPPORT OF DEFENDANT KANSAS CITY
SOUTHERN RAILWAY CO.'S MOTION TO DISMISS**

Hiran Rodriguez, appearing here *pro se*, asserts myriad claims against a diverse group of defendants. His Complaint, however, contains no factual allegations to support even a single claim against Defendant the Kansas City

1

Southern Railway Company ("KCSR").[1] Moreover, four of his claims fail as a matter of law. The Court should therefore dismiss all of Mr. Rodriguez' claims against KCSR in their entirety, and with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**RELEVANT BACKGROUND**

Mr. Rodriguez initiated this lawsuit on January 29, 2025, asserting a total of 15 causes of action against all 37 Defendants. Dkt. 1 at 18-21. The causes of action include alleged infringements of federal constitutional rights as well as federal statutory violations and various state law claims. *Id.* Mr. Rodriguez appears to allege some vast conspiracy to injure him, with the list of alleged conspirators including journalists, a volunteer fire fighting unit, a railroad, and a social media company (among others), but his Complaint does not allege any actual facts to support any of his legal claims. Critical to this motion, there are absolutely no factual allegations involving KCSR or detailing its alleged participation in any of the causes of action asserted against "Defendants" collectively. *See generally id.*

The Complaint attaches correspondence Mr. Rodriguez sent to four of the co-Defendants. *See* Dkt. 1-1. From these letters, it appears that at least some of his claims arise from an alleged hacking incident of Mr. Rodriguez' Meta and Apple accounts beginning around June 2024. *Id.* at 1, 5. Mr. Rodriguez appears to further

---

[1] The Complaint incorrectly refers to KCSR as "Kansas City Southern Railroad Company."

allege that these hacks occurred through two internet service connections provided by Defendants AT&T and T-Mobile. *See id.* at 9, 11. Neither attachment mentions KCSR nor alleges that KCSR – a **railroad** – took any action related to these purported hacking incidents. *See generally id.*

Because Mr. Rodriguez' Complaint fails to state any cause of action upon which relief can be granted, this Court should grant KCSR's motion to dismiss all claims asserted against it.

## ARGUMENT

### I. THE COMPLAINT FAILS TO PLEAD ANY SPECIFIC FACTUAL ALLEGATIONS AGAINST KCSR UPON WHICH MR. RODRIGUEZ CAN OBTAIN THE REQUESTED RELIEF.

"To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint 'must contain enough facts to state a claim to relief that is plausible on its face.'" *Miller v. Stuart*, No. 24-2890, 2025 U.S. Dist. LEXIS 25914, at *4 (E.D. La. Feb. 13, 2025) (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

3

The Complaint contains no factual allegations regarding KCSR, much less plausible factual allegations that KCSR did anything wrong. The attachments to the Complaint that do name specific co-Defendants do not name and in no way implicate KCSR.[2] Rather, the Complaint contains only conclusory allegations, which, at most, mirror the elements of the legal claims. These types of unsupported allegations are subject to dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

The Complaint also alleges that Defendants collectively engaged in various federal and state violations. But it is well-settled that "allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss." *Martinez v. City of N. Richland Hills*, 846 Fed. App'x. 238, 243 (5th Cir. 2021); *Floyd v. Dillmann*, 614 F. Supp. 3d 454, 460-61 (E.D. La. 2022). Such allegations – absent any specific factual assertion against a particular defendant – fail to adequately place that defendant on notice of what "he or she did that is asserted to be wrongful," a fundamental entitlement under the "system of notice pleading" established by the Federal Rules of Civil Procedure. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818

---

[2] In a recent motion, Mr. Rodriguez raised an additional concern that train operators near his residence subjected him to "targeted harassment . . . through illegally obtained surveillance and excessive use of train horns directed at [him]." Dkt. 29. These allegations (which do not name KCSR), and any other factual allegation that Mr. Rodriguez may raise in opposition are "outside the complaint" and should not be considered. *Douglas v. Renola Equity Fund II, LLC*, No. 13-6192 2014 U.S. Dist. LEXIS 33518, at *9 (E.D. La. Mar. 14, 2014) (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 289 (5th Cir. 2006)). Nevertheless, even if the allegations are taken as true, they would still be insufficient to state any of the claims in the Complaint.

