UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., APPLE INC., T-MOBILE USA, INC., AT&T ENTERPRISES, LLC, X CORP., a Nevada Corporation, KANSAS CITY SOUTHERN RAILROAD CO., LCMC HEALTHCARE PARTNERS, LLC, THIRD DISTRICT VOLUNTEER FIRE DEPARTMENT, GRAY TELEVISION, INC., THE ASSOCIATED PRESS, JEFFERSON PARISH, JEFFERSON PARISH SHERIFF'S OFFICE, JOSEPH P. LOPINTO, III, ANDRES FUENTES, GLORIA PAXMINO, HALELUYA HADERO, SUSANNE RUST, RYAN MCCAFFERTY, PAUL MACINNES, JONATHAN LIEW, JAMES OCHOA, DEMICIA INMAN, JAMIE SPANGHER, MAYA GEBEILY, VERSHA SHARMA, ELON MUSK, MARK ELLIOTT ZUCKERBERG, AND DOES 1-10<br><br>Defendants. | Civil Action No. 2:25-cv-00197-JCZ-DPC<br><br>Section "1" (2)<br><br>District Judge:    Jay C. Zainey<br>Magistrate Judge:   Donna P. Currault |

**MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

{01416838.DOCX;2}

I.  **INTRODUCTION**

Plaintiff's claims against X Corp. should be dismissed for at least two independent reasons.

*First,* Plaintiff fails to establish that this Court has personal jurisdiction over X Corp., which is incorporated in Nevada and has its principal place of business in Texas. As such, Plaintiff's claims against X Corp. should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

*Second*, Federal Rule of Civil Procedure 12(b)(6) and Sections 1915(e)(2)(B)(i)-(ii) of Title 28 of the U.S. Code mandate dismissal of Plaintiff's claims against X Corp. Plaintiff seeks over *$150 billion dollars* against a wide array of twenty-eight defendants, based on conclusory and speculative contentions that Defendants accessed his unspecified personal devices, accounts, and data, and defamed, harassed, and cyberstalked him. He fails to specify or delineate which of his fifteen causes of action are asserted against X Corp. (much less any defendant), nor does he assert any factual allegations in support of his claims against X Corp.

In short, Plaintiff's claims against X Corp. should be dismissed under Federal Rule of Civil Procedure 12(b)(2), or under Rule 12(b)(6) and 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

II.  **BACKGROUND**

   A.  **The Complaint's Allegations**

Plaintiff's Complaint asserts fifteen causes of action, based entirely on wholly conclusory assertions.

Plaintiff asserts a series of claims based on conclusory assertions that unspecified Defendants accessed his unspecified personal devices, accounts, and data. He claims, for instance, that "Defendants, acting in concert, unlawfully accessed and compromised Plaintiff's personal devices and accounts, causing significant personal, professional, and financial harm." Rec. Doc. 1 at 18 (first cause of action for violation of the Computer Fraud and Abuse Act ("CFAA")). He also alleges that Defendants "intercepted and monitored Plaintiff's private electronic communications

without authorization, infringing on federal protections against electronic surveillance," and that "Defendants' [alleged] unauthorized access and monitoring of Plaintiff's devices and personal data constitute unlawful searches and seizures, infringing on Plaintiff's constitutional protections." *Id*. at 18–19 (second cause of action, for violation of the Electronic Communications Privacy Act ("ECPA"), and fourth cause of action, for violation of the Fourth Amendment). Plaintiff also contends that "Defendants violated Louisiana's constitutional and statutory privacy protections by accessing Plaintiffs personal data without consent and using it to defame and harass him." *Id*. at 20 (tenth cause of action for violation of Louisiana state privacy and data protection laws).

