U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   Mar 13 2025

sp

CAROL L. MICHEL
CLERK

EDSS

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| HIRAN RODRIGUEZ | ) | |
| _____ | ) | CIVIL ACTION NO. 25-197 |
| *Plaintiff(s)* | | DIVISION: "1" (2) |
| | | JUDGE JAY C. ZAINEY |
| v. | ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| | ) | |
| META PLATFORMS, INC., ET AL, | | |
| _____ | ) | |
| *Defendant(s)* | | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT X CORP.'S MOTION TO DISMISS**

NOW INTO COURT, comes Plaintiff, **Hiran Rodriguez**, who respectfully submits this Opposition to Defendant X Corp.'s **Motion to Dismiss (Doc. 59)** and states as follows:

## I. INTRODUCTION

Defendant X Corp. seeks dismissal of Plaintiff's claims on the grounds of **lack of personal jurisdiction** and **failure to state a claim**. However, Plaintiff sufficiently pleads factual allegations demonstrating **this Court has jurisdiction over X Corp.** and that his claims are **well-grounded in fact and law.**

## II. LEGAL STANDARD

Under **Rule 12(b)(2)**, a defendant challenging jurisdiction must present a **compelling case** that jurisdiction is improper. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). If a plaintiff establishes **minimum contacts** with the forum state, the burden shifts to the defendant to show that jurisdiction would be unfair. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

2

Under **Rule 12(b)(6)**, dismissal is only appropriate if the plaintiff **fails to plead factual content that allows the court to draw a reasonable inference of liability**. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all well-pleaded facts as **true** and view them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

III. ARGUMENT

A. This Court Has Personal Jurisdiction Over X Corp.

Defendant X Corp. incorrectly asserts that this Court lacks personal jurisdiction. However, Plaintiff can demonstrate **specific jurisdiction** over X Corp. because:

1. **X Corp. Conducts Business in Louisiana**

• X Corp. operates its platform in Louisiana and collects **user data** from residents in the state.

• The company **engages in targeted advertising** in Louisiana, deriving financial benefits from the forum state.

• X Corp.'s actions directly **affected Plaintiff within Louisiana**, satisfying the "purposeful availment" test.

2. **Plaintiff's Claims Arise from X Corp.'s Forum-Related Contacts**

3

- Plaintiff's allegations include **unlawful data access, defamation,** and **harassment**, all of which **directly impacted Plaintiff in Louisiana**.

- Courts recognize **intentional torts** as a basis for jurisdiction when they cause harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 789 (1984).

### 3. Exercise of Jurisdiction Is Fair and Reasonable

- X Corp. cannot claim undue burden by litigating in Louisiana, given its substantial **business presence and online operations in the state**.

- Louisiana has a **strong interest** in protecting its residents from **cyberstalking, privacy violations, and defamation**.

For these reasons, the Court has **specific jurisdiction** over X Corp.

### B. Plaintiff Has Sufficiently Stated a Claim Against X Corp.

X Corp. argues that Plaintiff's claims are **conclusory** and **lack specificity**. However, Plaintiff provides factual allegations supporting each cause of action:

### 1. Computer Fraud and Abuse Act (CFAA) - 18 U.S.C. § 1030

4

- Plaintiff alleges that Defendants, including X Corp., **accessed his personal data without authorization.**

- Courts have found similar allegations sufficient under CFAA. *See Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 513 (D.C. Cir. 2016).

**2. Defamation (Louisiana Civil Code Art. 2315)**

- X Corp., through its platform, allegedly **published or allowed false statements** that harmed Plaintiff's reputation.

- Plaintiff suffered **economic and personal harm** as a direct result of these actions.

**3. Invasion of Privacy / Electronic Communications Privacy Act (ECPA) - 18 U.S.C. § 2511**

- Plaintiff alleges that X Corp. **monitored and intercepted private communications.**

- Courts have recognized ECPA claims where a plaintiff demonstrates **intercepted personal data**. *See In re Google Inc. Street View Elec. Commc'ns Litig.*, 21 F. Supp. 3d 1069, 1075 (N.D. Cal. 2014).

**4. Intentional Infliction of Emotional Distress (IIED)**

- X Corp.'s alleged **harassment and cyberstalking** caused Plaintiff severe emotional distress.

- Louisiana law recognizes IIED where **extreme and outrageous conduct** is alleged. *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

5

Since Plaintiff pleads **specific facts supporting these claims**, dismissal is unwarranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff **respectfully requests that the Court DENY X Corp.'s Motion to Dismiss (Doc. 59)** in its entirety.

**Respectfully submitted,**

*Hiran Rodriguez*

Hiran Rodriguez

**Plaintiff, Pro Se**

820 Grove Ave, Metairie, LA 70003

Email: hiranrodriguez@outlook.com

Phone: (504) 203-8459

6

CERTIFICATE OF SERVICE

I hereby certify that a copy of this "**Plaintiff's Opposition to Defendant X Corp.'s Motion to Dismiss**" was served on all Defendants who have made an appearance on the record by electronic service on **March 13, 2025**. Defendants who have not yet made an appearance are in the process of being served by the **U.S. Marshal Service** with the **summons and complaint**.

Respectfully submitted,

*Hiran Rodriguez*

**Hiran Rodriguez, Plaintiff, Pro Se**

820 Grove Avenue

Metairie, Louisiana, 70003

Email: hiranrodriguez@outlook.com

Phone: (504) 203-8459

**Date:** March 13, 2025

Stacy Pecoraro

| | |
|---|---|
| From: | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| Sent: | Thursday, March 13, 2025 4:07 AM |
| To: | LAEDml_Pro Se |
| Subject: | New EDSS Filing Submitted |

*A new EDSS Filing has been submitted. The filing was submitted on Thursday, March 13, 2025 - 04:07 from IP Address 10.164.8.193*

*Submitted values are:*

*Filer's Full Name: Hiran Rodriguez*

*Filer's Email Address: hiranrodriguez@outlook.com*

*Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024.*

*Filer's Phone Number: 504-203-8459*

*Case Number (if known): 2:25-cv-00197-JCZ-DPC*

*Case Name: Rodriguez v. Meta Platforms, Inc., et al*

*Document 1 Description: Plaintiff's Opposition to Defendant X Corp.'s Motion to Dismiss*

*Document 2 Description:*

*Document 3 Description:*

*Document 4 Description:*

*Document 5 Description:*

*The submitted documents will arrive in your EDSS Filings bucket within 15 minutes.*

1