UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HIRAN RODRIGUEZ                                    CIVIL ACTION

VERSUS                                             NO. 25-197

META PLATFORMS, INC., ET AL.                       SECTION "A" (2)

## ORDER AND REASONS

The following motions, filed by Plaintiff Hiran Rodriguez, proceeding *pro se* and *in forma pauperis*, are before the Court on the briefs:

1. **Motion for Temporary Restraining Order and Preliminary Injunction Against State Court Proceedings (Rec. Doc. 10) (filed Feb. 10, 2025)**

2. **Motion for Federal Injunction, Temporary Restraining Order, Suppression of Evidence, Dismissal of State Charges, and Appointment of Digital Forensic Investigators (Rec. Doc. 11) (filed Feb. 11, 2025)**

3. **Motion to Submit Video Evidence and Request for Judicial Consideration (Rec. Doc. 29) (filed Feb. 25, 2025)**

4. **Motion for Issuance of Subpoenas (Rec. Doc. 40) (filed Mar. 8, 2025)**

5. **Motion for Judicial Notice of Delaying Tactics and Bad Faith (Rec. Doc. 42) (filed Mar. 9, 2025)**

6. **Motion for Sanctions (Rec. Doc. 43) (filed Mar. 9, 2025)**

For the reasons discussed below, each motion is denied.

## I.    Background

On January 29, 2025, Plaintiff Hiran Rodriguez filed this lawsuit against 26 defendants seeking compensatory damages in excess of $50 billion, punitive damages of $100 billion, and injunctive, declaratory, and other forms of relief.[1] The named defendants include members of the press and individual journalists; social media, tech, television, and communications companies and owners of such companies in their individual capacities; a railroad company; a hospital; and

---

[1] *See* Rec. Doc. 1, at 3–16, 21–22.

Jefferson Parish, the Jefferson Parish Sheriff, the Jefferson Parish Sheriff's Office, and a Jefferson Parish volunteer fire department.[2] The Complaint contains 15 causes of action, including:

- Violations of the Computer Fraud and Abuse Act (CFAA), Electronic Communications Privacy Act (ECPA), Racketeer Influenced and Corrupt Organizations Act (RICO), and Louisiana State Privacy and Data Protection laws;

- Violations of the First, Fourth, and Fourteenth Amendments;

- Civil Rights Conspiracy;

- Defamation;

- Intentional Infliction of Emotional Distress;

- Tortious Interference with Contractual Relations and Prospective Economic Advantage;

- Fraud and Misrepresentation;

- Negligence;

- Breach of Duty of Good Faith and Fair Dealing; and

- Jurisdictional and Due Process Violations

(Rec. Doc. 1, at 18–21).

As of March 10, 2025, an executed summons return was docketed for 14 of the 26 defendants in this case;[3] but upon closer examination, Plaintiff personally effectuated service on 12 of the defendants in violation of Federal Rule of Civil Procedure 4(c)(2). *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old <u>and not a party</u> may serve a summons and complaint.") (emphasis added). In other words, only two defendants—Mark Zuckerberg and Meta Platforms, Inc.—have been properly served in accordance with the Federal Rules of Civil Procedure.[4]

---

[2] *Id.* at 3–16.

[3] *See* Rec. Doc. 10–25, 27–28, 46–47.

[4] *See* Rec. Doc. 46–47.

In addition to the motions presently before the Court, there are seven pending motions to dismiss and a motion to compel arbitration filed by various defendants.[5] The Court will address the pending motions to dismiss and the motion to compel arbitration in a separate order and reasons.[6]

## II.    Discussion

The Court's reasons for denying the above-enumerated motions are articulated in the paragraphs that follow in the order the motions were filed.

