# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

HIRAN RODRIGUEZ

)

———————————————  )    CIVIL ACTION NO. 25-197

*Plaintiff(s)*    SECTION: "A" (2)

JUDGE JAY C. ZAINEY

*v.*    )    MAG. JUDGE DONNA PHILLIPS CURRAULT

)

META PLATFORMS, INC., ET AL,

———————————————  )

*Defendant(s)*

)

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER (REC. DOC. 77) DENYING PLAINTIFF'S MOTIONS FOR RELIEF**

**NOW COMES** Plaintiff, **Hiran Rodriguez**, appearing *pro se*, who respectfully moves this Honorable Court, pursuant to **Federal Rule of Civil Procedure 59(e) and/or Rule 60(b)**, to reconsider its **March 14, 2025 Order (Rec. Doc. 77)** denying Plaintiff's motions for injunctive relief, submission of evidence, issuance of subpoenas, judicial notice, and sanctions.

Plaintiff respectfully submits that reconsideration is warranted because:

1. The Court failed to **consider Plaintiff's opposition** arguments that were filed against pending motions to dismiss.

2. The Court's ruling **prematurely denied evidentiary submissions and subpoena requests**, preventing Plaintiff from establishing facts essential to his claims.

3. The **denial of Plaintiff's subpoenas contradicts the Court's own finding** that not all Defendants have been properly served, **making service impossible without subpoenas.**

4. The Court's order violates **fundamental due process** by preventing Plaintiff from presenting evidence and enforcing discovery procedures.

For these reasons, Plaintiff respectfully requests that the Court **vacate its prior order (Rec. Doc. 77)** and allow Plaintiff's motions to be considered on the merits.

## I. LEGAL STANDARD FOR RECONSIDERATION

A motion for reconsideration under **Rule 59(e)** is appropriate where there has been:

1. A manifest error of law or fact;

2. Newly discovered evidence;

3. An intervening change in the law; or

4. A need to correct clear error or prevent manifest injustice.

*Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Additionally, **Rule 60(b)** allows reconsideration where there has been **mistake, inadvertence, surprise, excusable neglect, fraud, newly discovered evidence,** or **other extraordinary circumstances warranting relief.**

*See Fed. R. Civ. P. 60(b)(1)-(6); Gonzalez v. Crosby,* **545 U.S. 524, 528 (2005)**.

Plaintiff submits that reconsideration is warranted under **both standards** because the Court **failed to consider opposition arguments, denied evidentiary motions prematurely, and obstructed Plaintiff's ability to serve Defendants**.

## II. GROUNDS FOR RECONSIDERATION

### A. The Court Failed to Consider Plaintiff's Opposition Briefs

The Court's order states that **multiple motions to dismiss are pending** (Rec. Doc. 77 at 3). However, **Plaintiff has filed opposition briefs** to those motions, which the Court has not yet considered.

Dismissing Plaintiff's motions without reviewing his responses **violates due process** and prejudices Plaintiff's ability to argue against dismissal. **This Court should reconsider its ruling to ensure Plaintiff's filings are fully addressed**.

### B. The Court Improperly Denied Submission of Evidence (Rec. Doc. 29)

The Court denied Plaintiff's **Motion to Submit Video Evidence (Rec. Doc. 29)** without reviewing its contents.

• The Court ruled that Plaintiff's evidence **would not be considered in "future proceedings"** without stating any valid reason.

• The video evidence is **critical to proving Plaintiff's claims**, and refusing to consider it effectively **prevents Plaintiff from presenting key evidence**.

**The Court should reconsider and allow Plaintiff to submit this evidence into the record.**

**C. The Court's Denial of Subpoenas Prevents Plaintiff from Completing Service**

The Court acknowledged that **many Defendants have not yet been properly served (Rec. Doc. 77 at 3-4)**. However, the Court **denied Plaintiff's Motion for Subpoenas (Rec. Doc. 40)**, which is necessary for service.

• Plaintiff is proceeding in *forma pauperis*, and under **28 U.S.C. § 1915(d)**, the Court **must order service** for an indigent litigant.

• The denial of subpoenas **contradicts the Court's own findings** that proper service has not been completed.

• Without subpoenas, **Plaintiff cannot serve key Defendants**, preventing him from prosecuting his case.

**The Court should reconsider its ruling and allow Plaintiff to obtain subpoenas for proper service.**

**D. The Court's Denial of Judicial Notice and Sanctions Motion Was Premature**

The Court denied Plaintiff's **Motion for Judicial Notice of Delaying Tactics (Rec. Doc. 42) and Motion for Sanctions (Rec. Doc. 43)**, claiming that Defendants' actions are "not adjudicative facts."

However:

• The **Federal Rules of Evidence (Rule 201)** allow judicial notice of **undisputed procedural facts.**

• **Defendants' procedural delay tactics are clear from the docket**, and Plaintiff is entitled to have the Court acknowledge them.

• Plaintiff's **sanctions motion** was denied without considering evidence of **bad faith conduct** by Defendants.

For the sake of fairness and justice, **the Court should reconsider these rulings**.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

1. **Vacate its Order (Rec. Doc. 77)** denying Plaintiff's motions.

2. **Reconsider the motions on their merits** and allow Plaintiff to present evidence.

3. **Permit Plaintiff to submit video evidence into the record**.

4. Grant **Plaintiff's subpoenas** to complete service of process.

5. **Take judicial notice of Defendants' delaying tactics and reconsider the motion for sanctions.**

Plaintiff further requests any **other relief** this Court deems just and proper.

**Respectfully Submitted,**

*Hiran Rodriguez*

Hiran Rodriguez

*Plaintiff, Pro Se*

820 Grove Ave, Metairie, LA 70003

Email: hiranrodriguez@outlook.com

Phone: (504) 203-8459

Date: **March 15, 2025**

**CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, hereby certify that a true and correct copy of the foregoing Motion for Reconsideration was served on all Defendants who have made an appearance by electronic service on **March 15, 2025.**

Defendants who have not yet made an appearance are **in the process of being served by the U.S. Marshal Service with the summons and complaint.**

**Respectfully submitted,**

Hiran Rodriguez    *Hiran Rodriguez*

Plaintiff, *Pro Se*

Date: **March 15, 2025**

**eFile-ProSe**

| | |
|---|---|
| **From:** | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Saturday, March 15, 2025 9:02 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |

A new EDSS Filing has been submitted. The filing was submitted on Saturday, March 15, 2025 - 21:02 from IP Address 10.164.8.193

Submitted values are:

Filer's Full Name: Hiran Rodriguez

Filer's Email Address: hiranrodriguez@outlook.com

Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024

Filer's Phone Number: 5042038459

Case Number (if known): 2:25-cv-00197-JCZ-DPC

Case Name: Rodriguez v. Meta Platforms, Inc., et al

Document 1 Description: Motion for Reconsideration

Document 2 Description:

Document 3 Description:

Document 4 Description:

Document 5 Description:

Please keep this email for historical records.