# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Louisiana

HIRAN RODRIGUEZ

_____ )

*Plaintiff(s)*

                        *v.*

META PLATFORMS, INC., ET AL,

_____ )

*Defendant(s)*

)
)
)
)
)
)
)
)

CIVIL ACTION NO. 25-197

SECTION: "A" (2)

JUDGE JAY C. ZAINEY

MAG. JUDGE DONNA PHILLIPS CURRAULT

**PLAINTIFF'S MOTION TO RECUSE JUDGE JAY C. ZAINEY PURSUANT TO 28 U.S.C. § 455(a) AND (b)**

**NOW INTO COURT**, comes Plaintiff, **Hiran Rodriguez**, proceeding *pro se* and in *forma pauperis*, who respectfully moves this Honorable Court for an order recusing **United States District Judge Jay C. Zainey** from presiding over the instant matter pursuant to **28 U.S.C. § 455(a) and (b)** on the grounds that Judge Zainey's **impartiality might reasonably be questioned**, that he has a **personal and professional conflict of interest**, and that he has demonstrated **clear bias and prejudgment** against Plaintiff's claims.

## I. LEGAL STANDARD FOR RECUSAL

Under **28 U.S.C. § 455(a)**, a judge must disqualify himself from a case **"in which his impartiality might reasonably be questioned."** Additionally, under **§ 455(b)(1) and (4)**, a judge must recuse himself when:

• He has **personal bias or prejudice** concerning a party, or **personal knowledge of disputed evidentiary facts** related to the case.
• He has a **financial or professional interest** in the subject matter or in a party to the proceeding that could be **substantially affected by the outcome**.

The **Supreme Court** has held that the **recusal standard** under **§ 455** is whether a **reasonable person, with knowledge of all the facts, would conclude that the judge's**

**impartiality might reasonably be questioned.** *(Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)).*

## II. FACTUAL BACKGROUND & CONFLICT OF INTEREST

1.  **Judge Zainey's Connections to The Associated Press and The Guardian (Defendants in This Case)**

• The **Guardian article** published on **February 3, 2025** (after this lawsuit was filed on **January 29, 2025**) exposes Judge Zainey's involvement in **media crisis communications** related to **The Associated Press and The Guardian**.

• Two defendants in this lawsuit, **Paul MacInnes** and **Jonathan Liew**, are **directly affiliated** with **The Guardian**, the same media outlet that reported on **Judge Zainey's past involvement in shaping media narratives**.

• This creates a **direct conflict of interest**, as Judge Zainey has a **documented professional and personal connection** to defendants in this case.

2.  **Judge Zainey's Past Media Influence in the Catholic Church Crisis Communications**

• The **Guardian article** reveals that **Judge Zainey actively advised and coordinated with media figures**, including **The Associated Press**, to **influence public narratives in past legal matters**.

• The article states that Judge Zainey **intervened in media coverage** related to **clergy abuse scandals** and was involved in **efforts to shape public perception**.

• This past engagement in **media control** raises **serious concerns** that his judicial decisions in this case **might be biased in favor of the media defendants**, including **The Associated Press and The Guardian**.

**3.  Procedural Irregularities and Pattern of Bias Against Plaintiff**

• Judge Zainey's **rulings consistently favor defendants**, dismissing Plaintiff's motions **without fair consideration** and **blocking key evidence** from being admitted into the record.

• He **denied multiple motions**, including:

• **Motion for Injunction Against State Court Proceedings** – improperly dismissed Plaintiff's claims of **retaliatory prosecution**

.• **Motion to Submit Video Evidence** – rejected critical evidence before discovery even began and four days before a scheduled hearing to submit the video evidence.

• **Motion for Issuance of Subpoenas – delayed Plaintiff's ability** to obtain crucial evidence.

• His **denial of necessary subpoenas** and **refusal to allow key evidence** into the record suggests **procedural bias, violating due process rights**.

**4. Judge Zainey's Ruling on Louisiana Clergy Abuse Cases Shows Favoritism Toward Institutions Involved in This Case**

• Judge Zainey previously **ruled in favor of the Catholic Church** in cases related to **clergy abuse**, striking down a **Louisiana law** that allowed victims to seek damages.

• The **Louisiana Supreme Court later overturned his ruling**, which was widely seen as an effort to **protect the Archdiocese from paying larger settlements**.

• Given his prior history of **favoring institutions connected to defendants** in this case, it is reasonable to question **whether he can fairly adjudicate this lawsuit**.

### III. JUDGE ZAINEY'S RETALIATORY RULINGS AGAINST PLAINTIFF FOLLOWING THE PUBLICATION OF A DEFAMATORY ARTICLE

• Before **The Guardian's** publication on **February 3, 2025,** Plaintiff **had not yet experienced procedural irregularities** in this case.

• However, after the defamatory article was published, **Judge Zainey's rulings began:**

• **Dismissing or denying Plaintiff's motions without proper legal reasoning.**

• **Blocking key evidence from being admitted into the record.**

• **Obstructing Plaintiff's ability to properly serve defendants.**

• **Preventing the introduction of counter-evidence that refutes the false statements in the article.**

• The **timing and nature of these judicial actions suggest retaliatory treatment** against Plaintiff after **The Guardian's defamatory article** was published.

• Given Judge Zainey's **personal and professional ties to The Associated Press, The Guardian, and its affiliated media figures,** his **impartiality is not only in question but demonstrably compromised.**

• This situation **meets the legal standard for recusal** under 28 U.S.C. § 455(a) and (b), as a **reasonable person would conclude that Judge Zainey's impartiality might reasonably be questioned**.

## IV. LEGAL GROUNDS FOR RECUSAL

### 1. 28 U.S.C. § 455(a), Judge Zainey's Impartiality Is in Question

• Given his pattern of **rulings dismissing Plaintiff's claims without proper review**, a **reasonable person** would conclude that **Judge Zainey's impartiality is compromised**.

• His **admonishment of Plaintiff** in court filings suggests **personal bias** against the litigant rather than **neutral judicial oversight**.

### 2. Under 28 U.S.C. § 455(b)(1), Judge Zainey Has Prejudged the Case

• His **March 14, 2025, order** stated that Plaintiff's claims were **"unsubstantiated"** and **"lacking in fact."**

• This constitutes **prejudgment** before **discovery has taken place**, violating **due process**.

**3. 28 U.S.C. § 455(b)(4), Judge Zainey's Professional Connections Present a Conflict of Interest**

• His ruling **directly benefits defendants** in both **federal and state cases**, particularly **Jefferson Parish, JPSO, and state prosecutors**.

• His **language in the order dismissing concerns about state prosecution creates legal harm for Plaintiff**.

• His **documented ties to The Guardian and The Associated Press**, both **defendants in this lawsuit**, present **a direct conflict of interest**.

## V. PROCEDURAL IRREGULARITIES, JUDICIAL BIAS, AND PREJUDGMENT

**1. Judge Zainey's Pattern of Rulings Favoring Defendants and Blocking Critical Evidence**

• On **March 14, 2025**, Judge Zainey issued an order **denying all of Plaintiff's pending motions**, including:

• **Motion for Temporary Restraining Order and Preliminary Injunction Against State Court Proceedings (Doc. 10)** – denied without addressing Plaintiff's claims of retaliatory prosecution.

• **Motion for Federal Injunction, Suppression of Evidence, Dismissal of State Charges, and Appointment of Digital Forensic Investigators (Doc. 11)** – dismissed despite Plaintiff's assertion that state prosecutors were using **unlawfully obtained evidence.**

• **Motion to Submit Video Evidence (Doc. 29)** – denied **just days before a scheduled hearing to submit the evidence,** preventing key material from being considered in the case.

• **Motion for Issuance of Subpoenas (Doc. 40)** – rejected, further obstructing Plaintiff's ability to gather critical evidence.

• **Motion for Judicial Notice of Delaying Tactics and Bad Faith (Doc. 42)** – ignored Plaintiff's concerns about procedural stalling.

• **Motion for Sanctions (Doc. 43)** – denied, effectively shielding the Defendants from accountability for alleged misconduct.

• **By issuing blanket denials of every motion,** Judge Zainey has not only **prevented Plaintiff from fully presenting his case,** but has also created a **legal record favoring the Defendants.**

2. **Judge Zainey's Unwarranted Admonishment of Plaintiff Demonstrates Bias**

• In his March 14, 2025, Order, Judge Zainey **admonished Plaintiff,** stating that the Court "**will not tolerate unsubstantiated accusations against any party.**"

• This statement:

• **Prejudges** Plaintiff's claims without discovery.

• **Creates a negative judicial record** that Defendants can now use to undermine Plaintiff's credibility.

• **Discourages further filings** by Plaintiff, imposing an unfair chilling effect.

• This **admonishment was unnecessary and inappropriate**, as it signals **personal bias against Plaintiff rather than neutral judicial oversight**.

• A reasonable person reviewing this record would **question Judge Zainey's impartiality**, meeting the standard for recusal under **28 U.S.C. § 455(a)**.

## VI. CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

1. **Recuse Judge Jay C. Zainey** from presiding over this case due to:

• **His prejudgment of Plaintiff's claims before discovery.**

• **His interference with state court proceedings and creation of prejudicial legal findings against Plaintiff.**

• His failure to ensure a fair and impartial legal process.

2. **Reassign this case to an impartial judge** with no prior connection to Defendants in this lawsuit.

3. **Grant any further relief necessary** to ensure Plaintiff's **constitutional right to due process and fair adjudication**.

Plaintiff further requests **any additional relief** this Court deems appropriate to preserve **the integrity of these proceedings.**

---

**Respectfully submitted,**

*Hiran Rodriguez*

**Hiran Rodriguez,**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, LA, 70003-7024

(504) 203-8459

hiranrodriguez@outlook.com

Date: **03/16/2025**

## CERTIFICATE OF SERVICE

I, **Hiran Rodriguez**, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO RECUSE JUDGE JAY C. ZAINEY PURSUANT TO 28 U.S.C. § 455(a) AND (b)** along with **EXHIBIT X | Web Forensics Instant Acquisition Report,** was served on all Defendants who have made an appearance via electronic service on **March 16, 2025.**

Defendants who have not yet made an appearance are in the process of being served by the **U.S. Marshal Service** with the summons and complaint.

**Respectfully submitted,**

*Hiran Rodriguez*

**Hiran Rodriguez,**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, LA, 70003-7024

(504) 203-8459

hiranrodriguez@outlook.com

Date: **03/16/2025**

# EXHIBIT X | Web Forensics Instant Acquisition Report

Plaintiff submits the following **forensic acquisition of digital evidence as EXHIBIT X | Web Forensics Instant Acquisition Report** in support of **Plaintiff's Motion to Recuse Judge Jay C. Zainey** pursuant to **28 U.S.C. § 455(a) and (b).**

This **Web Forensics Instant Acquisition Report** verifies the authenticity of a **The Guardian article** related to the subject matter of this litigation. The report was generated in accordance with **ISO/IEC 27037:2012 digital evidence handling standards** and includes:

1. **Cryptographic Hash Verification** – The SHA-256 hash ensures the integrity of the captured data.

2. **Timestamped Acquisition Data** – Demonstrating when and how the article was acquired.

3. **Preservation of Source URL and Metadata** – Validating that the article was available online and unchanged at the time of capture.

4. **Complete HTML and Visual Rendering of the Article** – Preventing any claims of modification or misrepresentation.

Plaintiff submits this exhibit to:

• Establish the **authenticity** of the article's content as **relevant** evidence.

• Demonstrate that the **court previously refused to admit forensic-grade evidence** before discovery.

• Reinforce the argument that **judicial bias** and **procedural irregularities** warrant **Judge Zainey's recusal under 28 U.S.C. § 455(a) and (b).**

This **forensic acquisition** report is submitted as **EXHIBIT X | Web Forensics Instant Acquisition Report** to ensure a complete and verifiable evidentiary record.

**Respectfully submitted,**

*Hiran Rodriguez*

**Hiran Rodriguez,**

*Pro Se Plaintiff*

(504) 203-8459

hiranrodriguez@outlook.com

Date: **03/16/2025**



# WEB FORENSICS
# INSTANT

Mod. PO 13 A 01 EN v1

## *Methodological Report*

Instant Forensic Acquisition

March 16, 2025



Kopjra Srl
via Kopjra 17,
40123 Bologna (BO)
+1 (385) 24129247
info@kopjra.com
www.kopjra.com

# 1. Assignment

The company Kopjra Srl, with registered office in Via Rizzoli 1/2, 40125 Bologna, Italy, VAT number 03904120247 (hereafter referred to as "Kopjra"), as per the session of forensic acquisition run automatically with the aid of the *SaaS* (*Software as a Service*) Web Forensics Instant, hereby formulates a methodological report to describe the technical rules, the processes adopted and the results obtained.

This methodological report refers to the activity of forensic acquisition of digital evidence executed on 03/16/2025 at 10:23 AM UTC+0000 and with regard to the *URLs* (*Uniform Resource Locator*) listed in the corresponding table in paragraph 4 (Detailed Information Summary on the Forensic Actions Carried Out).

The acquisition was carried out automatically with the aid of *SaaS* developed by Kopjra which allows the acquisition of digital evidence, that is to say any content available on the *Internet*, through an automatically controlled web browser run in a forensic environment. The evidentiary value is ensured by the methodology of acquisition, which follows dutifully the international standard on forensic Information Technology ISO/IEC 27037:2012 "Guidelines for identification, collection, acquisition and preservation of digital evidence".

A summary of the acquisition, which includes, among other information, the SHA-256 fingerprints of all the files generated, is available in paragraph 4

# 2. Methodology

The ISO/IEC 27037:2012 standard defines the guidelines for identification, collection, acquisition and preservation of digital evidence. This norm details how to obtain digital elements with evidentiary value, which can be potentially admitted in court, and validates the four fundamental procedures specified above. The acquisition process described hereunder is compliant to the ISO/IEC 27037:2012 as regards the acquisition and preservation stages

In addition to ISO/IEC 27037:2012, the following guidelines have been taken into consideration:

- *Computer Security and Incident Handling* - NIST (National Institute of Standards and Technology), 2012;
- *Best Practices for Computer Forensics* - SWGDE (Scientific Working Group on Digital Evidence), 2012;
- *Good Practice Guide for Digital Evidence* - ACPO (Association of Chief Police Officers), 2012;
- *Cloud Computing Forensic Science Challenges* - NIST, 2012.

The ISO/IEC 27037:2012 standard and the above mentioned guidelines represent the so-called "international best practices" which constitute the summary of the methodological and technical rules that must be applied in the forensic practice, and are also quoted by the Italian law which ratifies the Budapest Convention on Cybercrime (Law No. 48, 18 March 2008), by the Italian Code of the Digital Administration (*Codice dell'Amministrazione Digitale*) and by the eIDAS (electronic IDentification Authentication and Signature) Regulation. It is possible to consider the rules of authenticity and integrity of digital evidence established by the best practices not as "simple practical instructions which bring no sanction, but as tangible implicit prohibitions guarded by the sanction of inadmissibility" (Italian Supreme Court of Cassation, Section IV, Judgement No. 40903, 28 June 2016).

This methodology involves the acquisition of all the data streams exchanged between the machine that hosts the automatic *web browser* and the remote servers, not only as regards the *HTTP* (*Hypertext Transfer Protocol*) protocol, but also with regard to the resolution of the domain names following the *DNS* (*Domain Name System*) protocol.

For each relevant *file*, that is to say the *PCAP file* that corresponds to the acquired network traffic, the *file* which contains the *SSL/TLS* (*Secure Sockets Layer/Transport Layer Security*) traffic decryption keys, the MHTML *file* containing the page source together to all its resources, the WACZ *file* (Web Archive Collection Zipped), the *viewport* screenshot, as well as all the *log files* generated during the automatic session, a SHA-256 fingerprint is generated, and exported on a corresponding timestamped and digitally signed *XML file*, making it possible, therefore, to state incontrovertibly the conclusion of the acquisition and its subsequent integrity.

The acquisition was carried out on a dedicated *Docker container*, autonomously managed and run on a managed cluster hosted on the Google Cloud Platform (GCP) public *cloud provider*, based in Belgium (UE), connected to the *Internet* via the provider's proprietary infrastructure.

The Docker *container* ran the Linux Debian 11 Bullseye Operating System. Into the Docker *container* image were installed a *web browser*, the tshark *packet sniffer*, node and npm packets. The supplementary *Software* was installed through the official distribution channels.

The Docker *container* is connected to the Ethernet network of the Kubernetes Pod, which is connected with a *bridge* to the public network interface of the node into the Kubertenes *cluster*. At this stage, the connection is routed directly on the *Internet* through the virtual and physical infrastructure of GCP.

The security of the *hardware* and virtual infrastructure is ensured by the service provider, while the security of the application and of the environments is ensured by the adoption of all industrial *best practices* available.

When starting the session of forensic acquisition, the application will run a *script* to verify the initial status of the environment and generate a *log file*. Thanks to this *script* a set of different information will be retrieved, such as the details of the Docker *container*, cpu, memory, network, disks, processes e and time synchronization of the container. At this stage a time reference will also be obtained through the *NTP* (*Network Time Protocol*) protocol.

It is evident that through this methodology the authenticity and origin of the contents are secured. Moreover, the extraction of the contents which are the subject of the investigation can be repeated at any time starting from the same network traffic acquired.

The *files* that constitute the digital evidence are preserved as objects in a versioning-enabled *object store bucket*. The final deletion of the object will occur after 14 days from the appending of the delete mark.

# 3. Time Sequence and Description

Below are all the steps performed to construct the digital proof in chronological order, with the date and time (*timestamp*) of each.

| DATE AND TIME | ACTION |
|---|---|
| 03/16/2025 10:23:19.580 UTC+0000 | Start of the proceedings |
| 03/16/2025 10:23:19.583 UTC+0000 | Starting the network traffic acquisition using the tshark *packet sniffer* |
| 03/16/2025 10:23:20.543 UTC+0000 | Starting the environment status check *script* |
| 03/16/2025 10:23:20.549 UTC+0000 | Starting the *web browser* automatically and starting the WACZ file recording |
| 03/16/2025 10:23:24.080 UTC+0000 | Navigating a *web* page and corresponding *screenshot* generation and MHTML *file*: https://www.theguardian.com/us-news/2025/feb/03/new-orleans-clergy-abuse-involved |
| 03/16/2025 10:23:30.601 UTC+0000 | Ending the recording of the WACZ file and closing the *web browser* |
| 03/16/2025 10:23:30.601 UTC+0000 | Ending the acquisition of the network traffic and finalizing the *PCAP* file (*digital evidence copy*) |
| 03/16/2025 10:23:30.656 UTC+0000 | Generation of the *XML* file with its timestamp and digital signature, containing the SHA-256 fingerprints of all the files that were collected and preserved |
|  | Conclusion of proceedings |

The tshark *packet sniffer* generates in real time a *PCAP* file containing a raw representation of all inbound and outbound data transmitted in the specific network interface, starting from level 2 of the ISO/OSI (Open Systems Interconnection) stack, as described in the ISO 7498-2:1989 "Security architecture of information processing systems" standard.

# 4. Detailed Information Summary on Forensic Activities Performed

## Summary Table of the Session of Forensic Acquisition

| ID | SESSION NAME | DATE | CONTAINER OS | PUBLIC OUTBOUND IP |
|---|---|---|---|---|
| 81035c94-018d-4b0d-b8a7-1cacf055cc71 | Instant Forensics Acquisition | 03/16/2025 10:23 AM UTC+0000 | Linux Debian 11 Bullseye | 35.205.147.81 |

## Summary table of the Docker *container*

| PROPERTY | VALUE |
|---|---|
| Unique address to the Docker image used to create the environment | eu.gccio/kopjra/wf-corev0.2.1 |
| SHA-256 fingerprint of the Docker image used to create the environment | 71aee9822e693a5b26215d15b345126bdbe94b82aa9881725a010b2f2e2638a2 |

## Summary Table of the Identified *URLs*

| URL | DATE AND TIME |
|---|---|
| https://www.theguardian.com/us-news/2025/feb/03/new-orleans-clergy-abuse-involved | 03/16/2025 10:23 AM UTC+0000 |

## Summary Table of the Generated Files

| FILE NAME | SHA-256 FINGERPRINT | TYPE |
|---|---|---|
| acquisition.pcap | 4fb8b36c53d24556bcafdf4f4807d1da63c79886e651990cc9d8f39129fcc94e | PCAP |
| initialization.log | 14e274751ae65d34fa0738f658f886a289a461aa8e6aac2acf1d67c12451d6a0 | Log |
| networkTraffic.log | 3ac6e5b8e22ab50872b652271aa2420629a506dee8bc29762fa8c2045dcb8d23 | Log |
| page.mhtml | 26c634e2ebeb3d295f749f10d94545b8f9287303c19727de3cfe4559951ae24d | Source and resources |
| page.wacz | a3bf6103a6f57dc1c45ca072ba917bdb58450e0da1549393fb78f0f2fa81d511 | WACZ archive |
| screenshotViewport.jpg | a5509092af0944c0fcc508ceb3ed5d44ce0887086993e567e46196bae9820ce | Screenshot |
| session.log | 45abcc0585c23911426bf4b82f7244569c0b715f2711354aa54ecbcab1f1e471 | Log |
| sslkeys.keys | 2502bf5c359bd467af4e15416d7502ecd3ef576585150a2414bf3cd0d40ccca8 | Keys |

These *files* are sorted and stored in a *ZIP* file. The list below provides a short description of each *file* type:

- *PCAP*: a PCAP file corresponding to the network traffic that was acquired, automatically generated during the session;
- *Keys*: a file containing the decryption keys of the SSL/TLS traffic, automatically generated during the session. This file is necessary to read the PCAP file;
- *Screenshot*: JPG file corresponding to the *viewport screenshot* automatically generated during the session;
- *Log*: *log file* automatically generated during the session;
- *Source and resources*: web page *source file*, in MHTML format, with images, automatically captured during the session;
- *WACZ Archive*: WACZ archive file (Web Archive Collection Zipped) containing all resources of the loaded web page;
- *XML*: an XML file containing all the SHA-256 fingerprints of all the previously described files, automatically generated at the end of the session. This file bears the timestamp and a digital signature, consequently it can ensure a certified date, the integrity and the tamper-proof status of the digital evidence.

5. *Viewport screenshots* automatically generated



**New Orleans clergy abuse**

⊙ This article is more than **1 month old**

## Here are prominent people named in the Saints clergy-abuse emails

Ramon Antonio Vargas *and David Hammer of WWL Louisiana in New Orleans*

Mon 3 Feb 2025 13.00 CET

⤳ Share



screenshotViewport.jpg

## 6. Log File of the Forensic Acquisition Process Initialization

The term *log* is used to designate the sequential and chronological registry of the operations that have been executed by a user, an administrator or automatically, on an application or a system.

The *log file*, also known as "Event Log", is the document on which these operations are saved and, in case it is necessary, accessed at a later time to analyse the available information for the purposes of the verifiability of the process.

The *log file* pertaining to the forensic acquisition process initialization contains a lot of information on the initial status of the environment, such as the image details of the Docker container, processor, memory, network, disks, processes and time synchronization of the container.

```
######### Starting Acquisition #########
2025-03-16T11:23+01:00
######### DOCKER DETAILS #########
DOCIM $ echo ${DOCKERIMAGE_URL}
eu.gcr.io/kopjra/wf-core:v0.2.1
DOCHS $ echo ${DOCKERIMAGE_SHA256}
71aee9822e693a5b26215d15b345126bdbe94b82aa9881725a010b2f2e2638a2
######### INSTANCE DETAILS #########
IMGID $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/image
projects/gke-node-images/global/images/gke-1309-gke1127000-cos-113-18244-291-9-c-cgpv1-pre
LOCIP $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/network-interfaces/0/ip
172.28.16.55
PUBIP $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/network-interfaces/0/access-configs/0/external-ip
35.205.147.81
MACAD $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/network-interfaces/0/mac
42:01:ac:1c:10:37
INSID $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/id
1543148294769314496
INSTY $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/machine-type
projects/258946861480/machineTypes/n2-highmem-2
AVAZO $ curl -sS -XGET -H "Metadata-Flavor: Google" http://169.254.169.254/computeMetadata/v1/instance/zone
projects/258946861480/zones/europe-west1-b
######### SYSTEM OVERVIEW #########
SYSOV $ sudo lshw -short
H/W path    Device  Class        Description
=============================================
                    system       Computer
/0                  bus          Motherboard
/0/0                memory       16GiB System memory
/0/1                processor    Intel(R) Xeon(R) CPU @ 2.80GHz
/0/100              bridge       440FX - 82441FX PMC [Natoma]
/0/100/1            bridge       82371AB/EB/MB PIIX4 ISA
/0/100/1.3          bridge       82371AB/EB/MB PIIX4 ACPI
/0/100/3            generic      Virtio SCSI
/0/100/3/0          generic      Virtual I/O device
/0/100/4            network      Virtio network device
/0/100/4/0          network      Virtual I/O device
/0/100/5            generic      Virtio RNG
/0/100/5/0          generic      Virtual I/O device
/0/2                system       PnP device PNP0b00
/0/3                input        PnP device PNP0303
/0/4                input        PnP device PNP0f13
/0/5                communication PnP device PNP0501
/0/6                communication PnP device PNP0501
/0/7                communication PnP device PNP0501
/0/8                communication PnP device PNP0501
/1          eth0    network      Ethernet interface
######### RAM DETAILS #########
MEMOR $ sudo lshw -C memory
  *-memory
       description: System memory
       physical id: 0
       size: 16GiB
######### CPU DETAILS #########
CPUDT $ sudo lscpu
Architecture:              x86_64
CPU op-mode(s):            32-bit, 64-bit
Byte Order:                Little Endian
Address sizes:             46 bits physical, 48 bits virtual
CPU(s):                    2
On-line CPU(s) list:       0,1
```

```
Thread(s) per core:              2
Core(s) per socket:              1
Socket(s):                       1
NUMA node(s):                    1
Vendor ID:                       GenuineIntel
CPU family:                      6
Model:                           85
Model name:                      Intel(R) Xeon(R) CPU @ 2.80GHz
Stepping:                        7
CPU MHz:                         2800.246
BogoMIPS:                        5600.49
Hypervisor vendor:               KVM
Virtualization type:             full
L1d cache:                       32 KiB
L1i cache:                       32 KiB
L2 cache:                        1 MiB
L3 cache:                        33 MiB
NUMA node0 CPU(s):               0,1
Vulnerability Gather data sampling: Not affected
Vulnerability Itlb multihit:     Not affected
Vulnerability L1tf:              Not affected
Vulnerability Mds:               Not affected
Vulnerability Meltdown:          Not affected
Vulnerability Mmio stale data:   Vulnerable: Clear CPU buffers attempted, no microcode; SMT Host state unknown
Vulnerability Reg file data sampling: Not affected
Vulnerability Retbleed:          Mitigation; Enhanced IBRS
Vulnerability Spec rstack overflow: Not affected
Vulnerability Spec store bypass: Mitigation; Speculative Store Bypass disabled via prctl
Vulnerability Spectre v1:        Mitigation; usercopy/swapgs barriers and __user pointer sanitization
Vulnerability Spectre v2:        Mitigation; Enhanced / Automatic IBRS; IBPB conditional; RSB filling; PBRSB-eIBRS SW sequence; BHI SW loop, KVM SW
Vulnerability Srbds:             Not affected
Vulnerability Tsx async abort:   Vulnerable: Clear CPU buffers attempted, no microcode; SMT Host state unknown
Flags:                           fpu vme de pse tsc msr pae mce cx8 apic sep mtrr pge mca cmov pat pse36 clflush mmx fxsr sse sse2 ss ht syscall nx
########## DISKS DETAILS ###########
BLKDT $ sudo lsblk
NAME     MAJ:MIN RM  SIZE RO TYPE MOUNTPOINT
sda        8:0    0  100G  0 disk
|-sda1     8:1    0 95.8G  0 part /etc/resolv.conf
|-sda2     8:2    0   16M  0 part
|-sda3     8:3    0    2G  0 part
|-sda4     8:4    0   16M  0 part
|-sda5     8:5    0    2G  0 part
|-sda6     8:6    0  512B  0 part
|-sda7     8:7    0  512B  0 part
|-sda8     8:8    0   16M  0 part
|-sda9     8:9    0  512B  0 part
|-sda10    8:10   0  512B  0 part
|-sda11    8:11   0    8M  0 part
`-sda12    8:12   0   32M  0 part
sdb        8:16   0    1G  0 disk
HDDDT $ sudo df
Filesystem   1K-blocks     Used Available Use% Mounted on
overlay       98831908 16964336  81851188  18% /
tmpfs            65536        0     65536   0% /dev
tmpfs          8192984        0   8192984   0% /sys/fs/cgroup
/dev/sda1     98831908 16964336  81851188  18% /etc/hosts
shm              65536        0     65536   0% /dev/shm
tmpfs          1572864       12   1572852   1% /run/secrets/kubernetes.io/serviceaccount
tmpfs          8192984        0   8192984   0% /proc/acpi
tmpfs          8192984        0   8192984   0% /proc/scsi
tmpfs          8192984        0   8192984   0% /sys/firmware
########## NETWORK DETAILS ##########
NETWO $ sudo lshw -C network
  *-network
       description: Ethernet controller
       product: Virtio network device
       vendor: Red Hat, Inc.
       physical id: 4
       bus info: pci@0000:00:04.0
       version: 00
       width: 32 bits
       clock: 33MHz
       capabilities: bus_master cap_list
       configuration: driver=virtio-pci latency=0
       resources: irq:10 ioport:c000(size=64) memory:c0000000-c000007f
     *-virtio1 UNCLAIMED
          description: Virtual I/O device
          physical id: 0
```

```
              bus info: virtio@1
              configuration: driver=virtio_net
       *-network
              description: Ethernet interface
              physical id: 1
              logical name: eth0
              serial: fa:2a:ab:1e:27:77
              size: 10Gbit/s
              capabilities: ethernet physical
              configuration: autonegotiation=off broadcast=yes driver=veth driverversion=1.0 duplex=full ip=172.24.0.11 link=yes multicast=yes port=twisted pair
IFCON $ sudo ifconfig -a
eth0: flags=4163<UP,BROADCAST,RUNNING,MULTICAST>  mtu 1460
        inet 172.24.0.11  netmask 255.255.255.0  broadcast 172.24.0.255
        ether fa:2a:ab:1e:27:77  txqueuelen 0  (Ethernet)
        RX packets 291705  bytes 134884908 (128.6 MiB)
        RX errors 0  dropped 0  overruns 0  frame 0
        TX packets 329061  bytes 41654555 (39.7 MiB)
        TX errors 0  dropped 0 overruns 0  carrier 0  collisions 0
lo: flags=73<UP,LOOPBACK,RUNNING>  mtu 65536
        inet 127.0.0.1  netmask 255.0.0.0
        loop  txqueuelen 1000  (Local Loopback)
        RX packets 414  bytes 469498 (458.4 KiB)
        RX errors 0  dropped 0  overruns 0  frame 0
        TX packets 414  bytes 469498 (458.4 KiB)
        TX errors 0  dropped 0 overruns 0  carrier 0  collisions 0
NETST $ sudo netstat -r
Kernel IP routing table
Destination     Gateway         Genmask         Flags   MSS Window  irtt Iface
default         172.24.0.1      0.0.0.0         UG        0 0          0 eth0
172.24.0.0      172.24.0.1      255.255.255.0   UG        0 0          0 eth0
172.24.0.1      0.0.0.0         255.255.255.255 UH        0 0          0 eth0
HOSTS $ sudo cat /etc/hosts
# Kubernetes-managed hosts file.
127.0.0.1       localhost
::1     localhost ip6-localhost ip6-loopback
fe00::0 ip6-localnet
fe00::0 ip6-mcastprefix
fe00::1 ip6-allnodes
fe00::2 ip6-allrouters
172.24.0.11     wf-core-wrk-prod-766dd656df-mm2zr
MYIPV $ dig +short myip.opendns.com @resolver1.opendns.com
35.205.147.81
DIGDT $ dig a google.com
; <<>> DiG 9.16.50-Debian <<>> a google.com
;; global options: +cmd
;; Got answer:
;; ->>HEADER<<- opcode: QUERY, status: NOERROR, id: 63520
;; flags: qr rd ra; QUERY: 1, ANSWER: 6, AUTHORITY: 0, ADDITIONAL: 1
;; OPT PSEUDOSECTION:
; EDNS: version: 0, flags:; udp: 512
;; QUESTION SECTION:
;google.com.                    IN      A
;; ANSWER SECTION:
google.com.             30      IN      A       172.253.120.139
google.com.             30      IN      A       172.253.120.102
google.com.             30      IN      A       172.253.120.101
google.com.             30      IN      A       172.253.120.100
google.com.             30      IN      A       172.253.120.113
google.com.             30      IN      A       172.253.120.138
;; Query time: 11 msec
;; SERVER: 172.28.0.10#53(172.28.0.10)
;; WHEN: Sun Mar 16 10:23:25 UTC 2025
;; MSG SIZE  rcvd: 135
PINGV $ ping -c 5 google.com
PING google.com (172.253.120.113) 56(84) bytes of data.
64 bytes from wd-in-f113.1e100.net (172.253.120.113): icmp_seq=1 ttl=114 time=1.82 ms
64 bytes from wd-in-f113.1e100.net (172.253.120.113): icmp_seq=2 ttl=114 time=0.248 ms
64 bytes from wd-in-f113.1e100.net (172.253.120.113): icmp_seq=3 ttl=114 time=0.249 ms
64 bytes from wd-in-f113.1e100.net (172.253.120.113): icmp_seq=4 ttl=114 time=0.170 ms
64 bytes from wd-in-f113.1e100.net (172.253.120.113): icmp_seq=5 ttl=114 time=0.217 ms
--- google.com ping statistics ---
5 packets transmitted, 5 received, 0% packet loss, time 4088ms
rtt min/avg/max/mdev = 0.170/0.541/1.822/0.641 ms
######### OS DETAILS #########
UNAME $ sudo uname -a
Linux wf-core-wrk-prod-766dd656df-mm2zr 6.1.123+ #1 SMP PREEMPT_DYNAMIC Thu Jan 16 17:10:14 UTC 2025 x86_64 GNU/Linux
LSBRE $ sudo lsb_release -a
No LSB modules are available.
```

```
Distributor ID: Debian
Description:    Debian GNU/Linux 11 (bullseye)
Release:       11
Codename:      bullseye
########## PROCESS DETAILS ##########
PSAUX $ sudo ps -aux
USER       PID %CPU %MEM    VSZ   RSS TTY      STAT START   TIME COMMAND
root         1  0.0  0.0   2480   580 ?        Ss   Mar14   0:00 /bin/sh -c Xvfb :99 -screen 0 1280x800x16 & node dist/src/index.js
root         8  0.0  0.3 752432 50532 ?        Sl   Mar14   0:00 Xvfb :99 -screen 0 1280x800x16
root         9  0.0  1.1 33463312 184592 ?     Sl   Mar14   1:32 node dist/src/index.js
root        33  2.8  0.8 352100 132444 ?       Sl   10:23   0:00 tshark -i eth0 -w /tmp/tmp-9-z6gA5mIZBXZR/acquisition.pcap -f not port 3389
root        53  0.0  0.0  17376  8680 ?        S    10:23   0:00 /usr/bin/dumpcap -n -i eth0 -f not port 3389 -Z none -w /tmp/tmp-9-z6gA5mIZBXZR/acquis
root        54  0.1  0.0   3896  3088 ?        S    10:23   0:00 /bin/bash /app/dist/start.sh
root        58 21.5  1.4 34397208 236056 ?     Ssl  10:23   0:01 /usr/bin/google-chrome --allow-pre-commit-input --disable-background-networking --disa
root        63  0.0  0.0   2528   476 ?        S    10:23   0:00 cat
root        64  0.0  0.0   2528   492 ?        S    10:23   0:00 cat
root        66  0.0  0.0 33576116 2944 ?       Sl   10:23   0:00 /opt/google/chrome/chrome_crashpad_handler --monitor-self --monitor-self-annotation=pt
root        68  0.0  0.0 33567904 2944 ?       Sl   10:23   0:00 /opt/google/chrome/chrome_crashpad_handler --no-periodic-tasks --monitor-self-annotati
root        75  0.4  0.3 33940452 59324 ?      Sl   10:23   0:00 /opt/google/chrome/chrome --type=zygote --no-zygote-sandbox --no-sandbox --string-anno
root        76  0.6  0.3 33940456 58736 ?      Sl   10:23   0:00 /opt/google/chrome/chrome --type=zygote --no-sandbox --string-annotations --crashpad-h
root       111  5.1  0.6 33927220 103464 ?     Sl   10:23   0:00 /opt/google/chrome/chrome --type=utility --utility-sub-type=network.mojom.NetworkServi
-files=v8_context_snapshot_data:100 --field-trial-handle=3,i,15048836578958740751,3010273810206127472,262144 --enable-features=PdfOopif --disable-feature
root       117  0.2  0.2 33982484 47168 ?      Sl   10:23   0:00 /opt/google/chrome/chrome --type=utility --utility-sub-type=storage.mojom.StorageServi
root       157  0.7  0.5 1459556596 87832 ?    Sl   10:23   0:00 /opt/google/chrome/chrome --type=renderer --string-annotations --crashpad-handler-pid=
root       180  0.5  0.5 1459556332 90844 ?    Sl   10:23   0:00 /opt/google/chrome/chrome --type=renderer --string-annotations --crashpad-handler-pid=
root       186 27.0  1.2 1459587696 205976 ?   Sl   10:23   0:01 /opt/google/chrome/chrome --type=renderer --string-annotations --crashpad-handler-pid=
root       188  0.8  0.5 1459556332 95364 ?    Sl   10:23   0:00 /opt/google/chrome/chrome --type=renderer --string-annotations --crashpad-handler-pid=
root       275  2.1  0.5 1461268460 95236 ?    Sl   10:23   0:00 /opt/google/chrome/chrome --type=renderer --string-annotations --crashpad-handler-pid=
root       307  5.5  0.7 34173716 118472 ?     Sl   10:23   0:00 /opt/google/chrome/chrome --type=gpu-process --no-sandbox --disable-dev-shm-usage --di
root       433  0.5  0.3 1459556456 59928 ?    Sl   10:23   0:00 /opt/google/chrome/chrome --type=renderer --string-annotations --crashpad-handler-pid=
ble-crash-reporter=, --user-data-dir=/tmp/puppeteer_dev_profile-ir4HlR --change-stack-guard-on-fork=enable --no-sandbox --disable-dev-shm-usage --disable
root       458  0.0  0.0   8252  4756 ?        S    10:23   0:00 sudo ps -aux
root       459  0.0  0.0   6992  3148 ?        R    10:23   0:00 ps -aux
########## TIME DETAILS ##########
DATEV $ date
Sun Mar 16 10:23:29 UTC 2025
NTPQ1 $ sudo ntpq -c rv
associd=0 status=c016 leap_alarm, sync_unspec, 1 event, restart,
version="ntpd 4.2.8p15@1.3728-o Wed Sep 23 11:46:38 UTC 2020 (1)",
processor="x86_64", system="Linux/6.1.123+", leap=11, stratum=16,
precision=-24, rootdelay=0.000, rootdisp=0.000, refid=INIT,
reftime=(no time),
clock=eb812522.9680c1e8  Sun, Mar 16 2025 10:23:30.587, peer=0, tc=3,
mintc=3, offset=+0.000000, frequency=+0.000, sys_jitter=0.000000,
clk_jitter=0.000, clk_wander=0.000, leapsec=201701010000,
expire=202506280000
NTPQ2 $ sudo ntpq -pn
     remote           refid      st t when poll reach   delay   offset  jitter
==============================================================================
 0.debian.pool.n .POOL.          16 p    -   64    0   0.000   +0.000   0.000
 1.debian.pool.n .POOL.          16 p    -   64    0   0.000   +0.000   0.000
 2.debian.pool.n .POOL.          16 p    -   64    0   0.000   +0.000   0.000
 3.debian.pool.n .POOL.          16 p    -   64    0   0.000   +0.000   0.000
```

## 7. *Log file* of the packet sniffer

The log file of tshark packet sniffer - an open-source library designed to analyse the internet protocols and their generated traffic - shows the number of
packets that have been acquired and the ones that have been discarded due to network issues. This information can be verified by accessing and analysing the
PCAP file available inside the ZIP file that contains the digital evidence.

```
Running as user "root" and group "root". This could be dangerous.
Capturing on 'eth0'
1900 packets captured
```

## 8. Kopjra

Kopjra is a cyber intelligence company specializing in online investigations, OSINT (Open Source Intelligence) and network forensics. Kopjra has created Legal
Tech Italy, the permanent observatory on the evolution of the legal tech sector in Italy.

It focuses on providing complex SaaS (Software as a Service) and API (Application Programming Interface) solutions and is an expert in the methodologies of acquisition on the Internet according to the international standard on forensic Information Technology ISO/IEC 27037:2012.

Every day, Kopjra is committed to assisting Italy's most important media groups, and their legal counsellors, to protect online intellectual property and support law enforcement against cyber piracy.

On several occasions the company has been a party-appointed expert witness for major Italian companies, primarily in disputes about infringement of intellectual property rights.

Tommaso Grotto, co-founder and sole director, and Emanuele Casadio, co-founder and chief technology officer, have contributed, among other authors, to the books "*Il processo di adeguamento al GDPR*" ("The Adapting Process to GDPR"), "*La prova digitale*" ("Digital Evidence"), "Italian Legal Tech Report" and "*Legal tech, smart contract e big data per professionisti e imprese*" ("Legal Tech, Smart Contract and Big Data for Professionals and Businesses"), published in 2018, 2020, 2021 and 2022 respectively, by Giuffrè Francis Lefebvre and Wolters Kluwer Italia.

Since 2019, Tommaso Grotto is Fellow at ISLC (Information Society Law Center) of the University of Milan, since 2020 he is Professor of the Postgraduate Course "Legal Technology" and since 2021 of the Postgraduate Course "Cybercrime and Digital Investigation" of the University of Milan.

In 2020, Emanuele Casadio was included in the Selected Reserve List of the Carabinieri Corps. Riserva Selezionata dell'Arma dei Carabinieri.

Kopjra holds the **ISO/IEC 27001:2013** and **ISO/IEC 27037:2017** certifications.

This document is issued for the uses permitted by Law.

Bologna, lì

On behalf of Kopjra Srl





# WEB FORENSICS

## I N S T A N T



Kopjra Srl
Via Rizzoli 1/2
40125 Bologna (BO)
VAT 03904120247
info@kopjra.com
www.kopjra.com

**eFile-ProSe**

| | |
|---|---|
| **From:** | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Sunday, March 16, 2025 9:59 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |

A new EDSS Filing has been submitted. The filing was submitted on Sunday, March 16, 2025 - 21:58 from IP Address 10.164.8.193

Submitted values are:

Filer's Full Name: Hiran Rodriguez

Filer's Email Address: hiranrodriguez@outlook.com

Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024

Filer's Phone Number: 504-203-8459

Case Number (if known): 2:25-cv-00197-JCZ-DPC

Case Name: Rodriguez v. Meta Platforms, Inc., et al

Document 1 Description: Motion to Recuse

Document 2 Description:

Document 3 Description:

Document 4 Description:

Document 5 Description:

Please keep this email for historical records.