# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

| | | |
|---|---|---|
| HIRAN RODRIGUEZ | ) | |
| _____ | ) | CIVIL ACTION NO. 25-197 |
| *Plaintiff(s)* | | SECTION: "A" (2) |
| | | JUDGE JAY C. ZAINEY |
| v. | ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| | ) | |
| META PLATFORMS, INC., ET AL, | | |
| _____ | ) | |
| *Defendant(s)* | | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS THE ASSOCIATED PRESS AND HALELUYA HADERO'S MOTION TO DISMISS**

**NOW INTO COURT**, through undersigned, comes **Plaintiff, Hiran Rodriguez**, who submits this Response in Opposition to the **Motion to Dismiss** (Rec. Doc. 39) filed by **Defendants, The Associated Press and Haleluya Hadero** (hereinafter "The AP Defendants"). The AP Defendants argue that dismissal is warranted based on **improper service of process** and a failure to state a claim under **Federal Rule of Civil Procedure 12(b)(6)**. However, their arguments lack merit and should be rejected for the reasons set forth below.

## I. INTRODUCTION

This lawsuit arises from a **concerted, deliberate,** and **unlawful** *scheme* by the Defendants, including The AP Defendants, to **engage in defamatory, intrusive, and tortious conduct** against Plaintiff. The Complaint **clearly articulates multiple causes of action**, including **defamation, civil rights violations, and tortious interference** with Plaintiff's professional and economic opportunities. The AP Defendants now seek to **evade liability** by arguing that service was improper and that Plaintiff has failed to state a claim. Their arguments fail for the following reasons.

## II. LEGAL STANDARD

Under **Rule 12(b)(6)**, a motion to dismiss must be denied if the complaint **states a claim to relief that is plausible on its face**. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept **all well-pleaded factual allegations** as true and draw all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss

2

based on Rule **12(b)(5)** (insufficient service of process) should also be **denied when the defendant has actual notice of the lawsuit and has not been prejudiced**. *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996).

## III. ARGUMENT

### A. Service of Process Was Proper or, Alternatively, Should Be Cured

The AP Defendants contend that **service was improper** because Plaintiff personally served The Associated Press, and that Haleluya Hadero was not served at all. However, this argument is **procedural gamesmanship** aimed at **delaying this case** rather than resolving it on the merits.

### 1. Defendants Had Actual Notice.

• The Associated Press **received the complaint and has actively participated in the litigation**. The purpose of service is to **provide notice**, and Defendants cannot claim ignorance of this action.

### 2. Service Defects Can Be Cured.

• Even assuming any defect in service, courts routinely allow plaintiffs to **cure service issues rather than dismissing the case outright**. *See Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (allowing plaintiff additional time to serve).

### 3. Alternative Service Should Be Granted.

• If the Court finds a deficiency in service, Plaintiff **requests leave to effectuate alternative service under Rule 4(e)(1) to ensure due process** is met.

Accordingly, The AP Defendants' motion to dismiss for **improper service should be denied, or Plaintiff should be permitted to cure any defect.**

## B. The Complaint Sufficiently States a Claim Against The AP Defendants

The AP Defendants claim that Plaintiff's allegations are **frivolous** and lack factual support. This assertion is false.

### 1. Defamation Claim is Plausible and Well-Pleaded.

• The Complaint **explicitly alleges** that The Associated Press, through **Haleluya Hadero**, published **false, misleading**, and **damaging** statements about Plaintiff that have caused **irreparable harm to his reputation and economic prospects.**

• Under Louisiana defamation law, a **false statement of fact published to a third party, which causes harm, is actionable.** *Costello v. Hardy*, 864 *So.2d 129* (La. 2004). Plaintiff has alleged **all required elements.**

**2. Tortious Interference with Business Relations.**

• The Complaint details **specific instances** where The AP Defendants' conduct **disrupted Plaintiff's business relationships**, constituting **intentional interference.**

**3. First Amendment Does Not Protect False or Defamatory Speech.**

• While The AP Defendants may attempt to cloak **themselves in First Amendment protections**, defamation and **knowingly false** reporting **fall outside** constitutional safeguards. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).

Given these well-pleaded claims, **Defendants' motion to dismiss under Rule 12(b)(6) should be denied in full.**

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court:

1. **DENY The Associated Press and Haleluya Hadero's Motion to Dismiss** in its entirety;

2. **Permit Plaintiff to Cure Any Alleged Service Deficiency** if necessary; and

3. **Grant Such Further Relief as This Court Deems Just and Proper.**

Respectfully submitted,

*Hiran Rodriguez*

/s/ Hiran Rodriguez

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024.

(504) 203-8459

hiranrodriguez@outlook.com

## CERTIFICATE OF SERVICE

I, **Hiran Rodriguez**, Plaintiff **pro se,** hereby certify that on **March 19, 2025,** I electronically submitted the following documents through the **Electronic Document Submission System (EDSS)** of the United States District Court for the Eastern District of Louisiana:

- Plaintiff's Response in Opposition to Defendants The Associated Press and Haleluya Hadero's Motion to Dismiss
- Any other related filings submitted concurrently

Pursuant to **Local Rule 5.4** and the **Federal Rules of Civil Procedure**, notice of this filing will be electronically served via **CM/ECF** to all counsel **of record who have made an appearance in this case.** For those defendants who have not yet made an **appearance,** I further certify that **they are currently in the process of being served by the United States Marshal Service** in accordance with **Federal Rule of Civil Procedure 4(c)(3).**

Respectfully submitted,

*Hiran Rodriguez*

/s/ Hiran Rodriguez

Hiran Rodriguez

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024.

(504) 203-8459

hiranrodriguez@outlook.com

**Date:** March 19, 2025

**Stacy Pecoraro**

| | |
|---|---|
| From: | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| Sent: | Wednesday, March 19, 2025 11:56 AM |
| To: | LAEDml_Pro Se |
| Subject: | New EDSS Filing Submitted |

*A new EDSS Filing has been submitted. The filing was submitted on Wednesday, March 19, 2025 - 11:56 from IP Address 10.164.8.193*

*Submitted values are:*

*Filer's Full Name: Hiran Rodriguez*

*Filer's Email Address: hiranrodriguez@outlook.com*

*Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024*

*Filer's Phone Number: 504-203-8459*

*Case Number (if known): 2:25-cv-00197-JCZ-DPC*

*Case Name: Rodriguez v. Meta Platforms, Inc et al*

*Document 1 Description: Plaintiff's Response in Opposition to Defendants The Associated Press and Haleluya Hadero's Motion to Dismiss*

*Document 2 Description:*

*Document 3 Description:*

*Document 4 Description:*

*Document 5 Description:*

*The submitted documents will arrive in your EDSS Filings bucket within 15 minutes.*

1