# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Louisiana

|  |  |  |
|---|---|---|
| | ) | |
| HIRAN RODRIGUEZ | | |
| _____ ) | | CIVIL ACTION NO. 25-197 |
| *Plaintiff(s)* | | SECTION: "A" (2) |
| | | JUDGE JAY C. ZAINEY |
| *v.* | ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| | ) | |
| META PLATFORMS, INC., ET AL, | | |
| _____ | ) | |
| *Defendant(s)* | | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT AT&T ENTERPRISES, LLC'S MOTION TO DISMISS**

NOW COMES Plaintiff, Hiran Rodriguez, pro se, and respectfully submits this Response in Opposition to Defendant AT&T Enterprises, LLC's Motion to Dismiss (Rec. Doc. 53) and states as follows:

---

## I. INTRODUCTION

Defendant **AT&T Enterprises, LLC ("AT&T")** seeks dismissal under **Federal Rule of Civil Procedure 12(b)(6)** on the basis that Plaintiff has failed to state a claim upon which relief can be granted. However, Defendant's motion is procedurally premature and substantively flawed. Plaintiff has pled sufficient facts to establish plausible claims for relief, and AT&T's attempt to dismiss at this stage is merely a delay tactic intended to avoid judicial scrutiny and factual discovery.

Federal courts have long recognized that Rule 12(b)(6) motions should be denied where a complaint provides **factual content sufficient to support plausible claims for relief**. Plaintiff's claims, which include violations of **federal statutes, constitutional protections,** and **common law causes of action**, are well-grounded in law and fact. At this early stage, factual disputes must be resolved in Plaintiff's favor, and the claims should proceed to discovery.

For the reasons stated herein, Defendant's motion should be denied in its entirety.

---

## II. STANDARD OF REVIEW

Under **Rule 12(b)(6)**, a motion to dismiss may be granted **only when a complaint fails to allege sufficient factual matter to state a claim that is "plausible on its face."** *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a **short and plain statement of the claim** showing that the plaintiff is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Court must **accept all factual allegations as true**, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe them in the **light most favorable to the plaintiff**, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

A dismissal is **inappropriate where any set of facts consistent with the allegations could entitle Plaintiff to relief**. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III. ARGUMENT

### A. Plaintiff's Claims are Sufficiently Pled and State a Cause of Action

Defendant AT&T incorrectly argues that Plaintiff's claims are based on conclusory allegations. However, the **Complaint details specific unlawful conduct** by AT&T, including but not limited to:

• **Unauthorized access and monitoring of Plaintiff's communications and data, in violation of the Computer Fraud and Abuse Act (CFAA) and Electronic Communications Privacy Act (ECPA);**

• **Conspiracy to interfere with constitutional rights, including Plaintiff's First and Fourth Amendment rights;**

• **Negligent and intentional infliction of emotional distress** due to the unauthorized surveillance and exposure of Plaintiff's personal activities;

• **Breach of duty of good faith and fair dealing** by failing to safeguard Plaintiff's data from unauthorized intrusion; and

• **Tortious interference with Plaintiff's contractual and economic relations.**

Each of these claims is **supported by detailed factual assertions**, which Defendant seeks to ignore by mischaracterizing the Complaint as vague. However, under **the notice pleading standard of Rule 8(a)**, the Complaint contains **more than enough detail** to proceed past the motion-to-dismiss stage.

---

## B. AT&T Misconstrues the Applicable Legal Standards

AT&T improperly invokes a **heightened pleading standard** that does not apply in this context. **Motions to dismiss are not meant to adjudicate factual disputes, nor should they be used as a substitute for summary judgment**. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("The Federal Rules do not require a plaintiff to plead facts establishing a prima facie case.").

Moreover, Defendant's reliance on **Rule 9(b)** for fraud-based claims is misplaced. Courts consistently hold that **pleading standards for fraud do not extend to constitutional and statutory claims** unless fraud is an explicit element of the cause of action. *See United States ex*

*rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

---

### C. AT&T's Arguments Regarding Government Action are Misplaced

Defendant argues that it is **not a state actor** and thus cannot be liable under constitutional provisions. However, the **Complaint alleges concerted action with government entities**, which **satisfies the state-action requirement under established precedent**. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001) ("A private entity may be held liable as a state actor when it has engaged in joint activity with state officials.").

Plaintiff has alleged that AT&T's unlawful surveillance and data interception were **done in coordination with, or at the behest of, governmental actors**, rendering it liable under **Section 1983 and related constitutional provisions**.

---

**D. Dismissal Would Be Premature Prior to Discovery**

Courts have long held that claims **involving complex factual allegations should proceed to discovery before being dismissed at the pleading stage**. See *Twombly,* 550 U.S. at 556 (noting that dismissals should not be granted where "further factual enhancement" could support a claim).

AT&T **controls much of the evidence relevant to Plaintiff's claims, including data logs, surveillance records, and internal communications**. Plaintiff has not yet had the opportunity to obtain this evidence through **Rule 26 disclosures or discovery**. Dismissing the Complaint at this stage would be **procedurally improper and unjust.**

## IV. CONCLUSION

For the foregoing reasons, Defendant AT&T Enterprises, LLC's Motion to Dismiss should be **DENIED in its entirety**. In the alternative, should the Court find any portion of the Complaint deficient, Plaintiff respectfully **requests leave to amend** to cure any identified defects, consistent with **Rule 15(a)(2).**

**Respectfully submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024.

(504) 203-8459

hiranrodriguez@outlook.com

Dated: **March 19, 2025**

## **CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, Plaintiff **pro se,** hereby certify that on **March 19, 2025**, I

electronically submitted the following documents through the **Electronic Document**

**Submission System (EDSS) of** the **United States District Court for the Eastern**

**District of Louisiana:**

**- Plaintiff's Response in Opposition to Defendant AT&T Enterprises, LLC's Motion**

**to Dismiss**

**- Any other related filings submitted concurrently**


Pursuant to **Local Rule 5.4** and the **Federal Rules of Civil Procedure 5(b)(2)(E),**

electronic notice of this filing will be electronically served via **CM/ECF** to all counsel **of**

**record who have made an appearance in this case. For those defendants who**

**have not yet made an appearance**, I further certify that **they are currently in the**

**process of being served by the United States Marshal Service** in accordance with

**Federal Rule of Civil Procedure 4(c)(3).**



**Respectfully submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024.

(504) 203-8459

hiranrodriguez@outlook.com

Date: **March 19, 2025**

**eFile-ProSe**

| | |
|---|---|
| **From:** | systems_unit@laed.uscourts.gov on behalf of Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Wednesday, March 19, 2025 3:50 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |

*A new EDSS Filing has been submitted. The filing was submitted on Wednesday, March 19, 2025 - 15:49.*

*Submitted values are:*

*Filer's Full Name: Hiran Rodriguez*

*Filer's Email Address: hiranrodriguez@outlook.com*

*Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024.*

*Filer's Phone Number: 504-203-8459*

*Case Number (if known): 2:25-cv-00197-JCZ-DPC*

*Case Name: Rodriguez v. Meta Platforms, Inc., et al*

*Document 1 Description: Plaintiff's Response in Opposition to Defendant AT&T Enterprises, LLC's Motion to Dismiss*

*Document 2 Description:*

*Document 3 Description:*

*Document 4 Description:*

*Document 5 Description:*

*Please keep this email for historical records.*