## UNITED STATES DISTRICT COURT
### for the
### Eastern District of Louisiana

| | |
|---|---|
| HIRAN RODRIGUEZ _____ )  *Plaintiff(s)* | ) ) ) | CIVIL ACTION NO. 25-197 SECTION: "A" (2) JUDGE JAY C. ZAINEY |
| *v.* | ) ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| META PLATFORMS, INC., ET AL, _____  *Defendant(s)* | ) ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff, **Hiran Rodriguez**, appearing *pro se*, who respectfully moves this Honorable Court for an **Emergency Protective Order and Preliminary Injunction** against Defendants Kansas City Southern Railway Company, Meta Platforms, Inc., X Corp., AT&T Enterprises, LLC, and Jefferson Parish Sheriff's Office to cease ongoing harassment, intimidation, and suppression of evidence that continue to cause irreparable harm to Plaintiff.

This Motion is made pursuant to **Federal Rule of Civil Procedure 65**, supported by the Memorandum of Law and evidence submitted herewith, and requests immediate relief to prevent further constitutional and statutory violations.

## I. INTRODUCTION

Since the filing of this lawsuit on **January 29, 2025**, Plaintiff has been subjected to **continued and escalating harassment**, including but not limited to:

• **Targeted and intentional noise disturbances** by Defendant **Kansas City Southern Railway Company**, deliberately using excessive horn blasts, unlawful train idling, and disruptive movements in close proximity to Plaintiff's residence.

• **Ongoing digital suppression by Meta Platforms, Inc., X Corp., and AT&T Enterprises, LLC,** including the removal and obstruction of access to Plaintiff's electronic records and communications.

• **Intimidation and surveillance tactics by Jefferson Parish Sheriff's Office**, including police and emergency vehicle sirens, community harassment, and unlawful surveillance.

Despite Plaintiff's good-faith efforts to seek legal remedies, the **Court has repeatedly deferred necessary discovery**, and Defendants have used procedural tactics to delay proceedings while continuing their retaliatory conduct. The ongoing harm is **immediate, irreparable, and requires urgent judicial intervention.**

---

## II. LEGAL STANDARD

A preliminary injunction and protective order are warranted under **Federal Rule of Civil Procedure 65** when the movant demonstrates:

**1. A substantial likelihood of success on the merits;**

**2. Irreparable harm absent relief;**

**3. That the balance of hardships favors Plaintiff; and**

**4. That the injunction serves the public interest.**

*Winter v. Nat. Res. Def. Council, Inc.,* **555 U.S. 7, 20 (2008**); *Canal Auth. of State of Fla. v. Callaway,* **489 F.2d 567, 572 (5th Cir. 1974).**

---

**III. ARGUMENT**

**A. Plaintiff Will Suffer Irreparable Harm Without Immediate Relief**

The **ongoing harassment**, **targeted intimidation**, **and suppression of evidence** by Defendants have caused, and continue to cause, **severe and irreparable harm** to Plaintiff.

• **Kansas City Southern Railway Company h**as engaged in a pattern of excessive noise pollution, violating Plaintiff's right to peace and safety.

• **Meta, X Corp., and AT&T Enterprises, LLC** have engaged in obstructionist tactics, denying Plaintiff access to crucial records.

• **Jefferson Parish Sheriff's Office** has continued intimidation efforts through excessive sirens, surveillance, and community harassment.

Monetary damages **cannot** adequately compensate for the **mental distress**, **safety concerns**, **and due process violations** Plaintiff is enduring daily. Courts consistently hold that **constitutional violations and targeted harassment constitute irreparable harm warranting injunctive relief.**

See *Elrod v. Burns*, **427 U.S. 347, 373 (1976)** (holding that loss of First Amendment freedoms constitutes irreparable harm); *Opulent Life Church v. City of Holly Springs*, **697 F.3d 279, 295 (5th Cir. 2012)** (finding that government interference with constitutional rights warrants immediate relief).

**B. Plaintiff Is Likely to Succeed on the Merits**

Plaintiff's claims are substantiated by **detailed factual allegations**, **documented harassment, and Defendants' own history of misconduct**. The causes of action in Plaintiff's Complaint include:

• **Violations of the Racketeer Influenced and Corrupt Organizations Act (RICO)**

• **First Amendment Retaliation**

- **Intentional Infliction of Emotional Distress (IIED)**

- **Negligence**

- **Other Constitutional and Statutory Violations**

Additionally, **Defendants' ongoing conduct further supports Plaintiff's existing claims and may implicate additional legal violations**, including:

- **Obstruction of Justice** – By interfering with Plaintiff's ability to obtain evidence and suppressing crucial records, Defendants have engaged in actions that obstruct justice and deny Plaintiff access to a fair proceeding.

- **Gross Negligence** – Defendants' willful disregard for Plaintiff's safety and well-being, particularly through their continued harassment and suppression of evidence, exceeds ordinary negligence and rises to the level of gross negligence.

Plaintiff **reserves the right to amend the Complaint** to formally assert these additional claims should discovery reveal further evidence supporting these causes of action.

6

Given the substantial factual basis supporting these claims, **Plaintiff has demonstrated a strong likelihood of success on the merits** sufficient to justify the requested protective order and injunctive relief.

**C. The Balance of Hardships Favors Plaintiff**

The harm suffered by Plaintiff is **severe**, **ongoing**, and **immediate**, while Defendants will suffer no legitimate hardship from merely **ceasing unlawful conduct.**

• Preventing **Kansas City Southern Railway** from using excessive noise for harassment will not impact lawful rail operations.

• Prohibiting **Meta, X Corp., and AT&T Enterprises, LLC** from destroying or suppressing evidence imposes no undue burden.

• Stopping **Jefferson Parish Sheriff's Office** from engaging in unlawful surveillance and intimidation upholds constitutional rights.

Thus, the balance **of hardships overwhelmingly favors Plaintiff**, warranting immediate relief.

**D. Injunctive Relief Serves the Public Interest**

The **public interest is always served** when courts prevent **abuse of power, targeted harassment, and due process violations**. Courts have repeatedly found that **preserving constitutional rights outweighs any interest Defendants may have in continuing their misconduct.**

See *Nken v. Holder*, **556 U.S. 418, 435 (2009)** ("There is a public interest in preventing violations of constitutional rights.").

**IV. REQUESTED RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Issue **an immediate protective order** prohibiting Kansas City Southern Railway from further noise pollution and harassment.

2. **Enjoin Meta Platforms, X Corp., and AT&T Enterprises, LLC** from suppressing, destroying, or altering any digital evidence relevant to this case.

8

3. **Enjoin Jefferson Parish Sheriff's Office** from engaging in continued surveillance, harassment, or intimidation tactics against Plaintiff.

4. **Grant any further relief** that the Court deems just and proper.

**Respectfully Submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

**Dated**: March 20, 2025

## **CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, Plaintiff *pro se,* hereby certify that on **March 19, 2025**, I electronically submitted the following documents through the **Electronic Document Submission System (EDSS)** of the **United States District Court for the Eastern District of Louisiana:**

- **Plaintiff's Emergency Motion for Protective Order and Injunctive Relief**

- **Any other related filings submitted concurrently**

Pursuant to **Local Rule 5.4** and the **Federal Rules of Civil Procedure**, notice of this filing will be electronically served via **CM/ECF** to all counsel **of record who have made an appearance in this case. For those defendants who have not yet made an appearance**, I further certify that **they are currently in the process of being served by the United States Marshal Service** in accordance with **Federal Rule of Civil Procedure 4(c)(3).**

**Respectfully submitted,**

*Hiran Rodriguez*

/s/ **Hiran Rodriguez**

**Hiran Rodriguez,**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024

(504) 203-8459

hiranrodriguez@outlook.com

Date: **March 20, 2025**

eFile-ProSe

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Thursday, March 20, 2025 5:57 AM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |

A new EDSS Filing has been submitted. The filing was submitted on Thursday, March 20, 2025 - 05:56.

Submitted values are:

Filer's Full Name: Hiran Rodriguez

Filer's Email Address: hiranrodriguez@outlook.com

Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024

Filer's Phone Number: 504-203-8459

Case Number (if known): 2:25-cv-00197-JCZ-DPC

Case Name: Rodriguez v. Meta Platforms, Inc., et al

Document 1 Description: Plaintiff's Emergency Motion for Protective Order and Injunctive Relief

Document 2 Description:

Document 3 Description:

Document 4 Description:

Document 5 Description:

Please keep this email for historical records.

eFile-ProSe