# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

|  |  |
|---|---|
| HIRAN RODRIGUEZ _____ ) *Plaintiff(s)* | ) ) ) ) | CIVIL ACTION NO. 25-197 SECTION: "A" (2) JUDGE JAY C. ZAINEY |
| *v.* | ) ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| META PLATFORMS, INC., ET AL, _____ *Defendant(s)* | ) ) | |
|  | ) | |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

**NOW COMES Plaintiff, Hiran Rodriguez, appearing *pro se*, who respectfully moves this Honorable Court to modify the scheduling order to permit limited discovery before all Defendants are served.**

## I. INTRODUCTION

This case was filed on January 29, 2025, and has since been subject to procedural delays, including Defendants' refusals to accept service, excessive motion practice, and unnecessary opposition to Plaintiff's procedural rights. Meanwhile, Plaintiff has been subjected to **continued** and **escalating harm**, particularly by Defendant **Kansas City Southern Railway Company**, whose conduct constitutes **ongoing harassment**, and by **Meta Platforms, X Corp., and AT&T Enterprises, LLC**, whose actions have **suppressed evidence and obstructed Plaintiff's access to vital records.**

Despite these **clear emergency circumstances**, the Court has prevented Plaintiff from obtaining subpoenas and discovery materials on the basis that all Defendants must first be served. This **standard is impractical, prejudicial, and enables ongoing misconduct that would otherwise be immediately addressed in discovery.**

## II. LEGAL STANDARD

Under Federal **Rule of Civil Procedure 16(b)(4)**, a scheduling order may be modified for **good cause** if the party seeking modification demonstrates diligence and necessity. **Rule 26(d)(1)** further permits early discovery when good cause is shown, particularly in cases of:

• **Ongoing harm to a party** (e.g., Kansas City Southern Railway's harassment).

• **Risk of evidence destruction or suppression** (e.g., Meta and X Corp.'s digital suppression).

• **Need to resolve service-related delays** (e.g., obtaining service records from Defendants).

## III. GOOD CAUSE EXISTS FOR EARLY DISCOVERY

**1. Ongoing Harassment and Retaliation by Defendants**

• Defendants **Kansas City Southern Railway, Jefferson Parish Sheriff's Office, Third District Volunteer Fire Department, and LCMC Healthcare Partners, LLC** continue harassing Plaintiff daily through excessive noise, unsafe train operations, emergency sirens, stalking, and other forms of intimidation.

• This harassment has escalated since the filing of this lawsuit, creating a clear and present danger to Plaintiff's well-being.

• Despite repeated complaints and reports, no corrective action has been taken, and Defendants' conduct persists unchecked.

• Without early discovery, Plaintiff is unable to subpoena train **logs, employee records, surveillance footage, internal communications, and policy directives** necessary to document this ongoing harm and identify those responsible.

## 2. Evidence Suppression and Spoliation Risks by Meta, X Corp., and AT&T Enterprises, LLC

• Plaintiff has been systematically prevented from accessing his own digital records, reinforcing concerns that Defendants are deliberately concealing, deleting, or otherwise suppressing evidence.

• Early discovery is necessary to obtain and preserve critical digital communications, metadata, and internal records that may otherwise be permanently destroyed.

• Plaintiff seeks discovery of all relevant data **logs, internal communications, policy directives, and digital activity records** related to Plaintiff's accounts and any interactions concerning his data.

## 3. Defendants' Service Delays Should Not Preclude Discovery

• Several Defendants have actively evaded service, engaged in procedural delay tactics, and refused to accept service despite proper attempts in accordance with Federal Rule of Civil Procedure 4.

• Plaintiff should not be penalized for Defendants' misconduct, nor should Defendants be permitted to obstruct this case by refusing to participate.

• Limited discovery from already-served Defendants is necessary to identify **corporate structures, individuals responsible for harassment and suppression, and any entities assisting in obstructing service.**

**IV. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. **Modify the Scheduling Order** to permit early discovery in light of ongoing harm and the need to preserve crucial evidence.

2. **Authorize subpoenas** to **Kansas City Southern Railway**, **Jefferson Parish Sheriff's Office, Third District Volunteer Fire Department, LCMC Healthcare Partners, LLC, Meta Platforms, X Corp., and AT&T Enterprises, LLC** for documents, records, and internal communications related to the harassment, suppression of evidence, and other unlawful conduct.

3. **Order all Defendants** to preserve and produce relevant evidence, including digital communications, internal reports, and surveillance records, to prevent further destruction or obstruction of key information.

4. **Compel Defendants to provide a sworn certification** confirming compliance with preservation obligations and disclosing any evidence already deleted, altered, or otherwise tampered with.

5. **Grant any further relief** that the Court deems just and proper to protect Plaintiff's rights and ensure the integrity of these proceedings.

Dated: **March 20, 2025**

**Respectfully Submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

6

## **CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, Plaintiff *pro se,* hereby certify that on **March 20, 2025**, I electronically submitted the following documents through the **Electronic Document Submission System (EDSS)** of the **United States District Court for the Eastern District of Louisiana:**

- Plaintiff's Motion to Modify Scheduling Order
- Any other related filings submitted concurrently

Pursuant to **Local Rule 5.4** and the **Federal Rules of Civil Procedure**, notice of this filing will be electronically served via **CM/ECF** to all counsel **of record who have made an appearance in this case. For those defendants who have not yet made an appearance**, I further certify that **they are currently in the process of being served by the United States Marshal Service** in accordance with **Federal Rule of Civil Procedure 4(c)(3).**

**Respectfully submitted,**

*Hiran Rodriguez*

/s/ **Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024.

(504) 203-8459

hiranrodriguez@outlook.com

Dated:: **March 20, 2025**

**Stacy Pecoraro**

| | |
|---|---|
| From: | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| Sent: | Thursday, March 20, 2025 7:49 AM |
| To: | LAEDml_Pro Se |
| Subject: | New EDSS Filing Submitted |

A new EDSS Filing has been submitted. The filing was submitted on Thursday, March 20, 2025 - 07:49 from IP Address 10.164.8.193

Submitted values are:

Filer's Full Name: Hiran Rodriguez

Filer's Email Address: hiranrodriguez@outlook.com

Filer's Mailing Address (Street, Apt/Suit No., City, State, Zip): 820 Grove Ave, Metairie, LA, 70003-7024.

Filer's Phone Number: 504-203-8459

Case Number (if known): 2:25-cv-00197-JCZ-DPC

Case Name: Rodriguez v. Meta Platforms, Inc., et al

Document 1 Description: Plaintiff's Motion to Modify Scheduling Order

Document 2 Description:

Document 3 Description:

Document 4 Description:

Document 5 Description:

The submitted documents will arrive in your EDSS Filings bucket within 15 minutes.

1