UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HIRAN RODRIGUEZ                                              CIVIL ACTION

VERSUS                                                       NO. 25-197

META PLATFORMS, INC., ET AL.                                 SECTION "A" (2)

<u>**ORDER AND REASONS**</u>

Before the Court is **Plaintiff's Motion to Recuse Judge Jay C. Zainey Pursuant to 28 U.S.C. § 455(a) and (b) (Rec. Doc. 91).** The motion, filed on March 16, 2025, is before the Court on the briefs without oral argument. For the reasons discussed below, the motion is denied.

I.      **Background**

Proceeding *pro se* and *in forma pauperis*, Hiran Rodriguez filed this lawsuit on January 29, 2025.[1] His complaint asserts 15 different causes of action against 26 defendants.[2] The relief he seeks includes, among other forms, compensatory damages in excess of $50 billion and punitive damages in the amount of $100 billion.[3]

On March 15, 2025, this Court issued an omnibus order and reasons denying six of Plaintiff's pending motions.[4] Included among the motions this Court denied was his "Motion for Sanctions: Punishing Frivolous Filings."[5] The motion accused three defendants of engaging in a "coordinated strategy to obstruct justice and prolong litigation" and abusing the judicial process

---

[1] *See generally* Rec. Doc. 1.

[2] The named defendants include members of the press and individual journalists; social media, tech, television, and communications companies and owners of such companies in their individual capacities; a railroad company; a hospital; and Jefferson Parish, the Jefferson Parish Sheriff, the Jefferson Parish Sheriff's Office, and a Jefferson Parish volunteer fire department. *See id.* at 3–16 (listing the defendants), 18–21 (listing causes of action).

[3] *See id.* at 3–16, 21–22.

[4] *See generally* Order and Reasons, Rec. Doc. 77, at 8–9 (signed Mar. 14, 2025; filed Mar. 15, 2025) (denying Rec. Docs. 10, 11, 29, 40, 42, and 43).

[5] *See id.* at 7–8 (denying Rec. Doc. 43).

with the intent to "exhaust Plaintiff's resources."[6] The accused parties allegedly carried out their coordinated strategy by filing motions "without evidentiary support and for improper purpose of causing delay."[7] After reviewing Plaintiff's motion, it was clear to the Court that, contrary to his allegations, it was his own motion that was wholly unsubstantiated in law and in fact.[8] Accordingly, the Court admonished the Plaintiff—as it would any litigant who made such baseless accusations—"that it will not tolerate unsubstantiated accusations against any party."[9] The instant motion to recuse followed a day later.

## II.    Recusal Under 28 U.S.C. § 455

Plaintiff's motion seeks recusal of the undersigned pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 455(b)(4). A motion brought pursuant to any subsection of 28 U.S.C. § 455 "must be based on specific facts so as to avoid giving a party a 'random veto over the assignment of judges.'" *Wiley v. Dep't of Energy*, No. 21-933, 2021 WL 2853110, at *4 (E.D. La. July 8, 2021) (quoting *Capizzo v. La.*, No. 99-138, 1999 WL 539439, at *1 (E.D. La. July 22, 1999)). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Mix*, No. 12-171, 2014 WL 580758, at *3 (E.D. La. Feb. 13, 2014) (quotations and citations omitted). Additionally, the recusal inquiry "ask[s] how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995) (citing *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).

---

[6] Rec. Doc. 43, at 2.

[7] *Id.*

[8] *See* Rec. Doc. 77, at 7. The motion was also procedurally improper. *See id.*

[9] *Id.* at 8.

Finally, "Section 455 obligates a party to raise the disqualification argument at a reasonable time in the litigation." *United States v. Anderson*, 160 F.3d 231, 234 (5th Cir. 1998) (cleaned up). The party seeking "disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis of such disqualification." *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enter. Inc.,* 38 F.3d 1404, 1410 (5th Cir. 1994)). "[A] party should not be allowed to abuse the recusal process in efforts to judge shop, delay his case, vent his frustration at an unfavorable ruling, or otherwise attempt to gain some perceived strategic advantage." *Hill v. Hunt*, No. 07-2020, 2012 WL 12985445, at *7 (N.D. Tex. May 15, 2012) (quotation and citation omitted).

### i.    *Sections 455(a) and 455(b)(1)*

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) demands recusal when the judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "These provisions afford separate, though overlapping, grounds for recusal." *Id.*

### ii.    *Section 455(b)(4)*

Section 455(b)(4) provides that a judge "shall also disqualify himself" when "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding . . . ." 28 U.S.C. § 455(b)(4). The statute defines "financial interest" as "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party" and further provides that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in

the management of the fund." *Id.* Furthermore, "where an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality." *Sensley v. Albritton*, 385 F.3d 591, 600 (5th Cir. 2004) (quotation and citation omitted).

### III.    Discussion

Citing to Section 455(a), Plaintiff argues that the undersigned's impartiality is in question based on (i) "his pattern of rulings dismissing Plaintiff's claims without proper review," and (ii) "his admonishment of Plaintiff in court filings [which] suggests personal bias against the litigant rather than neutral judicial oversight."[10] Citing to Section 455(b)(1), he argues that the undersigned has prejudged this case "before discovery has taken place, violating due process" because the Court's "March 14, 2025, order stated that Plaintiff's claims were 'unsubstantiated' and 'lacking in fact.'"[11] In other words, Plaintiff seeks the undersigned's recusal pursuant to these subsections based on this Court's adverse rulings against him. But adverse rulings are not a sufficient ground for recusal.[12] As such, the undersigned declines to recuse himself on these grounds.

Citing to Section 455(b)(4), Plaintiff contends that the undersigned's "professional connections present a conflict of interest."[13] His reasons here are three-fold: (i) the Court's March 14, 2025 order "directly benefits defendants in both federal and state cases, particularly Jefferson Parish, JPSO, and state prosecutors"; (ii) the Court's "language in the order dismissing concerns about state prosecution creates legal harm for Plaintiff"; and (iii) the undersigned's "documented

---

[10] Rec. Doc. 91, at 7.

[11] *Id.*

[12] *See Liteky v. United States*, 510 U.S. 540, 555 (1994) "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Raborn v. Inpatient Mgmt. Partners, Inc.*, 352 F. App'x 881, 884 (5th Cir. 2009) ("An adverse ruling, by itself, is not evidence of bias.").

[13] Rec. Doc. 91, at 7–8.

ties to The Guardian and The Associated Press, both defendants in this lawsuit, present a direct conflict of interest."[14]

As a threshold matter, Plaintiff's conclusory allegation—made only in passing—that the undersigned has a financial interest "in the subject matter or in a party to the proceeding that could be substantially affected by the outcome," is simply incorrect.[15] Accordingly, the analysis under Section 455(b)(4) stops there. But because "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will continue with its analysis under Section 455(b)(1). *See Andrade*, 338 F.3d at 454 ("Subsection (b)(1) pertains to specific instances of conflicts of interest . . . .").

Plaintiff's first and second arguments here concern the Court's adverse rulings on his claims for injunctive relief against state prosecutors and the Jefferson Parish Sheriff's Office.[16] As previously discussed, adverse rulings are not a sufficient ground for recusal. "In the ordinary course, judicial rulings 'are the proper grounds for appeal, not for recusal.'" *Sanders v. Christwood, L.L.C.*, No. 17-9733, 2020 WL 7417995, at *4 (E.D. La. Dec. 18, 2020) (quoting *Liteky*, 510 U.S. at 555). As such, these arguments are unavailing.

In his final argument, Plaintiff asserts that the undersigned has "documented ties to The Guardian and The Associated Press" which amount to a conflict of interest.[17] These so-called "documented ties" come in the form of (i) an alleged personal relationship with two defendants in the lawsuit—Paul MacInnes and Jonathan Liew (both of whom are alleged to be affiliated with

---

[14] *Id.* at 8. The Guardian is not a named defendant in this lawsuit.

[15] Rec. Doc. 91, at 2.

[16] *See id.* at 8; *see also* Rec. Doc. 77, at 3–4.

[17] Rec. Doc. 91, at 8.

5

The Guardian), and (ii) and the undersigned being the subject of media articles published by The

Guardian and The Associated Press.[18]

This argument is likewise unavailing. There is no conflict.

"A judge should not recuse himself based upon unsupported, irrational, or highly tenuous

speculation." *McClelland v. Gronwaldt*, 942 F. Supp. 297, 302 (E.D. Tex. 1996) (citing *In re Am.*

*Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994)). Plaintiff's allegations do not demonstrate

recusal is appropriate under Section 455.

Accordingly;

**IT IS ORDERED** that **Plaintiff's Motion to Recuse Judge Jay C. Zainey Pursuant to**

**28 U.S.C. § 455(a) and (b) (Rec. Doc. 91) is DENIED.**

March 20, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[18] *Id.* at 3.