UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ | CIVIL ACTION |
| VERSUS | NO. 25-197 |
| META PLATFORMS, INC., ET AL. | SECTION "A" (2) |

### ORDER AND REASONS

Before the Court is **Plaintiff's Motion for Reconsideration of Court's Order (Rec. Doc. 77) Denying Plaintiff's Motions for Relief (Rec. Doc. 87).** The motion, filed on March 15, 2025, is before the Court on the briefs without oral argument. For the reasons set forth below, Plaintiff's motion is denied.

**I.    Background**

Proceeding *pro se* and *in forma pauperis*, Hiran Rodriguez filed this lawsuit on January 29, 2025.[1] His complaint asserts 15 different causes of action against 26 defendants.[2] The relief he seeks includes, among other forms, compensatory damages in excess of $50 billion and punitive damages in the amount of $100 billion.[3]

On March 15, 2025, this Court issued an omnibus order and reasons denying six of Plaintiff's motions.[4] The instant motion for reconsideration was filed the same day.

---

[1] *See generally* Rec. Doc. 1.

[2] The named defendants include members of the press and individual journalists; social media, tech, television, and communications companies and owners of such companies in their individual capacities; a railroad company; a hospital; and Jefferson Parish, the Jefferson Parish Sheriff, the Jefferson Parish Sheriff's Office, and a Jefferson Parish volunteer fire department. *See id.* at 3–16 (listing the defendants), 18–21 (listing causes of action).

[3] *See id.* at 3–16, 21–22.

[4] *See generally* Order and Reasons, Rec. Doc. 77, at 8–9 (signed Mar. 14, 2025; filed Mar. 15, 2025) (denying Rec. Docs. 10, 11, 29, 40, 42, and 43).

II.   **Law and Discussion**[5]

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Rule 59(e). *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Nor are they the proper vehicle to relitigate old matters. *See Willbern v. Bayview Loan Servicing, L.L.C.*, 842 F. App'x 865, 869 (5th Cir. 2021). Thus, to prevail on a motion under Rule 59(e), the moving party must show that the motion is necessary based on at least one of the following criteria: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or

---

[5] Because Plaintiff filed his motion within 28 days of judgment, the Court considers Plaintiff's arguments through the lens of Federal Rule of Civil Procedure 59(e).

> "Rules 59(e) and 60(b) permit the same relief—a change in the judgment." Despite the similarities, one difference between the two is Rule 59(e) has a prescribed time limit: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Under which Rule the motion falls turns on the time at which the motion is [filed]." The motion falls under Rule 59(e) if it is filed no later than 28 days after the rendition of judgment. It falls under Rule 60(b) if it is filed after that time.

*Dantriel Marie Hill v. Mark Cameron Abshiner & USAA Ins. Co.*, No. 24-1514, 2025 WL 754322, at *1 (E.D. La. Mar. 10, 2025) (Vance, J.) (internal citations omitted).

fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller*, 342 F.3d at 567).

Courts have considerable discretion in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). And in exercising that discretion, courts "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.*

In the present case, Plaintiff moves the Court for reconsideration based on four grounds:

1. The Court failed to consider Plaintiff's opposition arguments that were filed against pending motions to dismiss.

2. The Court's ruling prematurely denied evidentiary submissions and subpoena requests, preventing Plaintiff from establishing facts essential to his claims.

3. The denial of Plaintiff's subpoenas contradicts the Court's own findings that not all Defendants have been properly served, making service impossible without subpoenas.

4. The Court's order violates fundamental due process by preventing Plaintiff from presenting evidence and enforcing discovery procedures.

(Rec. Doc. 87, at 2).

Plaintiff's motion evidences his misunderstanding of the law and the plain text of the order and reasons this Court issued on March 15, 2025, but it does not demonstrate any of the requirements for Rule 59(e) relief. There has been no change in the controlling law, Plaintiff submits no newly discovered evidence, and the Court has committed no manifest error of law or fact.

Accordingly;

**IT IS ORDERED** that **Plaintiff's Motion for Reconsideration of Court's Order (Rec. Doc. 77) Denying Plaintiff's Motions for Relief (Rec. Doc. 87)** is **DENIED.**

March 20, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE