# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

| | | |
|---|---|---|
| HIRAN RODRIGUEZ | ) | CIVIL ACTION NO. 25-197 |
| *Plaintiff(s)* | ) | SECTION: "A" (2) |
| | | JUDGE JAY C. ZAINEY |
| v. | ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| | ) | |
| META PLATFORMS, INC., ET AL, | ) | |
| *Defendant(s)* | | |
| | ) | |

**PLAINTIFF'S MOTION REQUESTING AN EVIDENTIARY HEARING**

**NOW INTO COURT**, comes Plaintiff, **Hiran Rodriguez**, appearing *pro se* and *in forma pauperis*, who respectfully moves this Honorable Court to convene an evidentiary hearing in connection with Plaintiff's Emergency Motion for Protective Order and Injunctive Relief. This request is made pursuant to the Court's Order dated **March 20, 2025**, referring the motion to Magistrate Judge Donna Phillips Currault for findings and recommendations—"*with an evidentiary hearing if necessary*."

## I. INTRODUCTION

Plaintiff submits that an evidentiary hearing is **not only necessary but essential** to preserve due process, assess the scope of ongoing harm, and evaluate the appearance of judicial partiality that now casts doubt upon the fairness of these proceedings. The hearing is critical to resolving the following:

• Whether early discovery is justified due to continued harassment and evidence suppression;

• Whether Defendants have engaged in coordinated delay tactics or obstruction;

• Whether judicial conduct—including the stay issued shortly after Plaintiff's discovery request—suggests an appearance of partiality that undermines public confidence in the judiciary.

## II. LEGAL GROUNDS FOR AN EVIDENTIARY HEARING

A federal district court has broad discretion to hold evidentiary hearings where factual disputes are material and cannot be resolved on the papers. *See **Fed. R. Civ. P. 43(c); United States v. Raddatz,*** 447 U.S. 667, 680 (1980). Where, as here, a *pro se* litigant has submitted substantial allegations of ongoing harm, due process violations, and evidence suppression, the Court must afford an opportunity for the record to be developed. *See **Johnson v. City of Shelby***, 574 U.S. 10, 12 (2014).

## III. GROUNDS IN SUPPORT OF REQUEST

### A. Ongoing and Escalating Harm

Plaintiff continues to experience severe harassment—including stalking, digital interference, and coordinated noise intimidation. These actions are directly tied to named Defendants and continue to this day. Without evidentiary development, the Court risks dismissing these claims without a proper factual record.

### B. Plaintiff's Jury Trial Demand Prohibits Premature Adjudication

Plaintiff has invoked his constitutional right to a jury trial under **Rule 38**, and this Court must not act as a fact-finder on issues reserved for the jury. Allegations involving digital suppression, coordinated retaliation, and institutional misconduct require full discovery and factual examination by a jury—not dismissal at the pleading stage.

### C. Defendants' Delay Tactics and Bad Faith

On **March 20, 2025**, Plaintiff submitted an informal discovery request to all counsel under **Rule 26(d)**. Within hours, the Court entered a stay, which—whether intentional or not—has the effect of shielding Defendants from even voluntary compliance. This sudden procedural posture, paired with Defendants' silence, raises legitimate concerns of obstruction and collusion.

### D. Appearance of Judicial Bias

Plaintiff has previously moved to recuse Judge Jay C. Zainey **(Rec. Doc. 91)**. The Court's denial of that motion, coupled with the immediate and sweeping dismissal of all of Plaintiff's pending motions, contributes to an appearance of bias. When a judge's actions repeatedly favor one side, and deny a litigant the opportunity to present evidence, the public's confidence in a fair process is eroded. This must be addressed on the record through evidentiary proceedings.

## IV. REQUEST FOR RELIEF

4

For these reasons, Plaintiff respectfully requests that the Court:

1. **Schedule an Evidentiary Hearing** to determine:

• Whether early discovery is necessary;

• Whether Defendants or the Court have engaged in procedural obstruction or delay;

• Whether continued judicial involvement compromises the integrity of this proceeding.

2. **Permit Plaintiff to introduce documentary evidence — including video recordings — sworn declarations, and testimony** in support of his claims;

3. **Direct all Defendants who have appeared to preserve all relevant evidence,,** including digital communications, moderation logs, surveillance records, and internal documents.

**RESERVATION OF RIGHTS**

Plaintiff **reiterates his objection** to the denial of **Rec. Doc. 91 (Motion to Recuse)** and **preserves his objection** to Judge Zainey's continued involvement in this matter, as required to maintain the right to appeal.

**Respectfully Submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

Dated: **March 22, 2025**

## **CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, *Plaintiff pro se*, hereby certify that on **March 22, 2025**, I electronically submitted the following documents through the **Electronic Document Submission System (EDSS)** of the **United States District Court for the Eastern District of Louisiana:**

- **Plaintiff's Motion Requesting an Evidentiary Hearing**
- **Any other related filings submitted concurrently**

Pursuant to **Local Rule 5.4** and the **Federal Rules of Civil Procedure**, notice of this filing will be electronically served via **CM/ECF** to all counsel **of record who have made an appearance in this case. For those defendants who have not yet made an appearance**, I further certify that **they are currently in the process of being served by the United States Marshal Service** in accordance with **Federal Rule of Civil Procedure 4(c)(3).**

**Respectfully submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave, Metairie, Louisiana, 70003-7024.

(504) 203-8459

hiranrodriguez@outlook.com

Date: **March 22, 2025**

**Stacy Pecoraro**

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Saturday, March 22, 2025 10:03 PM |
| **To:** | LAEDml_Pro Se |
| **Subject:** | New EDSS Filing Submitted |

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Saturday, March 22, 2025 - 22:02.

The information for this submission is:

**Filer's Name:** Hiran Rodriguez

**Filer's Email:** hiranrodriguez@outlook.com

**Filer's Mailing Address:** 820 Grove Ave, Metairie, Louisiana, 70003-7024

**Filer's Phone Number:** 504-203-8459

**Filer's Case Number (If Known):** 2:25-cv-00197-JCZ-DPC

**Filer's Case Name (If Known):** Rodriguez v. Meta Platforms, Inc., et al

**Submitted Document Description:** Plaintiff's Motion Requesting an Evidentiary Hearing

**Submitted Document Name:** Plaintiff's Motion Requesting an Evidentiary Hearing .pdf