# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

HIRAN RODRIGUEZ

*Plaintiff(s)*

CIVIL ACTION NO. 2:25-CV-00197
SECTION: "A" (2)

v.

JUDGE JAY C. ZAINEY

MAG. JUDGE DONNA PHILLIPS CURRAULT

META PLATFORMS, INC., ET AL,

*Defendant(s)*

**MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT X CORP. DUE TO RETALIATORY CONDUCT, CONFLICT OF INTEREST, AND PROFESSIONAL MISCONDUCT**

**NOW INTO COURT** comes Plaintiff, **Hiran Rodriguez**, appearing *pro se*, who respectfully moves this Court to **disqualify attorney Valerie Theng Matherne and her firm, Courington, Kiefer, Sommers, Marullo, Matherne & Bell, LLC**, from further representation of Defendant **X Corp**., and states the following:

---

**I. INTRODUCTION**

Defendant X Corp., through its counsel, has engaged in conduct that is retaliatory, unprofessional, and in direct conflict with the core allegations of this litigation. Counsel for X Corp., **Valerie Theng Matherne**, is alleged to have:

• Participated in or condoned the very **harassment**, **surveillance**, **and suppression activities** at issue in this case;

• Issued a **hostile**, **coded**, **and retaliatory response** to Plaintiff's informal discovery request immediately following a court ruling unfavorable to X Corp.;

• Repeatedly demonstrated a **conflict of interest**, ethical violations, and prejudicial conduct toward a *pro se* litigant.

For these reasons, and to protect the integrity of these proceedings, disqualification is warranted.

## II. FACTUAL BACKGROUND

**1.** On **March 20–22, 2025**, Plaintiff sent informal discovery and preservation letters to all counsel of record, seeking voluntary cooperation in light of ongoing harm.

**2.** On **March 26, 2025**, the Court denied the *pro hac vice* admission of X Corp**.**'s proposed co-counsel **(Rec. Doc. 105)**, following Plaintiff's objection.

**3.** Within one hour of that denial, Plaintiff received an **unsolicited email** from Ms. Matherne **(Exhibit A)**, which:

• Misrepresented Plaintiff's request as improper,

• Invoked procedural **technicalities** irrelevant to the actual nature of the request,

• Contained tone and language that were **deliberately antagonistic and emotionally charged**, evoking retaliatory intent.

**4.** Plaintiff asserts that this communication is part of a broader **pattern of misconduct**, including:

• **Filing of motions and entering legal appearances strategically timed in reaction to evidence Plaintiff was preparing but had not yet submitted, suggesting improper access to Plaintiff's private legal work and ongoing illegal surveillance.**

• **Suspected unauthorized surveillance or monitoring of Plaintiff's device activity,**

• **Counsel's conduct that mirrors and aligns with the harm being litigated.**

---

### III. LEGAL STANDARD FOR DISQUALIFICATION

Disqualification is warranted where an attorney's continued participation:

• **Violates Rules of Professional Conduct**, including **ABA Model Rule 8.4(d)** (prejudicial to the administration of justice),

• Reflects actual or apparent **conflict of interest (Model Rule 1.7)**,

• Involves **harassment**, **intimidation**, **or retaliation** toward opposing parties,

• Undermines **the fairness of the proceeding** or results in prejudice.

Federal courts have inherent authority to disqualify counsel to protect the integrity of proceedings and ensure fair access to justice—especially for *pro se* litigants.

---

### IV. APPLICATION TO THE PRESENT CASE

4

Ms. Matherne's continued participation:

• Reinforces the same **harassment and intimidation dynamic** alleged against her client,

• Signals a **failure to remain professionally detached**, choosing instead to react with hostility to judicial rulings and Plaintiff's filings,

• Introduces the appearance of **bias, abuse of position, and improper purpose**, which undermines both the ethical framework and procedural balance of this case.

Plaintiff's declaration **(Exhibit B)** sets forth the **emotional and strategic harm** caused by counsel's conduct and connects it to a broader pattern of retaliatory and obstructive behavior.

---

**V. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. **Disqualify attorney Valerie Theng Matherne and the law firm Courington, Kiefer, Sommers, Marullo, Matherne & Bell, LLC** from representing Defendant X Corp. in this matter;

2. Prohibit any future involvement by Ms. Matherne or her firm, including ghostwriting or behind-the-scenes legal assistance;

3. Issue any **further relief deemed appropriate**, including referral to professional disciplinary authorities or a hearing on this matter.

---

**Respectfully submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*

820 Grove Ave

Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

**Dated:** March 27, 2025

---

**Attachments:**

• **Exhibit A – March 26, 2025 Email from Counsel for X Corp.**

• **Exhibit B – Declaration of Hiran Rodriguez**

---

# [PROPOSED] ORDER

CONSIDERING Plaintiff's **Motion to Disqualify Counsel for Defendant X Corp. Due to Retaliatory Conduct, Conflict of Interest, and Professional Misconduct**, and the supporting documentation and exhibits filed therewith:

**IT IS ORDERED** that the Motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that attorney **Valerie Thegn Matherne** and the law firm **Courington, Kiefer, Sommers, Marullo, Matherne & Bell, LLC** are **disqualified from further representation of Defendant X Corp**. in this matter.

**IT IS FURTHER ORDERED** that no individual associated with the disqualified firm shall provide legal services, advice, or ghostwriting assistance to Defendant X Corp. in this case.

**IT IS FURTHER ORDERED** that Defendant X Corp. shall retain substitute counsel within fourteen **(14)** days of the entry of this Order.

**New Orleans, Louisiana,** this ___ day of _____, 2025.

_____

**U.S. DISTRICT JUDGE / MAGISTRATE JUDGE**

Subject to Plaintiff's continuing objection to participation by Judge Jay C. Zainey. *See **Rec. Doc. 91.***

## **CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, Plaintiff *pro se*, hereby certify that on **March 27, 2025**, I submitted the foregoing **Motion to Disqualify Counsel for Defendant X Corp**., with all accompanying **exhibits** and the **proposed order**, via the **Electronic Document Submission System (EDSS)** of the **United States District Court for the Eastern District of Louisiana.**

Pursuant to **Local Rule 5.4** and the **Federal Rules of Civil Procedure**, notice of this filing will be electronically served via **CM/ECF** to all counsel of record who have appeared in this case. For any Defendants who have not yet made an appearance, service is in progress through the **United States Marshal Service** pursuant to **Rule 4(c)(3).**

**Respectfully submitted,**

*Hiran Rodriguez*

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**

*Pro Se Plaintiff*