EXHIBIT A — March 26, 2025 Email from Counsel for X Corp.
Cc: Chloe Krake, Cristina Falcon

# RE: Urgent Informal Discovery Request – Rodriguez v. Meta Platforms, Inc., et al.

From: Hiran Rodriguez hiranrodriguez@outlook.com

To: Hiran Rodriguez hiranrodriguez@outlook.com

Date: Thu, Mar 20, 2025, 1:51 PM

**Dear Counsel**,

I write regarding Rodriguez v. Meta Platforms, Inc., et al., Civil Action No. 25-197, currently pending in the United States District Court for the Eastern District of Louisiana. Given the ongoing harm and necessity of preserving key evidence, I formally request the following discovery materials pursuant to Federal Rule of Civil Procedure 26(d)(1), which allows for early discovery upon a showing of good cause.

## 1. Evidence of Ongoing Harassment and Intimidation

**Defendants: Kansas City Southern Railway Company, Jefferson Parish Sheriff's Office, Third District Volunteer Fire Department, and LCMC Healthcare Partners, LLC**
  • **All internal communications, incident reports, and complaints** relating to Plaintiff from January 2023 to present.
  • **Employee logs, schedules, and directives** for train conductors, emergency responders, and law enforcement operating near Plaintiff's residence.
  • **Policies governing train horn usage, emergency response dispatches, and surveillance operations** in residential areas.

## 2. Digital Account and Data Suppression

**Defendants: Meta Platforms, Inc., X Corp., and AT&T Enterprises, LLC**

- **Records related to content restrictions, suspensions, or removals** of Plaintiff's digital accounts.
- **Internal discussions, third-party requests, and automated enforcement logs concerning** Plaintiff's online activities.
- **Preservation of all electronic data, including deleted or altered records** related to Plaintiff.

## 3. Defendants' Service Evasion and Procedural Misconduct

1 / 4

- **All internal communications discussing service of process or procedural delays.**
- **Records indicating coordination between Defendants to delay litigation or obstruct discovery.**

**Request for Response**

Pursuant to professional courtesy and the Federal Rules of Civil Procedure, I request a response within **seven (7) days** confirming whether Defendants will voluntarily comply. Failure to respond will necessitate a motion to compel discovery and request for court intervention.

Please confirm receipt of this request.

Best regards,
**Hiran Rodriguez**
Pro Se Plaintiff
820 Grove Ave, Metairie, LA 70003
(504) 203-8459
hiranrodriguez@outlook.com

Hiran Rodriguez
820 Grove Ave
Metairie, LA, 70003-7024
(504) 203-8459
hiranrodriguez@outlook.com

---

From:  Valerie T. Matherne vmatherne@courington-law.com
  To:  hiranrodriguez@outlook.com
  Cc:  Chloe Krake ckrake@courington-law.com, Cristina Falcon cfalcon@courington-law.com
Date:  Wed, Mar 26, 2025, 5:45 PM

Dear Mr. Rodriguez,

Thanks for your email. Your "[i]nformal" requests for "discovery materials" are improper for at least the following reasons, and therefore X Corp. will not respond to them.

*First*, your "requests" violate Federal Rule of Civil Procedure 5(b)(2)(E), which provides that, in relevant part, "[a] paper is served under this rule by . . . sending it by other electronic means that the person *consented to in writing* . . . ." *Id.* (emphasis added). We have not consented to receiving service of discovery by email, and as such your attempt at serving us via email is invalid.

*Second*, your "requests" violate Rule 26(d)(1), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." You invoke Rule 26(d)(2), but Rule 26(d)(2)(B) provides that "[e]arly Rule 34 [r]equests" are deemed "to have been served at the first Rule 26(f) conference." The parties have not conducted that conference. So even if your requests were not improper, they cannot be deemed to have been served until the date of that conference. Furthermore, your demand for a response within 7 days of your email violates Rule 34(b)(2), which requires a response to properly served discovery "within 30 days after being served or – if the request was delivered under Rule 26(d)(2) – within 30 days after the parties' first Rule 26(f) conference."

*Third*, your "requests" violate the Court's "Order of Reference to United States Magistrate Judge." Dkt. 102 ("Stay Order"). That order, among other things, ordered that "all deadlines in this matter are **STAYED** . . . ." *Id.* at 1. By operation of that Order, even if you had properly served X Corp. with discovery and if that discovery were valid (as explained above, you did not and it is not), X Corp.'s deadline to respond to the discovery is stayed.

Thus, for at least these reasons, X Corp. is not obligated to respond to your requests. Any motion to compel responses to them would be a waste of judicial resources and would violate the Stay Order.

X Corp. reserves all rights.

With warm regards,

Valerie

**Valerie Theng Matherne** ı **Member**

**Courington, Kiefer, Sommers, Marullo, Matherne & Bell** LLC

**616 Girod Street** ı **New Orleans, LA 70130**

**Phone (504) 524-5510** ı **Fax (504) 524-7887**

**Website** ı **Email**   ı **[../../../../Documents/Valerie%20Theng%20Matherne.vcf]vCard**

---

2 Emails

**Valerie Theng Matherne** ı **Member**

**Courington, Kiefer, Sommers, Marullo, Matherne & Bell** LLC

# Automatic reply: Informal Discovery Follow Up Rodriguez v. Meta Platforms, Inc., et al. Civil Action No. 25-197

From: Hiran Rodriguez hiranrodriguez@outlook.com

To: hiranrodriguez@outlook.com

Bcc: barcuri@fralawfirm.com , lcarlisle@bakerdonelson.com , scefolia@bakerdonelson.com , colin.cisco@jeffparish.net , hailey.cummiskey@arlaw.com , philip.giorlando@bswllp.com , katherine@snw.law , ekesler@bakerdonelson.com , ckrake@courington-law.com , eve.masinter@bswllp.com , vmatherne@courington-law.com , lmince@fishmanhaygood.com , suzy@snw.law , jnieset@phjlaw.com , lrodrigue@fralawfirm.com , lindsaysamuel@dwt.com , lrichard@irwinllc.com , scott@snw.law , qurquhart@irwinllc.com , roland.vandenweghe@arlaw.com

Date: Thu, Mar 20, 2025, 10:57 PM

Informal Discovery Follow Up .pdf 2 KB

Hiran Rodriguez
820 Grove Ave
Metairie, LA, 70003-7024
(504) 203-8459
hiranrodriguez@outlook.com

From: Jim Nieset jnieset@phjlaw.com

To: Hiran Rodriguez hiranrodriguez@outlook.com

Date: Thu, Mar 20, 2025, 10:57 PM

I will be out of the office today and away from email.

If you need immediate assistance today, please contact Emily DesForges at edesforges@phjlaw.com

Otherwise, we will reply to your email when I return to the office on Monday.

Thank you.

Jim Nieset

1 / 2

2 Emails

## Rodriguez v. Meta Platforms, Inc., et al.

**Civil Action No. 25-197**

Dear Counsel,

I write to follow up on my urgent informal discovery request submitted to you on March 20, 2025, in the matter of Rodriguez v. Meta Platforms, Inc., et al., Civil Action No. 25-197 (E.D. La.). To date, I have not received any acknowledgment or response regarding my request, which sought targeted discovery from parties currently in possession of critical and time-sensitive evidence relevant to this litigation.

As outlined in my earlier correspondence, there is good cause for early discovery due to ongoing harm, evidence suppression, and procedural delays that continue to prejudice my ability to obtain relief. I again request that your clients voluntarily provide the materials specified, including internal communications, user data logs, suppression and moderation records, and relevant organizational policies.

If I do not receive a substantive response by March 27, 2025, I will be compelled to file a motion to compel discovery and seek emergency relief from the Court. I also respectfully request that your clients preserve all potentially relevant evidence as litigation is actively pending.

Thank you for your attention to this matter. Please confirm receipt of this letter.

Respectfully,

Hiran Rodriguez

Pro Se Plaintiff

820 Grove Ave, Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

EXHIBIT B — Declaration of Hiran Rodriguez

**EXHIBIT B**

**Declaration of Hiran Rodriguez**

**I, Hiran Rodriguez**, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

**1.** I am the Plaintiff in the above-captioned case and appear pro se.

**2**. On **March 20, 2025**, I sent a **formal preservation and informal discovery request** to all counsel of record concerning **targeted evidence of harassment, surveillance, and suppression** directly tied to the misconduct alleged in this litigation.

**3.** That request was made **in good faith** and intended to prompt **voluntary compliance** with essential evidence gathering, given the **urgent**, **ongoing nature of the harm** I continue to experience.

**4.** On **March 26, 2025**, within **one hour** of the Court's denial of X Corp.'s pro hac vice motion, I received a **retaliatory and unprofessional email** response from X Corp.'s counsel, **Valerie Theng Matherne**, which is attached as **Exhibit A.**

**5.** The response **mischaracterized** my communication, **distorted procedural rules**, and relied on a **misapplication of the stay order** to avoid accountability, all while using **hostile language** that reflects the same **harassment** and **obstruction** central to this case.

**6.** I believe this conduct supports disqualification due to:

• **Conflict of interest**,

• **Direct alignment with alleged misconduct**, and

• **Retaliatory litigation tactics** that undermine judicial fairness.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on March 27, 2025**

**/s/ Hiran Rodriguez**

**Hiran Rodriguez**