# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

|  |  |  |
|---|---|---|
| HIRAN RODRIGUEZ | ) | CIVIL ACTION NO. 2:25-CV-00197 |
| *Plaintiff(s)* | ) | SECTION: "A" (2) |
|  | ) | DISTRICT JUDGE: JAY C. ZAINEY |
| v. | ) | MAG. JUDGE: DONNA PHILLIPS CURRAULT |
| META PLATFORMS, INC., ET AL, | ) |  |
| *Defendant(s)* | ) |  |
|  | ) |  |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS GRAY LOCAL MEDIA AND ANDRÉS FUENTES' MOTION TO DISMISS (REC. DOC. 118)**

**NOW INTO COURT**, through undersigned, comes Plaintiff, Hiran Rodriguez, who forcefully opposes the frivolous Motion to Dismiss filed by Defendants Gray Local Media, Inc. ("Gray Media") and Andrés Fuentes (Rec. Doc. 118). The Motion is not only meritless, but an overt procedural maneuver intended to obfuscate liability and delay justice. Dismissal is categorically improper under Rule 12(b)(6) and must be denied.

**I. INTRODUCTION**

This action arises from an unprecedented conspiracy among corporate media actors, law enforcement agencies, and Big Tech platforms to engage in coordinated cyberstalking, psychological warfare, constitutional violations, and racketeering against Plaintiff. Among the parties participating in this unlawful enterprise are Gray Media and its reporter, Andrés Fuentes, who actively contributed to defamatory publications and coordinated harassment. These acts were not merely incidental but integral to the Defendants' broader RICO scheme targeting Plaintiff's life, liberty, and protected speech.

Gray Media's invocation of Rule 12(b)(6) is an attempt to shield themselves from accountability by falsely alleging that Plaintiff has failed to state a claim. In reality, Plaintiff's Complaint clearly articulates facts supporting causes of action for defamation, civil conspiracy, constitutional violations, and RICO participation.

## II. LEGAL STANDARD UNDER RULE 12(B)(6)

To survive a Rule 12(b)(6) motion, the complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009); ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. The Court must accept all well-pleaded facts as true and draw all inferences in Plaintiff's favor. ***Doe v. MySpace, Inc.***, 528 F.3d 413, 418 (5th Cir. 2008).

Defendants' attempt to isolate themselves from the broader RICO conspiracy and tortious acts by dissecting Plaintiff's claims out of context is legally impermissible and factually unsupported.

## III. ARGUMENT

### A. The Complaint Properly States Claims Against Gray Media and Andrés Fuentes

Defendants assert Plaintiff has not identified any actionable conduct specific to them. That is false.

• Plaintiff expressly alleged that "Defendants, acting in concert, defamed Plaintiff through false publications, false statements to law enforcement, and orchestrated cyber-harassment."

• Gray Media and its reporter Fuentes are named specifically for their publication and distribution of defamatory statements and participation in a broader media campaign designed to delegitimize and endanger Plaintiff.

These allegations are not conclusory—they are consistent with multiple well-pleaded paragraphs of factual assertions against a pattern of coordinated defamation and intrusion, including electronic surveillance, false light publication, and cyberstalking.

**B. Defendants Are Liable as Members of an Unlawful RICO Enterprise**

Under 18 U.S.C. § 1962(c), liability attaches to each participant in a racketeering enterprise. The Complaint outlines Defendants' involvement in a "pattern of racketeering activity," including:

• Defamation and media amplification of falsehoods;

• Cyberstalking under 18 U.S.C. § 2261A;

• **Civil rights violations and aiding state actors in retaliatory surveillance.**

Defendants' assertion that they are mere bystanders fails. The Complaint alleges a deliberate use of media as a weapon in a state-corporate partnership to suppress protected expression and intimidate Plaintiff through "noise terrorism," public defamation, and digital surveillance.

### C. The In Forma Pauperis Argument Is Irrelevant and Improperly Raised

Defendants improperly invoke 28 U.S.C. § 1915(e)(2) and argue that the case is frivolous. But frivolousness under § 1915(e)(2)(B)(i) is a threshold screening mechanism for the Court—not a tool Defendants can wield post-service to attack claims that are detailed, substantiated, and facially plausible.

That argument is a red herring—indicative of Defendants' fear of discovery.

### D. Defendants' Motion Is a Procedural Delay Tactic

5

Like other co-defendants, Gray Media and Fuentes attempt to defeat liability through silence, omission, and obfuscation. Their Motion deliberately ignores the allegations tying them to defamatory acts, constitutional violations, and aiding an unlawful enterprise under RICO. This is a textbook tactic of evasion, not a legitimate legal defense.

## IV. RESERVATION OF RIGHTS – JUDGE RECUSE OBJECTION

Plaintiff reiterates his previously filed Motion to Recuse Judge Zainey **(Rec. Doc. 91)** and preserves his objection to the Court's denial of that motion, maintaining that Judge Zainey's continued involvement raises significant due process concerns.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Rec. Doc. 118) must be DENIED in its entirety. The Complaint clearly sets forth actionable claims for defamation, constitutional violations, civil RICO, intentional infliction of emotional distress, and civil conspiracy. Defendants' arguments are meritless, unsupported, and indicative of bad faith procedural evasion.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Deny Defendants' Motion to Dismiss (Rec. Doc. 118) in full;

2. Allow this action to proceed to discovery against Gray Media and Andrés Fuentes;

3. Award costs and such further relief as justice may require.


**Respectfully submitted,**

*Hiran Rodriguez*

**Hiran Rodriguez,** *Sui Juris*

820 Grove Ave, Metairie, LA 70003

Phone: (504) 203-8459

Email: hiranrodriguez@outlook.com

**Dated:** April 3, 2025

*Pro Se Plaintiff*

## **CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, *sui juris*, certify that on **April 3, 2025**, I submitted:

• **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS GRAY LOCAL MEDIA AND ANDRÉS FUENTES' MOTION TO DISMISS (REC. DOC. 118)**

• **Any other filings submitted concurrently**

via the **Electronic Document Submission System (EDSS)** of the **U.S. District Court** for the **Eastern District of Louisiana**. Notice will be electronically served on all counsel of record through CM/ECF. Service upon parties not yet appearing is ongoing via the **U.S. Marshal Service.**

**Respectfully submitted,**

*Hiran Rodriguez*

/s/ Hiran Rodriguez

**Hiran Rodriguez,** *Sui Juris*

*Pro Se Plaintiff*

**Dated:** April 3, 2025.

820 Grove Ave, Metairie, LA 70003

Phone: (504) 203-8459

Email: hiranrodriguez@outlook.com

9

**eFile-ProSe**

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Thursday, April 3, 2025 12:37 AM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |
| **Attachments:** | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS GRAY LOCAL%0AMEDIA AND ANDRÉS FUENTES' MOTION TO DISMISS (REC. DOC. 118).pdf |

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Thursday, April 3, 2025 - 00:36.

The information for this submission is:

**Filer's Name:** Hiran Rodriguez

**Filer's Email:** hiranrodriguez@outlook.com

**Filer's Mailing Address:** 820 Grove Ave, Metairie, LA, 70003-7024

**Filer's Phone Number:** 504-203-8459

**Filer's Case Number (If Known):** 2:25-CV-00197

**Filer's Case Name (If Known):** Rodriguez v. Meta Platforms, Inc., et al

**Submitted Document Description:** PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS GRAY LOCAL MEDIA AND ANDRÉS FUENTES' MOTION TO DISMISS (REC. DOC. 118)