UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| HIRAN RODRIGUEZ ) | |
| ) | |
| *Plaintiff(s)* | |
| | CIVIL ACTION NO. 2:25-CV-00197 |
| | SECTION: "A" (2) |
| v. | JUDGE JAY C. ZAINEY |
| ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
| ) | |
| META PLATFORMS, INC., ET AL, | |
| ) | |
| *Defendant(s)* | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT T-MOBILE USA INC.'S MOTION TO COMPEL ARBITRATION (REC. DOC. 56)**

**I. INTRODUCTION**

NOW INTO COURT, through undersigned, comes PLAINTIFF, **HIRAN RODRIGUEZ,** who files this Memorandum in firm opposition to Defendant **T-MOBILE USA INC.'s** Motion to Compel Arbitration (Rec. Doc. 56). This case is not a private billing dispute. It is a constitutional, statutory, and civil rights action involving unauthorized surveillance, reputational injury, and ongoing defamation—all of which implicate public rights and federal oversight.

**T-Mobile's motion seeks to strip PLAINTIFF of federal access, jury trial, and Article III jurisdiction under the false pretense of consent.** But no knowing, voluntary, or intelligent agreement to arbitrate these claims was ever entered into. In fact, T-Mobile's reliance on boilerplate terms imposed without negotiation is itself the definition of procedural unconscionability.

Moreover, PLAINTIFF brings claims under **18 U.S.C. § 2520**, the **U.S. Constitution**, and other federal law. Such claims—by longstanding precedent—**are not subject to private arbitration.**

**II. LEGAL STANDARD**

A motion to compel arbitration under the Federal Arbitration Act (FAA) must demonstrate:

2

1. A **valid agreement to arbitrate**, and

2. That the agreement **covers the dispute in question**.

Courts must resolve doubts in favor of judicial determination where federal rights are implicated. *See AT&T Technologies v. Communications Workers*, 475 U.S. 643, 648 (1986).

Further, when public law rights are at stake, courts have consistently held that arbitration cannot be compelled unless consent is clear, affirmative, and informed. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985).

---

**III. ARGUMENT**

**A. No Valid or Voluntary Agreement to Arbitrate Exists**

T-Mobile offers no **evidence of informed consent** by PLAINTIFF to arbitrate constitutional or statutory claims. Any "agreement" relied upon:

• Was presented unilaterally;

3

- Contained no opportunity for negotiation;

- Was imposed as a **precondition to accessing an essential utility (phone service)**;

- And was **never personally signed, acknowledged, or agreed to** by PLAINTIFF.

Unilateral imposition does not equal contract.

**See:** *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)

---

**B. Public Law Claims Are Not Arbitrable**

PLAINTIFF brings claims under:

- **Federal wiretap statutes** (18 U.S.C. § 2510 et seq.)

- **Civil rights law**

- **The U.S. Constitution**

These are public rights. The Supreme Court has recognized that arbitration cannot be used to bypass federal court review where the rights involved affect **public interests or systemic harm.**

4

**See:** *Mitsubishi Motors*, 473 U.S. at 637

---

### C. Arbitration Clause is Unconscionable and Coercive

Even if some clause existed in theory, it is invalid in practice because:

• It was imposed without fair disclosure;

• It gave no realistic option to decline;

• It concealed material legal consequences.

Courts strike down such terms as **procedurally unconscionable** under both state and federal law.

**See:** *Hall Street Assocs. v. Mattel*, 552 U.S. 576 (2008)

---

### D. Arbitration Would Violate Article III and the Seventh Amendment

This Court must reject arbitration that would:

5

• Eliminate PLAINTIFF'S **right to jury trial,**

• Bypass **Article III judicial review,** and

• Privatize adjudication of **constitutional torts**.

These rights are **not waived**—and cannot be removed by fine print or silence.

**See:** *Stern v. Marshall*, 564 U.S. 462 (2011)

---

## IV. AFFIDAVIT OF NON-CONSENT – EXHIBIT A

PLAINTIFF attaches as **Exhibit A** a sworn affidavit affirming:

• No agreement to arbitrate was knowingly made;

• Any clause relied upon was unconscionable and procedurally defective;

• PLAINTIFF never waived rights to Article III review or jury trial.

---

## V. CONCLUSION

6

T-Mobile's attempt to compel private arbitration of federal and constitutional claims is unlawful, unsupported by admissible evidence, and void under governing precedent.

**WHEREFORE, PLAINTIFF prays that this Honorable Court:**

1. **DENY** Defendant's Motion to Compel Arbitration (Rec. Doc. 56);

2. Uphold PLAINTIFF'S access to Article III court and jury trial;

3. Grant such other relief as justice demands.

**Respectfully submitted,**

/s/ Hiran Rodriguez

*Hiran Rodriguez*

**HIRAN RODRIGUEZ**, *Sui Juris*

*Pro Se Plaintiff*

820 Grove Ave

Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

**Dated:** April 3, 2025

---

**EXHIBIT A – AFFIDAVIT OF NON-CONSENT TO ARBITRATION**

I, **HIRAN RODRIGUEZ**, affirm the following under penalty of perjury:

1. I am the PLAINTIFF in the matter *Rodriguez v. Meta Platforms, Inc., et al*., Case No. 2:25-cv-00197.

2. At no time did I knowingly, voluntarily, or affirmatively consent to arbitration of constitutional or federal claims.

3. I was not informed of any arbitration clause in a manner that was clear, negotiable, or reviewable prior to service activation.

4. Any clause T-Mobile references is one I reject and repudiate as unconscionable and unenforceable.

5. I retain and assert all rights to trial by jury, public judicial process, and constitutional adjudication.

6. This action concerns public law violations and cannot be resolved in private forums.

7. I affirm my opposition to any form of forced arbitration under color of contract.

Executed on April 3, 2025.

/s/ Hiran Rodriguez

*Hiran Rodriguez*

**HIRAN RODRIGUEZ,** *Sui Juris*

**So help me God on this day, April 3, 2025, as is hereby so attested!**

**CERTIFICATE OF SERVICE**

I, **Hiran Rodriguez**, *sui juris,* certify that on April 3, 2025, I submitted:

• **Memorandum in Opposition to T-Mobile USA Inc.'s Motion to Compel Arbitration (Rec. Doc. 56);**

• **Exhibit A – Affidavit of Non-Consent to Arbitration;**

• **This Certificate of Service and accompanying Notice of Submission;**

• **Any other filing submitted concurrently**

via the **Electronic Document Submission System (EDSS)** of the **U.S. District Court** for the **Eastern District of Louisiana.**

Notice will be electronically served upon all counsel of record through CM/ECF. Service upon parties not yet appearing is ongoing via the **U.S. Marshal Service.**

/s/ Hiran Rodriguez

*Hiran Rodriguez*

**HIRAN RODRIGUEZ,** *Sui Juris*

*Pro Se Plaintiff*

**Dated:** April 3, 2025

820 Grove Ave, Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

---

**NOTICE OF SUBMISSION**

PLEASE TAKE NOTICE that PLAINTIFF'S **Memorandum in Opposition to Defendant T-Mobile USA Inc.'s Motion to Compel Arbitration (Rec. Doc. 56)** and supporting **Exhibit A – Affidavit of Non-Consent to Arbitration** will be submitted to the Court for consideration on the regularly noticed submission date of **April 16, 2025**, or as soon thereafter as counsel may be heard.

**Respectfully submitted,**

*Hiran Rodriguez*

/s/ Hiran Rodriguez

**HIRAN RODRIGUEZ,** *Sui Juris*

*Pro Se Plaintiff*

**Dated:** April 3, 2025