UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HIRAN RODRIGUEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 25-197 |
| META PLATFORMS, INC., ET AL. | * | SECTION "A" (2) |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), including statutory frivolousness review under 28 U.S.C. § 1915. ECF No. 102. Upon review of the record, I have determined that this matter can be resolved without an evidentiary hearing.

I.     **BACKGROUND**

On January 29, 2025, Plaintiff Hiran Rodriguez filed his Complaint against twenty-seven defendants. ECF No. 1.[1] He asserts the following claims against all defendants: defamation, intentional inflection of emotional distress, fraud, negligence, breach of duty of good faith and fair dealing, tortious interference with contractual relations and prospective economic advantage, interstate stalking, civil rights conspiracy, abuse of power, and violations of the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, Louisiana's privacy and data protection laws, RICO, the Computer Fraud and Abuse Act ("CFAA"), and the Electronic Communications Privacy Act ("ECPA"). *Id.* at 17-21. Plaintiff appears to allege the defendants in general

---

[1] They are Meta Platforms, Inc., Apple, Inc., T-Mobile USA Inc, AT&T Enterprises, LLC, X Corp., Kansas City Southern Railway Company, LCMC Healthcare Partners, LLC, Third District Volunteer Fire Department, Gray Local Media, Inc, Associated Press, Jefferson Parish, Jefferson Parish Sheriff's Office, Sheriff Joseph P. Lopinto, III, Andres Fuentes, Gloria Pazmino, Haleluya Hadero, Susanne Rust, Ryan McCafferty, Paul McInnes, Jonathan Liew, James Ochoa, Demicia Inman, Jamie Spangher, Maya Gebeily, Versha Sharma, Elon Musk, and Mark Elliot Zuckerberg. ECF No. 1 at 3-16.

1

unlawfully accessed his personal electronic devices and iCloud and Facebook accounts and then monitored his private communications and data in a coordinated effort to harass and defame him. *See id.* at 18-20; ECF No. 1-1 at 1, 5. Plaintiff attached to his Complaint a letter to Meta Platforms describing a June 2024 "hacking incident" that he described as including an "unauthorized livestream," as well as an email to Apple describing a June 2024 hacking incident done by "unauthorized parties" that accessed his iCloud accounts. ECF No. 1-1 at 1, 5. He also attached letters to AT&T and T-Mobile USA, describing alleged unauthorized access to his home internet network and cell phone. *Id.* at 9-12.

The Court previously granted Plaintiff's *in forma pauperis* application. ECF Nos. 2, 7. Several Defendants have filed Motions to Dismiss or to Compel Arbitration. ECF Nos. 30, 32, 36, 39, 53, 56, 58, 59, 64, 118. Also pending are Plaintiff's more than twenty motions: Motions to Strike (ECF Nos. 44, 75, 81, 82, 83, 84), Motion for Clarification Regarding Submission of Video Evidence (ECF No. 76), Motions to Correct (ECF Nos. 85, 86, 89, 90), Motion to Modify Scheduling Order (ECF No. 99), Motions to Disqualify Counsel and/or Sanctions (ECF Nos. 111, 116, 121), Emergency Petitions for Immediate Judicial Notice (ECF Nos. 114, 115), Motions to Vacate Stay (ECF Nos. 122, 127), Motion/Notice regarding Pending Motions (ECF No. 125), and Motions for Entry of Default (ECF No. 130, 133).

## II.  APPLICABLE LAW

### A.  Statutorily Mandated Review

Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte*

---

[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3] This statutory review mandate applies to non-prisoner *in forma pauperis* cases equally to prisoner cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[10] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that

---

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[8] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[11]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[12]  Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[13]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[14]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[15]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[16]

### B.  Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from

---

[11] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).
[12] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[13] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[14] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[15] *Id.*
[16] *Id.*

4

which the defendants can fairly appreciate the claim made against them."[17]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[18]  Moreover, when a plaintiff alleges fraud, Rule 9 requires that the fraud claim be pleaded with particularity.  "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"[19]

Even the complaints of *pro se* litigants must satisfy Rules 8 and 9 to convince the court that plaintiff has a colorable claim.[20]

### C.  Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[21]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[22]

A plaintiff must satisfy three elements to establish § 1983 liability:

---

[17] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[19] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted)).

[20] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

[21] 42 U.S.C. § 1983.

[22] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

(1)     deprivation of a right secured by the U.S. Constitution or federal law;
(2)     that occurred under color of state law; and
(3)     was caused by a state actor.[23]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[24] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[25]

However, "[t]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[26] Thus, generally "neither a private company nor a private individual are considered to act under color of law and are not state actors to be held liable under § 1983."[27] The exception to this limitation is that a non-state actor may be considered to have acted under color of law if the person/company "was a 'willful participant in joint activity with the State or its agents.'"[28] Plaintiff must specifically allege "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights."[29]

In asserting a § 1983 claim, the defendant must also be a proper defendant, i.e, one that has the capacity to be sued according to the governing state law[30] and is considered a "person" subject

---

[23] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

[24] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

[25] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[26] *Richard v. Houma Police Dep't*, No. 1912892, 2020 WL 686165, at *2 (E.D. La. Jan. 23, 2020) (alteration in original) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelly v. Kraemer*, 334 U.S. 1, 13 (1948))), *R&R adopted*, 2020 WL 638890 (E.D. La. Feb. 11, 2020).

[27] *Id.* at *2 (citing *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors . . . ."); *Pleasant v. Caraway*, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994)).

[28] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).

[29] *Id.* (citing *Cinel*, 15 F.3d at 1343; *Brinkman v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)).

[30] Rule 17(b)(3) of the Federal Rules of Civil Procedures provides that "capacity to sue or be sued shall be determined . . . by the law of the state in which the district court is held."

to suit under § 1983.[31]  "Under Louisiana law, [for an entity to have capacity], an entity must qualify as a 'juridical person.' This term is defined by the Louisiana Civil Code as 'an entity to which the law attributes personality, such as a corporation or partnership.'"[32]

## III.   ANALYSIS

In general, Plaintiff's Complaint is wholly conclusory and appears factually frivolous as he sets forth essentially no facts to support his legal assertions.  Without any factual basis to suggest any relation or connection, Plaintiff asserts that private individuals and companies, both domestic and international, and local governmental entities acted together to hack his cell phone and internet accounts to monitor his communications and then used that information to harass and defame him. Plaintiff's conclusory assertion of this grand scale conspiracy, with no facts to support same, is "fanciful and delusional."[33]

Even construing his complaint liberally[34] and considering its attachments, Plaintiff fails to state a claim on which relief may be granted.  For all his claims, Plaintiff makes no distinction between the defendants, instead opting to allege the "Defendants," as a group, engaged in the wrongful conduct.[35]  "Mere 'conclusory allegations against defendants as a group' that 'fail to

---

[31] *See, e.g.*, *Strausbaugh v. Terrebone Par. Crim. Just. Complex/Sherrif's Off.*, No. 24-1213, 2025 WL 396684, at *1-2 (E.D. La. Jan. 10, 2025) (considering whether parish jail is a "person" subject to suit under § 1983 and whether it has the capacity to be sued).

[32] *Muller v. St. Tammany Par.*, No. 09-3362, 2010 WL 2464802, at *6 (E.D. La. Apr. 28, 2010) (LA. CIV. CODE art. 24).

[33] *See Carr v. McCallister*, No. 24-2941, 2025 WL 365635, at *1 (E.D. La. Jan. 10, 2025) (finding factually frivolous allegations that Plaintiff was secretly recorded and that the defendant "illegal[ly] access[ed]" those recordings and "leaked" them on social media (citing *Head v. Dist. Ct. No. 182*, No. 19-5004, 2020 WL 880804, 2020 WL 880804, at *2 (S.D. Tex. Feb. 21, 2020) ("Moreover, plaintiff's claims that these entities recorded his activities in jail and in a hospital and made the recordings available to the public only are factually frivolous as fanciful and delusional."))), *R&R adopted*, 2025 WL 358923 (E.D. La. Jan. 31, 2025); *see also Nduka v. Williams*, 410 F. Supp. 3d 719, 720-21 (E.D. Pa. 2019) ("Federal Courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under §1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible (citing cases)).

[34] The Court must liberally construe a *pro se* civil rights complaint.  *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[35] *See* ECF No. 1-1 at 18-21.

allege the personal involvement of any defendant' are insufficient to put Defendants on notice of their alleged wrongdoing."[36]   A complaint that contains "impermissible vague group pleading," even by a *pro se* litigant, must be dismissed.[37]   And even considering the allegations in light of the attached letters/emails to some of the defendants (Meta Platforms, Apple, T-Mobile USA, AT&T Enterprises) regarding the June 2024 "hacking incident,"[38] Plaintiff allegations are speculative as he concedes his claims are based on his own suspicion rather than any facts,[39] and the activities of the unauthorized parties only "suggest[]" that AT&T Enterprises's and T-Mobile USA's networks had been compromised.[40]

### A. Plaintiff Cannot Assert Claims Under Criminal Statutes

Initially, criminal charges cannot be brought by private individuals.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[41]  As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[42]  Nor can a plaintiff compel a criminal investigation by federal law enforcement

---

[36] *Hawkins v. Sanders*, No. 19-13323, 2024 WL 2565394, at *3 (E.D. La. Mar. 17, 2023) (Morgan, J.) (brackets omitted) (quoting *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015)); *see also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is assert to be wrongful, allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss." (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013))).

[37] *Hawkins*, 2024 WL 2565394, at *3, *12 (quoting *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013)) (dismissing *pro se* plaintiffs' claims for being "impermissibly vague").

[38] *See* ECF No. 1-1.

[39] ECF No. 1-1 at 1, 5.

[40] *Id.* at 9, 11.

[41] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[42] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).

agencies by filing a civil complaint.[43]  The Executive Branch has absolute discretion to decide

whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[44]

Some of Plaintiff's asserted claims alleging violations of federal criminal statutes,

conspiracy against rights, deprivations of rights under color of law, and interstate stalking,[45] lack

a private cause of action.[46]  Lacking a private cause of action, these claims must be dismissed as

to all defendants for being legally frivolous.[47]

### B.  Plaintiff Did Not Plead a Nonfrivolous § 1983 Claim

While Plaintiff does not cite to § 1983, his alleged violation of civil rights construed

liberally, could be read to assert that Defendants violated the First, Fourth, Fifth, and Fourteenth

Amendments, actionable under § 1983.  But even a § 1983 claim would be frivolous for numerous

reasons.  First, Jefferson Parish Sheriff's Office is not a proper defendant because Louisiana does

not grant to any parish sheriff's office the status of juridical person; thus, it lacks the capacity to

be sued under § 1983.[48]  While Jefferson Parish and Sheriff Joseph Lopinto are subject to § 1983

---

[43] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

[44] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

[45] 18 U.S.C. §§ 241, 242, 2261A.

[46] *See Tijerino v. GATR Truck Ctr.*, No. 24-947, 2024 WL 4564776, at *2 n.15 (E.D. La. Oct. 23, 2024) (Zainey, J.) (citing *Payne v. Allen*, No. 08-795, 2009 WL 1546362, at *1 n.1, *5 (W.D. La. June 1, 2009) (dismissing claims under 18 U.S.C. § 241 as frivolous because the statute does not provide for a private right of action)); *White v. Statebridge Co.*, No. 22-713, 2023 WL 2472657, at *8 (E.D. Tex. Feb. 6, 2023) ("Federal courts have uniformly found there is no private cause of action under 18 U.S.C. Sections 241, 242." (citing cases)); *Tsibouris v. Colerain Twp.*, No. 22-458, 2022 WL 3716028, at *4 (S.D. Ohio Aug. 29, 2022) ("The federal statute regarding stalking is 18 U.S.C. §2261A, and it does not contain a private right of action." (quoting *Murray v. Williams*, No. 15-284, 2016 WL 1122050, at *10 (E.D. Tenn. Mar. 22, 2016); and citing *Hopson v. Commonwealth Att'y's Off.*, No. 12-744, 2013 WL 1411234, at *3 (W.D. Ky. Apr. 8, 2013))).

[47] *Tjerino*, 2024 WL 4564776, at *2 n.15 ("Claims based on statutes without a private cause of action are commonly dismissed as frivolous by courts in the Fifth Circuit." (citing *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015); *Randle v. PNC Fin. Serv. Grp.*, No. 23-263, 2024 WL 646363, at *7 (N. D. Tex. Feb. 12, 2024) ; *Payne*, 2009 WL 1546362, at *1 n.1, *5)).

[48] *See Strausbaugh*, 2025 WL 396684, at *2 (citing *Liberty Mut. Ins. Co. v. Grant Par. Sherriff's Dep't*, 350 So. 2d 236, 238-39 (La. App. 3d Cir. 1977), *writ refused*, 362 So. 2d 235 (La. 1977); *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . .")).

suits as state actors[49] (and assuming without deciding, that the Third District Volunteer Fire Department is as well[50]),  Plaintiff's claims fail.  An individual defendant can only be liable under § 1983 if "personally involved in the acts causing the deprivation of [the claimant's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[51]  Without an allegation of personal involvement, a supervisory official, like Sheriff Lopinto, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[52]  A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983,[53] which Plaintiff has not done due to a lack of factual allegations.  As to a governmental body, like Jefferson Parish or the Third District Volunteer Fire Department, "it can be liable only 'when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is

---

[49] *See Muller*, 2010 WL 2464802, at *10 ("Both the Parish and the Board, as [] local governing bodies, are each a 'person' within the meaning of § 1983 and therefore are subject to suit under that provision." (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)); *Williams v. St. Charles Par. Sheriff Off.*, No. 10-879, 2010 WL 4703410, at *3 (E.D. La. May 26, 2010) ("Plaintiff has named suable persons as defendants, include the St. Charles Parish Sheriff . . . .").

[50] In *Yeagar v. City of McGregor*, the Fifth Circuit held that a volunteer fire department in Texas was not a state actor under § 1983.  980 F.2d 337, 343 (5th Cir. 1993).  Whether a volunteer fire department is a state actor "requires a 'fact-specific review' of the 'history, tradition and local law surround volunteer fire departments.'" *Maurer v. Town of Independence*, No. 13-5450, 2015 WL 893457, at *7 (E.D. La. Mar. 2, 2015) (Vance, J.) (quoting *Yeagar*, 980 F.2d at 339).  The Court "cannot make this sort of fact-specific determination" at this stage, thus it will assume Third District Volunteer Fire Department is a state actor.  *See id.* (choosing not to dismiss § 1983 claim on ground that volunteer fire department was not a state actor because the court could not make that determination at the "motion to dismiss stage").

[51] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

[52] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[53] *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

responsible.'"[54]  Because Plaintiff has not identified a "policy, practice, or custom which caused the damages he asserts," his claims of constitutional violations fail.[55]

Plaintiff has not specifically alleged an agreement between any of the twenty-three private defendants and any state actor as necessary to characterize the private defendants as state actors. Thus, construing Plaintiff's complaint as attempting to assert a § 1983 claim, it is still frivolous and fails to state a claim upon which relief can be granted as to all defendants.

## C.  Plaintiff Fails to State a RICO or Fraud Claim

Although the Racketeer Influenced and Corrupt Organization Act ("RICO") recognizes a civil RICO claim,[56] and Plaintiff cites to RICO, he fails to identify which of the four substantive violations he asserts.  *See* 18 U.S.C. § 1962(a)-(d).  The elements required to state a claim vary according to the particular RICO claim asserted.[57]  Regardless of which of the four RICO sections Plaintiff relies upon, three threshold elements must be met.[58]  The defendant must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[59]  A pattern of racketeering activity consists of two or more predicate acts, federal or state, that are (1) related and (2) amount to or pose a threat of continued criminal activity.[60]

A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise,"[61] and "plaintiff must plead the specified facts as to each defendant. It

---

[54] *Muller*, 2010 WL 2464802, at *10 (quoting *Monell*, 436 U.S. at 694).
[55] *Id.*
[56] 18 U.S.C. § 1964(c).
[57] *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).
[58] *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).
[59] *Id.*; see also *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted).
[60] *St. Germain*, 556 F.3d at 263.
[61] *Crosswell*, 120 F.4th at 184 (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).

cannot . . . 'lump[ ] together the defendants.'"[62]  Plaintiff's Complaint includes conclusory allegations of "defamation, unauthorized access, and systematic harassment,"[63] but those activities do no not constitute "racketeering activity" as defined in the RICO statute.[64]  Further, he does not allege any specific facts, dates, names, communications or events to support his conclusory allegations of criminal activity, nor does he explain how these acts constitute "racketeering" activity or are related to a continued threat of criminal activity.  Plaintiff's broad use of the term "RICO" is insufficient to state a claim.  Likewise, the Complaint fails to allege fraud with the particularity required by Rule 9(b).  A pleading satisfies "particularity" when it alleges the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[65]

### D.  Plaintiff Fails to State a Claim Under the CFAA and the ECPA

Although the CFAA provides for both criminal and civil actions,[66]  the scope of a civil action "has always been limited:"[67]

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. *A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).*  Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages.[68]

---

[62] *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (quoting *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002))).

[63] ECF No. 1 at 19 ("Violations under RICO").

[64] 18 U.S.C. § 1961(1).

[65] *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citation omitted).

[66] 18 U.S.C. § 1030(g); *Becnel v. Folse*, No. 20-266, 2021 WL 8973151, at *6 (M.D. La. Nov. 15, 2021), *R&R adopted*, 2022 WL 2351919 (June 29, 2022).

[67] *Hancock v. Cnty. of Rensselaer*, 882 F.2d 58, 63 (2d Cir. 2018).

[68] § 1030(g) (emphasis added); *see Hancock*, 882 F.2d at 63.

Plaintiff's allegations can be read to suggest claims under subclauses (I) and (III) of subsection (c)(4)(A)(i) (i.e., loss of over $5,000 during a one-year period or physical injury).[69]  But a "loss" as defined by the CFAA is only recoverable when it results from an interruption of service, impairment or unavailability of data, or an unavailability of systems.[70]  Thus, even assuming Plaintiff had alleged factual support for his conclusory assertion that any of the defendants violated the CFAA by accessing his cellphone, he fails to state a § 1030(g) claim because he alleges no physical injury,  nor any monetary loss of at least a $5,000 loss *as a result of* interruption of service, impairment or unavailability of data, or an unavailability of systems.

Plaintiff also cites the ECPA, which authorizes a private cause of action pursuant to 18 U.S.C. § 2520 for violations of § 2511.[71]  Section 2511(1)(a) states that "any person who . . . intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be punished as provided [in proceeding sections]."[72]  "'[I]ntercept' means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."[73]  "In order for electronic communications to be intercepted, acquisition must occur contemporaneously with transmission – i.e., acquisition must occur during 'flight.'"[74]

---

[69] ECF No. 1 at 18.

[70] *Meyers v. Siddons-Martin Emergency Grp. LLC*, No. 16-1197, 2016 WL 5337957, at *3 (E.D. La. Sept. 23, 2016) (Lemmon, J.) (citing *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562-63 (2d Cir. 2006)).

[71] *Beasley v. Greenlee*, No. 22-532, 2024 WL 3851382, at *9 (N.D. Tex. July 25, 2024) (quoting *DIRECTV, Inc. v. Bennet*, 470 F.3d 565, 569 (5th Cir. 2006)).

[72] *Id.* (quoting 18 U.S.C. § 2511(1)(a)) (brackets in original).

[73] 18 U.S.C. § 2510(4).

[74] *Beasley*, 2024 WL 3851382, at *9 (quoting *Steve Jackson Games, Inc. v. U.S. Secret Serv.*, 36 F.3d 457, 461-62 (5th Cir. 1994); and citing *Quantum Fitness Corp. v. Cybex Int'l Inc.*, No. 14-763, 2016 WL 6909284, at *4 (S.D. Tex. Feb. 10, 2016) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1535 (5th Cir. 1994) ("[I]n the Fifth Circuit, interception must occur contemporaneously with transmission."))).

Plaintiff fails to state a § 2511 claim upon which relief can be granted because he lacks a factual basis that any of the defendants intentionally intercepted, endeavored to intercept, or procured another to intercept or endeavor to intercept his "electronic communications";[75] indeed, all he knows is that "unauthorized parties" accessed his cellphone and internet accounts in June 2024.[76]  Further, even if defendants were the unauthorized parties, Plaintiff does not allege what communication were intercepted, that they were intercepted within transmission , or what "device" defendants used.[77]

### E.  Plaintiff's Miscellaneous Tort Claims

Plaintiff also asserts claims of defamation, intentional infliction of emotional distress, negligence breach of duty of good faith and fair dealing, tortious interference with contractual relations and prospective economic advantage, and "Violation of Louisiana State Privacy and Data Protection Laws."[78]  All of these claims, however,  simply cite the legal standards for these claims and are essentially merely "unadorned, the defendant-unlawfully-harmed-me" accusations without any factual bases to support the claims.[79]  Naked assertions of claims are not sufficient to meet the

---

[75] ECF No. 1 at 18.
[76] ECF No. 1-1 at 5.
[77] *See Beasley*, 2024 WL 3851382, at *9 (dismissing § 2520 claims because plaintiff failed to sufficiently alleged e-mails were "acquired during flight [] contemporaneously with transmission" and what device defendant used to intercept his emails).
[78] ECF No. 1 at 19-21.
[79] *Iqbal*, 556 U.S. at 678.

federal pleading standard and certainly does not move the claims from possibility to "plausibility of 'entitle[ment] to relief."[80]

### F. Availability of Amendment

Generally, the court should allow plaintiff an opportunity to amend before dismissing an action for failure to state a claim.[81]  As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[82]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[83]  When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[84]

Plaintiff has not previously amended his complaint, and Plaintiff will be allowed an opportunity to amend to plead facts necessary to support any claim that he may validly state. Plaintiff should be allowed to file an amended complaint within 14 days, if he chooses to do so, to

---

[80] *Twombly*, 550 U.S. at 557 (quoting *Dm Rsch., Inc. v. Coll. of Am. Pathogists*, 170 F.3d 53, 56 (1st Cir. 1999) ("[T]erms like 'conspiracy,' or even 'agreement,' are borderline: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such term as sufficient basis for a complaint.")).

[81] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . .leave to amend a pleading").

[82] *Neitzke*, 490 U.S. at 329-30.

[83] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted))).

[84] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

set forth the necessary facts to support his asserted claims.[85]  Failure to file an Amended Complaint that properly sets forth the necessary facts to support each required element of an asserted claim within that time should result in dismissal of that claim.

## IV.    **RECOMMENDATION**

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Hiran Rodriguez's claims against Meta Platforms, Inc., Apple, Inc., T-Mobile USA Inc, AT&T Enterprises, LLC, X Corp., Kansas City Southern Railway Company, LCMC Healthcare Partners, LLC, Third District Volunteer Fire Department, Gray Local Media, Inc, Associated Press, Jefferson Parish, Jefferson Parish Sheriff's Office, Sheriff Joseph P. Lopinto, III, Andres Fuentes, Gloria Pazmino, Haleluya Hadero, Susanne Rust, Ryan McCafferty, Paul McInnes, Jonathan Liew, James Ochoa, Demicia Inman, Jamie Spangher, Maya Gebeily, Versha Sharma, Elon Musk, and Mark Elliot Zuckerberg be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and otherwise for failure to state a claim for which relief can be granted, but with the right to file an amended complaint within fourteen days.

**IT IS FURTHER RECOMMENDED** that the pending motions[86] be DISMISSED AS MOOT.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[85] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).  Plaintiff is reminded of Federal Rule 8(a)(2)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."   Conclusory allegations or lengthy factual assertions that do not provide any basis for relief are counterproductive.
[86] ECF Nos. 30, 32, 36, 39, 44, 53, 56, 58, 59, 64, 73, 75, 76, 81, 82, 83, 84, 85, 86, 89, 90, 94, 99, 111, 114, 115, 116, 118, 121, 122, 125, 127, 130, 133.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[87]

New Orleans, Louisiana, this ___9th___ day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[87] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.