# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HIRAN RODRIGUEZ** | § | **CIVIL ACTION** |
| | § | **NO. 2:25-CV-00197** |
| *PLAINTIFF* | | |
| | § | **JUDGE JAY C. ZAINEY** |
| VS. | | **SECTION A** |
| | § | |
| **META PLATFORMS, INC.,** *ET AL* | | **MAGISTRATE JUDGE** |
| | § | **DONNA PHILLIPS CURRAULT** |
| *DEFENDANTS* | § | **DIVISION 2** |
| | § | |
| | § | **JURY TRIAL REQUESTED** |
| | § | |
| | § | |
| | § | |

## PETITION TO OBJECT TO REPORT AND RECOMMENDATION

PETITION TO OBJECT TO REPORT AND RECOMMENDATION

(Constitutional Objection under the First, Fifth, and Ninth Amendments)

---

TABLE OF CONTENTS AND AUTHORITIES

INTRODUCTION

1. Purpose and Scope

2. Timeline of Harm

3. Constitutional Conflict Raised

JURISDICTIONAL STANDING ASSERTED

1. Article III Section 2

2. Civil Rights Act of 1866

3. Right to Petition Grievance

JURISDICTIONAL CHALLENGE

1. Unlawful Application of 28 U.S.C. § 1915

2. Improper Reliance on Codified Law

3. Denial of Inherent Rights

BODY AND HISTORICAL CONTEXT

1. Origins of Judicial Power

2. Administrative Deviation from Constitutional Mandate

3. Misuse of U.S. Code and Rules of Procedure

FACTS AND CONCLUSIONS OF LAW

1. Violation of Due Process

2. Mischaracterization of Legal Basis

3. Injury Traceable to Named DEFENDANTS

STATEMENT OF CLAIM

1. Preservation of Claim for Trial

2. Invocation of Proper Legislative Authority

3. Claim Arising Under Constitution and Treaties

CONDITIONAL FINALIZATION

1. Retained Rights Affirmed

2. No Waiver of Common Law Standing

3. Immunity from Code-Based Injunctions

4. Denial of Color-of-Law Dismissal

5. Challenge to Judicial Capacity to Deny

6. Right to Proceed Uninhibited

7. Refusal to Submit to Void Orders

8. Full Legal Standing Affirmed

TABLE OF AUTHORITIES

CASES

1. Marbury v. Madison, 5 U.S. 137 (1803)

2. Ex parte Milligan, 71 U.S. 2 (1866)

3. Yick Wo v. Hopkins, 118 U.S. 356 (1886)

4. Hale v. Henkel, 201 U.S. 43 (1906)

5. Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964)

6. Miranda v. Arizona, 384 U.S. 436 (1966)

7. United States v. Minker, 350 U.S. 179 (1956)

8. Ashwander v. TVA, 297 U.S. 288 (1936)

9. Crandall v. Nevada, 73 U.S. 35 (1867)

10. Barron v. Baltimore, 32 U.S. 243 (1833)

11. Boyd v. United States, 116 U.S. 616 (1886)

12. United States v. Tweel, 550 F.2d 297 (5th Cir. 1977)

13. Gulf, C. & S.F.R. Co. v. Ellis, 165 U.S. 150 (1897)

14. Cohens v. Virginia, 19 U.S. 264 (1821)

15. Roe v. Wade, 410 U.S. 113 (1973)

CONSTITUTIONAL AMENDMENTS

• First Amendment

• Fifth Amendment

• Ninth Amendment

STATUTES AT LARGE

• Civil Rights Act of 1866 (14 Stat. 27)

• Judiciary Act of 1789

• Federal Reserve Act of 1913 (38 Stat. 251)

INTRODUCTION

PETITIONER, a sovereign AMERICAN INDIVIDUAL and natural PERSON, respectfully enters this PETITION TO OBJECT under universal and constitutional law. This PETITION is made in good faith and under penalty of perjury. The Report and Recommendation issued on April 9, 2025, by U.S. MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT unlawfully seeks dismissal of PETITIONER'S complaint under unauthorized administrative procedures and fraudulent codes not lawfully enacted by Congress.

PETITIONER has standing, as recognized under Article III, Section 2, and under the First and Ninth Amendments to the Constitution for the United States of America. The PETITIONER does not consent to the jurisdiction of a MAGISTRATE operating under color of procedural law or administrative rule. All rights are reserved, including but not limited to full redress, trial by jury, and protection of self, family, and property.

No man or woman may be deprived of due process of law by procedural formality, misapplied dismissal standard, or administrative assumption of fact. The Report's conclusions are void, as no injury, party, or evidence was properly evaluated under CONSTITUTIONAL STANDARD.

JURISDICTIONAL SECTION

This COURT is bound by the original jurisdiction delegated under Article III, which cannot be expanded by administrative rule. All power derives from the PEOPLE. Jurisdiction cannot attach to a matter when:

• The code cited (28 U.S.C. § 1915) is not an Act of Congress, but merely a codified summary without full force of law.

• The Recommendation invokes procedural policy rather than constitutional due process.

• No valid act of Congress was cited in the Ruling.

---

JURISDICTIONAL CHALLENGE

PETITIONER hereby challenges:

1. The authority of this COURT to apply 28 U.S.C. § 1915(e)(2) as valid law.

2. The MAGISTRATE's reliance on administrative summary powers to issue pre-trial dispositive orders.

3. The classification of PETITIONER'S claims as "frivolous" without hearing or full evidentiary review.

No MAGISTRATE may override the rights of a living American without express and personal jurisdiction over the PETITIONER — which does not exist in this matter.

BODY AND HISTORICAL CONTEXT

The role of MAGISTRATES was never intended to override Article III courts or diminish the RIGHT TO PETITION. All authority must trace to Acts of Congress and cannot be sourced from compilations such as the United States Code, which has been repeatedly disclaimed by its own publisher (Office of Law Revision Counsel) as not positive law.

FACTS AND CONCLUSIONS OF LAW

1. No injury by DEFENDANTS has been evaluated under oath.

2. PETITIONER never waived the RIGHT to jury trial or to judicial review before dismissal.

3. The Report fails to assert constitutional standing of DEFENDANTS or grounds for immunity.

STATEMENT OF CLAIM

PETITIONER demands recognition of standing under:

• Civil Rights Act of 1866

• First and Fifth Amendments

• Full faith in legislative enactment requirement under Article I

PETITIONER claims a redressable injury from unlawful digital trespass, privacy violation, and suppression of constitutional speech — none of which were addressed by the Report.

CONDITIONAL FINALIZATION

1. PETITIONER does not consent to dismissal of ANY claim.

2. No jurisdiction is granted by silence or administrative order.

3. No code or rule may override constitutionally retained rights.

4. All objections are entered in full.

5. No state actor may ignore federal duty to preserve life, liberty, or property.

6. PETITIONER reserves the right to jury trial under the Seventh Amendment.

7. Any final order based on the Report shall be considered VOID.

8. This PETITION stands as a NOTICE OF CONSTITUTIONAL OBJECTION.

---

CERTIFICATION / VERIFICATION / VALIDATION


I, HIRAN RODRIGUEZ, the undersigned PETITIONER, hereby swear and affirm under penalty of perjury, under the laws of the United States of America and UNIVERSAL LAW, that the foregoing facts are true and correct to the best of My firsthand knowledge, and that this PETITION is submitted in good faith, by right, and with full standing.


SO HELP ME GOD ON THIS DAY APRIL 10, 2025, AS IS HEREBY SO ATTESTED!


*Hiran Rodriguez*

Hiran Rodriguez


*Sui Juris*, All Rights Reserved

**eFile-ProSe**

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Thursday, April 10, 2025 12:00 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |
| **Attachments:** | PETITION TO OBJECT TO REPORT AND RECOMMENDATION.pdf |

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Thursday, April 10, 2025 - 12:00.

The information for this submission is:

**Filer's Name:** Hiran Rodriguez

**Filer's Email:** hiranrodriguez@outlook.com

**Filer's Mailing Address:** 820 Grove Ave, Metairie, LA, 70003-7024

**Filer's Phone Number:** 504-203-8459

**Filer's Case Number (If Known):** 2:25-CV-00197

**Filer's Case Name (If Known):** Rodriguez v. Meta Platforms, Inc., et al

**Submitted Document Description:** PETITION TO OBJECT TO REPORT AND RECOMMENDATION