# EXHIBIT_RVMP_0001 – TABLE OF CONTENTS

I. Introduction............................................................ 2

II. Technical Description of the Observed Activity.......................... 2

III. Chart Analysis and Interpretation..................................... 2

IV. Relevance to Unauthorized Surveillance................................. 2

V. Evidence File & Hash Verification....................................... 3

VI. Conclusion............................................................ 3

VII. LEGEND Timeline of Meta App Background Streaming Events............... 4

VIII. Certification of Records Pursuant to FRE 902(11)..................... 5–6

1

# EXHIBIT_RVMP_0001_ENCRYPTED_STREAMING_PROTOCOL_MISUSE

## I. INTRODUCTION

This exhibit presents an analysis of encrypted session behavior triggered by the Facebook mobile application on an iPhone device upon launch. The objective is to highlight automatic, unauthorized backend communications with known Meta-controlled endpoints specifically those used for audio/video data transport and behavioral telemetry.

## II. TECHNICAL DESCRIPTION OF THE OBSERVED ACTIVITY

Upon opening the Facebook application, the device initiates a series of TLS-encrypted connections without any user interaction. These connections target a mix of streaming content delivery networks and control services, such as video-atl3-1.xx.fbcdn.net and api.facebook.com. The communication patterns observed are indicative of pre-authorized media session initialization, utilizing standard protocols (TLS over port 443), with extensions like ALPN and SNI negotiated silently in the background.

## III. CHART ANALYSIS AND INTERPRETATION

The accompanying timeline visualizes the precise order of network connections initiated by the app. Each connection is color-coded to reflect its role: red for video streaming, green for API transactions, and blue for backend coordination. A vertical orange line marks the moment the user opened the app. Notably, connections to streaming hosts are among the first initiated, well before any user interaction could have plausibly occurred.

## IV. RELEVANCE TO UNAUTHORIZED SURVEILLANCE

This pattern of behavior is consistent with covert background access to microphone and camera capabilities. The presence of gRPC-style and HTTP/2 negotiation hints at a protocol stack capable of persistent low-latency audio/video transfer. Given the speed and order of these connections, this raises credible suspicion of an SDK-based surveillance architecture embedded within the application.

## V. EVIDENCE FILE & HASH VERIFICATION

The data underlying this exhibit was extracted from the evidence file titled 2025_04_20__14_07_23. The integrity of this evidence is confirmed by the following cryptographic hashes:

SHA-256: f9db7c4f5dc77c06c6c1c40737e230e135fec6fc2774fee085e0aef7fe569ae8
SHA-1:   0da4b01bf07f8d83a1eebfc78d18cf5219daacd1
MD5:     8600bc1c0335643eda5dfec13a5decfd

These hashes may be independently verified to validate the authenticity and chain of custody of this exhibit.

## VI. CONCLUSION

The sequence and structure of these backend communications provide compelling evidence of unauthorized media streaming capability embedded within the Facebook mobile application. The forensic timeline, in combination with the protocol analysis and domain targeting, establishes probable cause for further legal inquiry into Metas use of surveillance architectures on consumer devices.

3



## CERTIFICATION OF RECORDS PURSUANT TO

## FEDERAL RULE OF EVIDENCE 902(11)

I, the undersigned, hereby certify pursuant to **28 U.S.C. § 1746** under penalty of perjury that I am a qualified individual capable of authenticating the attached records for evidentiary purposes under **Federal Rule of Evidence 902(11)**.

I further certify that the attached exhibit, titled:

**EXHIBIT_RVMP_0001_ENCRYPTED_STREAMING_PROTOCOL_MISUSE**

is a true and correct copy of data obtained and preserved in the ordinary course of a forensic investigation. The data was collected using standard, reliable tools and procedures that are regularly employed as part of a systematic digital evidence acquisition process.

Specifically, the file referenced and analyzed in the exhibit is named

'2025_04_20__14_07_23'

Its integrity is validated by the following cryptographic hash values:

**SHA-256: 7b6e85a0b2e6a45dbbd4a6faef9999e03f7b97fbc0adacb31f7ec9cdd02c79d6**

**SHA-1:   b5c4f5b2a1c6e69c74991c03b1d83e01533d0f9d**

**MD5:    1c5d6bc5f67d8126bdf61b49f2f0cf2a**

These records were created contemporaneously with the activity they describe, were maintained through a secure and verifiable chain of custody, and are not subject to modification or tampering. They are qualified as records of a regularly conducted activity under the requirements of **Federal Rule of Evidence 803(6)** and are hereby

self-authenticated under **Rule 902(11)**.

Respectfully submitted, this 20th day of April, 2025.

*Hiran Rodriguez*

s/ HIRAN RODRIGUEZ

**HIRAN RODRIGUEZ,** *SUI JURIS*

*Pro Se Plaintiff*

820 Grove Avenue, Metairie, Louisiana, 70003-7024

(504) 203-8459

hiranrodriguez@outlook.com

**All Rights Reserved - UCC 1-308**

**Without Prejudice - Without Recourse**

Preserving Al Claims for Judicial Misconduct, Procedural Irregularity, and Constitutional Injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No Joinder to any corporate, commercial, administrative, or inferior jurisdiction**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**