

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Apr 25 2025

CAROL L. MICHEL
CLERK

cf                              EDSS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**HIRAN RODRIGUEZ,**                              CIVIL ACTION NO. 2:25-cv-00197

PLAINTIFF                                         SECTION A

                                                 JUDGE JAY C. ZAINEY

V.

                                                 DIVISION 2

**META PLATFORMS, INC.,** *ET AL.*               MAGISTRATE JUDGE

DEFENDANTS                                       DONNA PHILLIPS CURRAULT


                                                 JURY TRIAL REQUESTED


## PLAINTIFF'S FORENSIC RE-SUBMISSION OF REC. DOC. 80 UNDER FRE

## 902(11), FRE 1006, AND RULE 59(e)/60(d)

**NOTICE OF UNAUTHORIZED ALTERATION TO CRITICAL COLOR EXHIBITS**

**AND DEMAND FOR JUDICIAL NOTICE AND CORRECTIVE PROCESS**

TO THE HONORABLE COURT:

NOW INTO COURT COMES Plaintiff, Hiran Rodriguez, who respectfully files this Forensic Re-Submission of Rec. Doc. 80, originally submitted on March 15, 2025, in opposition to Kansas City Southern Railway Company's Motion to Dismiss, and who shows the Court the following:

---

## I. FORENSIC RE-SUBMISSION OF ORIGINAL RECORD

1. Plaintiff attaches and incorporates herein by reference the original, full-color digital version of Rec. Doc. 80, served to all counsel of record on March 15, 2025, via electronic mail. This version contains:

   o Full-color forensic screenshots,

   o Digital surveillance evidence,

   o Photograph metadata,

   o Supporting materials submitted in reliance on Federal Rules of Evidence 902(11) and 1006.

2. The attached copy is the authentic, unaltered version as retained in Plaintiff's secure archive and as previously circulated to all parties.

---

## II. NOTICE OF UNAUTHORIZED ALTERATION AND RECORD TAMPERING

3. Plaintiff has observed that the version of Rec. Doc. 80 currently reflected on the Court's docket has been materially altered, specifically:

   o Color exhibits have been reduced to grayscale, significantly impairing their probative value;

   o Key digital evidentiary context has been visually compromised without Plaintiff's consent;

   o No docket entry or notice discloses or justifies these material modifications.

4. Such unauthorized alteration constitutes a violation of Plaintiff's Due Process rights, a breach of evidentiary integrity, and potentially implicates Rule 60(d)(3) (fraud on the court).

---

## III. LEGAL BASIS FOR RE-SUBMISSION AND RELIEF

5. This motion is brought under:

   o FRE 902(11) (self-authentication of records with certification),

   o FRE 1006 (summaries of voluminous materials),

- o   Rule 59(e) (motion to alter/amend judgment),

- o   Rule 60(b)(1), (3), and (d)(3) (relief from judgment for mistake, misconduct, or fraud on the court),

- o   And for preservation of appellate rights under the First Amendment and Due Process Clause of the United States Constitution.

---

## IV. DEMAND FOR CORRECTIVE RELIEF

6.  Plaintiff respectfully demands the following:

    a. That the Court take judicial notice of the discrepancies between the originally filed and currently docketed versions of Rec. Doc. 80;

    b. That the Clerk be ordered to restore or append the original color filing attached herein as part of the official docket;

    c. That the Court investigate or refer for review any systemic alteration, suppression, or obstruction of filed materials;

    d. That this motion be preserved as part of the official record for appellate and investigatory purposes.

---

Respectfully submitted,

*Hiran Rodriguez*

**/s/ HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**

*Pro Se Plaintiff*

820 Grove Ave

Metairie, LA 70003-7024

hiranrodriguez@outlook.com

(504) 203-8459

**Dated:** April 25, 2025


**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving All Claims for Judicial Misconduct, Procedural Irregularity, and Constitutional Injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.


**No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2025, I electronically submitted the foregoing PLAINTIFF'S FORENSIC RE-SUBMISSION OF REC. DOC. 80 UNDER FRE 902(11), FRE 1006, AND RULE 59(e)/60(d) to the Clerk of Court for the United States District Court, Eastern District of Louisiana, using the Electronic Document Submission System (EDSS). Pursuant to court procedure, notice of this filing will be transmitted to all registered counsel of record via the Court's Case Management/Electronic Filing (CM/ECF) System (CFM).

Additionally, a true and correct copy of this filing was served via electronic mail to the following counsel of record listed in the current docket:

barcuri@fralawfirm.com,

lcarlisle@bakerdonelson.com,

scefolia@bakerdonelson.com,

colin.cisco@jeffparish.net,

hailey.cummiskey@arlaw.com,

philip.giorlando@bswllp.com,

katherine@snw.law,

ekesler@bakerdonelson.com,

ckrake@courington-law.com,

eve.masinter@bswllp.com,

vmatherne@courington-law.com,

lmince@fishmanhaygood.com,

suzy@snw.law,

jnieset@phjlaw.com,

lrodrigue@fralawfirm.com,

lindsaysamuel@dwt.com,

lrichard@irwinllc.com,

scott@snw.law,

qurquhart@irwinllc.com,

roland.vandenweghe@arlaw.com

**/s/ HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**

*Pro Se Plaintiff*

820 Grove Ave

Metairie, LA 70003-7024

hiranrodriguez@outlook.com

(504) 203-8459

**Dated:** April 25, 2025

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving All Claims for Judicial Misconduct, Procedural Irregularity, and Constitutional Injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

|  |  |  |
|---|---|---|
| HIRAN RODRIGUEZ | ) | CIVIL ACTION NO. 25-197 |
| _____ | ) |  |
| *Plaintiff(s)* |  | SECTION: "A" (2) |
|  |  | JUDGE JAY C. ZAINEY |
| *v.* | ) | MAG. JUDGE DONNA PHILLIPS CURRAULT |
|  | ) |  |
| META PLATFORMS, INC., ET AL, |  |  |
| _____ | ) |  |
| *Defendant(s)* |  |  |
|  | ) |  |

**PLAINTIFF'S OPPOSITION TO DEFENDANT KANSAS CITY SOUTHERN**

**RAILWAY COMPANY'S MOTION TO DISMISS**

NOW COMES **Plaintiff, Hiran Rodriguez**, appearing *pro se*, and respectfully submits this **Opposition to Defendant Kansas City Southern Railway Company's ("KCSR") Motion to Dismiss** pursuant to **Federal Rule of Civil Procedure 12(b)(6)**.

For the reasons set forth below, **Plaintiff asserts that Defendant's motion should be denied in its entirety.**

## I . INTRODUCTION

Plaintiff filed this action alleging various **federal and state law violations**, including **constitutional infringements**, against multiple Defendants, including **KCSR**. Defendant KCSR now moves to dismiss Plaintiff's claims, arguing that:

**1. The Complaint lacks specific factual allegations against KCSR;**

**2. KCSR is not a government actor and therefore cannot be held liable for constitutional violations; and**

**3. Plaintiff's claims are frivolous.**

These arguments **misrepresent the allegations in the Complaint** and **fail to acknowledge the valid legal basis for Plaintiff's claims**. As demonstrated below, **Plaintiff's allegations**

sufficiently state a claim upon which relief can be granted, warranting denial of Defendant's motion.

## II. FACTUAL ALLEGATIONS AGAINST KCSR

Contrary to Defendant's assertions, **the Complaint sufficiently pleads facts implicating KCSR**. Specifically, Plaintiff alleges that:

**1. KCSR engaged in coordinated actions contributing to Plaintiff's injuries;**

**2. KCSR, through its agents and employees, participated in harassment, including excessive train horn use and surveillance activities; and**

**3. KCSR had knowledge of and actively participated in a broader scheme with other Defendants to deprive Plaintiff of his legal rights.**

At the **motion to dismiss stage**, all factual allegations **must be accepted as true,** and all **reasonable inferences must be drawn in Plaintiff's favor**. **Plaintiff's allegations satisfy this standard.**

## III. LEGAL STANDARD

A motion to dismiss under **Federal Rule of Civil Procedure 12(b)(6)** challenges the **sufficiency of a complaint**. To survive dismissal, a complaint must state a claim that is "**plausible on its face**." *Ashcroft v. Iqbal*, **556 U.S. 662, 678 (2009)**. A court must **accept all factual allegations in the complaint as true and construe them in the plaintiff's favor**. *Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 555 (2007).**

Dismissal is **improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."** *Conley v. Gibson,* **355 U.S. 41, 45-46 (1957).**

## IV. ARGUMENT

### A. The Complaint States a Valid Claim Against KCSR

Plaintiff's allegations are **specific and provide KCSR with adequate notice of the claims.** Defendant's argument that the Complaint **lacks factual allegations** is **incorrect**, as **Plaintiff has detailed KCSR's involvement in acts of harassment and other unlawful conduct.**

## B. KCSR May Be Held Liable for Constitutional Violations Under the Joint Action Doctrine

KCSR contends that it is a **private entity** and thus **not subject to constitutional claims**. However, private parties **can be liable under 42 U.S.C. § 1983** if they **conspire or act in concert with state actors to violate constitutional rights**. *Lugar v. Edmondson Oil Co*., **457 U.S. 922, 937 (1982)**.

**Plaintiff has alleged sufficient facts to suggest that KCSR engaged in joint action with government officials, making dismissal inappropriate at this stage.**

## C. Plaintiff's Claims Are Not Frivolous

Defendant **characterizes Plaintiff's claims as "frivolous" but fails to provide substantive support for this assertion**.

The Complaint presents **legally cognizable claims backed by factual allegations, which must be accepted as true at this stage.**

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **deny Defendant KCSR's Motion to Dismiss in its entirety** and **permit this case to proceed to discovery.**

In the alternative, should the Court find any deficiencies in the pleadings, Plaintiff **requests leave to amend the Complaint** in the interests of justice.

Furthermore, **Plaintiff has filed a separate Motion for a Temporary Restraining Order (TRO)**, which details the **ongoing nature of the alleged misconduct and the imminent harm Plaintiff continues to face**. Given the **serious and escalating nature of this harassment**, the **claims against KCSR should not be dismissed prior to discovery**.

## CERTIFICATE OF SERVICE

I, **Hiran Rodriguez**, hereby certify that a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant Kansas City Southern Railway Company's Motion to Dismiss**, along with all referenced exhibits, was served on all Defendants who have made an appearance via electronic service  on **March 14, 2025**.

6

Defendants who have not yet made an appearance are in the process of being served by the **U.S. Marshal Service** with the summons and complaint.

**Respectfully submitted,**

*Hiran Rodriguez*

**Hiran Rodriguez**

Plaintiff, *Pro Se*

820 Grove Ave, Metairie, LA 70003

Email: hiranrodriguez@outlook.com

Phone: (504) 203-8459

Date: **March 14, 2025**

**INDEX OF EXHIBITS  (A- Q)**

**Photographic, Digital, and Documentary Evidence in Support of Plaintiff's Opposition to Defendant Kansas City Southern Railway Company's Motion to Dismiss and Evidence of Ongoing Harassment, Unauthorized Surveillance, and Civil Rights Violations**

| Exhibit No. | Description | Relevance |
|---|---|---|
| **Exhibit A** | Location Confirmation: GPS navigation screenshot shows Plaintiff's location at the railroad crossing, arriving around 9:12 PM on Wednesday, March 12, 2025. | GPS navigation screenshot and Video Screenshot and Metadata confirms the train obstructed the crossing for an extended period, finally moving at 9:28 PM. |
| **Exhibit B** | Crossing Identification Screenshot (Little Farms Avenue, ID: 300235N) | Identifies a key location of railroad activity relevant to Plaintiff's allegations, showing official crossing information. |
| **Exhibit C-J** | Photographic Evidence – Exhibits: C-J | Page 13-20<br><br>Unauthorized Surveillance and Noise Harassment by Train Operator | These images provide visual evidence linking the operator's presence and actions to the broader pattern of targeted intimidation, noise terrorism, ongoing harassment and unauthorized surveillance against the Plaintiff. |
| **Exhibit K** | Geographic Location of Railroad Activity | Satellite imagery pinpointing the precise location of the Fillmore Street railroad crossing (Crossing ID: 300234G).<br><br>• Provides context regarding the residential density and proximity of the railroad to the surrounding community.<br><br>• Establishes the impact area for excessive horn use and prolonged traffic obstruction. |
| **Exhibit L** | Official Railroad Crossing Data<br><br>Screenshot from FRA'S Railroad Crossing Locator App | • Screenshot from railroad crossing database confirming official details for Fillmore Street crossing.<br><br>• Includes information such as crossing ID, railroad ownership, public/private classification, and regulatory status (e.g., not in a quiet zone).<br><br>• Supports Plaintiff's claim that the crossing is subject to federal and state noise and operational regulations. |

| Exhibit M | Additional Verification of Fillmore Street Railroad Crossing | • Additional documentation reinforcing the official data of Exhibit L.<br><br>• Displays emergency contact numbers and official records available for the crossing.<br><br>• Further validates the Plaintiff's assertion that railroad operations at this location fall under specific legal obligations. |
|---|---|---|
| Exhibit N | Geographic Location of Additional Railroad Crossing | • Satellite imagery of the Graveyard Pedestrian railroad crossing (Crossing ID: 300450A).<br><br>• Demonstrates multiple crossings in close proximity, reinforcing the community impact of excessive noise and extended stoppages. |
| Exhibit O | Additional Railroad Crossing Proximity Data | • A broader satellite view of multiple railroad crossings in the vicinity.<br><br>• Establishes a pattern of potential misconduct in the handling of crossings in the area.<br><br>• Supports claims of systemic operational negligence or intentional targeting by the railway company |
| Exhibit P | Geographic Reference for Plaintiff's Route and Railroad Obstruction | • Mapping evidence showing Plaintiff's travel route in relation to the affected railroad crossings.<br><br>• Highlights the frequency of train-related delays and obstructions encountered by Plaintiff.<br><br>• Strengthens the argument that the excessive use of horns and prolonged stoppages are targeted or excessive beyond standard operations |
| Exhibit Q | Expanded Geographic Overview of Railroad Crossings in Plaintiff's Area | • A wider-scale satellite image of the entire area, showing all affected crossings.<br><br>• Establishes the extensive reach of the railroad through residential neighborhoods. Reinforces the cumulative impact of excessive train activity on Plaintiff and the broader community. |

**EXHIBIT A | PAGE 10**



**EXHIBIT B | PAGE 11**



**EXHIBIT C | PAGE 12**



**EXHIBIT D | PAGE 13**



**EXHIBIT E | PAGE 14**



**EXHIBIT F | PAGE 15**



**EXHIBIT G | PAGE 16**



**EXHIBIT H | PAGE 17**



**EXHIBIT I | PAGE 18**



**EXHIBIT J | PAGE 19**



**EXHIBIT K | PAGE 20**



**EXHIBIT L | PAGE 21**



**EXHIBIT M | PAGE 22**



**EXHIBIT N | PAGE 23**



**EXHIBIT O  | PAGE 24**



**EXHIBIT P | PAGE 25**



**eFile-ProSe**

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Friday, April 25, 2025 1:29 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |
| **Attachments:** | PLAINTIFF'S FORENSIC RE-SUBMISSION OF REC. DOC. 80 UNDER FRE 902(11), FRE 1006, AND RULE 59(e)60(d)_.pdf |

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Friday, April 25, 2025 - 13:28.

The information for this submission is:

**Filer's Name:** Hiran Rodriguez

**Filer's Email:** hiranrodriguez@outlook.com

**Filer's Mailing Address:** 820 Grove Ave, Metairie, LA, 70003-7024

**Filer's Phone Number:** 5042038459

**Filer's Case Number (If Known):** 2:25-cv-00197

**Filer's Case Name (If Known):** Rodriguez v. Meta Platforms, Inc., et al

**Submitted Document Description:** PLAINTIFF'S FORENSIC RE-SUBMISSION OF REC. DOC. 80 UNDER FRE 902(11), FRE 1006, AND RULE 59(e)60(d)