

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIRAN RODRIGUEZ,** | CIVIL ACTION |
| PLAINTIFF, appearing *sui juris* and *pro se* | NO. 2:25-cv-00197 |
| V. | JUDGE JAY. C ZAINEY |
| | MAGISTRATE JUDGE |
| **META PLATFORMS, INC.,** *ET AL.* | DONNA PHILLIPS CURRAULT |
| DEFENDANTS. | SECTION A – DIVISION 2 |
| | JURY TRIAL REQUESTED |

## MOTION TO VACATE REPORT AND RECOMMENDATION (REC. DOC. 137)

### I. INTRODUCTION

NOW INTO COURT, comes Plaintiff HIRAN RODRIGUEZ, appearing pro se and sui juris, who respectfully moves this Honorable Court to VACATE the Report and Recommendation entered on April 10, 2025 (Rec. Doc. 137), which recommended wholesale dismissal of Plaintiff's constitutional claims. The Report was issued prematurely, with retaliatory timing, and without addressing or adjudicating any of Plaintiff's dispositive motions (Rec. Docs. 114-136), Rule 26 Disclosure (Rec. Doc. 136), or forensic declarations and exhibits (Rec. Docs. 140-144).

## II. PROCEDURAL MISCONDUCT AND RETALIATORY TIMING

The Report and Recommendation (Rec. Doc. 137) was formally signed on April 9, 2025, and entered into the record on April 10, 2025. However, Plaintiff had filed his Rule 26 Disclosure and Verified Statement of Digital Harm (Rec. Doc. 136) on April 6, 2025-well in advance of the Report. The Report was issued just hours before the filing of Plaintiff's sworn forensic declarations and evidentiary exhibits (Rec. Docs. 140-144), which were prepared and submitted via the Court's EDSS system on April 10, 2025, before close of day.

At the time Rec. Doc. 137 was issued, the following matters remained pending, unresolved, and undocketed in part:

- Rec. Doc. 114 - Notice of Default Obstruction and Judicial Misconduct
- Rec. Doc. 117 - Motion for Entry of Default (denied by Clerk without hearing)
- Rec. Doc. 130 - Motion for Reconsideration of Denial of Entry of Default
- Rec. Doc. 132 - Response in Opposition to Motion to Compel Arbitration
- Rec. Doc. 136 - Rule 26 Disclosure and Sworn Statement of Digital Harm and Infringement
- Rec. Docs. 140-144 - Forensic Exhibits filed under Rule 902(11), supporting Plaintiff's allegations of surveillance, behavioral telemetry abuse, and enterprise misconduct

Further, on April 17, 2025, Plaintiff submitted EXHIBIT A and EXHIBIT B via EDSS, documenting public facility surveillance, government contracting, and retaliation tied to railroad infrastructure and emergency services. These were never docketed, despite confirmed EDSS receipts and compliance with Local Rules. Their omission constitutes procedural suppression of evidence, prejudicing Plaintiff's right to be heard under the Seventh and Fifth Amendments.

The timing of the Report-issued after Plaintiff's Rule 26 Disclosure, but immediately before key forensic and evidentiary submissions-reflects a pattern of procedural retaliation and calculated preclusion. The Magistrate's failure to address a single pending motion, while recommending wholesale dismissal, gives rise to a reasonable inference of bias, predetermination, and retaliatory motive.

### III. LEGAL GROUNDS FOR VACATUR UNDER RULE 60(b) AND 28 U.S.C. § 455

Plaintiff invokes Rule 60(b) for legal error, surprise, and newly discovered evidence. The Report constitutes:

- Rule 60(b)(1): error in law and procedure

- Rule 60(b)(2): failure to consider forensic evidence (Rec. Docs. 140-144)

- Rule 60(b)(3): misconduct and obstruction

- Rule 60(b)(6): cumulative prejudice justifies vacatur

Under 28 U.S.C. § 455, the timing, failure to adjudicate pending filings, and suppression of filings support a reasonable appearance of bias and require disqualification.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. VACATE the Report and Recommendation (Rec. Doc. 137);

2. REVIEW all pending and undocketed filings on the merits;

3. PRESERVE Plaintiff's claims under the U.S. Constitution, ECPA, CFAA, and RICO;

4. GRANT all relief in law or equity to prevent ongoing prejudice.

Respectfully submitted, this 19th day of April, 2025.

*Hiran Rodriguez*

/s/ HIRAN RODRIGUEZ

**HIRAN RODRIGUEZ**, *SUI JURIS*

*Pro Se Plaintiff*

820 Grove Avenue, Metairie, Louisiana, 70003

(504) 203-8459

hiranrodriguez@outlook.com

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

**Preserving All Claims for Judicial Misconduct, Procedural Irregularity, and Constitutional Injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Vacate Report and Recommendation (Rec. Doc. 137) was submitted via the Court's Electronic Document Submission System (EDSS) for the United States District Court for the Eastern District of Louisiana, and transmitted to all registered counsel of record on this date. This service complies with all applicable rules under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

Executed on this 19th day of April, 2025.

*Hiran Rodriguez*

/s/ HIRAN RODRIGUEZ

HIRAN RODRIGUEZ, *SUI JURIS*

*Pro Se Plaintiff*

820 Grove Avenue, Metairie, Louisiana, 70003

hiranrodriguez@outlook.com

(504) 203-8459

HIRAN RODRIGUEZ
820 Grove Ave, Metairie, LA, 70003-7024

**Pro Se Writ Unit at Clerk's Office**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 Poydras Street,
New Orleans, Louisiana, 70130



RECEIVED
APR 25 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK