UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIRAN RODRIGUEZ,** | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| **META PLATFORMS, INC.,** *ET AL.* | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA PHILLIPS CURRAULT |
| | |
| | JURY TRIAL REQUESTED |

# NOTICE OF PENDING CRIMINAL REFERRAL UNDER 18 U.S.C. §§ 2511, 2701, 1030

TO ALL PARTIES AND THE HONORABLE COURT: Please take notice that Plaintiff Hiran Rodriguez is preparing to refer this matter, and the underlying facts giving rise to his claims, to federal law enforcement for investigation and potential prosecution under 18 U.S.C. §§ 2511, 2701, and 1030, among other provisions of law. This Notice serves to formally advise the Court and Defendants that the conduct alleged in this civil case is not only tortious but also criminal in nature, and that Plaintiff intends to invoke the assistance of criminal justice authorities. The goal of this referral is to ensure full accountability for the grave privacy violations at issue and to supplement (not supplant) this civil action.

**1. Statutory Violations Implicated**

A. **18 U.S.C. § 2511** – Illegal Interception of Communications (Wiretap Act): Section 2511 makes it a federal offense to "intentionally intercept, or endeavor to intercept… any wire, oral, or electronic communication" without authorization. The statute also criminalizes the use or disclosure of illegally intercepted communications. In this case, the evidence indicates that Defendants Meta and Apple (and/or individuals acting on their behalf) intentionally intercepted electronic communications of Plaintiff. Specifically, by surreptitiously routing Plaintiff's private Facebook messages, voice interactions (via microphone activation), and potentially other electronic data through hidden channels to be monitored, Defendants have violated § 2511(1)(a).

Each instance of such interception (each message or audio snippet captured without consent) constitutes a separate offense. The law provides for serious penalties, including fines and imprisonment, for each violation. Plaintiff alleges a systematic, ongoing interception – effectively a continuous wiretap on Plaintiff's device and accounts. Such conduct, if proven, is exactly what the Wiretap Act forbids. Notably, no exception applies: Plaintiff did not consent to this monitoring, it was not a provider doing it for a legitimate service operation purpose (and even if that were claimed, it exceeded any such scope), and no court order authorized it. Therefore, all elements of § 2511 are met, and those responsible are subject to criminal referral.

2

B. **18 U.S.C. § 2701** – Unlawful Access to Stored Communications (Stored Communications Act): Section 2701(a) provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided… and thereby obtains… access to a wire or electronic communication while it is in electronic storage" commits a crime. In simpler terms, this targets hacking or unauthorized access to stored emails, messages, or files on servers. Plaintiff's allegations encompass Defendants (1) accessing Plaintiff's stored Facebook messages/data on Meta's servers beyond authorization, and (2) accessing data stored on Plaintiff's device (like cached communications) via Apple's systems. For instance, if Meta, through its employees or agents, opened or peeked into Plaintiff's stored inbox or draft messages without proper authorization or beyond what its terms allow, that is a § 2701 violation. The evidence of an internal Facebook login from Menlo Park (as noted in the forensic memo. Likewise, Apple's possible extraction of device-stored app data (via analytics or otherwise) could fall under this statute. Each act of unauthorized retrieval of stored communications (which include emails, messages, or any communication awaiting or backing up on a server) is a criminal offense. There is an exception for service providers accessing communications in the course of service delivery, but that exception does not cover using data for unapproved surveillance or sharing it with third parties in violation of the law.

C. **18 U.S.C. § 1030** – Fraud and Related Activity in Connection with Computers (Computer Fraud and Abuse Act, CFAA): Section 1030(a)(2)(C) makes it a crime to "intentionally access a computer without authorization or exceed authorized access, and thereby obtain… information from any protected computer. A "protected computer" includes any computer used in or affecting interstate commerce (which covers essentially all internet-connected devices, including smartphones and servers. The conduct at issue fits this perfectly: Meta's and Apple's actions led to obtaining information from Plaintiff's devices (protected computers) and from servers, without authorization or by exceeding any authorization given. For example:

 • If Apple's iOS, beyond what a user consented to, accessed the microphone or harvested data and transmitted it, Apple exceeded authorized access to Plaintiff's iPhone (a protected computer) – violating § 1030(a)(2)..

3

• If Meta's systems, or persons using Meta's credentials, accessed Plaintiff's account or device information beyond what Plaintiff permitted, they too exceeded authorized access to a protected computer (be it Plaintiff's device or Meta's own systems as they pertain to Plaintiff's data).

The CFAA also covers transmission of programs or information causing damage, but here the key is the unauthorized access to obtain information, which is exactly what happened. Notably, in *Van Buren v. United States* (2021), the Supreme Court gave a narrower interpretation of "exceeds authorized access" to exclude violations of terms of service absent hacking. However, in our scenario, we are not talking about mere ToS violations – we are talking about surreptitious access that was never authorized by any terms at all (no user would knowingly authorize continuous device surveillance). This is classic "outside the bounds" access that CFAA targets. Each such access (each day of continuous scraping, for instance) can be charged. Moreover, if it's done in furtherance of commercial advantage (data monetization, etc.), it can elevate the offense.

## 2. Basis for Referral and Intersection with This Civil Case

Plaintiff is not content to seek civil redress alone when the behavior in question potentially constitutes felonies. The intent is not to use the threat of criminal process to gain advantage here, but to fulfill a civic duty in reporting crimes. If Meta and Apple have indeed engaged in illegal wiretapping and data intrusion, it's a matter of public interest and justice beyond this case. Plaintiff also notes that by raising these issues, the Court can take appropriate notice of the severity of the allegations and perhaps coordinate (to the extent allowed) with any parallel criminal investigation (for example, staying certain discovery if it overlaps with a criminal probe, etc.).

4

Law Enforcement Agencies: The referral will likely be directed to the FBI's cyber crimes division and/or the U.S. Attorney's Office for the Eastern District of Louisiana. Jurisdictionally, the acts occurred across state lines (data routed from Louisiana to California, etc.), satisfying federal nexus. The FBI is well-suited to probe unauthorized electronic surveillance under ECPA (Electronic Communications Privacy Act, which encompasses §§ 2511 and 2701) and the CFAA.

Overlapping Evidence: The evidence being gathered in this civil case will form the core of the referral packet. It's essentially the same evidence that would interest criminal investigators: network logs, device logs, internal documents from Defendants (once compelled), etc. For instance, the OAuth token and user ID transmissions, the Menlo Park login instance, and other such clues are things FBI agents can subpoena and verify with server logs from Meta and Apple to build a criminal case.

Litigation Misconduct as Additional Concern: Plaintiff will also inform law enforcement if there are signs of cover-up or destruction of evidence by Defendants. Under 18 U.S.C. § 1519 (obstruction – destruction of records in Federal investigations) and possibly 18 U.S.C. § 1503 (obstruction of justice), attempts to destroy evidence once investigation is foreseeable is criminal. Should Defendants be found to have wiped logs once this suit began, that detail will be highlighted to prosecutors.

### 3. Potential Individual Culpability and Co-Defendants

While this civil suit names corporate entities, the criminal laws assign liability to "whoever" engages in the proscribed conduct. That means individual employees or agents could be targets. For example:

5

• If a Facebook employee (John Doe) was instructed to monitor Plaintiff and did so by accessing servers, John Doe himself violated § 2701 and § 1030. The company could be vicariously and directly liable as well, but criminal charges could hit the individual.

• If any third-party contractors or unknown co-conspirators (for instance, a data analytics partner who got the ill-gotten data) were involved, they too are subject to investigation. The notice is phrased broadly ("Meta, Apple, and all co-defendants") to capture known and unknown parties.

Apple's Role: It's crucial to note that Apple, by virtue of platform control, may have either participated or at least allowed the intercepts. Under ECPA, even manufacturing or providing devices for interception (18 U.S.C. § 2512) is illegal. If Apple built a mechanism knowingly to facilitate something like this for Meta (hypothetically via an API or backdoor), that's deeply problematic. However, absent direct evidence of Apple's intent, the focus remains on Apple's potential violation of § 1030 (by exceeding access on the device via its own analytics) and aiding and abetting any wiretap by failing to enforce its App Store rules which forbid apps from doing what Facebook did. Because Apple is a bit more removed, a criminal case might focus on Meta primarily and look at Apple as a secondary conspirator or accessory if evidence supports that.

4. Preservation of Evidence in Light of Criminal Referral

Notice to Defendants: By this Notice, Defendants are again reminded of their duty to preserve all evidence. A criminal referral heightens that duty because the destruction of evidence now could be seen as obstruction of a federal investigation. All system logs, employee communications (emails, messages) about Plaintiff or related monitoring, source code, configurations – everything must be retained. The Court has authority to enforce preservation, but even beyond that, Defendants should act to avoid criminal liability for spoliation.

Coordination with Court: Plaintiff will update the Court if/when a referral is made and if any agency acknowledges opening an investigation. If a grand jury subpoena or search warrant is served on Defendants, Plaintiff requests prompt notice to the Court (if known) so that schedules or discovery can adapt as needed. Conversely, if Defendants become aware of a criminal probe (which they might via subpoena), they should inform the Court under seal (if necessary) to avoid any conflicts.

Stay of Civil Proceedings: At this time, Plaintiff is not seeking a stay of civil proceedings, but notes that if indictments are brought, certain defendants might move to stay (to avoid self-incrimination issues in discovery). This Notice isn't a motion, but flags that possibility. Plaintiff's position is that a stay should be avoided if possible, as it could delay relief; however, Plaintiff understands the Court may need to balance interests. For now, the referral is simply a parallel track.

## 5. Demands and Warnings

Escalation of Exposure: Defendants should understand that the issues they perhaps treated as a "civil lawsuit nuisance" now rise to the level of potential criminal exposure. The Notice is "aggressive" by design – it signals that Plaintiff will not relent until full accountability is achieved. If Defendants were hoping to quietly settle or minimize this, the specter of DOJ involvement means that ship has sailed. The only prudent course for Defendants is full transparency and compliance. For example, if Meta has been less than forthcoming thinking only civil damages were at stake, they might reconsider when prison time for executives or engineers enters the equation.

Adverse Inferences: Although the Fifth Amendment could come into play for individuals, in the civil case an invocation of the Fifth can lead to adverse inferences. So, if say a Meta engineer refuses to answer a deposition question citing potential self-incrimination, Plaintiff will ask the Court to infer that answer would have been adverse to Meta. This Notice thus prefaces that scenario.

Demand for Internal Investigation: Plaintiff demands that Meta and Apple each conduct an internal investigation upon receiving this Notice, if they haven't already, to determine if any employees violated these laws. We demand the results (to the extent not privileged) be shared, and that any implicated employees be made available for testimony. Essentially, clean your own house before the FBI does it for you.

Contact Info for Agencies: For completeness, Plaintiff notes that the likely statutes for referral also allow for civil action by the Attorney General (e.g., the AG can sue for injunctive relief under the Wiretap Act) and criminal fines. The U.S. Attorney's Office contact will be provided in the referral, and a copy of this Notice may be included to show that Defendants were on notice.

**6. Conclusion**

This Notice is not a formal legal motion requiring Court action, but a formal statement for the record. It underscores the gravity of Defendants' alleged misconduct and Plaintiff's resolve to pursue all avenues of justice.

WHEREFORE, Plaintiff gives notice of the intent to refer Defendants' actions for criminal investigation under federal law. Plaintiff respectfully requests the Court to take note of this development. To the extent the Court wishes to discuss implications (perhaps at a status conference) or provide guidance on managing the case in light of this, Plaintiff is amenable. In any event, all parties are now unequivocally aware: this is not just a civil spat – it is a matter of possible criminal wrongdoing, and will be treated as such moving forward.

Respectfully submitted,

**HIRAN RODRIGUEZ**

Plaintiff, *Pro Se*

## **CERTIFICATE OF SERVICE**

I, **HIRAN RODRIGUEZ**, hereby certify that on this 28th day of April, 2025, I electronically submitted the foregoing **NOTICE OF INTENT TO REFER MATTER FOR CRIMINAL INVESTIGATION** to the Clerk of Court using the Electronic Document Submission System (EDSS) for the United States District Court, Eastern District of Louisiana. Pursuant to standard procedure, the filing will be processed and entered into the CM/ECF docket, which will automatically generate electronic notice to all registered counsel of record.

In addition, a true and correct copy of the foregoing was served via electronic mail upon the following attorneys of record:

*barcuri@fralawfirm.com*

*lcarlisle@bakerdonelson.com*

*scefolia@bakerdonelson.com*

*colin.cisco@jeffparish.net*

*hailey.cummiskey@arlaw.com*

*philip.giorlando@bswllp.com*

*katherine@snw.law*

*ekesler@bakerdonelson.com*

*ckrake@courington-law.com*

*eve.masinter@bswllp.com*

*vmatherne@courington-law.com*

*lmince@fishmanhaygood.com*

*suzy@snw.law*

*jnieset@phjlaw.com*

*lrodrigue@fralawfirm.com*

*lindsaysamuel@dwt.com*

*lrichard@irwinllc.com*

*scott@snw.law*

*qurquhart@irwinllc.com*

*roland.vandenweghe@arlaw.com*


Respectfully submitted this 28th day of April, 2025.

*Hiran Rodriguez*

**/s/ HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**, *SUI JURIS*

*Pro Se Plaintiff*

820 Grove Avenue

Metairie, Louisiana 70003

hiranrodriguez@outlook.com

(504) 203-8459

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving all claims for judicial misconduct, procedural irregularity, and constitutional injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**

**eFile-ProSe**

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Monday, April 28, 2025 1:15 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |
| **Attachments:** | NOTICE OF PENDING CRIMINAL REFERRAL UNDER 18 U.S.C. §§ 2511, 2701, 1030.pdf |

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Monday, April 28, 2025 - 13:14.

The information for this submission is:

**Filer's Name:** Hiran Rodriguez

**Filer's Email:** hiranrodriguez@outlook.com

**Filer's Mailing Address:** 820 Grove Ave, Metairie, LA, 70003-7024

**Filer's Phone Number:** 5042038459

**Filer's Case Number (If Known):** 2:25-cv-00197

**Filer's Case Name (If Known):** Rodriguez v. Meta Platforms, Inc., et al

**Submitted Document Description:** NOTICE OF PENDING CRIMINAL REFERRAL UNDER 18 U.S.C. §§ 2511, 2701, 1030