## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIRAN RODRIGUEZ,** | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| **META PLATFORMS, INC.,** *ET AL.* | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA PHILLIPS CURRAULT |
| | |
| | JURY TRIAL REQUESTED |

## JUDICIAL MISCONDUCT PRESERVATION NOTICE

(28 U.S.C. § 351; Code of Conduct for U.S. Judges Canons 2 & 3)

TO THE HONORABLE COURT: Plaintiff Hiran Rodriguez files this Judicial Misconduct Preservation Notice to ensure the integrity of these proceedings and to formally preserve objections concerning the conduct and management of this case. This Notice is prompted by Plaintiff's growing concern that certain actions (and inactions) in this litigation may compromise the appearance of impartial justice, in potential violation of 28 U.S.C. § 351 and the guiding Canons 2 and 3 of the Code of Conduct for United States Judges Plaintiff submits this Notice to safeguard the record and to alert the Court that Plaintiff will not hesitate to invoke the judicial complaint process should circumstances so warrant.

**Background**

This case involves serious allegations of privacy invasion, unauthorized surveillance, and data manipulation by powerful corporate Defendants. From the outset, Plaintiff – a *pro se* litigant – has pursued every available avenue to obtain a fair adjudication on the merits. Unfortunately, the litigation thus far has been marred by misconduct on the part of Defendants and a pattern of procedural irregularities that threaten to erode Plaintiff's confidence in a fair process.

By way of example, Defendants have engaged in dilatory and evasive discovery tactics: repeatedly ignoring deadlines, refusing to produce obviously relevant documents (such as the internal "LiveOps" and "shadow" logs at issue), and even providing misleading responses. These discovery abuses are addressed in Plaintiff's Rule 37 Motion to Compel (Rec. Doc. 155), filed on April 22, 2025, and need not be restated here. What is pertinent for this Notice is the Court's handling of these issues. Despite clear evidence of Defendants' non-compliance and bad faith, Plaintiff perceives a reluctance by the Court to enforce basic compliance. Court orders compelling discovery have been absent, and Defendants have seemingly been allowed to flout their obligations with impunity. Such inaction, whether intentional or inadvertent, operates to reward litigation misconduct and prejudice the Plaintiff.

2

Moreover, there have been instances of procedural dispositions that, in Plaintiff's view, undermine the appearance of impartiality. On multiple occasions, Plaintiff's motions or requests have been summarily denied or significantly delayed, while Defendants' requests (even those lacking merit) have been granted prompt attention. For instance, when Plaintiff first raised concerns about evidence spoliation and requested a preservation order, the issue was not addressed by the Court for an extended period – during which time Defendants may have continued deleting critical data. This disparate treatment creates an impression (whether or not reality) that the scales of justice are tipped against the pro se plaintiff in favor of well-funded Defendants. Under Canon 2 of the Judicial Code, judges must avoid even the appearance of impropriety or bias. Under Canon 3, judges are duty-bound to perform their duties fairly and diligently. To date, Plaintiff is concerned that these standards are not being met.

**Legal Standards – Judicial Conduct and Misconduct Complaints**

28 U.S.C. § 351(a) provides that any person who believes a judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts" may file a written complaint with the Clerk of the Court of Appeals. Such "conduct prejudicial" can encompass bias, undue favor towards one party, failure to enforce the law, or other unethical behavior that undermines the administration of justice. Plaintiff is mindful that a § 351 complaint is a serious matter; this Notice is not a filing of such a complaint, but rather a preservation of issues that might form its basis if not corrected. The statute exists to uphold public confidence in the judiciary when court proceedings give rise to legitimate concerns of misconduct.

Additionally, the Code of Conduct for U.S. Judges (which informs what is "conduct prejudicial") emphasizes two key canons relevant here: Canon 2 and Canon 3. Canon 2 mandates that a judge "should avoid impropriety and the appearance of impropriety in all activities." This means not only must the Judge actually remain impartial, but the Judge's actions should not reasonably

3

create an appearance of bias or unfairness. Canon 3 requires that a judge "should perform the duties of the office fairly, impartially and diligently." This includes the duty to ensure that proceedings are conducted in an even-handed manner, to enforce court rules and orders evenhandedly, and to afford *pro se* litigants the same consideration as represented parties under the law. A failure to rein in discovery abuses by one side, or a pattern of rulings that consistently favor one party without compelling justification, can implicate these canons.

It is well-established that litigants have the right to a proceeding free from partiality or the unequal application of procedural rules. While judges have broad discretion, that discretion must be exercised in a manner that maintains public trust. If a judge's conduct "prejudices the effective administration of court business" by giving one side an unfair advantage, it becomes a matter appropriate for a conduct complaint under § 351.

**Grounds for Preservation of Misconduct Issues**

Plaintiff hereby puts on record the following concerns, which, if unresolved, may warrant a formal misconduct complaint or other remedial measures:

 • Failure to Compel Discovery and Enforce Court Orders: Defendants have blatantly disregarded discovery rules (as outlined in Plaintiff's Rule 37 motion). The Court's lack of timely intervention – despite Plaintiff's motions and clear evidence of Defendants' noncompliance – raises concern. When one party is allowed to stonewall discovery without consequence, the Court effectively sanctions that behavior. This prejudices Plaintiff's ability to develop the record and rewards Defendants' misconduct. The Court's duty under Canon 3 to diligently ensure the fair conduct of the case requires active management of such issues. Continued passivity would **"appear" to condone Defendants' tactics, undermining the integrity of the proceedings.

4

Disparate Treatment of Parties: Plaintiff notes an apparent double standard in how the Court responds to the parties. For example, when Defendants requested an extension for a routine filing, the Court granted it within a day, whereas Plaintiff's emergency motion to secure evidence preservation (filed promptly upon discovering ongoing privacy breaches) was left pending for weeks without a hearing. While there may be individual explanations for these actions, the disparate treatment creates the appearance of a Court that is more responsive to Defendants than to Plaintiff. Under Canon 2, even if unintended, this could constitute an appearance of partiality that undermines public confidence.

 • Overlooked Evidence and Arguments: Plaintiff has submitted substantial evidence demonstrating Defendants' wrongdoing. It is critical that the Court meaningfully engage with this evidence. If Plaintiff's evidence of, say, illegal data interception is not even acknowledged in the Court's rulings, it gives the impression that Plaintiff's factual assertions are being ignored without consideration. Similarly, should the Court adopt Defendants' factual narratives wholesale in the face of contrary evidence from Plaintiff, it would suggest a predisposition incompatible with impartial adjudication. Plaintiff urges the Court to ensure that all evidence – including the technical forensic evidence Plaintiff has worked hard to collect – is given due consideration on the record.

 • Improper Communications or Influences (if any): Plaintiff does not allege any ex parte communications between the Court and Defendants; however, given the high stakes and Defendants' influence, Plaintiff remains concerned about undue influence. Meta and Apple are large entities; Plaintiff wants to trust that decisions in this case are made solely on the merits, not influenced by extrajudicial factors (such as the status of the parties, political considerations, or public relations concerns). Canon 2 requires judges to resist any such outside pressures. Plaintiff simply notes this as a general concern to be vigilant about.

By enumerating these issues, Plaintiff is not impugning the Court's integrity but is fulfilling the obligation to make a timely record of perceived issues. The Judicial Conduct and Disability Act (28 U.S.C. §§ 351-364) provides a mechanism to address such concerns outside the normal

5

appeal process, but typically one must first give the court a chance to correct course. This Notice serves that purpose.

**Request for Transparency and Remedial Action**

In light of the above, Plaintiff respectfully requests that the Court acknowledge and address these concerns on the record. Plaintiff urges the Court to take the following steps to cure any appearance of bias or impropriety:

 • Enforce Discovery and Sanction Misconduct: Promptly rule on Plaintiff's pending motions (e.g., the Motion to Compel) and enforce the rules even-handedly. Issuing orders that compel Defendants to produce withheld evidence and sanctioning their discovery abuses would demonstrate the Court's commitment to fairness and discourage further misconduct.

 • Ensure Equality of Treatment: Moving forward, treat deadlines and requests by both sides with equal rigor. If Plaintiff, as a *pro se* party, has complied with procedures and raised legitimate issues, those issues deserve just as much attention and explanation as any issue Defendants raise. Explicitly stating reasons for rulings (especially when against Plaintiff) can help dispel the appearance of arbitrariness or bias.

 • Affirm Impartiality: The Court may wish to state on the record its dedication to impartial justice and that it has no stake in the outcome other than to apply the law. An explicit acknowledgment of Plaintiff's evidence and arguments in the Court's analysis would reinforce that Plaintiff's voice is heard. Canon 3 urges diligence – which includes carefully considering a *pro se* party's filings, not summarily dismissing them.

**Preservation of Rights Under 28 U.S.C. § 351**

By this Notice, Plaintiff formally preserves the right to file a complaint under 28 U.S.C. § 351 *et seq*. with the Judicial Council of the Fifth Circuit, if necessary, at the conclusion of these proceedings or at such time as it becomes apparent that the issues identified are not being remedied. It is Plaintiff's sincere hope that no such extrajudicial complaint will be required. Plaintiff would much prefer that this Court correct any course deviations and see this case through in a fair manner. Nonetheless, given the trajectory thus far, Plaintiff finds it prudent to make this record.

Section 351 allows "any person" to file a complaint alleging a judge has engaged in conduct prejudicial to the effective administration of justice. This Notice shall serve as an antecedent documentation of potentially prejudicial conduct in this case, to be referenced should a formal complaint be filed. Plaintiff trusts that this Court, upon reflection, will take the concerns herein seriously, obviating the need for further action under § 351.

**Conclusion**

Plaintiff files this Judicial Misconduct Preservation Notice out of an earnest duty to protect the integrity of the judicial process. The gravity of Plaintiff's allegations against Defendants – involving privacy rights and unlawful surveillance – demands a judiciary that is above reproach in handling them. When a court's actions (or inactions) inadvertently shield those allegations from full examination, the court becomes, however unwittingly, an obstacle to justice. This Notice asks the Court to recognize that danger and to recalibrate, thereby restoring Plaintiff's and the public's faith that even the most powerful corporations must abide by the same rules in this courtroom as any ordinary litigant.

Plaintiff reiterates respect for the Court and appreciation for the challenges of managing a complex case. This Notice is filed not to offend, but to ensure preservation of a fair record and to fulfill Plaintiff's responsibility to vigilantly safeguard his rights. Canon 2A of the Judicial Code emphasizes that public confidence in the judiciary is eroded by any appearance of partiality ￼. Through this filing, Plaintiff seeks to shore up that confidence by prompting corrective action.

WHEREFORE, Plaintiff respectfully requests that the Court take notice of the issues raised in this filing and take appropriate remedial measures to ensure that the proceedings moving forward are – and appear – fair, impartial, and diligent. Plaintiff stands ready to further detail any concern if required and, as always, remains committed to cooperating with the Court and abiding by all rulings that are lawfully and impartially made.

Respectfully submitted,

*Hiran Rodriguez*

**HIRAN RODRIGUEZ**

*Plaintiff, Pro Se*

8

## **CERTIFICATE OF SERVICE**

I, **HIRAN RODRIGUEZ**, hereby certify that on this 28th day of April, 2025, I electronically submitted the foregoing **JUDICIAL MISCONDUCT PRESERVATION NOTICE** to the Clerk of Court using the Electronic Document Submission System (EDSS) for the United States District Court, Eastern District of Louisiana. Pursuant to standard procedure, the filing will be processed and entered into the CM/ECF docket, which will automatically generate electronic notice to all registered counsel of record.

In addition, a true and correct copy of the foregoing was served via electronic mail upon the following attorneys of record:

*barcuri@fralawfirm.com*

*lcarlisle@bakerdonelson.com*

*scefolia@bakerdonelson.com*

*colin.cisco@jeffparish.net*

*hailey.cummiskey@arlaw.com*

*philip.giorlando@bswllp.com*

*katherine@snw.law*

*ekesler@bakerdonelson.com*

*ckrake@courington-law.com*

*eve.masinter@bswllp.com*

*vmatherne@courington-law.com*

*lmince@fishmanhaygood.com*

*suzy@snw.law*

*jnieset@phjlaw.com*

*lrodrigue@fralawfirm.com*

*lindsaysamuel@dwt.com*

*lrichard@irwinllc.com*

*scott@snw.law*

*qurquhart@irwinllc.com*

*roland.vandenweghe@arlaw.com*

Respectfully submitted this 28th day of April, 2025.

*Hiran Rodriguez*

**/s/ HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**, *SUI JURIS*

*Pro Se Plaintiff*

820 Grove Avenue

Metairie, Louisiana 70003

(504) 203-8459

hiranrodriguez@outlook.com

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving all claims for judicial misconduct, procedural irregularity, and constitutional injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**

**eFile-ProSe**

| | |
|---|---|
| **From:** | Do Not Reply <do_not_reply@laed.uscourts.gov> |
| **Sent:** | Monday, April 28, 2025 4:41 PM |
| **To:** | eFile-ProSe |
| **Subject:** | New EDSS Filing Submitted |
| **Attachments:** | JUDICIAL MISCONDUCT PRESERVATION NOTICE.pdf |

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Monday, April 28, 2025 - 16:41.

The information for this submission is:

**Filer's Name:** Hiran Rodriguez

**Filer's Email:** hiranrodriguez@outlook.com

**Filer's Mailing Address:** 820 Grove Ave, Metairie, LA, 70003-7024

**Filer's Phone Number:** 5042038459

**Filer's Case Number (If Known):** 2:25-cv-00197

**Filer's Case Name (If Known):** Rodriguez v. Meta Platforms, Inc., et al

**Submitted Document Description:** JUDICIAL MISCONDUCT PRESERVATION NOTICE