

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ, | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| META PLATFORMS, INC., *ET AL.* | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA PHILLIPS CURRAULT |
| | |
| | JURY TRIAL REQUESTED |

# MOTION TO DISQUALIFY JUDGE JAY C. ZAINEY PURSUANT TO 28 U.S.C. § 144 AND 28 U.S.C. § 455(a) AND (b)(1)

# I. INTRODUCTION

NOW INTO COURT, comes Plaintiff HIRAN RODRIGUEZ, *sui juris*, who respectfully moves for the immediate disqualification and reassignment of this case to a neutral and constitutionally competent judicial officer pursuant to 28 U.S.C. § 144, § 455(a), and § 455(b)(1).

The record now shows a sustained pattern of: retaliatory judicial rulings, adversarial docket manipulation, unconstitutional infringement on Plaintiff's right to due process and redress, and misuse of timing and order language to inflict psychological distress during Plaintiff's personal loss and litigation-critical filings. Plaintiff incorporates by reference the prior recusal motion (Rec. Doc. 91), which was improperly denied by Judge Zainey himself in violation of 28 U.S.C. § 144, as well as new evidentiary material not previously available or alleged.

# II. RETALIATORY DOCKETING, BIAS, AND ORDER MISDIRECTION

Plaintiff respectfully submits that Judge Jay C. Zainey has engaged in a pattern of retaliatory and constitutionally impermissible behavior, including the docketing of judicial orders in close temporal proximity to Plaintiff's protected filings and personal vulnerability.

## A. March 15 Complaint to Chief Judge Followed by Admonishment

On March 15, 2025 at 10:07 AM, Plaintiff submitted a formal complaint to the Chambers of Chief Judge Nannette Jolivette Brown, identifying misconduct by Clerk's Office personnel, including Stacy Pecoraro and Brad Newell, regarding misclassification, tampering, and obstruction of Plaintiff's pro se filings.

1

Later that same day, the Court docketed Rec. Doc. 77, a blanket denial of multiple pending motions. Although it was signed on March 14, it was only entered into the docket after the Chief Judge's chambers received Plaintiff's misconduct complaint. This suspicious delay and timing constitutes clear evidence of retaliatory docket control, especially considering that Rec. Doc. 77 included an admonition against Plaintiff, despite Plaintiff's motions seeking judicial action only against defense counsel for X Corp and Apple.

**B. Emotional Targeting Through Order Timing (Rec. Doc. 128)**

On March 30, 2025, following a period of intense personal grief and emotional hardship related to a family funeral, Plaintiff became the subject of another adverse ruling. The Court issued Rec. Doc. 128, an order denying Plaintiff's Motion to Vacate the Clerk's Denial of Default, while invoking language referencing a general stay of deadlines.

This order was entered after Plaintiff had alleged Clerk's Office manipulation of the default process, and after repeated Rule 55 motions (Rec. Docs. 112, 117, 126, and 130) were filed and obstructed. The timing and content of Rec. Doc. 128 appeared calculated to retaliate against Plaintiff for seeking redress and exposing misconduct—particularly given the sensitive personal circumstances Plaintiff was experiencing at the time.

**C. Appearance of Impropriety and Constitutional Deficiency**

Taken together, these events give rise to a clear appearance of impropriety under § 455(a) and

2

reflect a personal bias or prejudice under § 144 and § 455(b)(1). No reasonable litigant could be expected to proceed with confidence that their constitutional claims will be impartially adjudicated under these conditions.

## III. LEGAL STANDARD AND GOVERNING LAW

### A. 28 U.S.C. § 144 – Personal Bias or Prejudice

Section 144 mandates disqualification where a party to any proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against the party. The statute requires that "another judge shall proceed" once a sufficient affidavit is filed. See Berger v. United States, 255 U.S. 22, 35–36 (1921).

In this case, Plaintiff's original Motion to Recuse (Rec. Doc. 91) included a sufficient and timely affidavit. However, Judge Zainey unilaterally denied the motion in Rec. Doc. 100, violating the plain command of § 144.

### B. 28 U.S.C. § 455(a) – Appearance of Partiality

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective: whether a reasonable observer, knowing all the facts, would question the judge's neutrality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988).

### C. 28 U.S.C. § 455(b)(1) – Personal Knowledge of Disputed Facts

Section 455(b)(1) mandates disqualification where a judge has personal bias or prejudice or

3

personal knowledge of disputed evidentiary facts concerning the proceeding. The appearance of collusion or retaliatory coordination with Clerk's Office personnel—including the docketing of orders following confidential misconduct reports—falls squarely within the scope of § 455(b)(1).

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff HIRAN RODRIGUEZ respectfully requests that this Court:

1. GRANT this Motion to Disqualify Judge Jay C. Zainey under 28 U.S.C. §§ 144, 455(a), and 455(b)(1);

2. VACATE all rulings issued by Judge Zainey after the filing of Rec. Doc. 91;

3. REASSIGN this case to a neutral Article III judge not affiliated with the current chambers or Clerk's Office;

4. RECOGNIZE Plaintiff's March 15, 2025 complaint to Chief Judge Brown and the subsequent timing of Rec. Doc. 77 as relevant to the presumption of retaliation;

5. CERTIFY the denial of this motion for interlocutory appeal under 28 U.S.C. § 1292(b), if not granted outright;

6. GRANT any other relief deemed just and proper, including referral to supervisory authority under 28 U.S.C. § 372(c).

## CERTIFICATION / VERIFICATION / VALIDATION

I, HIRAN RODRIGUEZ, the undersigned PETITIONER, hereby swear and affirm under penalty of perjury, under the laws of the United States of America and UNIVERSAL LAW, that the

4

foregoing facts are true and correct to the best of My firsthand knowledge, and that this PETITION is submitted in good faith, by right, and with full standing.

SO HELP ME GOD ON THIS DAY APRIL 30, 2025, AS IS HEREBY SO ATTESTED!

Respectfully submitted, this 30 day of April, 2025.

*Hiran Rodriguez* HR

/s/ **HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**, *SUI JURIS*

*Pro Se Plaintiff*

820 Grove Avenue, Metairie, Louisiana 70003

hiranrodriguez@outlook.com

**All Rights Reserved — UCC 1-308**

**Without Prejudice — Without Recourse**

Preserving All Claims for Judicial Misconduct, Procedural Irregularity, and Constitutional Injury Under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed**

HR 04/30/2025

5

## **NOTICE OF SUBMISSION**

PLEASE TAKE NOTICE that Plaintiff, HIRAN RODRIGUEZ, hereby submits the attached Motion to Disqualify Judge Jay C. Zainey pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1) for filing and entry into the record in the above-captioned matter. This submission is made to preserve Plaintiff's rights and formally seek the disqualification of the presiding judge based on the grounds set forth in the attached motion and supporting documents.

HR 04/30/2025

## CERTIFICATE OF SERVICE

I, Hiran Rodriguez, hereby certify that on this 1st day of May, 2025, I submitted the foregoing Motion to Disqualify Judge Jay C. Zainey, along with this Notice of Submission and Certificate of Service, to the Clerk of Court for the United States District Court, Eastern District of Louisiana in person. A true and correct copy was also served via email on the following counsel of record:

barcuri@fralawfirm.com, lcarlisle@bakerdonelson.com, scefolia@bakerdonelson.com, colin.cisco@jeffparish.net, hailey.cummiskey@arlaw.com, philip.giorlando@bswllp.com, katherine@snw.law, ekesler@bakerdonelson.com, ckrake@courington-law.com, eve.masinter@bswllp.com, vmatherne@courington-law.com, lmince@fishmanhaygood.com, suzy@snw.law, jnieset@phjlaw.com, lrodrigue@fralawfirm.com, lindsaysamuel@dwt.com, lrichard@irwinllc.com, scott@snw.law, qurquhart@irwinllc.com, roland.vandenweghe@arlaw.com

/s/ HIRAN RODRIGUEZ

*Hiran Rodriguez*   HR 04/30/2025

**HIRAN RODRIGUEZ**, *Sui Juris*

820 Grove Avenue

Metairie, LA 70003

(504) 203-8459

hiranrodriguez@outlook.com

Dated: ~~May 1, 2025~~
HR  04/30/2025

# **AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY JUDGE JAY C. ZAINEY**

I, **HIRAN RODRIGUEZ**, being of sound mind and over the age of 18, do hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am the Plaintiff in the above-captioned civil matter pending before the Honorable Judge Jay C. Zainey in the United States District Court for the Eastern District of Louisiana.

2. I submit this affidavit in support of my Motion to Disqualify Judge Zainey under 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1).

3. I have a good faith belief that Judge Zainey harbors a personal bias or prejudice against me and in favor of the Defendants, and that this bias stems from extrajudicial sources or conduct outside the bounds of impartial adjudication.

4. The Judge has failed to take action on key filings, allowed procedural irregularities to persist, and allowed actions by the Clerk's Office that have deprived me of fair access to the court and due process.

5. The record includes altered filings, omitted evidence, and ongoing obstruction of electronic filings, all of which occurred while under Judge Zainey's supervision and without corrective intervention.

6. These actions have created a reasonable appearance of impropriety and partiality, undermining public confidence in the judicial process.

7. I respectfully submit this sworn affidavit to support my request for disqualification and to preserve my right to a fair and impartial tribunal as guaranteed by the U.S. Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this **1st day of May, 2025.**

_/s/ Hiran Rodriguez_
Hiran Rodriguez