# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIRAN RODRIGUEZ,** | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| **META PLATFORMS, INC., *ET AL.*** | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA P. CURRAULT |
| | |
| | JURY TRIAL DEMANDED |

# <u>DECLARATION OF HIRAN RODRIGUEZ REGARDING CLERKS OFFICE OBSTRUCTION OF FILINGS</u>

I, **HIRAN RODRIGUEZ**, am the Plaintiff in the above-captioned case and hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief:

**1. Attempted Filing and Rejection on May 1, 2025:**

On May 1, 2025 (Thursday), I personally attempted to submit several documents for filing at the Eastern District of Louisiana Clerks Office. These documents included motions and notices pertinent to my case (other than an amended complaint). Clerks Office personnel refused to accept these filings because they were not labeled as an Amended Complaint. I was informed, in substance, that pursuant to the Courts instructions, only an amended complaint would be docketed at that time, and any other submissions from me would not be accepted or filed on that date. This refusal prevented my documents including my signed **AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY JUDGE JAY C. ZAINEY** AND **MOTION TO DISQUALIFY JUDGE ZAINEY UNDER U.S.C § 144 AND 28 U.S.C. § 455(a) AND (b)(1)** AND **NOTICE OF PENDING JUDICIAL MISCONDUCT COMPLAINT AND FEDERAL OBSTRUCTION OF PLAINTIFF'S FILING RIGHTS** along with the attached Exhibit **FORENSIC RE-SUBMISSION OF REC. DOC. 183 AND NOTICE OF UNAUTHORIZED ALTERATION UNDER FRE 902(11), 1006 RULE 59(e)/60** from being filed on the record on **Thursday, May 1, 2025.**

**2. Pre-Prepared Court Orders on May 1, 2025:**

During the above-described attempt to file documents, it became apparent that the Clerks Office already had one or more pre-printed court orders pertaining to my case on hand

1

before reviewing my submissions. Specifically, clerk personnel indicated that an order from the Court had been prepared in advance regarding my filing status. This gave me the understanding that the presiding Judge (or chambers staff) had anticipated my attempted filings and had generated a preemptive ruling or instruction. The existence of a pre-prepared order on May 1, 2025 before my documents were even considered underscores the extraordinary level of coordination between the Court and Clerks Office in anticipating and thwarting my filing efforts. It suggests that decisions were made ex parte about how to treat my expected filings, raising serious due process concerns.

**3. Docket Irregularities (Rec. Docs. 182-187):**

The official docket in this case reflects several irregular and obstructive entries corresponding to my attempts to file documents in late April and early May 2025:

- **Rec. Doc. 182:** Rather than docketing one of my April 29 submissions, the Courts docket shows an entry at Rec. Doc. 182 that appears to be merely a placeholder or receipt, and not the actual document I submitted. This placeholder entry misrepresents the nature of what was filed and indicates that my actual filing was not entered into the record at that time.

- **Rec. Doc. 183** (April 30, 2025): After noticing the issue with Rec. Doc. 182, I re-submitted my affidavit (a high-resolution color affidavit with an exhibit) via EDSS on Wednesday, at 9:28 AM CDT, on April 30, 2025. E-mail notification of a new docket entry (Rec. Doc. 183) at 10:21 AM CDT from courtlistener.com that very same morning, and a new filing on Pacer, shows a version of that affidavit that I did not submit, it was entered in grayscale and with altered formatting. In other words, the document docketed as Rec. 183 is a materially altered version of

2

my filing, which I never authorized. It lacks the color and clarity of the original, and its alteration raises questions of tampering or mishandling by court staff.

- **Rec. Docs. 186-187 (April 30, 2025):** These docket numbers were assigned to orders that were issued on the same day as my EDSS filing and appear to be retaliatory in nature. Notably, Rec. Doc. 186 blocks me from filing any document other than an amended complaint, and Rec. Doc. 187 directs that only in-person or mail filings to the Pro Se Unit would be accepted from me going forward effectively suspending my ability to file electronically and chilling my access to the court.

### 4. Improper Interference with Plaintiffs Access to the Court:

The events of April 30 and May 1, 2025, as described above, are part of a broader pattern of interference. The Clerks Office, acting (as indicated) in tandem with directives from Judge Zaineys chambers, has impeded my ability to file documents. This included rejecting filings for arbitrary reasons (such as titling), altering submitted documents on the docket, and preparing outcomes in advance of filings. Such actions have effectively denied me proper access to the Court. They also violate the Clerks ministerial duty to docket filings impartially and the fundamental fairness owed to a pro se litigant.

### 5. Harm to the Integrity of the Proceedings:

The above-described obstruction by the Clerks Office (and by extension, the Court) has caused significant harm to the integrity of these proceedings. Filings that I made in good faith were either not docketed, were docketed in distorted form, or were effectively preempted by pre-made judicial decisions. This not only prejudices my case but also

3

undermines public confidence in the Courts neutrality and the clerks role as an unbiased administrator.

**6. Preservation of Evidence:**

I have retained copies of all documents I attempted to file, along with transmission receipts, email correspondence, and any communications with court staff on May 1, 2025. These materials corroborate the facts stated in this Declaration. I stand ready to provide this evidence to any investigative authority or to the Court upon request. Additionally, I have formally requested (through my **Notice of Pending Judicial Misconduct Complaint and Federal Obstruction of Plaintiff's Filing Rights and related filings**) that all relevant electronic logs and records be preserved to enable a full review of the Clerks conduct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Metairie, Louisiana, on **Monday, May 5, 2025.**

*Hiran Rodriguez* HR 05/05/2025

/s/ Hiran Rodriguez

**Hiran Rodriguez** (Declarant)

*Pro Se Plaintiff*

820 Grove Avenue

Metairie, LA 70003

hiranrodriguez@outlook.com

(504) 203-8459

4

**All Rights Reserved UCC 1-308**

**Without Prejudice Without Recourse**

**Dated:** May 5, 2025.

# CERTIFICATE OF SERVICE

I, **HIRAN RODRIGUEZ**, hereby certify under penalty of perjury that on this **5th day of May, 2025**, a true and correct copy of the following filings:

(1) Plaintiff's Motion to Strike Orders Issued by Judge Jay C. Zainey as Fraudulent and Void,

(2) Emergency Motion for Protective Order To Preserve Filing Access And Court Record,

(3) Motion for Entry of Rule 54(b) Judgment,

(4) Rule 60(d)(3) Motion for Relief from Judgment Due to Fraud on the Court,

(5) Renewed Motion for Entry of Default Judgment,

(6) Motion to Vacate All Orders Issued After Filing of Recusal Motion (Rec. Doc. 91),

(7) DECLARATION OF HIRAN RODRIGUEZ REGARDING CLERKS OFFICE OBSTRUCTION OF FILINGS

...was mailed to the Clerk of Court and thereby served on the presiding judge, and was also electronically served to all Defendants (and/or their counsel of record). This motion or filing or notice is made to preserve the record for appeal or reinstatement and is filed without waiving any objections to the Court's prior proceedings.

1

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving all claims for judicial misconduct, procedural irregularity, and constitutional injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.

No tacit agreement presumed; no consent granted where none is explicitly expressed.

Respectfully submitted,

*Hiran Rodriguez* HR 05/25/2025

**/s/ HIRAN RODRIGUEZ,** *SUI JURIS*

Hiran Rodriguez,

*Pro Se Plaintiff*

820 Grove Avenue

Metairie, Louisiana 70003

(504) 203-8459

hiranrodriguez@outlook.com

Dated: May 5, 2025

# NOTICE OF SUBMISSION

NOW INTO COURT, comes Plaintiff, **HIRAN RODRIGUEZ**, appearing *sui juris* and *pro se*, and respectfully gives notice that the foregoing Motion or Filing shall be submitted to the duly assigned Article III judge or any reassigned judicial officer, consistent with Plaintiff's jurisdictional objections and previously filed Motion to Recuse Judge Jay C. Zainey under 28 U.S.C. § 455(a) and (b) (Rec. Doc. 91), which was denied by Judge Zainey in Rec. Doc. 100 but remains constitutionally contested under 28 U.S.C. § 144.

This motion or filing or notice is made to preserve the record for appeal or reinstatement and is filed without waiving any objections to the Court's prior proceedings.

Respectfully submitted, this 5th day of May, 2025.

*Hiran Rodriguez* HR 05/05/2025

/s/ **HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**, *SUI JURIS*

*PRO SE PLAINTIFF*

820 Grove Avenue

1

Metairie, Louisiana 70003

(504) 203-8459

hiranrodriguez@outlook.com

**Dated:** May 5, 2025.

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving all claims for judicial misconduct, procedural irregularity, and constitutional injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**

2

HIRAN RODRIGUEZ
820 Grove Ave, Metairie, LA, 70003-7045

US MARSHALS

UNITED STATES DISTRICT COURT
CHAMBERS OF NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
500 POYDRAS STREET, CHAMBERS C-205
NEW ORLEANS, LOUISIANA 70130



RECEIVED
DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
MAY 08 2025
DEPUTY CLERK