UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HIRAN RODRIGUEZ,** | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| **META PLATFORMS, INC.,** *ET AL.* | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA P. CURRAULT |
| | |
| | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO STRIKE ORDERS ISSUED BY JUDGE JAY C. ZAINEY AS FRAUDULENT AND VOID

**MAY IT PLEASE THE COURT**: Plaintiff Hiran Rodriguez, pro se, respectfully moves to strike and declare null the orders entered by Judge Jay C. Zainey in this case that are tainted by fraud and illegality – specifically including Rec. Doc. 186 and Rec. Doc. 187 (the April 30, 2025 dismissal orders) – on the grounds that these orders were procured through improper conduct and are void or voidable. This motion is filed to preserve the issue for the record that the aforementioned orders are **not legitimate adjudications** of Plaintiff's claims, but rather the product of an unfair process that must be set aside in the interest of justice.

## INTRODUCTION

On April 30, 2025, Judge Zainey issued two critical rulings in rapid succession: an Order (Rec. Doc. 186) purporting to dismiss Plaintiff's lawsuit (presumably adopting a magistrate's Report and Recommendation), and a further Order (Rec. Doc. 187) imposing additional restrictions, including what amounts to a pre-filing injunction against Plaintiff's use of the Court's filing systems. Plaintiff contends that these orders were **fraudulently and improperly issued**. They should be stricken from the record as void *ab initio* because the Court lacked impartial jurisdiction to issue them and because they were entered in violation of Plaintiff's due process rights.

Federal courts have inherent authority to **vacate or strike orders that were obtained by fraud or that constitute a fraud on the court**. Moreover, under Rule 60(b)(4), a judgment that is void – for example, due to a court's lack of jurisdiction or a due process violation – must be set aside.

2

While Plaintiff has separately moved under Rule 60(d)(3) for relief from judgment due to fraud on the court, this Motion to Strike focuses on the remedy of removing the offending orders themselves from the case record, thereby **preserving the integrity of the docket** and clarifying that any future proceedings should take place untainted by those void directives.

## FACTUAL GROUNDS FOR STRIKING THE ORDERS

1. **Rec. Doc. 186 and 187 Issued Without Jurisdiction or Due Process**: These orders were entered without affording Plaintiff notice or an opportunity to be heard. Up until April 30, 2025, the case was referred to Magistrate Judge Currault for an R&R. Under 28 U.S.C. § 636(b)(1), after an R&R is filed, a party has 14 days to object, and the District Judge then conducts a de novo review of any portion to which objection is made. Here, Judge Zainey did not wait for any objections – he signed off on dismissal the very day of the R&R's issuance, effectively depriving Plaintiff of the **statutory right to object**. This procedural short-circuit was a clear violation of § 636(b)(1) and **Local Rule 73.2**, which together guarantee litigants time to respond to an R&R. By failing to observe this mandate, Judge Zainey acted beyond his jurisdiction – or at least in excess of his authority – rendering the resulting orders procedurally defective. An order entered in contravention of a party's fundamental procedural rights is void. See, e.g., Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84–85 (1988) (judgment entered without notice violates due process and is **void**).

2. **Fraudulent Nature of Content:** The content of Rec. Doc. 187 in particular is fraudulent in the sense that it misrepresents the state of the record and Plaintiff's conduct. In that order, Judge Zainey apparently justified a blanket filing ban on Plaintiff by finding that Plaintiff's

3

numerous motions were baseless and vexatious. However, this finding is not supported by any adversarial testing or evidence; it was reached unilaterally without giving Plaintiff a chance to defend his filings. Indeed, just days before, Plaintiff had pending motions and responses on file addressing why his claims and motions had merit (e.g., oppositions to motions to dismiss at Rec. Docs. 92, 93, etc.). Judge Zainey's orders **ignored or summarily dismissed Plaintiff's entire side of the story**. In doing so, the orders create a fundamentally distorted and false narrative of the case – one that paints Plaintiff as wholly unjustified without acknowledging the substantial evidence and arguments he presented. Essentially, the orders **embody a fraud**: they tell a one-sided, untrue account of the proceedings, thereby defrauding anyone (including appellate courts) who reads them into believing Plaintiff had no valid claims or was a bad-faith litigant, when in fact he was never allowed a fair forum to establish the validity of his claims.

3. **Collusion and Ex Parte Process**: Plaintiff has alleged that Judge Zainey coordinated with Magistrate Judge Currault to bring about these orders quickly. If proven, such collusion would mean the orders were **not the product of a neutral and detached decision-maker**, but rather of a clandestine process. The Court cannot countenance orders issued under a cloud of potential bias and secret communication; they fail the basic requirement that justice must satisfy the appearance of justice. Judge Zainey refused to recuse himself despite Plaintiff's formal motion citing bias (Rec. Doc. 91) . By staying on the case and then acting in the extraordinary manner he did, Judge Zainey violated 28 U.S.C. § 455(a). Under governing case law, a judgment rendered by a judge who should have recused is subject to

vacatur. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 850 (1988). Here, striking the orders is warranted both as a corrective for the alleged collusion (fraud on the court) and as a remedy for the violation of the recusal statute.

4. **Lack of Finality Due to Pending Motions**: At the time Rec. Doc. 186/187 were issued, Plaintiff had motions pending that were not addressed, including a Rule 59 motion for reconsideration (Rec. Doc. 87, denied the same day by separate order ) and various motions related to discovery and sanctions. It appears Judge Zainey's dismissal orders attempted to moot or strike all of Plaintiff's pending matters by fiat. Such sweeping action – dismissing the case and implicitly denying all Plaintiff's motions as moot or meritless – is procedurally irregular, especially given that some motions (e.g., motions to strike or for sanctions for discovery abuse by Defendants) should have been addressed on their own merits. By bundling everything into a dismissal without comment, the orders functionally **strike Plaintiff's filings** from consideration. Therefore, it is appropriate in turn to strike those orders, which were used as a blunt instrument to erase Plaintiff's filings. The Court should not permit its docket to reflect orders that, in effect, "wipe out" one party's pleadings without adjudication – that is itself an abuse of process.

5

## LEGAL AUTHORITY TO STRIKE OR VACATE FRAUDULENT/VOID ORDERS

A federal district court has the inherent power to **modify or vacate its orders** in the event of fraud upon the court. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (courts have inherent power to address fraud and abuse of the judicial process). Additionally, Fed. R. Civ. P. 60(b)(4) provides relief from an order or judgment that is void. An order is void "only if the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law." In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992). As argued, Judge Zainey's actions were inconsistent with due process, thus void or at least voidable.

Moreover, Fed. R. Civ. P. 12(f) allows the striking of "any redundant, immaterial, impertinent, or scandalous matter" from pleadings. While Rule 12(f) literally applies to pleadings (not court orders), courts have analogized its principle to their own records. If an order on the record is founded on "impertinent" or false grounds, a court may exercise its discretion to strike or vacate it to preserve a clean record. Here, the orders at issue are replete with what Plaintiff would term "impertinent matter" – namely, baseless findings about Plaintiff's supposed frivolousness and restrictions that were imposed unlawfully.

6

Most pertinently, **fraud on the court** vitiates everything it touches. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), not only permits but encourages courts to purge from the record judgments obtained by fraud. Our case is analogous: if Judge Zainey's orders were obtained (or produced) through fraudulent means (e.g., through a deceptive narrative and procedural gimmicks), this Court should purge them.

**RELIEF REQUESTED**

Plaintiff requests that the Court enter an Order striking **Rec. Doc. 186 and Rec. Doc. 187 from the docket** and declaring them to be of no legal force or effect. In practical terms, this would mean:

- Declaring that the judgment of dismissal and any associated sanctions or injunctions contained in those orders are **nullified**. The case would revert to an open status (unless and until a proper, lawful dismissal is entered on a proper basis).

- Removing or annotating those docket entries such that they do not mislead future readers of the record. (If the Court prefers not to literally delete them, it could mark them as "Stricken by Order of the Court").

- Confirming that Plaintiff is **not bound** by any restrictions imposed by Rec. Doc. 187, such as the EDSS filing ban or any requirement of judicial permission to file. Those were unlawful and should not be enforced or considered precedential.

Striking these orders will pave the way for either a **fresh adjudication** of the case on the merits or a clean appellate record where an appellate court can consider the underlying issues without being influenced by the unfairly obtained dismissal orders. It will also send a signal that this Court does not condone the **shortcuts taken in this case**, and that any final judgment must be the product of a fair process.

Plaintiff acknowledges that it is uncommon to "strike" a judge's orders; however, these are unusual circumstances. The Court's supervisory powers are commensurate with the seriousness of the situation. This Court (or the appropriate higher court on remand) can treat this motion as one to reconsider and vacate those orders. The label is not as important as the substance: Plaintiff seeks to **remove the fraudulent orders from affecting his rights.**

## PRESERVATION OF ISSUES

By filing this Motion, Plaintiff ensures that his objection to Judge Zainey's April 30, 2025 orders is clearly stated for the record. Whether or not the Court grants immediate relief, Plaintiff's position is that those orders are void or voidable and should play no part in any future proceedings except as an example of error to be rectified. This preservation is critical for appeal. If this Court declines to strike the orders, Plaintiff will urge the appellate court to do so and remand.

## CONCLUSION

For the above-stated reasons, Plaintiff prays that this Motion be granted and that Rec. Docs. 186 and 187 (and any related judgment or order by Judge Zainey in late April 2025) be **STRICKEN AND HELD FOR NAUGHT**. In the alternative, Plaintiff requests that the Court certify under Fed. R. Civ. P. 54(b) that there is no just reason for delay and expressly **vacate** those orders, treating this motion as one for relief from judgment.

Plaintiff further requests any other relief deemed just and proper, including but not limited to a hearing on the matter or an indicative ruling under Fed. R. Civ. P. 62.1 (if the case is deemed closed and on appeal, indicating that the Court would grant relief on these orders if remanded).

By addressing these tainted orders now, the Court will promote the interests of justice, clear the record of a manifest injustice, and demonstrate the judiciary's commitment to fairness and self-correction.

Respectfully submitted,

*Hiran Rodriguez* HR 05/03/2025

Hiran Rodriguez, Plaintiff pro se

820 Grove Avenue, Metairie, Louisiana 70003

Tel: (504) 203-8459

Email: hiranrodriguez@outlook.com

Date: May 3, 2025

All Rights Reserved – UCC 1-308

Without Prejudice – Without Recourse.

Plaintiff maintains that the orders at issue are void and files this motion without submitting to their legality.

By using EDSS for this filing, Plaintiff does not consent to any prior unlawful order (including Rec. Doc. 187) or waive any objections. No joinder to any inferior jurisdiction is implied.

All rights to appellate review of Judge Zainey's actions are expressly reserved.

## NOTICE OF SUBMISSION

NOW INTO COURT, comes Plaintiff, **HIRAN RODRIGUEZ**, appearing *sui juris* and *pro se*, and respectfully gives notice that the foregoing Motion or Filing shall be submitted to the duly assigned Article III judge or any reassigned judicial officer, consistent with Plaintiff's jurisdictional objections and previously filed Motion to Recuse Judge Jay C. Zainey under 28 U.S.C. § 455(a) and (b) (Rec. Doc. 91), which was denied by Judge Zainey in Rec. Doc. 100 but remains constitutionally contested under 28 U.S.C. § 144.

This motion or filing or notice is made to preserve the record for appeal or reinstatement and is filed without waiving any objections to the Court's prior proceedings.

Respectfully submitted, this 5th day of May, 2025.

*HR 05/05/2025*

/s/ **HIRAN RODRIGUEZ**

**HIRAN RODRIGUEZ**, *SUI JURIS*

*PRO SE PLAINTIFF*

820 Grove Avenue

1

Metairie, Louisiana 70003

(504) 203-8459

hiranrodriguez@outlook.com

**Dated:** May 5, 2025.

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving all claims for judicial misconduct, procedural irregularity, and constitutional injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

**No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.**

**No tacit agreement presumed; no consent granted where none is explicitly expressed.**

2

## **CERTIFICATE OF SERVICE**

I, **HIRAN RODRIGUEZ**, hereby certify under penalty of perjury that on this **5th day of May, 2025**, a true and correct copy of the following filings:

(1) Plaintiff's Motion to Strike Orders Issued by Judge Jay C. Zainey as Fraudulent and Void,

(2) Emergency Motion for Protective Order To Preserve Filing Access And Court Record,

(3) Motion for Entry of Rule 54(b) Judgment,

(4) Rule 60(d)(3) Motion for Relief from Judgment Due to Fraud on the Court,

(5) Renewed Motion for Entry of Default Judgment,

(6) Motion to Vacate All Orders Issued After Filing of Recusal Motion (Rec. Doc. 91),

...was mailed to the Clerk of Court and thereby served on the presiding judge, and was also electronically served to all Defendants (and/or their counsel of record). This motion or filing or notice is made to preserve the record for appeal or reinstatement and is filed without waiving any objections to the Court's prior proceedings.

1

**All Rights Reserved – UCC 1-308**

**Without Prejudice – Without Recourse**

Preserving all claims for judicial misconduct, procedural irregularity, and constitutional injury under 28 U.S.C. §§ 144, 455, and 351; and reserving all rights to appeal, object, and seek sanctions under Rule 11, Rule 55, Rule 60(b), and Article III.

No Joinder to any corporate, commercial, administrative, or inferior jurisdiction.

No tacit agreement presumed; no consent granted where none is explicitly expressed.

Respectfully submitted,

*Hiran Rodriguez*  HR 05/05/2025

**/s/ HIRAN RODRIGUEZ,** *SUI JURIS*

Hiran Rodriguez,

*Pro Se Plaintiff*

820 Grove Avenue

Metairie, Louisiana 70003

(504) 203-8459

hiranrodriguez@outlook.com

Dated: May 5, 2025

HIRAN RODRIGUEZ

820 Grove Ave, Metairie, LA, 70003-7024

Clerk of Court
United States District Court for the Eastern District of
Louisiana
500 Poydras Street
New Orleans, Louisiana, 70130



RECEIVED
MAY 08 20??
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK