U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    May 20 2025

CAROL L. MICHEL
CLERK

cf                                    Walk-In

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**HIRAN RODRIGUEZ,**
PLAINTIFF

V.

**META PLATFORMS, INC.,** *ET AL.*
DEFENDANTS

CIVIL ACTION NO. 2:25-cv-00197
SECTION A

JUDGE JAY C. ZAINEY

DIVISION 2

MAGISTRATE JUDGE
DONNA P. CURRAULT

JURY TRIAL DEMANDED

## NOTICE OF SUBMISSION OF EXHIBIT A AND EXHIBIT B

NOW INTO COURT, comes Plaintiff Hiran Rodriguez, appearing *Pro Se*, who respectfully gives notice that the following exhibits have been submitted and delivered to the Clerk of Court for filing and record preservation purposes in the above-captioned matter:

**EXHIBIT A:** Trackblock–0003 – Meta/AT&T; SDK Surveillance Report, consisting of 40 pages including full-size evidentiary screenshots, metadata, and annotated forensic logs.

**EXHIBIT B:** Forensic Hash Certificate dated May 18, 2025, containing SHA-256, SHA-1, and MD5 cryptographic hashes for the EXHIBIT A archive, confirming evidentiary authenticity and preservation under Fed. R. Evid.. 901(b)(9).

These exhibits are submitted in support of pending filings, including the Emergency Motion for Temporary Restraining Order, and for purposes of appellate review and judicial accountability. No consent is given to any adverse ruling, and this submission is made under constitutional protest pursuant to 28 U.S.C. §§ 144, 455, 351 and Rule 60(d)(3).

Respectfully submitted,

*Hiran Rodriguez*
Hiran Rodriguez

820 Grove Avenue

Metairie, LA 70003

Email: hiranrodriguez@outlook.com

Phone: (504) 203-845

Date: May 19, 2025

## EXHIBITS A & B – DIGITAL SURVEILLANCE EVIDENCE & HASH AUTHENTICATION

Submitted in support of Judicial Review pursuant to Federal Rules of Evidence 901(b)(9) and Rule 1002 (Original Writing Rule)

### Exhibit A – Forensic Report & Evidence Bundle

Title: EXHIBIT TRACKBLOCK–0003_Meta_AT&T;_SDK_Surveillance.pdf

Contents: 40 pages (forensic analysis with embedded screenshots)

Also enclosed within encrypted ZIP archive: EXHIBIT TRACKBLOCK–0003_Meta_AT&T;_SDK_Surveillance_2025-05-18.zip

Encryption: AES-256 ¦ Password: $^O7uGeU^FDK

Legal Basis: FRE 901(b)(9) – Digital Authentication ¦ Rule 1002 – Original Record Rule

### Exhibit B – Forensic Hash Certificate

This document authenticates the encrypted ZIP archive and confirms its forensic integrity.

All hash values (SHA-256, SHA-1, MD5) and password are disclosed for public and adversarial verification.

Executed on: May 18, 2025

1

Filed by: Hiran Rodriguez

820 Grove Ave

Metairie, LA 70003

*Hiran Rodriguez*

**FORENSIC HASH CERTIFICATE**

Filename: EXHIBIT
TRACKBLOCK–0003_Meta_AT&T;_SDK_Surveillance_2025-05-18.zip
Date of Acquisition: May 18, 2025
Acquisition Method: ZIP Archive (Encrypted, AES-256), password protected using iZip Pro
Password: $^O7uGeU^FDK

Hash Algorithms Used:
SHA-256: 7ffbe852dc9b90d36277058e292e00be29d30d703fc2a71d5656db6edbeec71b
SHA-1: ca72c179033f3c055264f8bcc206e408b311928f
MD5: 610c062de9d15e971d0c336a9b7affe6

This certificate affirms that the above hash values were generated using standard cryptographic tools and match the encrypted archive identified herein.

Executed on: May 18, 2025
Signature: _Hiran Rodriguez_
Hiran Rodriguez
820 Grove Ave
Metairie, LA 70003

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2025, a true and correct copy of the Notice of

Submission of EXHIBIT A (Trackblock–0003): Meta/AT&T; SDK Surveillance Report with

the associated exhibits and any supporting filings, was served upon all counsel of record at the

following email addresses via electronic mail:

*barcuri@fralawfirm.com*

*lcarlisle@bakerdonelson.com*

*scefolia@bakerdonelson.com*

*colin.cisco@jeffparish.net*

*hailey.cummiskey@arlaw.com*

*philip.giorlando@bswllp.com*

*katherine@snw.law*

*ekesler@bakerdonelson.com*

*ckrake@courington-law.com*

*eve.masinter@bswllp.com*

*vmatherne@courington-law.com*

*lmince@fishmanhaygood.com*

*suzy@snw.law*

*jnieset@phjlaw.com*

*lrodrigue@fralawfirm.com*

*lindsaysamuel@dwt.com*

*lrichard@irwinllc.com*

*scott@snw.law*

*qurquhart@irwinllc.com*

*roland.vandenweghe@arlaw.com*

Additionally, the undersigned filed the original with the Clerk of Court for the Eastern District of Louisiana by hand delivery at the intake desk on May 19, 2025.

Respectfully submitted,

*Hiran Rodriguez*

Hiran Rodriguez

820 Grove Ave, Metairie, LA 70003-7024

(504) 203-8459

hiranrodriguez@outlook.com

Date: May 19, 2025

Forensic Analysis – Procedural Record Entry | Surveillance Capture | H. Rodriguez

# FORENSIC ANALYSIS REPORT

**EXHIBIT A**

2:25-cv-00197-JCZ-DPC

*Filed in support of: EXHIBIT TRACKBLOCK–0003_Meta_AT&T_SDK_Surveillance*

Certified Evidentiary Statement – H.R.

Notary Certification (optional):

*Subscribed and sworn to before me on* _____

*Signature:* _____

*Official Seal (if applicable)*

1

## SECTION I: FORENSIC OVERVIEW

This report presents a forensic overview of persistent SDK telemetry and covert data transmissions originating from the Plaintiff's personal device. Captured using the Do Not Track firewall application installed on an iPhone 13, these transmissions occurred without user interaction or foreground app activity. Each event was intercepted, logged, and preserved with cryptographic integrity checks, enabling this formal documentation and legal analysis.

The SDK telemetry in question was primarily associated with applications developed or distributed by Meta Platforms, Inc., including the Facebook and Instagram mobile apps. Traffic patterns and endpoint mapping revealed unsolicited attempts to reach Meta-owned servers such as graph.facebook.com, gateway.instagram.com, and multiple MQTT and encrypted chat ingress endpoints. These connections were observed to initiate without visible app usage, indicating background streaming hooks, presence-tracking routines, or beacon telemetry embedded in the application software development kits.

In addition to Meta's traffic, simultaneous DNS and multicast discovery packets were blocked from AT&T; infrastructure endpoints such as attlocal.net and _dns-sd._udp. These transmissions were broadcast across the Plaintiff's local network, suggesting that service discovery protocols were being leveraged to resolve the Plaintiff's device identity or session presence. Such behavior implies the integration of ISP-assisted network monitoring or device-matching telemetry

2

within otherwise consumer-facing SDK operations.

Apple Inc. infrastructure also appeared in the form of provisioning traffic to device-config.pcms.apple.com. This endpoint is used by iOS devices to receive entitlement updates, silent push notification permissions, and configuration profiles. Its appearance during periods of Meta SDK transmission suggests Apple's direct or indirect involvement in enabling or permitting these background operations.

The events described herein occurred while Plaintiff was actively pursuing legal remedies in Case No. 2:25-cv-00197-JCZ-DPC. The nature, timing, and stealth of these transmissions raise concerns regarding unlawful surveillance, electronic interception, and retaliation during ongoing federal litigation.

3

## SECTION II: TECHNICAL BREAKDOWN

This section provides a technical explanation of the infrastructure, telemetry endpoints, and surveillance mechanics observed during firewall-based monitoring of the Plaintiff's device. The content focuses on the nature of the connections, their origin, timing, and alignment with mobile application software development kits (SDKs) that were installed and running in background states.

1. Meta SDK Traffic & Endpoint Identification: Multiple unsolicited transmissions were intercepted from the device to Meta-owned domains, including graph.facebook.com, edge-mqtt.facebook.com, and gateway.instagram.com. These connections occurred without the Facebook or Instagram applications being actively used. Their behavior suggests embedded streaming beacons, presence detection services, or telemetry modules functioning at the SDK level. The destinations matched known surveillance-related endpoints used internally by Meta for encrypted messaging synchronization and metadata aggregation.

2. DNS-SD and AT&T; Network Discovery Packets: The Do Not Track firewall recorded and blocked recurring attempts to broadcast DNS-based service discovery (DNS-SD) packets to local endpoints ending in attlocal.net and _dns-sd._udp. These transmissions are characteristic of devices probing their network environment for carrier-assisted device fingerprinting or pairing. The frequency and protocol characteristics indicate the likely involvement of AT&T;

4

or an associated ISP in aiding SDK-level telemetry capture or contextual environment reporting.

3. Apple Configuration Traffic: During idle periods, traffic to Apple Inc.'s provisioning endpoint, device-config.pcms.apple.com, was also captured. This server is responsible for issuing system-level configuration profiles, entitlement updates, and permission grants that may be exploited by SDKs. The timing of these requests suggests collaboration between Meta SDK operations and Apple's system-level services in provisioning or authorizing background telemetry.

## SECTION III: LEGAL MAPPING TO VIOLATED STATUTES

This section outlines the statutory violations implicated by the surveillance and telemetry activity documented in this report. Based on the nature, timing, and structure of the transmissions, the observed conduct potentially violates multiple federal laws including statutes under the Wiretap Act, the Electronic Communications Privacy Act (ECPA), and constitutional safeguards under 42 U.S.C. § 1983. The following legal authorities support the Plaintiff's claims.

A. Federal Wiretap Act (18 U.S.C. § 2511): The unauthorized interception of electronic communications—particularly SDK-initiated transmissions from a user's personal device without active engagement—qualifies as a violation of the Wiretap Act. The transmissions from Meta's SDKs occurred covertly and without consent, and the entities receiving this data had no lawful authorization. The behavior bypasses ordinary user awareness, rendering any assumed consent invalid under federal law.

B. Electronic Communications Privacy Act (ECPA) (18 U.S.C. §§ 2701–2712): The storage, access, and retrieval of metadata from a user's device or mobile application—without proper legal process or consent—violates the protections guaranteed by the ECPA. Meta, Apple, and AT&T; engaged in a pattern of systemic data access wherein stored communications were likely retrieved or routed through SDK mechanisms for surveillance or analysis.

6

C. 42 U.S.C. § 1983 – Constitutional and Civil Rights: To the extent these surveillance activities were enabled or tolerated by state-aligned actors, or conducted in coordination with retaliatory efforts against the Plaintiff during litigation, constitutional due process protections under 42 U.S.C. § 1983 are implicated. The use of SDK telemetry and device-level data transmission to monitor or retaliate against a litigant during an active court case constitutes a deprivation of access to court and freedom from unreasonable searches.

D. Supplemental Theories of Liability: In addition to the statutes above, the conduct documented supports claims of tortious invasion of privacy, intentional infliction of emotional distress, and violation of federal computer crime statutes such as the Computer Fraud and Abuse Act (CFAA). The covert nature of the transmissions, the lack of meaningful user control, and the use of SDK architecture to circumvent explicit permissions all support enhanced liability theories under civil and criminal law.

7

## SECTION IV: AUTHENTICATION AND EXPERT STATEMENT

I, Hiran Rodriguez, affirm under penalty of perjury that the forensic evidence contained in this report was captured through firsthand observation using firewall monitoring software installed on my personal mobile device. I am the lawful user of the device from which these records originated, and I affirm that all data, screenshots, and logs were obtained by me, stored securely, and remain unaltered.

Each screenshot and network event referenced in this report has been hashed using SHA-256, SHA-1, and MD5 algorithms. The resulting hashes are stored in tamper-evident logs and can be re-verified by any qualified forensic analyst. This process confirms the authenticity, integrity, and chronological accuracy of each documented transmission and endpoint block.

This report, and the attached exhibit titled EXHIBIT TRACKBLOCK–0003_Meta_AT&T;_SDK_Surveillance.pdf, is submitted for evidentiary purposes in support of the Plaintiff's claims in Case No. 2:25-cv-00197-JCZ-DPC. The technical and legal conclusions within this document are based on direct observation, expert interpretation of network behavior, and secure documentation protocols.

Executed on May 18, 2025.

Signature: _Hiran Rodriguez_

8

Hiran Rodriguez

820 Grove Ave

Metairie, LA 70003

9

2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0001**



*I*

**EXHIBIT TRACKBLOCK–0003 – 0002**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0003**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0004**



4

2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0005**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0006**



**EXHIBIT TRACKBLOCK–0003 – 0007**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0008**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0009**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0010**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0011**



*11*

2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0012**



**EXHIBIT TRACKBLOCK–0003 – 0013**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0014**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0015**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0016**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0017**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0018**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0019**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0020**



*20*

2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0021**



*21*

2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0022**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0023**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0024**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0025**



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0026**



2:25-cv-00197-JCZ-DPC

## EXHIBIT TRACKBLOCK–0003 – 0027



2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0028**



*28*

2:25-cv-00197-JCZ-DPC

**EXHIBIT TRACKBLOCK–0003 – 0029**



## EXHIBIT TRACKBLOCK–0003 – 0030



Executed on May 18, 2025.

Signature: _Hiran Rodriguez_

Hiran Rodriguez

820 Grove Ave

Metairie, LA 70003

31