UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ | CIVIL ACTION |
| VERSUS | NO. 25-197 |
| META PLATFORMS, INC., ET AL. | SECTION "A" (2) |

## ORDER & REASONS

On March 20, 2025, the Court referred this matter to Magistrate Judge Donna Currault for a hearing, including evidentiary hearing if necessary, and for submission of a Report and Recommendation.[1] Accordingly, on April 10, 2025, the Magistrate Judge issued a Report and Recommendation (Rec. Doc. 137) with findings as to a statutory frivolousness review conducted pursuant to 28 U.S.C. § 1915.[2] Plaintiff submitted a Petition to Object to Report and Recommendation (Rec. Doc. 139)[3] through EDSS on the same day, and the Clerk of Court received his Motion to Vacate Report and Recommendation (Rec. Doc. 177) by mail on April 25, 2025.[4] On April 30, 2025, the Court adopted the Report and Recommendation as its own after conducting a *de novo* review of the issues raised by Plaintiff's objections and a review for clear error of the portions of the recommendation to which no specific objection was made.[5]

---

[1] Rec. Doc. 102.

[2] Upon review of the record, the Magistrate Judge determined that the matter could be resolved without an evidentiary hearing. Rec. Doc. 137, at 1.

[3] His motion notes "All objections are entered in full," and "This Petition stands as a Notice of Constitutional Objection." Rec. Doc. 139, at 10.

[4] The motion was dated April 19, 2025, within the 14-day window to object.

[5] *See generally* Rec. Doc. 186. The Court notes that, despite the objections lodged in the Petition to Object to Report and Recommendation (Rec. Doc. 139) and the Motion to Vacate Report and Recommendation (Rec. Doc. 177), Plaintiff later erroneously contended that he was deprived of due process when the Court adopted the Report and Recommendation. *See* Rec. Doc. 199, at 3; Rec. Doc. 211, at 10.

Because a district court should generally refrain from dismissing a *pro se* complaint without first providing the plaintiff an opportunity to amend,[6] the Court granted Plaintiff 14 days to amend his complaint and, in doing so, it explained the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2).[7] The Court expressly warned Plaintiff, however, that failure to comply with its order would result in dismissal of his claims.[8] And for docket management purposes,[9] the Court further ordered that Plaintiff was to "file no additional pleadings, motions, or documents of any kind with this Court in connection with this case until **AFTER** he has filed his amended complaint."[10]

In the 14 days between the Court's April 30, 2025 order and the May 14, 2025 deadline to amend his complaint, Plaintiff filed over 20 documents—none of which were an amended complaint.[11] In one of those documents he described the opportunity to amend granted to him by this Court as "procedurally improper and constitutionally repugnant," and emphasized that "[a]

---

[6] *See Ricks v. Khan*, 135 F.4th 296, 301–02 (5th Cir. 2025).

[7] Rec. Doc. 186, at 2 (further explaining that "Conclusory allegations or lengthy factual assertions that do not provide any basis for relief are counterproductive," and that Plaintiff must set forth the necessary facts to support each required element of an asserted complain).

[8] Rec. Doc. 186, at 2.

[9] *See In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam) (explaining that a district court has "broad discretion and inherent authority to manage its docket").

[10] Rec. Doc. 186, at 2. In the same order, the Court instructed the Clerk of Court to reject any document filed in violation of the order. It subsequently ordered that "notwithstanding the frivolous nature of this lawsuit, but out of an abundance of caution in light of the plaintiff's constitutional right of access to the courts," the Clerk of Court was to "file into the record any documents that are received from the plaintiff in hardcopy (either in person at the Clerk's Office or through the mail), including those received after the Court entered its orders on April 30, 2025" and emphasized that "[t]he documents will be filed into the record solely for the purpose of maintaining the record for appeal purposes." Rec. Doc. 188.

[11] *See generally* Rec. Docs. 189–211. Since the May 14 deadline to amend passed, Plaintiff has personally delivered 9 additional documents to the Clerk of Court in violation of the Court's April 30, 2025 order. *See* Rec. Docs. 213–216, 218–222. These documents, which do not include an amended complaint, are listed as follows: "Notice of Submission of Digital Evidence Exhibits" (Rec. Doc. 213); "Notice of Submission of Exhibit A and Exhibit B" (Rec. Doc. 214); "Notice of Non-Consent to Magistrate Jurisdiction and Jurisdictional Challenge under Article III" (Rec. Doc. 215); "Emergency Motion for Temporary Restraining Order" (Rec. Doc. 216); four documents styled as "Notice of Filing and Entry into the Record" (Rec. Docs. 218–221); and an "Emergency Motion for Injunctive Relief and Relief from Judgment under Rule 60(d)(3)" (Rec. Doc. 222).

plaintiff who believes his original complaint was wrongly dismissed (or his claims wrongly ignored) has the right to stand on that complaint and seek appellate review, rather than amend and waive errors."[12] He has since filed a Notice of Appeal with this Court and a Petition for Writ of Mandamus[13] is currently pending with the United States Court of Appeals for the Fifth Circuit.[14]

Considering **(i)** this Court's adoption of the Magistrate Judge's well-reasoned Report and Recommendation after conducting a *de novo* review of the portions of the recommendation to which Plaintiff objected, and a review for clear error of the portions of the recommendation to which no specific objection was made; **(ii)** the expiration of the deadline this Court gave Plaintiff to amend his otherwise frivolous complaint; and **(iii)** Plaintiff's failure to file an amended complaint,[15]

Accordingly;

**IT IS ORDERED** that Plaintiff Hiran Rodriguez's claims against Meta Platforms, Inc., Apple, Inc., T-Mobile USA Inc, AT&T Enterprises, LLC, X Corp., Kansas City Southern Railway Company, LCMC Healthcare Partners, LLC, Third District Volunteer Fire Department, Gray Local Media, Inc, Associated Press, Jefferson Parish, Jefferson Parish Sheriff's Office, Sheriff Joseph P. Lopinto, III, Andres Fuentes, Gloria Pazmino, Haleluya Hadero, Susanne Rust, Ryan McCafferty, Paul McInnes, Jonathan Liew, James Ochoa, Demicia Inman, Jamie Spangher, Maya

---

[12] Rec. Doc. 201, at 7.

[13] The Court maintains jurisdiction to enter this final judgment. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) ("As a general rule, a perfected appeal from a final judgment or reviewable order of a district court does vest jurisdiction in the appellate court and terminates the jurisdiction of the district court. This rule does not apply to petitions for writ of mandamus." (footnote omitted)).

[14] Rec. Doc. 200; Rec. Doc. 211; *see also In re Hiran Rodriguez*, No. 25-30279, United States Court of Appeal for the Fifth Circuit (filed May 13, 2025).

[15] To ensure that an amended pleading Plaintiff may have placed in the mail on the filing deadline had a reasonable amount time for delivery to the Clerk of Court, the Court waited 7 additional days before entering the instant Order and Reasons.

Gebeily, Versha Sharma, Elon Musk, and Mark Elliot Zuckerberg are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and otherwise for failure to state a claim for which relief can be granted.

May 22, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE