

RECEIVED
JUN 17 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ, | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| META PLATFORMS, INC., *ET AL.* | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA P. CURRAULT |
| | |
| | JURY TRIAL DEMANDED |

## MOTION TO SUPPLEMENT THE RECORD

**(Pursuant to Fed. R. App. P. 10(e) & Rule 60(b)(6))**

NOW COMES Plaintiff Hiran Rodriguez, pro se, and respectfully moves this Honorable Court, pursuant to Federal Rule of Appellate Procedure 10(e), for an order supplementing the record in this case with newly submitted evidence (attached as Exhibit A) relevant to Plaintiff's pending appeal and writ of mandamus. In support of this motion, Plaintiff shows as follows:

## INTRODUCTION

Plaintiff seeks to preserve and include material evidence in the record on appeal to ensure a complete and accurate account of the proceedings below. Federal Rule of Appellate Procedure 10(e)(2) provides that if "anything material to either party is omitted from or misstated in the record by error or accident," the omission "may be corrected and a supplemental record may be certified and forwarded" by the district court, including "before or after the record has been forwarded." The evidence at issue – a video and supporting declaration documenting post-dismissal retaliatory conduct – was not formally made part of the district court record due to procedural irregularities and restrictions. This new evidence directly relates to the matters on appeal (Fifth Circuit Case No. 25-30297) and to Plaintiff's pending petition for writ of mandamus (Fifth Circuit Case No. 25-30279). For the reasons below, Plaintiff respectfully submits that the record should be supplemented to include this evidence, in the interest of justice and a full appellate review.

## BACKGROUND AND PROCEDURAL HISTORY

Dismissal and Omitted Evidence: On May 22, 2025, this Court entered an Order and Reasons (Rec. Doc. 223) and Final Judgment (Rec. Doc. 224) dismissing Plaintiff's case. In that dismissal, the Court characterized Plaintiff's claims as "frivolous" and failed to acknowledge Plaintiff's key evidentiary submissions . Specifically, prior to dismissal, Plaintiff had formally notified the Court that he had provided a compiled folder of evidence to all opposing counsel. On March 25, 2025, Plaintiff filed Rec. Doc. 108, titled "Notice to Court of Submission of Evidence to Counsel of Record," confirming that a comprehensive set of evidentiary materials had been delivered to Defendants' counsel for their review and for the Court's notice. Opposing counsel did in fact access this evidence (as shown by electronic access logs and screenshots). However, the Court's dismissal order made no mention of this evidence or its implications. The omission is significant: the evidence was provided in a good-faith effort to ensure consideration of Plaintiff's claims , yet it was effectively ignored in the Court's ruling. The Court further stated that Plaintiff failed to timely object to the U.S. Magistrate Judge's Report and Recommendation (Rec. Doc. 137) or move to alter it – an assertion that is incorrect. In reality, Plaintiff filed timely objections at Rec. Doc. 139 and later filed a Motion to Vacate at Rec. Doc. 177, which were pending at the time of the Court's decision . The failure to acknowledge these filings and the delivered evidence indicates that material parts of the record were overlooked or not reflected in the official record.

Restrictive Filing Orders (Rec. Docs. 186, 187, 188): In the weeks preceding the dismissal, the Court issued a series of orders that curtailed Plaintiff's ability to file documents and arguably contributed to the omission of evidence from the record. Rec. Doc. 186 and Rec. Doc. 188 (along

3

with a related Order at Rec. Doc. 187) directed the Clerk of Court to reject any filings from Plaintiff that were not submitted in person or by mail, thereby barring Plaintiff from utilizing the Court's electronic document submission system ("EDSS") . These orders were entered after Plaintiff refused to acquiesce to certain conditions that he believed infringed upon his rights – effectively attempting to coerce Plaintiff into waiving constitutional objections he had raised . The practical effect of Rec. Docs. 186, 187, and 188 was to silence Plaintiff's remote filings and obstruct his ability to supplement the record or respond to filings in a timely manner. Plaintiff asserts that these measures violated his fundamental right of access to the courts, as protected by the First and Fourteenth Amendments (see Bounds v. Smith, 430 U.S. 817 (1977), recognizing prisoners' fundamental right of access to courts ). Although Plaintiff is not incarcerated, the Court's filing restrictions similarly impeded his meaningful access by preventing the use of standard electronic filing methods. Plaintiff's non-consent to these restrictions and his constitutional objections were noted on the record, yet the Court's orders remained in place through the dismissal of the case.

Post-Dismissal Retaliatory Conduct and New Evidence: Following the May 22, 2025 dismissal, Plaintiff experienced an escalation of hostile and retaliatory actions which he believes were triggered by his pursuit of this lawsuit. In particular, Plaintiff noticed a surge in online defamation, coordinated obstruction, and reputational harm directed at him, which he has reason to trace to Defendants' media affiliates and networks of counsel . These incidents, occurring in the days immediately after the case was dismissed, are detailed in the attached Exhibit A (Plaintiff's Declaration, with a supporting video recording). The video evidence captures specific

4

instances of harassment/intimidation that Plaintiff contends were done in retaliation for his litigation activities. This new evidence, though arising post-judgment, is highly relevant: it tends to corroborate Plaintiff's claims of a coordinated effort to harm him (an issue central to the underlying case) and demonstrates the ongoing impact and context of the very conduct Plaintiff sought to challenge in this lawsuit. Moreover, the retaliatory conduct further implicates the fairness of the proceedings below, as it suggests a continuing pattern of obstruction that may have extended into the handling of Plaintiff's case. Because this evidence was obtained after the final judgment – and because the Clerk, pursuant to Rec. Doc. 186/188, refused to accept Plaintiff's electronic submission of this material at that time – the evidence was never entered into the district court docket despite Plaintiff's attempts. Plaintiff did, however, promptly serve copies of the evidence (and the related declaration) on Defendants' counsel and provided notice to the Court by letter. For purposes of the appellate review, Plaintiff now seeks to formally add this material to the record.

Pending Appeal and Mandamus Petition: Plaintiff has timely appealed the dismissal of this action, and that appeal is currently pending in the U.S. Court of Appeals for the Fifth Circuit (Case No. 25-30297). In addition, Plaintiff has filed a petition for a writ of mandamus in the Fifth Circuit (Case No. 25-30279) addressing certain extraordinary issues in this case, including the Court's refusal to accept filings and other alleged irregularities. The PACER docket confirms that both the appeal and the mandamus petition remain active. The outcome of those appellate proceedings will be affected by the completeness of the record from this Court. It is therefore critical that the record be supplemented to include all materials necessary for a full and fair

consideration of Plaintiff's arguments. Plaintiff brings this motion now, in advance of the appellate briefing, to ensure the new evidence (Exhibit A) and any related proof of Defendants' access to prior evidence are part of the record transmitted to the Fifth Circuit.

## ARGUMENT

1. Authority to Supplement the Record Under FRAP 10(e): This Court retains the authority to correct and supplement the record on appeal where material information was omitted "by error or accident." Indeed, Rule 10(e)(2)(B) of the Federal Rules of Appellate Procedure expressly permits the district court to supplement the record "before or after the record has been forwarded" to the court of appeals . The rule's purpose is to ensure that the record accurately reflects what transpired in the district court and contains all evidence relevant to the issues on appeal. In the present case, the absence of Plaintiff's evidence and declaration from the official record is the result of a combination of error, oversight, and unusual procedural circumstances – including the Court's own filing restrictions that prevented standard docketing of the materials. These circumstances constitute precisely the sort of omission that Rule 10(e) contemplates correcting. The evidence in question is unquestionably material to Plaintiff's case: it goes to the heart of Plaintiff's claims of coordinated wrongful conduct and retaliation, and it provides context for Plaintiff's post-judgment allegations of judicial and party misconduct. Because this material was effectively before the Court (through notice in Rec. Doc. 108 and service on counsel) but was not formally made part of the record, its omission is an error to be rectified. The Court should exercise its Rule 10(e) authority to order that the record be supplemented with the

omitted evidence now, rather than leave the appellate court with an incomplete picture of the case.

2. Relevance and Importance of the New Evidence: Courts have recognized that while Rule 10(e) is not a vehicle to introduce wholly new evidence unrelated to the trial court proceedings, it is appropriate to supplement the record with evidence that "accurately reflect[s] what happened in the district court" or that was constructively before the court even if not formally filed . Here, the video and declaration in Exhibit A, though obtained after the final judgment, relate back to and illuminate the events during the litigation. The declaration describes how Defendants' representatives accessed Plaintiff's evidence in March 2025 (an event noted in Rec. Doc. 108) and how, subsequently, a campaign of defamation and harassment was directed at Plaintiff in retaliation . These facts reinforce Plaintiff's argument that his evidence was known to Defendants and that negative actions were taken in response – a point which undermines the finding of frivolousness and supports Plaintiff's contentions on appeal. Because the district court failed to acknowledge the evidentiary delivery and its consequences in its ruling , the appellate court would, absent supplementation, be left unaware of a critical aspect of the case history. Supplementing the record will ensure the Fifth Circuit can consider whether the district court's dismissal overlooked key evidence or was influenced by the very retaliatory conduct now documented.

Additionally, the orders at Rec. Docs. 186, 187, 188 created a procedural anomaly that justifies supplementation now. By precluding electronic filings and thereby impeding Plaintiff's submissions, those orders effectively caused evidence to remain off-docket. It would be unjust for Defendants to benefit on appeal from a record that omits evidence simply because Plaintiff was procedurally barred from filing it in the ordinary course. The Fifth Circuit has the power to remand for fact-finding or direct inclusion of omitted materials, but judicial economy favors addressing the issue here and now in the district court. This Court can settle any dispute about what belongs in the record, as Rule 10(e)(1) envisions, and thus present the appellate tribunal with a true and complete record of proceedings .

3. No Prejudice and Preservation of Appellate Rights: Allowing supplementation will not prejudice Defendants or alter the substantive decision already on appeal; rather, it will place all parties on an even footing by ensuring the appellate court considers the same evidentiary picture that should have been before the district court. Defendants have been aware of the evidence in question since March 2025 (when the folder was shared) and certainly since Plaintiff attempted to file the Exhibit A materials in early June 2025. They cannot credibly claim surprise or unfair disadvantage by the formal inclusion of this material now. If anything, supplementing the record will encourage an honest evaluation of the case's merits on appeal, which benefits the integrity of the judicial process. Moreover, denying supplementation would effectively reward the very tactics that kept this evidence out of the record (whether those be clerical policies or adversarial maneuvering) and would sanction an incomplete record. This Court should instead err on the side of completeness and transparency . Plaintiff is simply asking that the appellate review

proceed on the basis of a full record, including evidence of Defendants' access to his materials and subsequent retaliatory acts, as these bear on issues of bias, credibility, and potential misconduct.

Finally, Plaintiff notes that his accompanying petition for mandamus (No. 25-30279) directly addresses some of the procedural irregularities herein – such as the filing restrictions and the Court's handling of Plaintiff's submissions. Supplementing the record in this case with Exhibit A will also ensure that the mandamus court (the Fifth Circuit) has access to the same factual record when evaluating Plaintiff's allegations of judicial and procedural impropriety. Given that mandamus is an extraordinary remedy, a complete record is paramount for such review. In sum, whether viewed through the lens of FRAP 10(e) or the Court's inherent authority to manage its records, the inclusion of Plaintiff's proffered evidence is necessary to preserve the integrity of the appellate process.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Motion be GRANTED. Plaintiff asks that the Court enter an order directing the Clerk of Court to supplement the record in this matter to include the evidence attached hereto as Exhibit A (Plaintiff's Declaration dated June 2025 with accompanying video file and screenshots). Plaintiff further requests that the Court certify this supplemental material as part of the record on appeal in Fifth Circuit Case No. 25-30297, and transmit the same to the Fifth Circuit. In the alternative, should the Court

9

determine that additional steps are required to admit this evidence into the record, Plaintiff prays for such other relief as may be just and necessary to effectuate the inclusion of the evidence (for example, reopening the record for the limited purpose of admitting Exhibit A, or indicating on the record that the Court would have considered the evidence had it been timely filed, etc.).

Plaintiff also reserves all rights with respect to challenging the fairness and legality of the proceedings to date. Granting this motion will advance a complete and truthful review on appeal, and will not disturb the final judgment other than to ensure the record forwarded is accurate and comprehensive. Plaintiff therefore urges the Court to grant the relief requested in order to uphold the proper administration of justice.

Respectfully submitted, this 4th day of June, 2025.

Hiran Rodriguez

*Plaintiff Pro Se*

820 Grove Avenue

Metairie, LA 70003-7024

Tel: 504-203-8459 / Email: hiranrodriguez@outlook.com

/s/ Hiran Rodriguez (Signed with consent)

# RESERVATION OF RIGHTS AND NON-CONSENT DECLARATION

Plaintiff expressly reserves all rights, remedies, and protections secured under the Constitution and laws of the United States, including but not limited to those under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments. No waiver of any such rights – either substantive or procedural – is intended or implied by the filing of this motion or any previous or future participation in this case. Plaintiff further declares that he does not consent to any proceedings, orders, or requirements that are contrary to or beyond the lawful authority of the Court or that violate his constitutional rights. By submitting this motion, Plaintiff does not consent to the jurisdiction of any magistrate judge on any dispositive matter, and he reserves the right to challenge ex post facto any act which exceeds the Court's jurisdiction or contravenes due process. All objections and exceptions are preserved to the fullest extent of the law.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Supplement the Record (with Exhibit A) was served upon all counsel of record on this 4th day of June, 2025. In light of the Court's filing restrictions (Rec. Docs. 186 and 188) which prevent electronic filing by the undersigned, service was effectuated by electronic mail to counsel at the email addresses listed below, and/or by any alternative means required to ensure delivery. The service list includes all counsel who have appeared in this action:

- ddeamore@bakerdonelson.com
- ekesler@bakerdonelson.com
- lcarlisle@bakerdonelson.com
- psigmon@bakerdonelson.com
- ptorres@bakerdonelson.com
- scefolia@bakerdonelson.com
- eve.masinter@bswllp.com
- jamie.blanchard@bswllp.com
- karen.webre@bswllp.com
- margaret.beyer@bswllp.com
- philip.giorlando@bswllp.com
- colin.cisco@jeffparish.net
- rharang@jeffparish.net
- hailey.cummiskey@arlaw.com
- roland.vandenweghe@arlaw.com

- yvonne.evans@arlaw.com
- cfalcon@courington-law.com
- ckrake@courington-law.com
- dculotta@courington-law.com
- spratt@courington-law.com
- vmatherne@courington-law.com
- lmince@fishmanhaygood.com
- jenny@snw.law
- katherine@snw.law
- meriem@snw.law
- scott@snw.law
- suzy@snw.law
- teena@snw.law
- edesforges@phjlaw.com
- jnieset@phjlaw.com
- christinehanley@dwt.com
- frankromero@dwt.com
- jamesmoon@dwt.com
- Tkarlaolivas@dwt.com
- lindsaysamuel@dwt.com
- lit-docket@dwt.com
- tonyafrazier@dwt.com
- ataylor@irwinllc.com

- gurquhart@irwinllc.com
- lrichard@irwinllc.com
- rlotz@irwinllc.com
- starr@irwinllc.com
- 

Executed on June 4, 2025.

*Hiran Rodriguez*
/s/ Hiran Rodriguez

Hiran Rodriguez, Plaintiff