Case 2:25-cv-00197-JCZ-DPC   Document 231   Filed 06/24/25   Page 1 of 9

RECEIVED
Jun 24 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ, | CIVIL ACTION NO. 2:25-cv-00197 |
| PLAINTIFF | SECTION A |
| | JUDGE JAY C. ZAINEY |
| V. | |
| | DIVISION 2 |
| META PLATFORMS, INC., *ET AL.* | MAGISTRATE JUDGE |
| DEFENDANTS | DONNA P. CURRAULT |
| | |
| | JURY TRIAL DEMANDED |

# MOTION TO VACATE JUDGMENT FOR FRAUD ON THE COURT

## (Fed. R. Civ. P. 60(d)(3))

Plaintiff Hiran Rodriguez respectfully moves this Court to vacate all orders and judgments entered after March 16, 2025—including but not limited to Rec. Docs. 100, 186, 187, 188, 223, and 224—for fraud on the court, lack of jurisdiction, and gross procedural irregularity. In support, Plaintiff states:

1. On March 16, 2025, Plaintiff filed a detailed Motion to Recuse Judge Jay C. Zainey pursuant to 28 U.S.C. §§ 144 and 455(a), entered as Rec. Doc. 91.

2. The motion set forth specific factual allegations of bias, prejudice, and procedural misconduct, and incorporated Plaintiff's personal knowledge and belief.

3. Plaintiff, a *pro se* litigant, consistently reserved all rights and objected to the authority of the presiding judge, as stated explicitly in numerous filings, including Rec. Docs. 91, 104, 107, and 108.

4. Judge Zainey denied the motion himself in Rec. Doc. 100 (March 27, 2025), rather than transferring the matter to another judge as required by 28 U.S.C. § 144.

5. The order asserts that Plaintiff did not file a separate affidavit, but failed to recognize the factual allegations and *pro se* status of Plaintiff, or to provide an opportunity to cure any defect.

6. 28 U.S.C. § 144 mandates that when a party "makes and files a timely and sufficient affidavit," the judge "shall proceed no further therein, but another judge shall be assigned."

7. Actions taken by a judge after the filing of such a motion and affidavit are a nullity. *See United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).

8. Even if the Court determined that Plaintiff's initial motion did not satisfy the affidavit requirement, Plaintiff now supplements and affirms under penalty of perjury that all factual allegations stated in Rec. Doc. 91 are true and correct to the best of his knowledge and belief (see below).

2

9. Judge Zainey's refusal to transfer the recusal motion to another judge, and subsequent entry of substantive orders, constitutes fraud on the court, denial of due process, and a violation of the mandatory disqualification procedure.

10. All subsequent orders—Rec. Docs. 100, 186, 187, 188, 223, 224, and any others—are void *ab initio* and must be vacated.

11. Plaintiff has continuously reserved his rights and challenged the authority of the Court to proceed.

INCORPORATION OF MANDAMUS SUPPLEMENT ARGUMENT

Plaintiff expressly incorporates by reference his prior arguments as presented to the United States Court of Appeals for the Fifth Circuit in Case No. 25-30279, Mandamus Supplement – Clerk Obstruction and Jurisdictional Conflict, which stated as follows:

> Petitioner respectfully supplements the petition for writ of mandamus to demand that Rec. Docs. 186 and 187, entered on April 30, 2025, be vacated and stricken nunc pro tunc. These orders were issued by the district court after the in-person submission of a signed Motion to Disqualify under 28 U.S.C. §§ 144 and 455(a), along with a supporting affidavit and a Notice of Pending Judicial Misconduct Complaint delivered to the Clerk's Office on May 1, 2025.

3

The Clerk's Office refused to docket these filings until May 9, 2025, falsely stamping them "RECEIVED MAY 5, 2025." The actual date of physical delivery was May 1, 2025, in person.

The district court's issuance of Rec. Docs. 186 and 187 was in direct contravention of the mandatory disqualification framework. Once the disqualification motion and affidavit were submitted, all judicial action was jurisdictionally suspended under 28 U.S.C. § 144. The entry of any order during that suspension period is void for lack of authority.

Relief Requested: Petitioner asks this Court to vacate Rec. Docs. 186 and 187 as void ab initio, and remand the matter for docket correction and full judicial compliance with 28 U.S.C. § 455.

Plaintiff further reasserts, as previously reserved in Section X of the mandamus supplement, that he expressly reserves all rights, remedies, and protections secured under the Constitution of the United States of America, including but not limited to the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments. No waiver of rights shall be implied, presumed, or construed from silence, prior filings, appearance, or participation under duress. No consent, joinder, or agreement is granted to any legal theory, procedural presumption, or administrative prescript not explicitly authorized by the Constitution, by Act of Congress duly enrolled, or by affirmative contract. No jurisdiction is conferred where none exists as a matter of law. Plaintiff-Relator does not waive sovereign rights or immunities arising from unalienable guarantees, nor consent to be bound by tacit

implication, constructive joinder, or judicial presumptions unsupported by original legislative authority. This filing does not constitute consent to the jurisdiction of any tribunal acting outside the limits of Article III or lacking lawful judicial capacity under the Constitution and laws enacted pursuant thereto.

SUPPLEMENTAL DECLARATION UNDER 28 U.S.C. § 1746

I, Hiran Rodriguez, declare under penalty of perjury under the laws of the United States of America that the factual statements and allegations set forth in my Motion to Recuse Judge Jay C. Zainey (Rec. Doc. 91), filed March 16, 2025, in my mandamus supplement, and in all subsequent filings objecting to the authority of the Court, are true and correct to the best of my knowledge and belief.

Executed on June 19, 2025, in Jefferson Parish, Louisiana

*/s/ Hiran Rodriguez*

TABLE OF VOID ORDERS

| Order No. | Date | Event | Void/Improper Reason |
|---|---|---|---|
| 100 | 3/27/2025 | Denial of Recusal (by Zainey himself) | Judge cannot rule on own recusal motion (§ 144 violation) |
| 186/187 | 4/30/2025 | Subsequent orders | Entered after recusal motion—no jurisdiction |
| 188 | 5/7/2025 | Further order | Same |
| 223/224 | 5/22/2025 | Final dismissal/judgment | Same, plus appellate divestiture |

LEGAL AUTHORITIES

- 28 U.S.C. § 144:

"…such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

- *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980):

"Actions taken by a judge after the filing of a proper affidavit under § 144 are a nullity."

- *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999):

"The disqualified judge must take no further action except to transfer the case."

6

WHEREFORE, Plaintiff respectfully requests that the Court vacate all orders entered after the filing of Rec. Doc. 91, for lack of jurisdiction and fraud on the court, and grant all further relief as justice requires.

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2025, a true and correct copy of the foregoing filing was served via electronic mail upon all counsel of record as follows:

barcuri@fralawfirm.com,

lcarlisle@bakerdonelson.com,

scefolia@bakerdonelson.com,

colin.cisco@jeffparish.net,

hailey.cummiskey@arlaw.com,

philip.giorlando@bswllp.com,

katherine@snw.law,

ekesler@bakerdonelson.com,

ckrake@courington-law.com,

eve.masinter@bswllp.com,

vmatherne@courington-law.com,

lmince@fishmanhaygood.com,

suzy@snw.law,

jnieset@phjlaw.com,

lrodrigue@fralawfirm.com,

lindsaysamuel@dwt.com,

lrichard@irwinllc.com,

scott@snw.law,

qurquhart@irwinllc.com,

roland.vandenweghe@arlaw.com

Respectfully submitted,

s/ Hiran Rodriguez

Hiran Rodriguez

820 Grove Ave

Metairie, LA 70003-7024

hiranrodriguez@outlook.com

Dated: June 19, 2025