# United States Court of Appeals
# for the Fifth Circuit

No. 25-30279

In re: Hiran Rodriguez

---

DECLARATION OF HIRAN RODRIGUEZ
IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

---

I, Hiran Rodriguez, born on August 9, 1997, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows: Unless otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

1. I am the Petitioner in Case No. 25-30279 before the United States Court of Appeals for the Fifth Circuit. I submit this Declaration in support of my Petition for Writ of Mandamus, which seeks correction of judicial and clerical misconduct, restoration of filings and record integrity, and preservation of substantive and procedural rights.

2. The Eastern District of Louisiana has failed or refused to properly file and docket my pro se submissions, including filings made through the Electronic Document Submission System (EDSS). These include FOIA requests,

1

declarations, motions, affidavits, subpoena returns, and all evidentiary filings supporting claims of surveillance, misconduct, public corruption, and constitutional violations. Critical materials were suppressed or ignored, obstructing access to the court and depriving the record of filings essential to the issues presented in this mandamus action.

2. On May 22, 2025, at approximately 5:20 AM CDT, I submitted a filing through EDSS titled "Motion to Recognize Actual Notice as Valid Service Under Rule 4(e)(1) or in the Alternative to Stay Effect of Rec. Doc. 217." This motion was never docketed by the Clerk's Office. It was critical to curing alleged service defects and requested equitable relief to halt dismissal. Despite this, the court dismissed my case later that same day. I assert that the content of my filing was accessed and acted upon in a retaliatory manner, without allowing the document to appear in the public record. This constitutes intentional suppression of a dispositive filing and denial of my constitutional right to access the court.

3. On May 2, 2025, I submitted two FOIA-style transparency requests to the Eastern District of Louisiana Clerk's Office via official court email and through EDSS. These filings sought access to clerk metadata, EDSS transmission logs, and staff correspondence related to docket suppression and irregular activity. The court failed to acknowledge or docket these submissions. I was forced to re-submit them in person, and they were eventually entered as Rec. Docs. 205

2

and 206 on May 13, 2025. This pattern of suppression until compelled by physical appearance constitutes intentional obstruction of transparency, erodes trust in the Clerk's Office, and supports a compelling need for emergency mandamus relief.

4. After I moved to recuse the judge and began serving informal discovery and default notices, the court issued an unsupported stay that froze all filings, enforcement activity, and deadlines. This blocked both formal Rule 55(a) defaults and informal efforts to secure voluntary compliance. The clerk also refused to enter default against parties who failed to plead or defend, violating mandatory ministerial duties.

5. I filed my civil action on January 29, 2025, seeking substantial monetary relief, including a request for pre-judgment interest. Under Louisiana's 2025 judicial interest rate of 8.25% per annum, the interest accrued on my $50 billion claim over a 114-day period—from January 29, 2025, through May 22, 2025, the date of dismissal with prejudice—totals approximately $1.31 billion. This figure represents the financial harm caused by prolonged obstruction, including delays in service, docket suppression, and the court's refusal to process critical filings and evidence. The final judgment, entered while multiple discovery efforts, FOIA demands, and motions for default were still pending or suppressed, denied proper adjudication of my damages claims. I respectfully request that my claim for pre-judgment interest

be preserved and included in the corrected appellate record and that the Court recognize the deprivation of timely adjudication as part of the constitutional and procedural violations justifying mandamus relief.

6. I lawfully served subpoenas by U.S. Mail on May 19 and May 20, 2025, targeting dismissed defendants and third-party custodians for evidence of surveillance, tampering, and retaliation. Several of these subpoenas remained pending when judgment was entered. Additionally, service of process on key defendants—including the Jefferson Parish Sheriff's Office and Sheriff Joseph P. Lopinto III—was actively being executed by the United States Marshals Service at the time of dismissal. On May 21, 2025, DOJ representative Hector Maes (hector.maes@usdoj.gov) confirmed via email that those service efforts were in progress and that the due date for return of service was June 12, 2025. Despite this, the court dismissed my case with prejudice the very next day, on May 22, 2025. This action obstructed pending discovery, deprived me of enforcement opportunities, and shielded parties from lawful service and evidentiary exposure. I respectfully request that the Fifth Circuit consider this procedural ambush and evidentiary deprivation in granting mandamus relief.

7. Certain filings submitted through EDSS and in person were docketed in altered form or not docketed at all. In several instances, submissions were misdated,

4

relabeled, or stripped of attached exhibits—lowering their evidentiary value and misrepresenting their substance. This pattern of tampering interferes with judicial integrity and raises serious concerns of clerical misconduct or fraud. I request that the Fifth Circuit order restoration of the true and complete versions of all affected filings and initiate appropriate investigation under the All Writs Act and mandamus jurisdiction. This conduct has also caused reputational injury, emotional distress, and defamation of my legal position by misrepresenting my filings. The Clerk's failure to correct the docket or acknowledge these errors amounts to fraud on the court and violates my due process right to a fair and accurate judicial record.

8. My Emergency Motion to Stay Proceedings Pending FOIA Results was ignored by the district court. This motion sought to pause proceedings until the resolution of pending FOIA requests and public records demands that directly implicated the Clerk's Office and court staff in misconduct, docket suppression, and potential fraud. Rather than rule on this emergency request, the court entered final judgment on May 22, 2025, while critical evidence remained unresolved and deliberately withheld. This constitutes a denial of due process and a refusal to consider material facts relevant to jurisdiction, procedural integrity, and constitutional violations. I respectfully request that the Fifth Circuit recognize this as a basis for granting mandamus relief and restoring my right to meaningful review.

5

9. I filed formal judicial misconduct complaints under 28 U.S.C. § 351 against both Judge Jay C. Zainey and Magistrate Judge Donna Phillips Currault while multiple motions and evidentiary filings remained pending. In apparent retaliation, the district court accelerated dismissal of my case and cited my refusal to file an amended complaint as a pretext—despite my jurisdictional objections under 28 U.S.C. §§ 144 and 455, my Notice of Intent to Stand on My Original Complaint, and my repeated reservation of all constitutional and procedural rights. My refusal to amend was based on a clear record of disqualification concerns and an active misconduct complaint, which should have stayed further rulings. Instead, the court disregarded these protections and terminated the case with prejudice. The combined effect of these omissions, suppressions, and retaliatory actions was to insulate judicial misconduct from review, deny me access to justice, and obstruct all avenues for factual development and redress necessary to prosecute my constitutional and civil rights claims.

10. On May 22, 2025, I issued a formal spoliation notice and demand for preservation of evidence to the Jefferson Parish Sheriff's Office (JPSO) and related parties. This notice, transmitted at 2:27 PM CDT via email to central records and legal personnel, warned against deletion or suppression of video footage, dispatch metadata, and related digital evidence concerning surveillance and harassment by JPSO Unit #H043. The spoliation notice followed disturbing developments earlier

6

that same day: after narrowing my prior records request to three specific dates, JPSO—who had previously confirmed the existence of over 30 responsive records suddenly claimed that no such records existed. This reversal came shortly after the docketing of EXHIBIT AERIAL–0002 (Rec. Doc. 221) on May 22, 2025, around 9:00 AM CDT, which had been submitted in person the day before, on May 21, 2025. Within hours of my preservation demand, the district court dismissed my case with prejudice while multiple FOIA requests and subpoena returns remained active and unresolved. Among the subpoenas issued by U.S. Mail on Monday, May 19, 2025, were those directed to LCMC Healthcare Partners, LLC, and East Jefferson Emergency Support Services (LCMC Health), seeking identification and operational records related to Ambulance Unit #156—a unit implicated in ongoing harassment and the subject of further legal action. The court's dismissal on May 22, 2025, followed my Notice of Appeal (May 9, 2025) and the docketing of my Petition for Writ of Mandamus (May 13, 2025). The timing of this dismissal—issued within hours of a formal preservation request and amid unresolved subpoenas—suggests deliberate obstruction and retaliatory suppression of evidence. I respectfully request mandamus relief to preserve the integrity of the record, compel investigative and corrective action, and uphold constitutional due process.

11. After dismissing nearly all parties from my case and while a formal judicial misconduct complaint was pending, the court attempted to coerce me into filing an

7

amended complaint. I had already filed Rec. Doc. 91 – Motion to Recuse Judge Jay C. Zainey Pursuant to 28 U.S.C. § 455(a) and (b) and later Rec. Doc. 189 – Motion to Disqualify Judge Jay C. Zainey Pursuant to 28 U.S.C. § 455(a) and (b)(1), citing both bias and improper conduct. In response to this unresolved jurisdictional challenge, I submitted a Notice of Intent to Stand on My Original Complaint, reserving all constitutional objections and declining to proceed under a judge whose impartiality was in dispute. I further filed an Emergency Motion to Stay All Proceedings Pending FOIA Results, which remained unaddressed. The FOIA requests underlying that stay motion—seeking evidence of clerk misconduct and manipulation of filings—were still active and unfulfilled at the time judgment was entered. Nevertheless, in its final order, the court cited my refusal to amend the complaint as the justification for dismissal with prejudice. This circular reasoning disregarded the operative complaint, ignored my preserved objections, and proceeded under color of authority that had been formally contested. The result was the denial of due process and a clear conflict with 28 U.S.C. §§ 144 and 455. No reasonable litigant could continue under these circumstances with confidence that his claims would be adjudicated fairly.

12. I request that the Fifth Circuit strike and declare void multiple prejudicial, retaliatory, and fraudulent orders entered by the district court in violation of my due process rights and the fair administration of justice. These include, but are

8

not limited to: Rec. Doc. 65 (Order Denying Motion for Entry of Default), Rec. Docs. 77, 100, 101, 102, 103, 109, 110, 117, 128, 137, 186, 187, 188, 223, 224, Rec. Docs. 65 and 117 denied valid default motions against parties who failed to appear or plead, despite proper service and compliance with Fed. R. Civ. P. 55(a). Rec. Doc. 128 denied my motion to vacate a clerk's wrongful refusal to enter default. These denials enabled obstruction and evasion by defendants and prevented lawful enforcement of claims. Rec. Doc. 77, a judicial admonishment, was retaliatory and demeaning toward me as a pro se litigant, and should be vacated.

13. I challenge the Report and Recommendation issued by Magistrate Judge Donna Phillips Currault in Rec. Doc. 137, which was entered despite my formal jurisdictional objections and without proper consent. My jurisdictional challenge was expressly raised in Rec. Doc. 1, the operative complaint filed on January 29, 2025, wherein I invoked Article III protections, demanded adjudication under the U.S. Constitution, and expressly declined to consent to any alternative, administrative, or statutory jurisdiction inconsistent with those rights. On May 5, 2025, I also mailed a separate "NOTICE OF NON-CONSENT TO MAGISTRATE JURISDICTION AND JURISDICTIONAL CHALLENGE UNDER ARTICLE III to the Clerk's Office, accompanied by a certificate of mailing later submitted into the record. That filing was never docketed. Instead, a separate motion for default,

9

mailed contemporaneously, was erroneously docketed twice—further evidence of deliberate suppression.

14. At the time Rec. Doc. 137 was issued, multiple substantive motions, evidentiary filings, and constitutional objections remained pending, including my Rule 26 Disclosure Statement and Sworn Affidavit of Digital Harm, Infringement, and Trespass. Despite the absence of lawful referral authority and my preserved right to Article III adjudication, the court proceeded based on the magistrate's recommendation. The district judge then failed to conduct a proper de novo review of my objections filed in Rec. Doc. 139, in violation of 28 U.S.C. § 636(b)(1), rendering all subsequent rulings legally defective. This occurred while a judicial misconduct complaint against Magistrate Currault was pending. The court's reliance on Rec. Doc. 137—despite the clear absence of consent, express Article III jurisdictional objections, and preserved constitutional rights—constitutes ultra vires adjudication. It also reflects a retaliatory and biased posture, further demonstrated by the repeated suppression of filings, denial of due process, and manipulation of the docket. The magistrate's unauthorized involvement, coupled with the district judge's failure to conduct meaningful review, has fundamentally compromised the integrity of the record and demands supervisory correction. I respectfully request that Rec. Doc. 137 be formally struck from the record, and that all magistrate

10

participation be declared void under the Fifth Circuit's supervisory and mandamus authority.

15. I respectfully bring to the Court's attention credible concerns of improper ex parte communications, undue influence, and coordinated public retaliation by defendants and affiliated media platforms. From the early stages of this litigation, I have experienced reputational sabotage and defamation linked to surveillance-based targeting, involving Meta Platforms, Mark Zuckerberg, X Corp, Elon Musk, Apple Podcasts, and Apple News. On April 1, 2025, Elon Musk was lawfully served by the U.S. Marshals Service. Although I did not receive formal confirmation of service until April 19, I observed retaliatory conduct as early as April 2, including a tweet perceived as mocking these judicial proceedings. In response, I filed a 'MOTION for Reconsideration of Clerk's Denial of Entry of Default and Demand for Sanctions Under Rule 55(a) and Constitutional Authority' on April 3, 2025, citing the misconduct. The timing and tone of the conduct suggested improper influence on judicial outcomes. On May 24, 2025, Apple News pushed unsolicited, targeted notifications containing a retaliatory article directly referencing private matters known only through unauthorized surveillance. I documented and preserved this incident via a certified forensic report by Kopjra Srl under ISO/IEC 27037:2017 standards. These acts were not isolated—they coincided with adverse rulings and ignored filings, amplifying the appearance of bias and the loss of judicial

11

neutrality. These media actions, tied directly to named defendants, show ongoing harassment and obstruct my right to a fair trial. Their use of major platforms to retaliate against me as a pro se litigant advancing constitutional claims constitutes a grave abuse of influence and warrants the entry of default, judicial sanctions, criminal referral, and formal disciplinary review. I respectfully request that the Fifth Circuit investigate these incidents under mandamus authority, hold all responsible actors accountable, and restore confidence in the impartial administration of justice. I reserve all rights under the Constitution and laws of the United States, including but not limited to rights preserved under the First, Fourth, Fifth, and Fourteenth Amendments. Nothing in this submission shall be construed as a waiver of any objection, jurisdictional defense, or claim for further relief. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 26, 2025.

Respectfully submitted,

*Hiran Rodriguez*

Hiran Rodriguez

820 Grove Ave, Metairie, LA 70003-7024

Telephone: (504) 203-8459

Email: hiranrodriguez@outlook.com

## CERTIFICATE OF SERVICE

I, Hiran Rodriguez, hereby certify that a true and correct copy of the foregoing DECLARATION IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS was submitted to the Clerk of Court for the United States Court of Appeals for the Fifth Circuit on May 26, 2025, and was served on all parties and counsel of record via electronic mail and/or the Court's electronic filing system (EDSS), and/or hand delivery where applicable. No tacit agreement is presumed. No consent is granted where none is explicitly expressed. All rights reserved under the Constitution and laws of the United States. Executed on May 26, 2025.

Respectfully submitted,

*Hiran Rodriguez*

Hiran Rodriguez

820 Grove Ave, Metairie, LA 70003-7024

Telephone: (504) 203-8459

Email: hiranrodriguez@outlook.com

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this document complies with the typeface and formatting requirements of Rule 32(a) because it has been prepared in 14-point, proportionally spaced, serif font (), with one-inch margins and double spacing between paragraphs and headings. This document contains fewer than 5,200 words and complies with the applicable length limitations for declarations in support of mandamus relief. Executed on May 26, 2025.

Respectfully submitted,

*Hiran Rodriguez*

Hiran Rodriguez