UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HIRAN RODRIGUEZ<br>　　PLAINTIFF, | * * * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | NO: 2:25-cv-00197 |
| | * | |
| META PLATFORMS, INC., APPLE INC., T-MOBILE USA, INC., AT&T ENTERPRISES, LLC, X CORP., a Nevada Corporation, KANSAS CITY SOUTHERN RAILROAD CO., LCMC HEALTHCARE PARTNERS, LLC, THIRD DISTRICT VOLUNTEER FIRE DEPARTMENT, GRAY TELEVISION, INC., THE ASSOCIATED PRESS, JEFFERSON PARISH, JEFFERSON PARISH SHERIFF'S OFFICE, JOSEPH P. LOPINTO, III, ANDRES FUENTES, GLORIA P, HALELUYA HADERO, SUSANNE RUST, RYAN MCCAFFERTY, PAUL MACINNES, JONATHAN LIEW, JAMES OCHOA, DEMICIA INMAN, JAMIE SPANGHER, MAYA GEBEILY, VERSHA SHARMA, ELON MUSK, MARK ELLIOTT ZUCKERBERG, AND DOES 1-10 Defendants.<br>　　DEFENDANTS. | * * * * * * * * * * * * * * * * | SECTION: A(2)<br><br>JUDGE: JAY C. ZAINEY<br><br>MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT<br><br>JURY TRIAL DEMANDED |

MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR RELIEF FROM JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(d)(3) (FRAUD ON THE COURT)
AND RULE 60(b)(6) (EXTRAORDINARY CIRCUMSTANCES)

## TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................................... 3

II. STATEMENT OF FACTS...................................................................................................... 4

    A. The Magistrate's Report & Recommendation (Doc. 137.......................................................4

    B. The Court's April 30 Orders Prohibiting All Filings..............................................................4

    C. Movant's Timely Attempt to File Recusal Motion (May 1).. ................................................5

    D. The Clerk Rejected the Recusal Motion Per Court's Order.....…........................................5

    E. The Court Reversed Course But Never Ruled on Recusal..…............................................. 6

    F. The Court Entered Final Judgment While Motions Were Pending........................................7

III. LEGAL STANDARD.............................................…........................................................….8

    A. Rule 60(d)(3): Fraud on the Court..........................................................................................8

    B. Rule 60(b)(6): Extraordinary Circumstances........................................................…...............9

    C. The Right to Seek Judicial

Disqualification........................................................................................................................ 10

IV. ARGUMENT......................................................................................................................... 11

    A. GROUND ONE: The April 30 Order Prohibiting Recusal Motions Was

Unconstitutional................................................................................................................….. 11

    B. GROUND TWO: The Clerk's Rejection of the May 1 Recusal

      Motion Violated Movant's Constitutional Rights.......................…........................................13

    C. GROUND THREE: Entering Final Judgment While Recusal and Fraud Motions Were

Pending Violates Due Process....................................................................................................16

    D. This Entire Sequence Constitutes Fraud on the Court......... ...............................................18

V. CONCLUSION.................................................................................................. 20

### I. INTRODUCTION

This case presents an unprecedented violation of a litigant's right to seek judicial disqualification—a right guaranteed by federal statute (28 U.S.C. § 455) and the Due Process Clause of the Fifth Amendment.

On April 30, 2025, this Court entered an order prohibiting Movant from filing any document except an amended complaint, and explicitly directing the Clerk's Office to "reject" any other filings. When Movant attempted to file a recusal motion the very next day (May 1), the Clerk's Office refused to docket it pursuant to the Court's instruction.

By the time the Court reversed course on May 9 and ordered the Clerk to file Movant's submissions, the damage was done: Movant had been deprived of nine days within his 14-day amendment window, and was forced to choose between (a) filing an amended complaint before a judge he believed was biased, or (b) waiting for the recusal motion to be resolved and potentially missing the amendment deadline.

When the recusal motion was finally docketed on May 12, the Court never ruled on it. Instead, on May 22, the Court entered final judgment dismissing Movant's case with prejudice—while Movant's recusal motion, his Rule 60(d)(3) fraud motion, and his emergency motion for relief all remained pending and unresolved.

This sequence of events—prohibiting recusal motions, rejecting them when filed, refusing to rule on them when docketed, and entering final judgment while they remained pending—constitutes fraud on the court under Rule 60(d)(3) and, at minimum, extraordinary circumstances warranting relief under Rule 60(b)(6).

## II. STATEMENT OF FACTS

### A. The Magistrate's Report & Recommendation (Doc. 137)

On April 10, 2025, Magistrate Judge Donna Phillips Currault issued a Report & Recommendation (Doc. 137) finding deficiencies in Movant's complaint but recommending that Movant be given **fourteen (14) days** to file an amended complaint. See Doc. 137.

### B. The Court's April 30 Orders Prohibiting All Filings

On April 30, 2025, this Court entered two orders that created the constitutional violations at issue in this motion.

#### 1. Doc. 186: Order Adopting R&R and Prohibiting All Filings

The Court adopted the Magistrate's R&R and ordered:

"**IT IS FURTHER ORDERED that Plaintiff shall file no additional pleadings, motions, or documents of any kind with this Court in connection with this case until AFTER he has filed his amended complaint.**"

"**IT IS FURTHER ORDERED that if Plaintiff attempts to file any additional pleadings, motions, or other documents of any kind with this Court in violation of the order, the Clerk of Court is hereby DIRECTED to reject such materials.**"

See Exhibit B (Doc. 186) (emphasis added).

This order was extraordinarily broad: it prohibited **any** filing—including motions to recuse, motions for extension of time, emergency motions, or any other document "of any kind."

#### 2. Doc. 187: Order Restricting Filing Methods

The same day, the Court entered a second order (Doc. 187) restricting Movant to filing documents only in person or by mail, prohibiting electronic filing. See Doc. 187.

4

Together, these orders created an impossible situation: Movant had 14 days to file an amended complaint, but was prohibited from filing anything else—including a motion to recuse the judge before whom he would have to present the amended complaint.

**C. Movant's Timely Attempt to File Recusal Motion (May 1, 2025)**

On **May 1, 2025**—the day after the Court's April 30 orders—Movant personally delivered to the Clerk's Office the following documents:

1. **Motion to Disqualify Judge Jay C. Zainey pursuant to 28 U.S.C. §§ 144 and 455 (later docketed as Doc. 189)**

2. **Notice of Judicial Misconduct Complaint** (later docketed as Doc. 191)

3. **Declaration Regarding Clerk's Office Obstruction** (later docketed as Doc. 190)

**Proof of May 1 Delivery:**

Movant's **Certificate of Service**, which is part of the official court record (Doc. 189) states under penalty of perjury:

> "**I, Hiran Rodriguez, hereby certify that on this 1st day of May, 2025, I submitted the foregoing Motion to Disqualify Judge Jay C. Zainey, along with this Notice of Submission and Certificate of Service, to the Clerk of Court for the United States District Court, Eastern District of Louisiana in person.**"

> "**Dated: May 1, 2025**"

See Exhibit A (Doc. 189) (emphasis added).

**D. The Clerk Rejected the Recusal Motion Per the Court's Order**

Despite Movant's May 1 delivery, the Clerk's Office did not docket the recusal motion. The Clerk acted pursuant to the Court's explicit instruction in Doc. 186 that the Clerk was "DIRECTED to reject" any filings except an amended complaint.

**Timeline:**

| Date | Event |
|------|-------|
| **April 10, 2025** | Magistrate issues R&R (Doc. 137) recommending 14 days to amend |
| **April 30, 2025** | Court adopts R&R, prohibits all filings except amended complaint (Doc. 186); restricts filing methods (Doc. 187) |
| **May 1, 2025** | **Movant hand-delivers recusal motion to Clerk's Office** |
| **May 2-8, 2025** | **Clerk's Office refuses to docket recusal motion per Court's April 30 order** |
| **May 9, 2025** | Court enters Doc. 188 reversing course and ordering Clerk to file all documents received after April 30 |
| **May 9, 2025** | Movant files Rule 60(d)(3) fraud motion (Doc. 201, entered May 12) |
| **May 12, 2025** | Clerk finally dockets May 1 recusal motion (Doc. 189) |
| **May 21, 2025** | Movant files Emergency Motion for Injunctive Relief (Doc. 222, entered May 22) |
| **May 22, 2025** | **Court enters final judgment (Docs. 223-224) without ruling on any pending motions** |

**E. The Court Reversed Course But Never Ruled on Recusal**

6

On **May 9, 2025**, the Court entered Doc. 188, which reversed the April 30 prohibition on filings:

> **"IT IS FURTHER ORDERED that the Clerk of Court shall file into the record any documents that are received from the plaintiff in hard copy (either in person at the Clerk's Office or through the mail), including those received after the Court entered its orders on April 30, 2025. The documents will be filed into the record solely for the purpose of maintaining the record for appeal purposes."**

See Exhibit C (Doc. 188) (emphasis added).

This order proves:

1. Movant had submitted documents after April 30 (the May 1 recusal motion);

2. The Clerk had been withholding them pursuant to the Court's April 30 directive;

3. The Court realized the problem and reversed course.

Following this May 9 order, the Clerk docketed Movant's May 1 recusal motion on May 12 (as Doc. 189). However, **the docket entry falsely shows the filing date as "05/09/25"** instead of May 1.

More importantly: **The Court never ruled on the recusal motion.**

**F. The Court Entered Final Judgment While Motions Were Pending**

On **May 22, 2025**, this Court entered final judgment (Docs. 223-224) dismissing Movant's case with prejudice.

At the time of this final judgment, **three critical motions remained pending and unresolved:**

7

**1. Doc. 189 (filed May 1, entered May 12, 2025): Motion to Disqualify Judge Jay C. Zainey under 28 U.S.C. §§ 144 and 455—never ruled upon**

**2. Doc. 201 (filed May 9, entered May 12, 2025): Rule 60(d)(3) Motion for Relief from Judgment Due to Fraud on the Court— never ruled upon**

**3. Doc. 222 (filed May 21, entered May 22, 2025):\*\* Emergency Motion for Injunctive Relief and Relief from Judgment Under Rule 60(d)(3)—never ruled upon** (filed the day before final judgment)

The Court entered final judgment on May 22 without addressing any of these motions, despite the fact that they challenged the Court's authority to enter judgment, alleged fraud on the court, and sought emergency relief.

### III. LEGAL STANDARD

#### A. Rule 60(d)(3): Fraud on the Court

Federal Rule of Civil Procedure 60(d)(3) provides that a court may set aside a judgment for "**fraud on the court.**"

"**Fraud on the court**" is defined as:

> "**Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated.**"

*Tai Preyor v. Lorie Davis, Director*, 704 F. App'x 331, 332 (5th Cir. 2017) (per curiam) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

Fraud on the court:

> "embrace[s] ... the species of fraud which does or attempts to[] defile the court itself"

and includes:

> "**fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task.**"

*Peucker v. Director, TDCJ-CID*, No. 3:18-cv-01370-D-BK, 2022 U.S. Dist. LEXIS 109809, at *8 (N.D. Tex. June 22, 2022) (quoting Rozier, 573 F.2d at 1338).

It requires:

> "**an unconscionable plan or scheme which is designed to improperly influence the court in its decision.**"

Id. (quoting Rozier, 573 F.2d at 1338).

Crucially, fraud on the court includes conduct by the judge himself when the judicial machinery is manipulated to prevent its impartial operation.

## B. Rule 60(b)(6): Extraordinary Circumstances

Rule 60(b)(6) permits relief from a final judgment for "**any other reason that justifies relief.**"

The standard requires:

1. "**Extraordinary circumstances**" justifying reopening the judgment;

2. The motion was made "**within a reasonable time**";

3. The judgment was "**manifestly unjust**"; and

4. Movant can assert "**a good claim or defense**" if the case is reopened.

*Johnson v. Davis (In Re Johnson)*, 935 F.3d 284, 290 (5th Cir. 2019); *United States v. Bevill*, No. 18-10708, 2021 U.S. App. LEXIS 32262, at *5 (5th Cir. Oct. 27, 2021).

9

In determining whether to grant Rule 60(b)(6) relief for issues related to judicial disqualification, courts consider:

> "**the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process.**"

*Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

### C. The Right to Seek Judicial Disqualification

### 1. Statutory Right Under 28 U.S.C. § 455

Title 28, United States Code, Section 455(a) provides:

> "**Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.**"

This is a **mandatory duty**, not discretionary. A party's right to invoke this statute is *fundamental to due process.

### 2. Constitutional Right of Access to Courts

The constitutional right of access to courts includes the right to file motions challenging judicial authority and impartiality:

> "**The right of access to the courts ... is indeed but one aspect of the right of petition ... [which] is among the most precious of the liberties safeguarded by the Bill of Rights.**"

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524 (2002)).

An access-to-courts violation occurs when "official action frustrate[s] a plaintiff ... in preparing and filing suits at the present time." Id. at 413.

### 3. Due Process Right to Impartial Tribunal

The Due Process Clause of the Fifth Amendment guarantees litigants the right to an impartial tribunal:

> **"A fair trial in a fair tribunal is a basic requirement of due process."**

*In re Murchison*, 349 U.S. 133, 136 (1955).

This right is violated when a judge prohibits a party from seeking recusal, refuses to rule on recusal motions, or enters judgment while recusal motions remain pending.

## IV. ARGUMENT

### A. GROUND ONE: The April 30 Order Prohibiting Recusal Motions Was Unconstitutional

#### 1. The Order Violated Movant's Statutory Right Under 28 U.S.C. § 455

The Court's April 30 order (Doc. 186) prohibited Movant from filing "any ... motions ... of any kind" except an amended complaint. This prohibition necessarily included motions to recuse under 28 U.S.C. § 455.

A judge cannot prohibit a party from invoking the mandatory disqualification statute.

The statute provides that a judge **"shall disqualify himself"** when impartiality might reasonably be questioned. 28 U.S.C. § 455(a). This is a mandatory duty that can be invoked by any party at any time.

By ordering that the Clerk "reject" any filing except an amended complaint, the Court effectively nullified Movant's statutory right to seek recusal. This violates the plain language and purpose of § 455.

11

### 2. The Order Created an Unconstitutional Catch-22

The April 30 order placed Movant in an impossible position:

**Option A:** File an amended complaint before a judge Movant believed was biased, thereby potentially waiving his right to seek recusal and investing substantial time and effort into a proceeding before a possibly disqualified judge.

**Option B:** File a recusal motion first, but have it rejected by the Clerk per the Court's directive, thereby losing days within the 14-day amendment window.

**Option C:** File nothing and allow the case to be dismissed for failure to amend.

This is a textbook unconstitutional condition: **conditioning the right to amend on waiving the right to seek recusal.**

The Supreme Court has held that the government cannot condition a benefit (here, the right to amend) on waiving a constitutional or statutory right (here, the right to seek recusal). See, e.g., *Perry v. Sindermann*, 408 U.S. 593, 597 (1972) ("the government 'may not deny a benefit to a person on a basis that infringes his constitutionally protected interests'").

Movant should not have been forced to choose between exercising his statutory right to seek recusal and exercising his right to amend his complaint.

### 3. No Legitimate Justification Exists for Prohibiting Recusal Motions

The Court may have legitimate reasons for managing its docket and preventing duplicative or harassing filings. But there is **no legitimate justification** for prohibiting a party from filing a recusal motion.

Recusal motions are **threshold issues** that must be resolved before proceeding on the merits. If a judge is disqualified, all subsequent proceedings are void. See *Liljeberg v. Health*

*Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988) (disqualification may require vacating judgment).

By prohibiting Movant from filing a recusal motion until after he filed an amended complaint, the Court put the cart before the horse: it required Movant to litigate the merits before resolving whether the judge was disqualified from hearing the case.

### 4. The Order Violated Separation of Powers

Congress enacted 28 U.S.C. § 455 as a mandatory disqualification statute binding on all federal judges. A district judge cannot nullify this statute by ordering parties not to invoke it.

To allow a judge to prohibit recusal motions would render § 455 meaningless: any biased judge could simply order that recusal motions be rejected, insulating himself from disqualification.

## B. GROUND TWO: The Clerk's Rejection of the May 1 Recusal Motion Violated Movant's Constitutional Rights

### 1. Movant Timely Filed His Recusal Motion on May 1, 2025

The Court's own record proves that Movant delivered his recusal motion to the Clerk's Office on May 1, 2025:

> **"I, Hiran Rodriguez, hereby certify that on this 1st day of May, 2025, I submitted the foregoing Motion to Disqualify Judge Jay C. Zainey ... to the Clerk of Court ... in person."**

> **"Dated: May 1, 2025"**

See Exhibit A (Doc. 1899) (Certificate of Service under penalty of perjury).

This was **the day after** the Court's April 30 orders—a timely and appropriate response to those orders.

### 2. The Clerk Refused to Docket It Per the Court's Directive

The Clerk's Office refused to docket Movant's May 1 recusal motion pursuant to the Court's explicit instruction in Doc. 186 that the Clerk was "DIRECTED to reject" any filings except an amended complaint.

The Clerk acted consistently with the Court's order—but the order itself was unconstitutional.

### 3. This Violated Movant's Right of Access to Courts

The constitutional right of access to courts includes the right to file documents with the court:

> **"[A]n inmate who is shut off from the minimal access needed to present a claim is deprived of the means to vindicate a right that the Constitution provides."**

*Christopher v. Harbury,* 536 U.S. 403, 415 (2002).

While Christopher involved a prisoner, the principle applies to all litigants: government officials (including judges and clerks) cannot prevent litigants from filing court documents.

By directing the Clerk to reject Movant's recusal motion, the Court violated Movant's access-to-courts rights.

### 4. The May 9 Order Proves the Court Recognized the Problem

On May 9, the Court entered Doc. 188, which reversed the April 30 prohibition and ordered:

> **"the Clerk of Court shall file into the record any documents that are received from the plaintiff in hard copy ... including those received after the Court entered its orders on April 30, 2025."**

See Exhibit C (Doc. 188)

This proves:

- The Clerk had been refusing to file Movant's documents per the April 30 order

- The Court became aware of the problem (likely through Movant's May 1 complaint)

- The Court recognized the need to reverse course

But by then, **nine days of Movant's 14-day amendment window had passed**, and Movant had been deprived of the ability to have his recusal motion considered before the deadline.

### 5. The False Filing Date Compounds the Problem

When the Clerk finally docketed Movant's May 1 recusal motion on May 12, the docket entry shows:

> **"Document 189 Filed 05/09/25"**

This is false. Movant's Certificate of Service—part of Doc. 189 itself—states the motion was delivered on **May 1, 2025.**

By showing a May 9 filing date, the docket creates the false impression that:

- Movant filed the recusal motion nine days after the orders at Docs. 186, 187 (making it appear untimely)

- Movant filed **after** the Court's May 9 corrective order (Rec. Doc. 188) (making it appear reactive)

- Movant strategically delayed filing (suggesting bad faith)

15

In reality, Movant filed **the day after** the filing ban orders at Rec. Doc. 186 and Rec. Doc. 187—as timely as possible. The eight-day delay was caused by the Court's directive that the Clerk reject the filing.

### C. GROUND THREE: Entering Final Judgment While Recusal and Fraud Motions Were Pending Violates Due Process

#### 1. Three Critical Motions Were Pending on May 22, 2025

When the Court entered final judgment on May 22, 2025 (Docs. 223-224), the following motions remained pending and unresolved:

**Doc. 189 (entered May 12, 2025):** Motion to Disqualify Judge Jay C. Zainey under 28 U.S.C. §§ 144 and 455

**Doc. 201 (entered May 12, 2025):** Rule 60(d)(3) Motion for Relief from Judgment Due to Fraud on the Court

**Doc. 222 (entered May 22, 2025):** Emergency Motion for Injunctive Relief and Relief from Judgment Under Rule 60(d)(3)

See Exhibit D (Docket entries showing these motions were never ruled upon before May 22 final judgment).

#### 2. A Court Cannot Enter Final Judgment While Recusal Motions Are Pending

While no Fifth Circuit case directly addresses this issue, basic principles of due process and judicial ethics require that a judge rule on a recusal motion **before** entering final judgment.

**Reason**: If the recusal motion has merit, the judge is disqualified from entering final judgment. To enter judgment without ruling on the recusal motion is to put the cart before the horse.

16

Moreover, 28 U.S.C. § 455 provides that disqualification is **mandatory** ("shall disqualify"). A judge who believes he is not disqualified must **rule on the motion** and explain why. He cannot simply ignore it and proceed to final judgment.

**3. A Court Cannot Enter Final Judgment While Rule 60(d)(3) Fraud Motions Are Pending**

Similarly, a court cannot enter final judgment while a motion alleging fraud on the court remains pending.

Rule 60(d)(3) provides an independent basis for relief from judgment based on fraud on the court. When such a motion is filed **before** final judgment (as Doc. 201 was), the court must address it before entering final judgment.

To do otherwise allows a court to evade Rule 60(d)(3) by simply entering final judgment and mooting the motion—precisely what happened here.

**4. The Emergency Motion (Doc. 222) Sought to Prevent This Exact Harm**

On May 21, 2025, Movant filed an Emergency Motion for Injunctive Relief (Doc. 222) seeking to prevent the Court from entering final judgment while the recusal and fraud motions remained pending.

The Court entered final judgment **the very next day** (May 22) without ruling on the emergency motion.

This violated Movant's due process right to be heard before final judgment is entered.

**5. This Pattern Suggests Deliberate Evasion of Recusal and Fraud Issues**

The sequence of events suggests a deliberate effort to avoid addressing Movant's recusal and fraud allegations:

**April 30:** Court orders that recusal motions be rejected.

17

**May 1:** Movant files recusal motion; Clerk rejects it per Court's order

**May 9:** Court reverses course after realizing the problem

**May 12:** Recusal and fraud motions finally docketed

**May 21:** Movant files emergency motion to prevent judgment while motions pending

**May 22:** Court enters final judgment without ruling on any motion

This is not a series of innocent clerical errors or scheduling conflicts. It is a pattern of conduct designed to prevent Movant's recusal and fraud allegations from being adjudicated.

**D. This Entire Sequence Constitutes Fraud on the Court**

**1. The Standard for Fraud on the Court Is Met**

Fraud on the court includes "**fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task.**" *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

**Officers of the court include judges.** While fraud-on-the-court claims against judges are rare, they are cognizable when a judge manipulates the judicial process to prevent its impartial operation.

Here, the judicial machinery was prevented from operating impartially through:

- **Prohibiting recusal motions** (preventing the machinery from determining if the judge was disqualified)

- **Refusing to rule on recusal motions** (preventing the machinery from correcting potential bias)

- **Entering final judgment while recusal and fraud motions were pending** (preventing the machinery from addressing threshold issues before reaching the merits)

18

The Supreme Court has held that judicial disqualification issues warrant Rule 60(b)(6) relief when there is:

> **"the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."**

*Buck v. Davis,* 137 S. Ct. 759, 778 (2017) (quoting Liljeberg, 486 U.S. at 864).

**All three risks are present here:**

**Risk of injustice to Movant:** Movant was denied his statutory right to seek recusal, deprived of his ability to file a recusal motion during his amendment window, and had his case dismissed while recusal and fraud motions remained pending.

**Risk of injustice in other cases:** If this judgment stands, it creates precedent allowing judges to prohibit recusal motions and enter judgment while recusal motions are pending—threatening every litigant's right to an impartial tribunal.

**Risk of undermining public confidence:** The public cannot have confidence in a judicial system where judges can insulate themselves from disqualification by prohibiting recusal motions.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court:

1. **GRANT** relief from judgment under Federal Rule of Civil Procedure 60(d)(3) (fraud on the court) and/or Rule 60(b)(6) (extraordinary circumstances);

2. **VACATE** the May 22, 2025 final judgment (Docs. 223-224);

3. **REASSIGN** this case to a different United States District Judge pursuant to 28 U.S.C. § 455, given that Judge Zainey is the subject of Movant's pending disqualification motion;

4. **ORDER** the newly-assigned judge to:

    a. Rule on Movant's Motion to Disqualify Judge Zainey (Doc. 189);

    b. Grant Movant leave to file an amended complaint; and

    c. Consider any other pending motions on their merits;

5. **ORDER** an investigation into the Clerk's Office's handling of Movant's May 1, 2025 filing and the falsification of the filing date on the docket;

6. **CORRECT** the docket to reflect the true May 1, 2025 filing date of Doc. 189; and

7. Grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMMITTED,**

*(signature)*
**HIRAN RODRIGUEZ**
Sun Rising Ministries
820 Grove Avenue
Metairie, Louisiana 70003-7024
Tel. (504) 203-8459
hiranrodriguez@outlook.com
Pro Se Plaintiff

New Orleans, Louisiana, this 31st day of October, 2025.