UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HIRAN RODRIGUEZ | CIVIL ACTION |
| VERSUS | NO. 25-197 |
| META PLATFORMS, INC., ET AL. | SECTION "A" (2) |

**<u>ORDER AND REASONS</u>**

Before the Court is **Plaintiff's Emergency Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(d)(3) and Rule 6(b)(6) (Rec. Doc. 245).** The motion, filed on November 6, 2025, is before the Court on the briefs without oral argument. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I.    Background

Proceeding *pro se* and *in forma pauperis*, Hiran Rodriguez filed this lawsuit on January 29, 2025.[1] His complaint asserts 15 different causes of action against 26 defendants.  The relief he seeks includes, among other things, compensatory damages in excess of $50 billion and punitive damages in the amount of $100 billion. On April 30, 2025, this Court entered an order (Rec. Doc. 186) that prohibited Movant from filing any motions until after filing an amended complaint.[2] A day later, on May 1, 2025, the Clerk's Office refused to docket Mr. Rodriguez's recusal motion because he had not yet filed an amended complaint. On May 22, 2025, the Court dismissed Plaintiff's claims as frivolous and otherwise for failure to state a claim for which relief can be granted and entered final judgment.[3] On December 4, 2025, the Fifth Circuit dismissed Mr. Rodriguez's appeal for want of prosecution. *Rodriguez v. Meta Platforms*, No. CV 25-30493, ECF No. 22 (5th Cir. Dec. 4, 2025).

---

[1] *See generally* Rec. Doc. 1.
[2] Rec. Doc. 186; Rec. Doc. 224.
[3] Rec. Doc. 223.

## II.    Law and Discussion

In the present motion, Mr. Rodriguez seeks relief from the Court's judgment pursuant to Federal Rule 60(d)(3), or, in the alternative, Rule 60(b)(6). He moves the Court for reconsideration based on three grounds:

> 1. The Court entered an Order that prohibited Plaintiff from filing any motions– including a recusal motion– until after filing an amended complaint.
>
> 2. The Clerk's Office refused to docket Plaintiff's recusal motion per the Court's Order.
>
> 3. The Court entered final judgment while three motions remained pending and unresolved.

(Rec. Doc. 245 at 2). He asks the Court to grant this Motion and to vacate the final judgment and reassign the case to a different United States District Judge.[4]

Relief under Rule 60(d)(3) of the Federal Rules of Civil Procedure allows the court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). This narrow concept should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Kerwit Medical Products, Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980) (quoting 7 Moore, Federal Practice ¶ 60.33 at 511 (1971 ed.)). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Curtis v. Brunsting*, 860 Fed.Appx. 332, 336 (5th Cir. 2021) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Although it may be possible that a judge as an "officer of the court" may commit fraud by some

---

[4] Rec. Doc. 245-1 at 19-20.

2

egregious conduct, Mr. Rodriguez does not allege sufficient facts that such conduct existed in this case. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987). The Court's efforts to restrict Mr. Rodriguez's frivolous filings do not constitute fraud.

Mr. Rodriguez also asks this Court to reopen the judgment under Rule 60(b)(6). When seeking relief under Rule 60(b)(6), a movant is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Plaintiff claims that the Court itself "manipulated the judicial process to prevent its impartial operation." (Rec. Doc. 245-1). However, he does not point to any facts or law that would prohibit the Court from dismissing the case while motions were pending. Nor does he point to any facts or law that would bar the Court from requiring Mr. Rodriguez to submit his documents in hard copy to the Clerk's Office. He has not shown any extraordinary circumstances that would justify reopening of a final judgment, and therefore has not met his burden for relief under Rule 60(d)(3) or Rule 60(b)(6).

Accordingly;

**IT IS ORDERED** that **Plaintiff's Emergency Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(d)(3) and Rule 6(b)(6) (Rec. Doc. 245)** is **DENIED.**

April 6, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3