4

(7th Cir. 2013).

The Complaint is thus devoid of any factual foundation to state and support any claim against KCSR. This Court, therefore, should dismiss all claims against KCSR, in their entirety and with prejudice, as discussed below.

## II. PLAINTIFF'S CONSTITUTIONAL CLAIMS FAIL AS AGAINST KCSR BECAUSE KCSR IS NOT A GOVERNMENT ACTOR.

Claims for relief may also be foreclosed "on the basis of a dispositive issue of law." *Julapalli v. Boom*, No. 24-20276, 2025 U.S. App. LEXIS 1891, at *4-5 (5th Cir. Jan. 28, 2025) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Here, Mr. Rodriguez asserts four counts alleging that Defendants violated the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. *See* Claims II, III, IV, and XV. But KCSR is a private company, not a government actor, and these Amendments generally do not and cannot regulate or proscribe "mere private conduct." *Julapalli*, 2025 U.S. App. LEXIS 1891, at *5-6 (citing *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005)); *see also United States v. Reddick*, 900 F.3d 636, 637 (5th Cir. 2018).

For a private party to be liable under the federal Constitution, its conduct must have been "fairly attributable to the state." *Julapalli*, 2025 U.S. App. LEXIS 1891, at *8-9 (dismissing pro se complaint alleging similar violations against a hospital because the hospital was not a state actor). Here, the Complaint fails to allege any conduct by KCSR that is "fairly attributable" to the state.

5

Additionally, Count VI attempts to assert a claim under 18 U.S.C. § 241, a criminal statute which does not give rise "to a private right of action." *Pittman v. Campbell*, No. 24-2168, 2025 U.S. Dist. LEXIS 17425, at *19 (E.D. La. Jan. 31, 2025). Therefore, Mr. Rodriguez' § 241 claim also fails as a matter of law.

Claims II, III, IV, and XV must be dismissed for this additional reason as they fail as a matter of law.

## III. THE CLAIMS AGAINST KCSR SHOULD BE DISMISSED WITH PREJUDICE

Claims that are patently frivolous or irrational may be dismissed with prejudice. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (upholding dismissal with prejudice where *pro se* complaint was "frivolous and irrational."). Here, Mr. Rodriguez alleges that 37 diverse Defendants, the majority of whom have no relationship whatsoever with one another, engaged in a vague and incoherent conspiracy to harass Mr. Rodriguez personally, though he alleges no specific facts to support any of his claims. His claims are thus manifestly frivolous and irrational and should be terminated with prejudice.

## CONCLUSION

For the foregoing reasons, KCSR respectfully requests that this Court grant its motion to dismiss all claims against it in their entirety, with prejudice.

Respectfully submitted,

BREAZEALE, SACHSE & WILSON, L.L.P.,

By: */s/ Philip J. Giorlando*
Eve B. Masinter (La. Bar No. 1218)
Philip J. Giorlando (La. Bar No. 38234)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 584-5452
eve.masinter@bswllp.com
philip.giorlando@bswllp.com


DORSEY & WHITNEY LLP

F. Matthew Ralph (#0323202) (*Motion for Pro Hac Vice Admission Forthcoming*)
ralph.matthew@dorsey.com
J. Steele Kowalczyk (#0505641) (*Motion for Pro Hac Vice Admission Forthcoming*)
kowalczyk.steele@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

***Attorneys for Kansas City Southern Railway Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2025, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system and served on the Plaintiff by U.S. Mail.

                                            */s/ Philip J. Giorlando*
                                            Philip J. Giorlando

5234390.v1