Plaintiff also asserts a series of claims based on wholly conclusory assertions that Defendants defamed, harassed, and surveilled him. He claims, for example, that "Defendants' coordinated defamation, harassment, and cyberstalking campaigns aimed to chill Plaintiffs lawful expression, religious practice, and organizational mission," which allegedly "deprived Plaintiff of due process and equal protection under the law." *Id*. at 18–19 (third cause of action, for violation of the First Amendment, and fifth cause of action, for violation of the Fourteenth Amendment). He also contends that "Defendants published and disseminated false statements about Plaintiff, resulting in severe reputational damage and financial loss," and that "[t]he relentless harassment, stalking, and defamation caused Plaintiff profound emotional distress, endangering his safety and well-being." *Id*. at 19–20 (eighth cause of action for defamation, and ninth cause of action for intentional infliction of emotional distress). Plaintiff also contends that Defendants "conspired to interfere with Plaintiff's constitutional rights, coordinating efforts to defame, surveil, and harass Plaintiff across multiple states and platforms," and that they "operated as an organized enterprise, engaging in a pattern of racketeering activities, including defamation, unauthorized access, and systematic harassment." *Id.* at 19 (sixth cause of action for civil rights conspiracy, and seventh cause of action for violation under RICO). Plaintiff also contends that "Defendants' coordinated defamation and harassment led to the loss of business relationships and funding opportunities for Plaintiffs [sic] religious organization" which allegedly "caused significant financial damage," and

that "Defendants knowingly published false and defamatory statements, deceiving the public, damaging Plaintiffs reputation, and obstructing his religious and community work." *Id*. at 20–21 (eleventh cause of action for tortious interference with contractual relations and prospective economic advantage, and twelfth cause of action for fraud and misrepresentation, and thirteenth cause of action for negligence).

Finally, Plaintiff alleges other claims that have no clear factual basis at all. Plaintiff contends that "Defendants failed to exercise reasonable care in ensuring their actions did not harm Plaintiff, leading to substantial harm to his finances, reputation, and emotional wellbeing." *Id.* at 21 (thirteenth cause of action for negligence). Plaintiff also contends that "Defendants breached their duty to act in an ethical and lawful manner, causing ongoing harm to Plaintiff." *Id*. (fourteenth cause of action for breach of duty of good faith and fair dealing). And he contends that "Defendants and administrative entities have failed to honor Plaintiffs constitutional rights, infringing upon due process protections under the Fifth and Fourteenth Amendments." *Id*. (fifteenth cause of action for jurisdiction and due process violations).

For all his claims, Plaintiff does not specify or delineate which of the 28 defendants engaged in the conduct he alleges occurred. For relief, Plaintiff seeks compensatory damages of $50 billion, punitive damages of $100 billion, permanent injunction, public retractions of unidentified false statements, apologies from Defendants for unspecified bad conduct, restoration of his reputation, restitution and disgorgement, pre-judgment interest, treble damages, enhanced costs and attorney's fees. *Id*. at 21–22. Plaintiff makes no allegations as to the citizenship of X Corp., a corporation incorporated in Nevada with a principal place of business in Texas, nor that of any defendant.

B.   **Procedural History**

Plaintiff filed his Complaint on January 29, 2025. Rec. Doc. 1. The following day, he filed an *Ex Parte* Consent Motion for Leave to Proceed in Forma Pauperis (Rec. Doc. 5), which the

Court granted on February 4, 2025 (Rec. Doc. 7). X Corp. was served with the Complaint on February 18, 2025 (Rec. Doc. 21).

### III.    LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a plaintiff's claims when the court does not have personal jurisdiction over a defendant. The party seeking to invoke the power of the court bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Advanta-Star Auto. Research Corp. of Am. v. Search Optics, LLC*, No. 21-1174, 2021 WL 4989797, at *3 (E.D. La. Oct. 27, 2021) (Zainey, J.)  "A court may exercise personal jurisdiction based on specific or general jurisdiction." *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020). For a corporation, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). For specific jurisdiction, courts use "a three-step analysis that asks: (1) whether the defendant has minimum contacts in the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Libersat*, 978 F.3d at 318-19 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

To withstand a motion to dismiss under Rule 12(b)(6), the plaintiff must plead factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, "the complaint must offer more than an 'unadorned, the defendant-unlawfully-harmed-me accusation.'" *GeoVera*

*Specialty Ins. Co v. Joachin*, No. 18-7577, 2019 WL 1904892, at *4 (E.D. La. Apr. 29, 2019) (citing *Iqbal*, 556 U.S. at 667–68). "If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an 'insuperable' bar to relief, the claim must be dismissed." *Id*. (citing *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), and *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010)). This standard applies to pro se complaints, which, though broadly construed, "must contain 'factual allegations sufficient to raise a right to relief above the speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (alterations omitted) (quoting *Twombly*, 550 U.S. at 555); *see also Clark v. Midfirst Bank*, No. CV 24-335, 2024 WL 1079216 at *1 (E.D. La. Feb. 23, 2024), *report and recommendation adopted,* No. CV 24-335, 2024 WL 1071069 (E.D. La. Mar. 12, 2024), and *objections overruled,* No. CV 24-335, 2024 WL 1299553 (E.D. La. Mar. 27, 2024) (applying the same standard to a pro se complaint and citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)).

"A proceeding brought *in forma pauperis* may be dismissed as frivolous or for failure to state a claim upon which relief can be granted." *Clark*, 2024 WL 1079216 at *1 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)) ("[T]he court shall dismiss the case at any time if the court determines that (B) the action [] (i) is frivolous or malicious; [and/or] (ii) fails to state a claim on which relief may be granted . . . ."). "A claim is frivolous 'if it lacks an arguable basis in law or fact.'" *Clark*, 2024 WL 1079216, at *1, quoting *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). "When making that determination, the Court has 'not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) and *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994)).

IV. **ARGUMENT**

A. **Plaintiff's Claims Against X Corp. Should Be Dismissed Because Plaintiff Fails to Show This Court Has Personal Jurisdiction Over X Corp.**

Plaintiff fails to show this Court has general or specific jurisdiction over X Corp. As such, Plaintiff's claims against X Corp. should be dismissed.

Plaintiff does not and cannot establish this Court has general jurisdiction over X Corp. X Corp. is incorporated in Nevada, with a principal place of business in Texas. He therefore fails to establish either of the paradigm bases for general jurisdiction over X Corp. *See Daimler AG*, 571 U.S. at 137; *Advanta-Star*, 2021 WL 4989797, at *5 (finding that the plaintiff failed to establish general personal jurisdiction over out-of-state defendants, and noting that "[b]ecause Plaintiff does not assert that Louisiana is either Defendants' principal place of business or state of incorporation, it will be incredibly difficult to establish general jurisdiction over Defendants in Louisiana") (internal quotation marks omitted).

Plaintiff also fails to show this Court has specific jurisdiction over X Corp. His Complaint contains no factual allegations that would establish X Corp.'s "minimum contacts" in Louisiana, nor does he allege facts to show any of his fifteen claims arise from X Corp.'s "forum-related contacts." *See Libersat*, 978 F.3d at 318-19. Exercise of personal jurisdiction over X Corp. also would not be "fair and reasonable," particularly where Plaintiff purports to haul X Corp. into this Court based on claims entirely devoid of any factual allegations. As such, Plaintiff fails to establish specific jurisdiction over X Corp. *See Crescent Towing & Salvage Co., Inc. v. M/V JALMA TOPIC*, 652 F. Supp. 3d 700, 710 (E.D. La. 2023) (Zainey, J.) (granting motion to dismiss for lack of personal jurisdiction on grounds that the plaintiff failed to establish its claims arose out of the

defendants' forum-related contacts and declining to address the other two elements of the *Libersat* test).

In short, this Court lacks personal jurisdiction over X Corp., and therefore this Court should dismiss Plaintiff's claims against it. *See Daimler AG*, 571 U.S. at 137; *Advanta-Star*, 2021 WL 4989797, at *5; *Crescent Towing & Salvage Co.*, 652 F. Supp. 3d at 710.

### B.     Plaintiff Fails to State Any Claim Against X Corp.

In the alternative, Plaintiff's claims against X Corp. should be dismissed because Plaintiff's Complaint is frivolous and fails to state any plausible claim against X Corp.

Plaintiff does not plausibly allege any of his claims based on Defendants' alleged access of his personal devices, accounts, and data. Plaintiff alleges in conclusory fashion that Defendants "acting in concert, unlawfully accessed and compromised Plaintiff's personal devices and accounts, causing significant personal, professional, and financial harm," "intercepted and monitored Plaintiff's private electronic communications without authorization, infringing on federal protections against electronic surveillance," "access[ed] and monitor[ed] [] Plaintiff's devices and personal data," and "access[ed] Plaintiffs [sic] personal data without consent" Rec. Doc. 1 at 18–20 (first, second, fourth, and tenth causes of action). But Plaintiff does not make any factual allegations to support these conclusory and speculative assertions, much less facts sufficient to plausibly allege any of the required elements of his claims. Indeed, his claims epitomize the "unadorned, the defendant-unlawfully-harmed-me accusation[s]" this Court has found are insufficient to state a claim, and therefore they should be dismissed. *See GeoVera Specialty Ins. Co.*, 2019 WL 1904892, at *4 (internal quotation marks and citation omitted); *see also Twombly*, 550 U.S. at 555 (to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level"); *Lampkin v. Stryker Sales Corp.*, No. CIV.A. 14-0151, 2015 WL 1284197, at *2 (W.D. La. Mar. 18, 2015) (where "Plaintiff's allegations appear to somewhat correlate with [available] theories of recovery . . . such efforts amount to nothing more

than threadbare recitals . . . supported by mere conclusory statements. These allegations, totally lacking the support of any specific facts, are insufficient." (internal citation omitted)); *Norton v. Livingston Par. Det. Ctr.*, No. CIV.A. 13-437-JJB, 2013 WL 5519400, at *5, 7 (M.D. La. Oct. 2, 2013), *order clarified*, No. CIV.A. 13-437-JJB, 2014 WL 1057218 (M.D. La. Mar. 19, 2014) (granting motion to dismiss complaint where "Plaintiffs simply refer to the 'policy' and 'custom' . . . yet never make a single factual allegation as to what that custom or policy entailed . . . [and therefore] Plaintiffs have attempted to utilize conclusory statements to establish their . . . claim, without actually providing the factual allegations necessary to support the claim.").

Plaintiff's claims based on Defendants' alleged defamation, harassment, and cyberstalking of him are likewise wholly conclusory and should be dismissed. Plaintiff alleges no facts to support his assertions that Defendants engaged in "coordinated defamation, harassment, and cyberstalking campaigns aimed to chill Plaintiffs lawful expression, religious practice, and organizational mission," "conspired to interfere with Plaintiff's constitutional rights, coordinating efforts to defame, surveil, and harass Plaintiff across multiple states and platforms," and to otherwise defame or harass him (Rec. Doc. 1 at 18–21) (Plaintiff's third, fifth, sixth, seventh, eighth, ninth, eleventh, and twelfth causes of action). Thus, Plaintiff fails to state these claims, which should be dismissed. *See Odlan Holdings, LLC v. City of New Orleans*, 109 F. Supp. 2d 503, 504 (E.D. La. 2000) (where "[P]laintiff has simply not alleged any facts to support the argument that the statute was applied unequally based upon race," the claim is wholly conclusory and therefore subject to dismissal); *see also Lampkin*, 2015 WL 1284197, at *2; *GeoVera Specialty Ins. Co.*, 2019 WL 1904892, at *4; *Norton*, 2013 WL 5519400 at *5, 7.

Plaintiff's remaining claims that Defendants "failed to exercise reasonable care in ensuring their actions did not harm Plaintiff," "breached their duty to act in an ethical and lawful manner," and "failed to honor Plaintiffs constitutional rights" (Rec. Doc. 1 at 21 (thirteenth, fourteenth, and fifteenth causes of action)) have no clear factual basis whatsoever and should be dismissed. *Carr v. Times Picayune Pub. Corp.*, 619 F. Supp. 94, 97 (E.D. La. 1985) (complaint fails to state a claim

where "the Complaint reveals no specific factual allegations [and] it neglects to give even a general description of the manner in which the defendant" allegedly violated the law); *see also Lampkin*, 2015 WL 1284197, at *2; *Norton*, 2013 WL 5519400 at *7.

In sum, Plaintiff's Complaint lacks any factual allegations to support any of the required elements of his many claims. His Complaint, therefore, is frivolous and fails to state any claim, and should be dismissed under 28 U.S.C. §§ 1015(e)(2)(B)(i)-(ii) and Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *GeoVera Specialty Ins. Co.*, 2019 WL 1904892, at *4.

### V.    CONCLUSION

For these reasons, this Court should dismiss Plaintiff's claims against X Corp.

Respectfully submitted,

*/s/ Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**
**CHLOE L. KRAKE (#41301)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO, MATHERNE & BELL, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile:  (504) 524-7887
Email:    vmatherne@courington-law.com
          ckrake@courington-law.com

***Attorneys for Defendant X Corp.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2025, the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff by e-mail or United States Mail, postage prepaid.

                                              */s/ Valerie Theng Matherne*
                                              **VALERIE THENG MATHERNE (#25898)**