### 1.    Motion for Temporary Restraining Order and Preliminary Injunction against State Court Proceedings (Rec. Doc. 10)

Plaintiff's motion "seeks emergency injunctive relief to prevent the Jefferson Parish Sheriff's Office (JPSO) and related state authorities from prosecuting him in state court" on the basis that the "proceedings are retaliatory in nature, violate Plaintiff's constitutional rights, and seek to undermine the integrity of this Court's jurisdiction over Plaintiff's federal claims, including civil rights violations under 42 U.S.C. § 1983."[7]

When a party seeks an injunction against a state court proceeding, the Anti-Injunction Act, 28 U.S.C. § 2283, may bar that relief. Pursuant to that Act, a federal court "may not grant an injunction to stay proceedings in a state court" unless one of the three following preconditions is satisfied: the injunction (1) is expressly authorized by Congress, (2) is necessary in aid of the federal court's jurisdiction, or (3) is necessary to protect or effectuate the federal court's judgments. *Id*.; *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 724 (E.D. La. 2012) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)). The exceptions "are to be interpreted narrowly" and "any doubts

---

[5] *See* Rec. Doc. 30, 32, 36, 39, 53, 56, 58, and 59.

[6] The Court will also address Plaintiff's Motion to Strike Jefferson Parish's Motion to Dismiss (Rec. Doc. 44) when it considers the pending motions to dismiss.

[7] Rec. Doc. 10, at 3.

as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *La. Health Serv. & Indem. Co. v. Ctr. for Restorative Breast Surgery, LLC*, No. 17-4171, 2017 WL 2256765, at *2 (E.D. La. May 23, 2017) (citations omitted).

Despite Plaintiff's allegations of pending state court proceedings, he has provided the Court with no evidence of any such proceeding. As such, none of the exceptions to the Anti-Injunction Act are present in this case and the Court significantly doubts the propriety of enjoining the alleged state court proceedings. Moreover, "the fact that an injunction ***may*** issue under the Anti-Injunction Act does not mean that it ***must*** issue." *Chick Kam Choo v. Exxon Corp.*, 488 U.S. 140, 151 (1988); *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017). Indeed, "[a]n intolerable condition would arise, if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court." *Fenner v. Boykin*, 271 U.S. 240, 244 (1926). Accordingly, Plaintiff's motion is denied.

2. **Motion for Federal Injunction, Temporary Restraining Order, Suppression of Evidence, Dismissal of State Charges, and Appointment of Digital Forensic Investigators (Rec. Doc. 11)**

In his second motion (his "consolidated motion"), Plaintiff (i) re-urges his demand for injunctive relief against state court proceedings, (ii) seeks suppression of "illegally obtained evidence," (iii) seeks dismissal of state court charges with prejudice, (iv) moves the Court for appointment of a court-approved digital forensics investigator, (v) moves the Court for issuance of subpoenas to obtain various "critical evidence," and (vi) seeks "referral of JPSO Officers for Federal Criminal Investigation."[8]

---

[8] Rec. Doc. 11, at 2.

For the reasons stated *supra* Section II(1), and on the basis that this motion is founded on conclusory allegations, it is denied as it relates to Plaintiff's demand that the Court enjoin the undisclosed state court proceedings, his motion to dismiss the state court criminal proceedings, and his motion seeking referral of Jefferson Parish Sheriff's Office officers for "Federal Criminal Investigation."[9] *See Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (finding that mere speculation or conclusory allegations of an irreparable injury is insufficient).

As it relates to the suppression of "illegally obtained evidence," the appointment of a court-approved digital forensics investigator, and the issuance of subpoenas, the motion is denied without prejudice as premature. Plaintiff may re-urge these arguments, if necessary, after all defendants have been properly served and discovery commences. The Court notes, however, that the proper procedure for obtaining issuance of subpoenas is to make an application to the Clerk of Court, not this Court. *See* Fed. R. Civ. P. 45(a)(3).

3.  **Motion to Submit Video Evidence and Request for Judicial Consideration (Rec. Doc. 29)**

Via this motion, Plaintiff seeks to submit video evidence for the Court to consider "in all future proceedings related to this case."[10] Only two of twenty-six defendants in this case have been properly served and discovery has not yet begun. The Court will not consider this motion at this stage of the proceedings. Accordingly, it is denied without prejudice as premature.

4.  **Motion for Issuance of Subpoenas (Rec. Doc. 40)**

For the reasons just stated, the Court declines to consider this motion at this stage of the proceedings. Moreover, the proper procedure for obtaining issuance of subpoenas is to make an

---

[9] *Id.* at 2–3.

[10] Rec. Doc. 29, at 4.

application to the Clerk of Court, not this Court. *See* Fed. R. Civ. P. 45(a)(3). Accordingly, the motion is denied without prejudice. Plaintiff may move the Court for the issuance of subpoenas, if necessary, after discovery has commenced and upon an appropriate application to the Clerk.

### 5. Motion for Judicial Notice of Delaying Tactics and Bad Faith (Rec. Doc. 42)

The Court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is generally within the Court's discretion to take judicial notice of a fact, Fed. R. Evid. 201(c)(1), but the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Plaintiff's motion asks the Court to take judicial notice that (1) certain defendants are engaging "delaying tactics," (2) the same defendants have made a "meritless service argument," and (3) the delay tactics and service argument amount to "bad faith conduct."[11] These are allegations that are unsubstantiated in law and in fact; they are not adjudicative facts. As such, they do not qualify for judicial notice. The motion is denied.

### 6. Motion for Sanctions (Rec. Doc. 43)

"[T]he central purpose of Rule 11 is to deter baseless findings in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Rule 11(c)(2) prescribes the procedure for filing a motion for sanctions under Rule 11:

---

[11] Rec. Doc. 42, at 2–3.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

This so-called "safe harbor" provision seeks to "give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). The Fifth Circuit has interpreted the "plain language of the rule" to mean that such "notice and opportunity prior to filing is mandatory." *Id.*

In the present case, the record indicates that Plaintiff did not serve his motion for sanctions on the defendants and defense counsel prior to filing. Because he did not comply with this procedural prerequisite, his motion for sanctions must be denied.

But even if he had complied, the motion would still be denied because the allegations therein are unsubstantiated in law and in fact. By way of example, Plaintiff alleges that Defendants Meta Platforms, Inc., Jefferson Parish, and Jefferson Parish Sheriff's Office have made frivolous and baseless filings because their motions contain arguments related to improper service.[12] This is wrong in two respects. First, the motion filed by Meta Platforms, Inc. accurately states, "Plaintiff purported to serve Meta on February 18, 2025, but service was improper and ineffective."[13] The executed summons return clearly establishes that Plaintiff personally effectuated service on Meta Platforms, Inc. in violation of the Federal Rules of Civil Procedure.[14] Second, as of the date this Order is signed, the record reflects that Jefferson Parish and the Jefferson Parish Sheriff's Office

---

[12] Rec. Doc. 43, at 2.

[13] Rec. Doc. 34, at 1.

[14] *See* Rec. Doc. 15, at 2.

are still not properly served. In other words, nothing Plaintiff has argued in his motion for sanctions appears to be true.

The Court acknowledges that Plaintiff is proceeding *pro se* and *in forma pauperis* and stresses that persons, regardless of wealth, are entitled to reasonable access to the courts. *See* 28 U.S.C. sec. 1915 *et seq.*, (allowing for commencement of lawsuits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs). **However**, "once a *pro se* [and *in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Hamilton v. Carter*, 711 F. Supp. 3d 676, 686 (S.D. Tex. 2024) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). The Court admonishes the Plaintiff that it will not tolerate unsubstantiated accusations against any party.

Accordingly;

**IT IS ORDERED** that the **Motion for Temporary Restraining Order and Preliminary Injunction against State Court Proceedings (Rec. Doc. 10)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Federal Injunction, Temporary Restraining Order, Suppression of Evidence, Dismissal of State Charges, and Appointment of Digital Forensic Investigators (Rec. Doc. 11)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Submit Video Evidence and Request for Judicial Consideration (Rec. Doc. 29)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Issuance of Subpoenas (Rec. Doc. 40)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Judicial Notice of Delaying Tactics and Bad Faith (Rec. Doc. 42)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Sanctions (Rec. Doc. 43)** is **DENIED**.

March 14, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE